IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF
OMNI MANAGEMENT GROUP, INC. AS CLAIMS AND NOTICING AGENT
PURSUANT TO 28 U.S.C. § 156(c), EFFECTIVE AS OF THE PETITION DATE**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 156(c) of title 28 of the United States Code, Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), authorizing the appointment of Omni Management Group, Inc. ("**Omni**"), effective as of the Petition Date (defined below), as the claims and noticing agent for this chapter 11 case. In support of this Application, the Debtor relies upon the *Declaration of Brian Osborne* (the "**Osborne Declaration**"), attached hereto as Exhibit B, and respectfully states as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 156(c) of title 28 of the United States Code, Bankruptcy Rule 2002, and Local Rule 1007-2.

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently with this Motion, the Debtor has also filed certain other motions and applications seeking certain "first day" relief.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been established in this chapter 11 case.

4. The Debtor is a 501(c)(3) not-for-profit organization incorporated in Texas. Based in Indianapolis, Indiana, the Debtor is governed by a Board of Directors.

5. The Debtor's organization encompasses six disciplines: women's gymnastics, men's gymnastics, trampoline and tumbling, rhythmic gymnastics, acrobatic gymnastics, and group gymnastics. The Debtor provides educational opportunities for coaches and judges, as well as gymnastics club owners and administrators, and sanctions approximately 4,000 competitions and events throughout the United States annually. More than 200,000 athletes, professionals, and clubs are members of USAG.

6. The Debtor also sets the rules and policies that govern the sport of gymnastics in the United States, including selecting and training the United States gymnastics teams for the Olympics and World Championships. The Debtor is currently designated by the United States Olympic Committee (the "**USOC**") as the national governing body for the sport of gymnastics in

the United States. The USOC recently has taken steps toward revoking USAG's designation as the national governing body for gymnastics.

7. As a result of the misconduct of Larry Nassar, a former volunteer physician to USAG, the Debtor has been named as a defendant in approximately 100 lawsuits brought by survivors of Nassar's abuse. The Debtor's first priority is to ensure that these survivors are treated fairly and respectfully. The survivors' claims, in the aggregate, may exceed the available resources of the Debtor. The Debtor submits that this Court is the best forum in which to implement appropriate procedures to equitably determine the rights to and allocate recoveries to survivors who have asserted claims against the Debtor. The Debtor remains committed to its mission of supporting athletes, and will continue to take specific and concrete steps to promote athlete safety and prevent future abuse.

8. Additional information about the Debtor and the events leading up to the Petition Date can be found in the *Declaration of James Scott Shollenbarger* (the "**First Day Declaration**"), which is incorporated herein by reference.

### RELIEF REQUESTED

9. By this Application, the Debtor seeks authority to employ Omni as the official claims and noticing agent in connection with the administration of its chapter 11 case on the terms and conditions set forth in the engagement agreement between Omni and the Debtor dated November 30, 2018 (the "**Engagement Letter**"), attached hereto as Exhibit C, effective as of the Petition Date.

### BASIS FOR RELIEF

10. Pursuant to Local Rule 1007-2, if the number of scheduled creditors in any chapter 11 case exceeds 300, the debtor shall propose the retention of a claims and noticing agent pursuant

3

to 28 U.S.C. § 156(c). Section 156(c), which governs the staffing and expenses of the Court, authorizes the Court to procure the services of third parties to assist with noticing and other chapter 11 administrative matters:

> Any court may utilize facilities or services, either on or off of the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

11. Although the Debtor has not yet filed its schedules of assets and liabilities, it anticipates that there will be well in excess of 500 creditors and other entities to be noticed. In view of the number of anticipated creditors and the complexity of the attendant claims administration, the Debtor submits that the appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtor's estate and its creditors.

12. Omni is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni's professionals have acted as a debtor's administrative advisor and/or official claims and noticing agent in many large bankruptcy cases in districts nationwide, including: *In re ITT Educational Services, Inc.*, No. 16- 07207 (JMC) (Bankr. S.D. Ind. Sept. 16, 2016); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 21, 2018); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017); *In re Answers Holdings, Inc.*, No. 17-10496 (SMB) (Bankr. S.D.N.Y. Mar. 10, 2017); *In re Memorial Production Partners LP*,

4

No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 16, 2017); *In re Joyce Leslie, Inc.*, No. 16-22035 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2016); *In re Phoenix Brands, LLC*, No. 16-11242 (BLS) (Bankr. D. Del. May 24, 2016); *In re Mission Grp. Kansas*, No. 16-20656 (RDB) (Bankr. D. Kan. Apr. 15, 2016); *In re Quirky, Inc.*, No. 15-12596 (MG) (Bankr. S.D.N.Y. Sept. 22, 2015); *In re First Mariner Bancorp*, No. 14-11952 (DER) (Bankr. D. Md. Feb. 10, 2014); *In re Budget Travel*, No. 12-14815 (ALG) (Bankr. S.D.N.Y. May 2, 2013); *In re MetroPark USA, Inc.*, No. 11-22866 (RDD) (Bankr. S.D.N.Y. May 9, 2011); *In re Lehr Construction Corp.*, No. 11-10723 (SHL) (Bankr. S.D.N.Y. Mar. 24, 2011). Omni will follow procedures that conform to applicable guidelines promulgated by the Office of the Clerk of the United States Bankruptcy Court for the Southern District of Indiana (the "**Clerk's Office**") and the Judicial Conference, and as may be entered by the Court's order.

13. By appointing Omni as the Claims and Noticing Agent in this chapter 11 case, the distribution of notices and the processing of claims will be expedited, and the Clerk's Office will be relieved of the administrative burden of processing proofs of claims, if any.

14. The scope of services to be provided by Omni to the Debtor includes:

   (a) Prepare and serve required notices and documents in the chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court including, (i) notice of the commencement of the chapter 11 case and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of the case.

   (b) If requested, manage the publication of legal notices;

(c) Maintain an official copy of the Debtor's Schedules of Assets & Liabilities and Statement of Financial Affairs (collectively, the "**Schedules**"), listing the Debtor's known creditors and amounts owed thereto;

(d) Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

(e) Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in a case where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(f) Provide for the filing of claims electronically through the case website and maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(g) For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk a declaration or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(h) Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(i) Maintain the official claims register for the Debtor (the "**Claims Register**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the applicable Debtor, and (vii) any disposition of the claim;

(j) Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(k) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

6

(l) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to Omni's offices, not less than weekly;

(m) Upon completion of the docketing process for all claims received to date for the case, turn over to the Clerk copies of the claims register for the Clerk's review (upon the Clerk's request);

(n) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including the identification and elimination of duplicative names and addresses from such lists;

(o) Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtor or the Court, including through the use of a case website and/or call center.

(p) If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Omni of entry of the order converting the case;

(q) Thirty (30) days prior to the close of this case, to the extent practicable, request that the Debtor submit to the Court a proposed Order dismissing Omni and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of this case;

(r) Within seven (7) days of notice to Omni of entry of an order closing the chapter 11 case, provide to the Court the final version of the claims register as of the date immediately before the close of the case; and,

(s) At the close of this case, consult with the Clerk's Office on the disposition of original documents, which may include delivery to a different federal agency.

15. The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Omni.

16. After entry of an order terminating Omni's services or upon the closing of the Debtor's bankruptcy case, Omni will be responsible for archiving all proofs of claim with a federal agency, in consultation with the Clerk's Office, and will be compensated by the Debtor's bankruptcy estate for those costs.

17. Upon the Court's entry of an order authorizing Omni's employment, Omni will comply with all requests of the Clerk's Office and follow the guidelines promulgated by the

7

Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c). The Debtor also requests that the Clerk's Office release all filed claims directly to Omni at that time.

18. The Debtor respectfully requests that the undisputed fees and expenses incurred by Omni in the performance of the above services be treated as administrative expenses of the Debtor's estate pursuant to section 156(c) of the Judicial Code and section 503(b)(1)(A) of the Bankruptcy Code and paid in the ordinary course of business without further application to or order of the Court. Omni agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtor, the Office of the United States Trustee for the District of Southern Indiana (the "**U.S. Trustee**"), counsel for the Debtor, counsel for any future-appointed official committee, and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Letter or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from the Court.

19. A schedule of the fees proposed to be charged by Omni is attached to the Engagement Letter. The Debtor believes that the proposed rates to be charged by Omni are reasonable and appropriate for services of this nature. The fee schedule is consistent with and typical of compensation arrangements entered into by Omni and other comparable firms in connection with the rendering of similar services under similar circumstances. The Debtor believes that the fee schedule is in fact reasonable, market-based, and designed to fairly compensate Omni for its work and to cover fixed and routine overhead expenses. Further, given the nature of this case, Omni has agreed to provide a fifteen-percent (15%) discount to its standard hourly rates.

20. Prior to the Petition Date, the Debtor provided Omni a retainer in the amount of $20,000, which was applied to prepetition fees under the Engagement Letter. Omni seeks first to apply the retainer to all pre-petition invoices and, thereafter, to apply any remaining amounts of the retainer to fees and expenses incurred by Omni in the chapter 11 case.

21. Although the Debtor does not propose by this application to employ Omni under section 327 of the Bankruptcy Code, Omni has nonetheless reviewed its electronic database to determine whether it has any relationships with the Debtor's creditors and other parties in interest. The Debtor is advised that to the best of Omni's knowledge, information and belief, and except as disclosed in the Osborne Declaration, Omni has represented that it neither holds nor represents any interest materially adverse to the Debtor's bankruptcy estate in connection with any matter on which it would be employed.

22. Omni will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, Omni will supplement its declaration to the Court.

23. Omni represents in the Osborne Declaration, among other things, that:

(a) Omni is not a creditor of the Debtor;

(b) Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government for the services provided in this case;

(c) By accepting employment in the Debtor's bankruptcy case, Omni waives any rights to receive compensation from the United States government in connection with this case;

(d) In its capacity as claims and noticing agent in the Debtor's bankruptcy case, Omni will not be an agent of the United States and will not act on behalf of the United States;

(e) Omni will not employ any past or present employees of the Debtor in connection with its work in this chapter 11 case;

9

(f) Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as claims and noticing agent in the Debtor's bankruptcy case, Omni will not intentionally misrepresent any facts to any person;

(h) Omni's receipt and recordation of claims (if any) and claim transfers will fall under the supervision and control of the Clerk's Office;

(i) Omni will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) The Clerk's Office will bear none of the costs of Omni's services as claims and noticing agent in the Debtor's bankruptcy case.

24. To the extent that there is any inconsistency between this Application, the proposed order, and the Engagement Letter, the Debtor respectfully submits that the proposed order shall govern.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

25. To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### CONSULTATION WITH U.S. TRUSTEE AND CLERK'S OFFICE

26. The Debtor's counsel discussed this Motion, and the relief requested herein, with the United States Trustee for the Southern District of Indiana on December 4, 2018. The Debtor's counsel provided notice of the filing of the chapter 11 case to the Clerk of Court and the Chief Judge's Courtroom Deputy on December 4, 2018. In compliance with Local Rule 1007-2(a)(3), prior to filing this Application, the Debtor's counsel conferred with the Clerk regarding this Application and the relief requested herein. Kevin P. Dempsey, Clerk of Court for the United States Bankruptcy Court for the Southern District of Indiana, has authorized the undersigned

counsel to represent to the Court that he has no objection to the proposed terms and conditions set forth herein.

## NOTICE

27.     Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the Southern District of Indiana; (iii) the Internal Revenue Service; (iv) the U.S. Olympic Committee; (v) the Debtor's thirty (30) largest unsecured creditors; and (vi) counsel of record for the individuals who have sued USAG in the Nassar-related litigation. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(d). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as is just and proper.

Dated: December 5, 2018                              Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Melissa M. Root*

Catherine L. Steege (*pro hac vice* pending)
Dean N. Panos (*pro hac vice* pending)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 923-2952
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Proposed Counsel for the Debtor*