IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| In re: | Chapter 11 |
| --- | --- |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**OBJECTION OF SEXUAL ABUSE
SURVIVORS TO FIRST DAY MOTION FOR APPROVAL OF
THE DEBTOR'S CONTINUED USE OF CASH MANAGEMENT
SYSTEM; (II) AUTHORIZATION TO USE PRE-PETITION BANK
ACCOUNTS; AND (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b)**

The sexual abuse survivors represented by the undersigned counsel (the "Sexual Abuse Survivors")[2] hereby submit their objection (the "Objection") to the *First Day Motion for (I) Approval of the Debtor's Continued Use of Cash Management System; (II) Authorization to Use Pre-Petition Bank Accounts, and (III) Waiving the Requirements of 11 U.S.C. § 345(b)* [Docket No. 12] (the "Motion"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Nearly 500 children and young adults were sexually abused by individuals for whom USA Gymnastics was responsible. As this case develops, the number of known survivors undoubtedly will grow. The history of sexual abuse in the gymnastics world did not start with Larry Nassar. As early as 1994, USA Gymnastics President Kathy Scanlan was made aware of the serious threat posed to amateur athletes in gymnastics. Knowledge of the sexual abuse was

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.
[2] Undersigned counsel represents directly or through a steering committee substantially all of the Sexual Abuse Survivors who have filed lawsuits against the Debtor.

not limited to USA Gymnastics. These issues were communicated to the United States Olympic Committee ("USOC"), though little was done, and actually, USA Gymnastics was dissuaded from changing the processes to thoroughly investigate and vet claims of sexual abuse against its member coaches. In October of 1999, the USOC was made aware, in writing, that sexual abuse of gymnasts was a prevalent problem within the sport and that these athletes were at a foreseeable risk. Former USA Gymnastics president Robert Colarossi informed USOC that it had implemented a "…fundamentally flawed process…" for discipline of members and that the USOC's process had an "…apparent indifference to the welfare of young children manifest in the Committee's actions." Colarossi and Scanlan testified that USOC was made aware, by USA Gymnastics, that child molestation in gymnastics, by USA Gymnastics professional members, was a problem that needed to be fixed. The discovery in the pending abuse litigation is replete with evidence of the knowledge and complicity of the sexual abuse of the children and the abdication of responsibility by adults and institutions charged with their care.

2. USA Gymnastics has chosen a bankruptcy forum to address the claims arising from the abuse in lieu of state and federal district courts where dozens of actions are pending. As the Sexual Abuse Survivors prosecute their claims in this forum, the facts surrounding the sexual abuse of generations of athletes will come out and the responsible people and institutions will be held accountable.

3. Larry Nassar is the poster child of the sad history of USA Gymnastics' and other sports institutions' failure to protect children in their care. Since 1986, he occupied various positions within the USA Gymnastics structure, including trainer and team physician at local, national and international competitions. In September of 2016, after reports by Rachael Denhollander, the first public victim of Nassar to speak out, to the Indianapolis Star, Nassar was

finally removed from his position at Michigan State University. Police subsequently searched his home and located approximately 37,000 images of child pornography. Nassar was indicted on both State and Federal Charges. Nassar pleaded guilty in both venues, and is serving 175-year sentence on the State Claims, and a 60-year sentence on the Federal Child Pornography charges.

4. Based on facts discovered in the pending litigation, Nassar was not the only perpetrator of sexual abuse for which USA Gymnastics and others are responsible. The Sexual Abuse Survivors look to this forum to ensure that all of the parties responsible for the destruction of their childhoods and adolescence will be held accountable.

## BACKGROUND

5. On December 5, 2018 (the "Petition Date"), USA Gymnastics, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor" or "USAG") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been established in this chapter 11 case.

7. On the Petition Date, the Debtor filed the Motion, which, among other things, seeks authorization to permit the Debtor to continue using its existing Cash Management System.[3]

## OBJECTION

8. The Sexual Abuse Survivors do not generally oppose the relief sought in the Motion. However, the Sexual Abuse Survivors are concerned with the lack of disclosure

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

concerning, and the question of ownership of, the funds in the S&R Master Account. The Motion as it relates to the S&R Master Account is premised entirely upon the assumption that the funds in the S&R Master Account are not property of the Debtor's estate. The lack of information in the Motion with respect to the S&R Master Account belies this premise.

9. For example, the Debtor fails to disclose basic information about the S&R Master Account, including:

 (a) The amount of money held in the S&R Master Account;

 (b) The number and identities of the "state and regional gymnastics organizations and other non-debtor constituent groups" that allegedly hold funds in the S&R Master Account, including whether those organizations and constituent groups are part of USAG or separate civil entities;

 (c) The amount of money in the S&R Master Account allegedly held on behalf of each entity;

 (d) How USAG accounts for the alleged interest of the entities that claim ownership of certain of the funds in the S&R Master Account;

 (e) The process for withdrawing amounts from the S&R Master Account; and

 (f) Whether any of the funds held in the S&R Master Account were ever deposited in any of the Debtor's other bank accounts before the funds were deposited in the S&R Master Account, i.e. were the funds commingled with USAG's funds.

10. While the Debtor states that the funds held in the S&R Master Account are not property of its bankruptcy estate, the Sexual Abuse Survivors have not been able to verify whether or not this claim is true, especially in light of the fact that the S&R Master Account is held in the Debtor's name and utilizes the Debtor's tax identification number.

11. In light of the foregoing, the Sexual Abuse Survivors propose that the Debtor be required to notify (a "Withdrawal Notice") the Sexual Abuse Survivors, the U.S. Trustee, and any official committee formed in this case (the "Committee" and, together with the Sexual Abuse Survivors and the U.S. Trustee, the "Notice Parties") at least three (3) business days in

advance of making (or permitting another party to make) withdrawals from the S&R Master Account in excess of $5,000 on a cumulative basis commencing with the Petition Date. Upon receipt of a Withdrawal Notice, the Notice Parties will have 48 hours to object to the withdrawal(s) proposed to be made from the S&R Master Account. If such objection cannot be resolved consensually between the objecting party and the Debtor, the Court may resolve the dispute.

12. The foregoing process is similar to that which was approved by the Bankruptcy Court in another child sex abuse bankruptcy case, *In re Catholic Diocese of Wilmington, Inc.* Case No. 09-13560 (CSS))("*Diocese of Wilmington*").[4] In that case, the debtor filed a motion (separate and apart from its cash management motion) seeking permission to disburse funds from a "Pooled Investment Account," which, similar to the S&R Master Account here, the debtor contended were not part of its bankruptcy estate. *See Diocese of Wilmington*, Docket No. 96, at ¶¶ 1 – 2. In the face of an objection from the official committee of unsecured creditors, the Bankruptcy Court entered a series of interim orders permitting the disbursement of funds from the Pooled Investment Account to non-debtor constituent groups while the issue of whether such funds were property of the estate was litigated. *See, e.g., id.*, Docket No. 846. Under this procedure, the committee was provided advance notice of any proposed disbursements not covered by the prior interim order, and was afforded the opportunity to object thereto, with any dispute to be resolved by the bankruptcy court. *See id.*, Docket Nos. 343 – 344 (attached hereto as **Exhibit A**).

13. Before any party, including the Debtor, is permitted to withdraw funds from the S&R Master Account, the Debtor should be required to provide disclosures to the Sexual Abuse

---

[4] Undersigned counsel Pachulski, Stang, Ziehl & Jones P.C. was committee counsel in the case.

Survivors, the U.S. Trustee, and the Court regarding: (i) the amount of money currently held in the S&R Master Account; (ii) the identity of each organization or constituent group the Debtor alleges to hold an interest in funds in the S&R Master Account, along with the amount of money in the S&R Master Account in which each such entity allegedly holds an interest; and (iii) whether, at any time, funds held in the S&R Master Account were ever deposited in any of the Debtor's other bank accounts. Moreover, the Sexual Abuse Survivors contend that any order granting the Motion should provide that the Debtor continue to maintain accounting of the S&R Master Account in accordance with prior practice.

14. In addition, for the reasons discussed above, the Sexual Abuse Survivors respectfully request that the Court only approve the Motion on an interim basis, with any final order entered after the Committee is formed and has had an opportunity to fully understand the S&R Master Account and conduct discovery thereupon, if necessary. Further, any order approving the Motion should be entered without prejudice to any issues regarding property of the estate and actions pursuant to sections 544 through 550 of the Bankruptcy Code.

**WHEREFORE**, the Sexual Abuse Survivors respectfully request that the Court (i) grant the Motion subject to the modifications proposed herein on an interim basis and (ii) grant such other and further relief that the Court deems just and appropriate.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: December 9, 2018

*/s/ James I. Stang*
James I. Stang, Esq.
Ilan D. Scharf, Esq.
Kenneth Brown, Esq.
Steven W. Golden, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com
   isharf@pszjlaw.com
   kbrown@pszjlaw.com
   sgolden@pszjlaw.com

-and-

RUBIN & LEVIN, P.C.

*/s/ Meredith R. Theisen*
Meredith R. Theisen, Esq.
Deborah J. Caruso, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: dcaruso@rubin-levin.net
   mtheisen@rubin-levin.net

*Counsel for the Sexual Abuse Survivors*

| MANLY STEWART & FINALDI | GREWAL LAW PLLC |
|---|---|
| John C. Manly, Esq. | Mick S. Grewal Sr., Esq. |
| Vince Finaldi, Esq. | 2290 Science Parkway |
| 19100 Von Karman Ave, Suite 800 | Okemos, MI 48864 |
| Irvine CA 92612 | Telephone: (517) 393-3000 |
| Telephone: (949) 252-9990 | Email: mgrewal@4grewal.com |
| Email: jmanly@manlystewart.com | |
|    vfinaldi@manlystewart.com | |
| | |
| *Counsel to Certain Sexual Abuse Survivors* | *Counsel to Certain Sexual Abuse Survivors* |

| | |
|---|---|
| DALTON & ASSOCIATES, P.A.<br>Bartholomew J. Dalton, Esq.<br>Cool Spring Meeting House<br>1106 West Tenth Street<br>Wilmington DE 19806<br>Telephone: (302) 652-2050<br>Email: bdalton@bdaltonlaw.com<br><br>*Counsel to Certain Sexual Abuse Survivors* | GRUEL MILLS NIMS & PYLMAN PLLC<br>Thomas R. Behm, Esq.<br>99 Monroe Avenue NW, Suite 800<br>Grand Rapids, MI 49503<br>Telephone: (616) 235-5500<br>Email: trbehm@gmnp.com<br><br>*Counsel to Certain Sexual Abuse Survivors* |
| PITT MCGEEHEE PALMER & RIVERS, P.C.<br>Michael L. Pitt, Esq.<br>Megan Bonanni, Esq.<br>117 West 4th Street, Suite 200<br>Royal Oak, MI 48067<br>Telephone: (248) 939-5081<br>Email: mpitt@pittlawpc.com<br>      mbonanni@pittlawpc.com<br><br>*Counsel to Certain Sexual Abuse Survivors* | ANDRUS WAGSTAFF P.C.<br>Kimberly A. Doughterty<br>19 Belmont Street<br>South Easton, MA 02375<br>Telephone: (508) 230-2700<br>Email: kim.dougherty@andruswagstaff.com<br><br><br><br>*Counsel to Certain Sexual Abuse Survivors* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 9, 2018 a copy of the foregoing *Objection of Sexual Abuse Survivors to First Day Motion for Approval of the Debtor's Continued Use of Cash Management System; (II) Authorization to Use Pre-Petition Bank Accounts; and (III) Waiving the Requirements of 11 U.S.C. § 345(b)* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Laura A DuVall    Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Dean Panos    dpanos@jenner.com
Amanda Koziura Quick    amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov
Melissa M. Root    mroot@jenner.com, wwilliams@jenner.com
Catherine L. Steege    csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

      I further certify that on December 9, 2018, a copy of the foregoing *Objection of Sexual Abuse Survivors to First Day Motion for Approval of the Debtor's Continued Use of Cash Management System; (II) Authorization to Use Pre-Petition Bank Accounts; and (III) Waiving the Requirements of 11 U.S.C. § 345(b)* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

None.

                                */s/ Meredith R. Theisen*
                                Meredith R. Theisen