IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**OBJECTION OF SEXUAL ABUSE SURVIVORS TO
DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING AGREEMENT
WITH ALFERS GC CONSULTING, LLC TO PROVIDE CONSULTING SERVICES**

The sexual abuse survivors represented by the undersigned counsel (the "Sexual Abuse Survivors")[2] hereby submit their objection (the "Objection") to the *Debtor's Motion for Entry of Order Approving Agreement with Alfers GC Consulting, LLC to Provide Consulting Services* [Docket No. 20] (the "Motion"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Nearly 500 children and young adults were sexually abused by individuals for whom USA Gymnastics was responsible. As this case develops, the number of known survivors undoubtedly will grow. The history of sexual abuse in the gymnastics world did not start with Larry Nassar. As early as 1994, USA Gymnastics President Kathy Scanlan was made aware of the serious threat posed to amateur athletes in gymnastics. Knowledge of the sexual abuse was not limited to USA Gymnastics. These issues were communicated to the United States Olympic Committee ("USOC"), though little was done, and actually, USA Gymnastics was dissuaded

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

[2] Undersigned counsel represents directly or through a steering committee substantially all of the Sexual Abuse Survivors who have filed lawsuits against the Debtor.

from changing the processes to thoroughly investigate and vet claims of sexual abuse against its member coaches. In October of 1999, the USOC was made aware, in writing, that sexual abuse of gymnasts was a prevalent problem within the sport and that these athletes were at a foreseeable risk. Former USA Gymnastics president Robert Colarossi informed USOC that it had implemented a "…fundamentally flawed process…" for discipline of members and that the USOC's process had an "…apparent indifference to the welfare of young children manifest in the Committee's actions." Colarossi and Scanlan testified that USOC was made aware, by USA Gymnastics, that child molestation in gymnastics, by USA Gymnastics professional members, was a problem that needed to be fixed. The discovery in the pending abuse litigation is replete with evidence of the knowledge and complicity of the sexual abuse of the children and the abdication of responsibility by adults and institutions charged with their care.

2. USA Gymnastics has chosen a bankruptcy forum to address the claims arising from the abuse in lieu of state and federal district courts where dozens of actions are pending. As the Sexual Abuse Survivors prosecute their claims in this forum, the facts surrounding the sexual abuse of generations of athletes will come out and the responsible people and institutions will be held responsible.

3. Larry Nassar is the poster child of the sad history of USA Gymnastics' and other sports institutions' failure to protect children in their care. Since 1986, he occupied various positions within the USA Gymnastics structure, including trainer and team physician at local, national and international competitions. In September of 2016, after reports by Rachael Denhollander, the first public victim of Nassar to speak out, to the Indianapolis Star, Nassar was finally removed from his position at Michigan State University. Police subsequently searched his home and located approximately 37,000 images of child pornography. Nassar was indicted on

both State and Federal Charges. Nassar pleaded guilty in both venues, and is serving 175-year sentence on the State Claims, and a 60-year sentence on the Federal Child Pornography charges.

4. Based on facts discovered in the pending litigation, Nassar was not the only perpetrator of sexual abuse for which USA Gymnastics and others are responsible. The Sexual Abuse Survivors look to this forum to ensure that all of the parties responsible for the destruction of their childhoods and adolescence will be held accountable.

## BACKGROUND

5. On December 5, 2018 (the "Petition Date"), USA Gymnastics, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor" or "USA Gymnastics") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been established in this chapter 11 case.

7. On the Petition Date, the Debtor filed the Motion, which seeks Court approval to retain a consultant to perform interim management and legal consulting services.[3]

## OBJECTION

8. The Sexual Abuse Survivors object to the retention of Alfers GC Consulting, LLC (the "Consultant") under section 363 of the Bankruptcy Code insofar as doing so would permit the Debtor to retain professional persons without subjecting such professionals to the important disclosure requirements of section 327 of the Bankruptcy Code.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

9. Section 327 of the Bankruptcy Code provides that a debtor-in-possession may employ "professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent the [debtor] in carrying out [its] duties" subject to bankruptcy court approval. 11 U.S.C. § 327(a). While the term "professional persons" is not defined in the Bankruptcy Code, courts have held that management consultants, such as the Consultant, fall within the definition of such term. *See, e.g., In re Dola Int'l Corp.*, 88 B.R. 950, 954 (Bankr. D. Minn. 1988); *In re Carolina Sales Corp.*, 45 B.R. 750, 752 (Bankr. E.D.N.C. 1985).

10. Although the Sexual Abuse Survivors do not object to the Consultant's retention under section 363 of the Bankruptcy Code, they contend that the Consultant should still be required to disclose any and all connections with the Debtor and other relevant third parties, just as any professional to be retained under section 327 of the Bankruptcy Code would. The Consultant did not make any disclosure at all. The Consultant should submit a declaration of any prepetition relationship with the Debtor and any entities who are co-defendants with the Debtor in the pending sexual abuse cases, including but not limited to, the U.S. Olympic Committee and Michigan State University. Accordingly, the Sexual Abuse Survivors respectfully request that the Court's approval of the Motion be conditioned on the Consultant filing a declaration attesting to its disinterestedness (as such term is used in section 327 of the Bankruptcy Code) and disclosing any connections it may have with the Debtor or the Debtor's co-defendants.[4]

---

[4] Indeed, professionals seeking to be retained under section 363 routinely file such declarations. *See, e.g., In re Café Holdings Corp.*, No. 18-05837-hb, Docket No. 129 (Bankr. D.S.C. Dec. 4, 2018); *In re Aéropostale, Inc.*, No. 16-11275 (SHL), Docket No. 842 (Bankr. S.D.N.Y. Sep. 26, 2016); *In re CHC Grp., Ltd.*, No. 16-31854 (BJH), Docket No. 125 (Bankr. N.D. Tex. May 13, 2016); *In re Ames Department Stores, Inc.*, No. 01-42217 (REG), Docket No. 3021-1 (Bankr. S.D.N.Y. July 27, 2006).

**WHEREFORE**, the Sexual Abuse Survivors respectfully request that the Court (i) grant the Motion subject to the modifications proposed herein and (ii) grant such other and further relief that the Court deems just and appropriate.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: December 9, 2018

*/s/ James I. Stang*
James I. Stang, Esq.
Ilan D. Scharf, Esq.
Kenneth Brown, Esq.
Steven W. Golden, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com
   isharf@pszjlaw.com
   kbrown@pszjlaw.com
   sgolden@pszjlaw.com

-and-

RUBIN & LEVIN, P.C.

*/s/ Meredith R. Theisen*
Meredith R. Theisen, Esq.
Deborah J. Caruso, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: dcaruso@rubin-levin.net
   mtheisen@rubin-levin.net

*Counsel for the Sexual Abuse Survivors*

| | |
|---|---|
| MANLY STEWART & FINALDI<br>John C. Manly, Esq.<br>Vince Finaldi, Esq.<br>19100 Von Karman Ave, Suite 800<br>Irvine CA 92612<br>Telephone: (949) 252-9990<br>Email: jmanly@manlystewart.com<br>      vfinaldi@manlystewart.com<br><br>*Counsel to Certain Sexual Abuse Survivors* | GREWAL LAW PLLC<br>Mick S. Grewal Sr., Esq.<br>2290 Science Parkway<br>Okemos, MI 48864<br>Telephone: (517) 393-3000<br>Email: mgrewal@4grewal.com<br><br><br><br>*Counsel to Certain Sexual Abuse Survivors* |
| DALTON & ASSOCIATES, P.A.<br>Bartholomew J. Dalton, Esq.<br>Cool Spring Meeting House<br>1106 West Tenth Street<br>Wilmington DE 19806<br>Telephone: (302) 652-2050<br>Email: bdalton@bdaltonlaw.com<br><br>*Counsel to Certain Sexual Abuse Survivors* | GRUEL MILLS NIMS & PYLMAN PLLC<br>Thomas R. Behm, Esq.<br>99 Monroe Avenue NW, Suite 800<br>Grand Rapids, MI 49503<br>Telephone: (616) 235-5500<br>Email: trbehm@gmnp.com<br><br><br>*Counsel to Certain Sexual Abuse Survivors* |
| PITT MCGEEHEE PALMER & RIVERS, P.C.<br>Michael L. Pitt, Esq.<br>Megan Bonanni, Esq.<br>117 West 4th Street, Suite 200<br>Royal Oak, MI 48067<br>Telephone: (248) 939-5081<br>Email: mpitt@pittlawpc.com<br>      mbonanni@pittlawpc.com<br><br>*Counsel to Certain Sexual Abuse Survivors* | ANDRUS WAGSTAFF P.C.<br>Kimberly A. Doughterty<br>19 Belmont Street<br>South Easton, MA 02375<br>Telephone: (508) 230-2700<br>Email: kim.dougherty@andruswagstaff.com<br><br><br><br>*Counsel to Certain Sexual Abuse Survivors* |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 9, 2018 a copy of the foregoing *Objection of Sexual Abuse Survivors to Debtor's Motion for Entry of Order Approving Agreement with Alfers GC Consulting, LLC to Provide Consulting Services* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Laura A DuVall    Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Dean Panos    dpanos@jenner.com
Amanda Koziura Quick    amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov
Melissa M. Root    mroot@jenner.com, wwilliams@jenner.com
Catherine L. Steege    csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on December 9, 2018, a copy of the foregoing *Objection of Sexual Abuse Survivors to Debtor's Motion for Entry of Order Approving Agreement with Alfers GC Consulting, LLC to Provide Consulting Services* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

None.

*/s/ Meredith R. Theisen*
Meredith R. Theisen

g:\wp80\genlit\usa gymnastics\drafts\alfers consulting objection.docx