**SO ORDERED: December 11, 2018.**



_____
**Robyn L. Moberly**
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, | Case No. 18-09108-RLM-11 |
| Debtor. [1] | |

**INTERIM ORDER GRANTING FIRST DAY MOTION FOR INTERIM AND FINAL
ORDERS PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE
(I) PROHIBITING UTILITY COMPANY FROM ALTERING, REFUSING, OR
DISCONTINUING UTILITY SERVICES; AND (II) DEEMING UTILITY COMPANY
<u>ADEQUATELY ASSURED OF FUTURE PAYMENT</u>**

This matter came before the Court on the _First Day Motion For Interim And Final Orders_

_Pursuant To Sections 105(a) And 366 Of The Bankruptcy Code (I) Prohibiting Utility Company From_

_Altering, Refusing, Or Discontinuing Utility Services; And (II) Deeming Utility Company Adequately_

_Assured Of Future Payment_ (the "**Motion**") filed by USA Gymnastics (the "**Debtor**") for an order

pursuant to sections 105(a) and 366(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's
principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

"**Bankruptcy Code**") and Rule B-9013-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"); and upon consideration of the *Declaration of James Scott Shollenbarger* (the "**First Day Declaration**"); and the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors, and any party in interest; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion should be GRANTED.

IT IS HEREBY ORDERED:

1.    The Motion is granted on an interim basis as set forth herein.

2.    A final hearing to consider the relief requested in the Motion will be held on January 16, 2019 at 1:30 p.m. (Prevailing Eastern Time) in Room 329 of the United States Bankruptcy Court, 46 East Ohio Street, Indianapolis, Indiana 46204. The dial-in telephone number for interested parties to participate in the hearing by conference call is 1-877-211-3621, passcode: 1701520734#. All callers shall keep their phones muted unless addressing the Court. All callers must identify themselves and the party(ies) they represent when addressing the Court. Callers shall not place their phones on hold during the hearing.

3.    AT&T and AT&T Mobility (collectively, "**AT&T**") may not without authorization from the Court (a) alter, refuse, terminate, or discontinue utility services to, or discriminate against, the Debtor on the basis of the commencement of this chapter 11 case or on account of outstanding pre-petition invoices or (b) require additional assurance of payment as a condition to the Debtor receiving such utility services.

1

4.      To the extent not already deposited, the Debtor shall deliver a deposit to AT&T, as adequate assurance for future payment, in the amount of $3,275 (the "**Utility Deposit**") within twenty (20) days of the petition date to be maintained during the pendency of this case.

5.      Upon delivery of the Utility Deposit, AT&T shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtor, in its discretion, agrees to an alternative assurance of payment with AT&T; or (b) this Court enters an order requiring that additional adequate assurance of payment be provided to AT&T.

6.      Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate with respect to the validity, priority or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action against any utility company; or (d) shall be construed as a promise to pay a claim.

7.      Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a utility company hereunder or under section 366 of the Bankruptcy Code.

8.      The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###