SO ORDERED: December 11, 2018.



_____
Robyn L. Moberly
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**ORDER AUTHORIZING THE DEBTOR AND DEBTOR IN POSSESSION TO
EMPLOY OMNI MANAGEMENT GROUP, INC. AS CLAIMS AND NOTICING
AGENT PURSUANT TO 28 U.S.C. § 156(c), EFFECTIVE AS OF THE PETITION DATE**

This matter came before the Court on the *Application For An Order Authorizing The Debtor To Employ Omni Management Group As Claims And Noticing Agent Effective As Of The Petition Date* (the "**Application**"), filed by USA Gymnastics as debtor and debtor in possession (the "**Debtor**" or "**USAG**"), for the entry of an order pursuant to section 156(c) of title 28 of the

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

United States Code, Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1007-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), and upon consideration of the *Declaration of Brian Osborne in Support of the Application* (the "**Osborne Declaration**"); and the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtor, its estate, and creditors; and (iv) Omni is disinterested and neither holds nor represents any interest adverse to the Debtor or its estate with respect to the matters on which Omni is to be retained; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion should be GRANTED.

IT IS HEREBY ORDERED:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain Omni effective as of the Petition Date under the terms of the Engagement Letter, and Omni is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in the Debtor's chapter 11 case, and all related tasks, all as described in the Application (the "**Claims and Noticing Services**").

3. Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain official claims registers for each of the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Omni is authorized to take such other actions to comply with all duties set forth in the Application, including but not limited to, the following:

   (a) prepare and serve required notices and documents in the chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court including, (i) notice of the commencement of the chapter 11 case and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of the case.

   (b) If requested, manage the publication of legal notices;

   (c) Maintain an official copy of the Debtor's Schedules of Assets & Liabilities and Statement of Financial Affairs (collectively, the "**Schedules**"), listing the Debtor's known creditors and amounts owed thereto;

   (d) Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

   (e) Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in a case where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

   (f) Provide for the filing of claims electronically through the case website and maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

   (g) For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk a declaration or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

3

(h) Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(i) Maintain the official claims register for the Debtor (the "**Claims Register**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the applicable Debtor, and (vii) any disposition of the claim;

(j) Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(k) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to Omni's offices, not less than weekly;

(m) Upon completion of the docketing process for all claims received to date for the case, turn over to the Clerk copies of the claims register for the Clerk's review (upon the Clerk's request);

(n) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including the identification and elimination of duplicative names and addresses from such lists;

(o) Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p) Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtor or the Court, including through the use of a case website and/or call center.

(q) If the case is converted to one under chapter 7, contact the Clerk's Office within three (3) days of the notice to Omni of entry of the order converting the case;

(r) Thirty (30) days prior to the close of this case, to the extent practicable, request that the Debtor submit to the Court a proposed Order dismissing Omni and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these case;

4

   (s) Within seven (7) days of notice to Omni of entry of an order closing the chapter 11 case, provide to the Court the final version of the claims register as of the date immediately before the close of the case; and,

   (t) At the close of this case, consult with the Clerk's Office on the disposition of original documents, which may include delivery to a different federal agency.

  5. The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Omni.

  6. Omni is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

  7. Omni is authorized to take such other action to comply with all duties set forth in the Application.

  8. The Debtor is authorized to compensate Omni in accordance with the terms of the Engagement Letter upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

  9. Omni shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party-in-interest who specifically requests service of the monthly invoices.

  10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtor's estate.

11. In the event Omni is unable to provide the services set forth in this Order, Omni will immediately notify the Clerk's Office and Debtor's counsel and cause to have original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk's Office.

12. Omni may not cease providing claims processing services during the Debtor's bankruptcy case for any reason, including nonpayment, without prior order of the Court authorizing Omni to do so; provided, however, that Omni may seek such an order on expedited notice by filing a request with the Court and serving notice of such request on the Debtor, the Office of the United States Trustee, counsel for the Debtor and the Clerk's Office, by facsimile or overnight delivery; provided further, that except as expressly precluded herein, the Debtor and Omni under the Engagement Letter may terminate or suspend other services.

13. After entry of an order terminating Omni's services or upon the closing of the Debtor's bankruptcy case, Omni will be responsible for archiving all proofs of claim with a federal agency, in consultation with the Clerk's Office, and will be compensated by the Debtor's bankruptcy estate for those costs.

14. Omni may apply its retainer to all pre-petition invoices.

15. Omni shall comply with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other general orders or applicable guidelines issued by this Court.

16. The Debtor and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17. In the event of any inconsistency between the Engagement Letter, the Application, and the Order, the Order shall govern.

18. Notwithstanding any term in the Engagement Letter to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

19. Notwithstanding any provision of the Bankruptcy Rules to the contrary, this Order is immediately effective and enforceable upon its entry.

###