## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

### DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE DEBTOR TO EMPLOY WHITE & AMUNDSON, P.C. AS ORDINARY COURSE COUNSEL PURSUANT TO 11 U.S.C. § 327(b), <u>EFFECTIVE AS OF THE PETITION DATE</u>

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to sections 327(b), 328(a), 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), authorizing the employment of White & Amundson, P.C. ("**White & Amundson**"), effective as of the Petition Date (defined below), as the Debtor's ordinary course counsel. In support of this Application, the Debtor submits the declaration of Daniel White, a partner in White & Amundson's San Diego office (the "**White Declaration**"), attached hereto as <u>Exhibit B</u>, and respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 327(b), 328(a), 1107, and 1108 of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules.

## BACKGROUND

2.    On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4.    On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors.

5.    In the ordinary course of its operations, the Debtor engaged White & Amundson beginning in November, 2016 to provide legal services in connection with the case captioned *Jane J.D. Doe v. Doe, USA Gymnastics, et al.*, Case No. 18-cv-01136 (C.D. Cal. June 27, 2018) (the "**Prepetition Litigation**").  As a result of the commencement of the Debtor's bankruptcy case, the Prepetition Litigation is stayed.

**RELIEF REQUESTED**

6.      By this Application, the Debtor seeks to employ White & Amundson as its ordinary course counsel, pursuant to Bankruptcy Code sections 327(b), 328(a), 1107, and 1108 on the terms and conditions set forth in the engagement agreement between White & Amundson and the Debtor dated November 21, 2016 (the "**Engagement Letter**"), attached hereto as Exhibit C, effective as of the Petition Date.

**BASIS FOR RELIEF**

7.      The Debtor seeks approval of the employment of White & Amundson as its ordinary course litigation counsel pursuant to sections 327(b) and 328(a) of the Bankruptcy Code. Section 327(b) of the Bankruptcy Code provides that "if the debtor has regularly employed attorneys, accountants, or other professional persons on salary," the debtor in possession "may retain or replace such professional persons if necessary in the operation of such business."  11 U.S.C. § 327(b).

8.      The Debtor seeks approval of the Engagement Letter pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" subject to later re-evaluation by the Court.  11 U.S.C. § 328(a).

9.      As detailed below, the Debtor submits that the employment of White & Amundson, effective as of the Petition Date, and on the terms and conditions set forth herein and in the Engagement Letter (as modified by White & Amundson's agreement to reduce rates, described

below), is in the best interest of the Debtor, its estate, its creditors, and other parties in interest, and therefore should be approved.

10.     The Debtor has selected White & Amundson to serve as its ordinary course litigation counsel because, among other things, White & Amundson has considerable expertise in matters of this character.  Moreover, White & Amundson is familiar with the Debtor's operations and with the Prepetition Litigation, given its service to date on that matter.  Accordingly, the Debtor believes that White & Amundson is well qualified to provide professional services as ordinary course litigation counsel during the pendency of this chapter 11 case.

11.     As set forth above, the Prepetition Litigation is stayed. Nevertheless, questions or issues may arise with respect to the Prepetition Litigation, and given White & Amundson's background with the Prepetition Litigation, the Debtor submits that it is most economical and efficient for the Debtor to involve White & Amundson to the extent such questions or issues arise.

12.     To the best of the Debtor's knowledge and as disclosed in the White Declaration, White & Amundson and its partners and associates do not hold or represent any interest that is materially adverse to the interests represented by the Debtor.

13.     As set forth in the White Declaration, White & Amundson previously represented Steve Penny, the former CEO of USAG. On or about May 21, 2017, White & Amundson terminated its representation of Mr. Penny. In addition, White & Amundson may have previously represented, may currently represent, or may in the future represent, entities that are claimants of the Debtor or other parties-in-interest in this case in matters unrelated to the Debtor.  Except as otherwise disclosed in the White Declaration, White & Amundson has not, and will not, represent

any such party, or any of their affiliates or subsidiaries, in relation to the Debtor or this chapter 11 case.[2]

14.     The Debtor's insurance carriers currently pay White & Amundson for some of the services that it renders in connection with the Prepetition Litigation and both White & Amundson and the Debtor expect this to continue to be the case postpetition.  Because the Debtor's insurance carriers only pay hourly rates up to certain caps, USAG pays the difference between those caps and White & Amundson's billed rates. Prior to the Petition Date, White & Amundson agreed to reduce the rates charged to USAG to $350 for partners and $165 for paralegals.

15.     As of the Petition Date, White & Amundson was owed $63,171.65 in fees and expenses for services rendered to USAG.  All of that amount is owed by USAG's insurers.  White & Amundson is not seeking payment of the prepetition amounts as a condition to its continued representation of USAG.

16.     For the reasons set forth herein, the Debtor requests that it be authorized to retain White & Amundson as its ordinary course litigation counsel, and requests that all fees and expenses of White & Amundson be granted administrative priority as allowed by the Court and be paid pursuant to the terms set forth in this Application and the Engagement Letter (subject to the rate reduction set forth above).

**NOTICE**

17.     Notice of this Motion has been provided to:  (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the Southern District of Indiana; (iii) the Internal Revenue Service; (iv) the U.S. Olympic Committee; (v) the Debtor's thirty (30) largest unsecured creditors;

---

[2] Due to the sensitivity of the information and in light of the nature of White & Amundson's proposed engagement and the requirements of section 327(b), the Debtor has not provided to White & Amundson, and White & Amundson has not reviewed for disclosure purposes, the unredacted list of Jane Doe plaintiffs.

(vi) proposed counsel to the Additional Tort Claimants Committee Of Sexual Abuse Survivors; and (vii) all parties who have filed an appearance in this case.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein and such further relief as is just and proper.

Dated: December 21, 2018                                    Respectfully submitted,

**USA GYMNASTICS**

<u>/s/ *James Scott Shollenbarger*</u>

James Scott Shollenbarger
Chief Financial Officer