IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

APPLICATION TO EMPLOY
PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL
TO THE ADDITIONAL TORT CLAIMANTS COMMITTEE OF SEXUAL
ABUSE SURVIVORS EFFECTIVE *NUNC PRO TUNC* AS OF DECEMBER 20, 2018

The Additional Tort Claimants Committee of Sexual Abuse Survivors (the "Sexual Abuse Survivors' Committee") appointed in the above-captioned Case under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), hereby submits this application (the "Application") for the entry of an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Sexual Abuse Survivors' Committee in connection with the Debtor's case, *effective nunc pro tunc as of December 20, 2018*, pursuant to sections 327 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule B-2014-1. In support of the relief sought in the Application, the Sexual Abuse Survivors' Committee submits the declaration of James I. Stang, a partner of the Firm (the "Stang Declaration"), attached hereto as **Exhibit A** and the declaration of Sarah Klein, co-chairperson of the Sexual Abuse Survivors' Committee (the "Klein Declaration"), attached hereto as **Exhibit B**, both of which are incorporated herein by reference for all purposes. In further support of its Application, the Sexual Abuse Survivors' Committee respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014.

**Background**

3. On December 5, 2018 (the "Petition Date"), the Debtor commenced its Chapter 11 Case (the "Case") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate as debtor in possession.

4. On December 19, 2018 the United States Trustee (the "U.S. Trustee") appointed nine members to the Sexual Abuse Survivors' Committee.

**Relief Requested**

5. By this Application, the Sexual Abuse Survivors' Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, pursuant to sections 327 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014, authorizing the Sexual Abuse Survivors' Committee to employ and retain the Firm as its counsel in this Case. The Sexual Abuse Survivors' Committee seeks to retain the Firm effective *nunc pro tunc* as of December 20, 2018.

**Services to be Provided**

6. The Sexual Abuse Survivors' Committee desires to retain PSZJ, at the expense of the Debtor's estate, to render professional services as required by the Sexual Abuse Survivors' Committee, including, but not limited to, the following:

(a) assisting, advising and representing the Sexual Abuse Survivors' Committee in its consultations with the Debtor regarding the administration of this Case;

(b) assisting, advising and representing the Sexual Abuse Survivors' Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens or other interests in the Debtor's property and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

(c) reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advising the Sexual Abuse Survivors' Committee as to their propriety, and, after consultation with the Sexual Abuse Survivors' Committee, taking appropriate action;

(d) preparing necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Sexual Abuse Survivors' Committee;

(e) representing the Sexual Abuse Survivors' Committee at hearings held before the Court and communicate with the Sexual Abuse Survivors' Committee regarding the issues raised, as well as the decisions of the Court;

(f) performing all other legal services for the Sexual Abuse Survivors' Committee which may be necessary and proper in this Case and any related proceeding(s);

(g) representing the Sexual Abuse Survivors' Committee in connection with any litigation, disputes or other matters that may arise in connection with this Case or any related proceeding(s);

(h) assisting, advising and representing the Sexual Abuse Survivors' Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

(i) assisting, advising and representing the Sexual Abuse Survivors' Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this Case;

(j) assisting, advising and representing the Sexual Abuse Survivors' Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

(k) assisting, advising and representing the Sexual Abuse Survivors' Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

(l) assisting, advising and representing the Sexual Abuse Survivors' Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Sexual Abuse Survivors' Committee;

(m) assisting, advising and representing the Sexual Abuse Survivors' Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

4

(n)   providing such other services to the Sexual Abuse Survivors' Committee as may be necessary in this Case or any related proceeding(s).

**Terms of Retention**

7.   Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The Firm's standard hourly rates are set forth in the Stang Declaration.

8.   PSZJ's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Sexual Abuse Survivors' Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients. The Firm's expense policies are set forth in the Stang Declaration.

9.   During this Case, individual Sexual Abuse Survivors' Committee members incur out of pocket expenses related to their service as Sexual Abuse Survivors' Committee members (any such expenses "Committee Members' Expenses"). To alleviate any problems that may arise for Sexual Abuse Survivors' Committee members on account of any delay in seeking and

5

obtaining reimbursement for such expenses, PSZJ proposes to pay such expenses directly or reimburse Sexual Abuse Survivors' Committee members for any such expenses and then add such expenses to the Firm's invoices in this Case and it shall seek allowance of such expenses on the same basis as other expenses incurred by the Firm in this Case.

### No Adverse Interest and Disclosure of Connections

10. The Sexual Abuse Survivors' Committee believes that PSZJ does not hold or represent any interest that is adverse to the Sexual Abuse Survivors' Committee and the Debtor's estate and does not hold or represent any interest adverse to and has no connection with the Sexual Abuse Survivors' Committee, the Debtor, its creditors or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Stang Declaration. Therefore, to the best of the Sexual Abuse Survivors' Committee's knowledge, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

11. The Stang Declaration, executed by James I. Stang, a partner of PSZJ, and attached as **Exhibit A** to this Application, verifies that neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Stang Declaration.

12. Except as provided in the Stang Declaration, to the best of the Sexual Abuse Survivors' Committee's knowledge, neither PSZJ, nor any of its attorneys, hold or represent any interest adverse to the Sexual Abuse Survivors' Committee or the Debtor's estate in the matters on which they are to be retained. The Sexual Abuse Survivors' Committee submits that its proposed employment of PSZJ is in the best interests of the Sexual Abuse Survivors' Committee, the Debtor, and its estate and creditors.

13. To the best of the Sexual Abuse Survivors' Committee's knowledge, and except as disclosed in the Stang Declaration, PSZJ has had no other prior connection with the Debtor, its

creditors or any other party in interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtor's estate or the Sexual Abuse Survivors' Committee in the matters upon which it has been and is to be engaged.

14. PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in Cases or proceedings against creditors of the Debtor that are unrelated to this Case. However, those matters do not present a conflict in this Case.

15. The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this Case wherein one or more of the firms representing the members of the Sexual Abuse Survivors' Committee or other parties in interest serve as or will serve as professionals to committee members.

## Notice

16. Notice of this Application has been given to the U.S. Trustee, counsel to the Debtor, and all parties that filed a notice of appearance in this Case as of the date hereof. In light of the nature of the relief requested herein, the Sexual Abuse Survivors' Committee submits that no other or further notice is required and this section complies with Local Rule B-2014-1(b)(1).

## No Prior Request

17. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Sexual Abuse Survivors' Committee requests that this Court enter an order in this Case substantially in the form attached hereto as **Exhibit C** approving the employment of Pachulski Stang Ziehl & Jones LLP, as counsel to the Sexual Abuse Survivors' Committee effective *nunc pro tunc* as of December 20, 2018 in this Case, and granting such other and further relief as is just and proper.

Dated: January 10, 2019　　　　　　　　/s/ Sarah Klein
　　　　　　　　　　　　　　　　　　　Sarah Klein
　　　　　　　　　　　　　　　　　　　*In her capacity as Co-Chairperson of the*
　　　　　　　　　　　　　　　　　　　*Sexual Abuse Survivors' Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2019 a copy of the foregoing *Application to Employ Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants Committee of Sexual Abuse Survivors Effective Nunc Pro Tunc as of December 20, 2018* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Kenneth H. Brown     kbrown@pszjlaw.com
John Cannizzaro     john.cannizzaro@icemiller.com, Deborah.Martin@icemiller.com
Deborah Caruso     dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Laura A DuVall     Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Steven W Golden     sgolden@pszjlaw.com, lcanty@pszjlaw.com
Jeffrey A Hokanson     jeff.hokanson@icemiller.com, Kathy.peed@icemiller.com
Adam L. Kochenderfer     akochenderfer@wolfsonbolton.com
Martha R. Lehman     mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Ronald J. Moore     Ronald.Moore@usdoj.gov
Whitney L Mosby     wmosby@bgdlegal.com, fwolfe@bgdlegal.com
Dean Panos     dpanos@jenner.com
Amanda Koziura Quick     amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov
Melissa M. Root     mroot@jenner.com, wwilliams@jenner.com
Ilan D Scharf     ischarf@pszjlaw.com
Thomas C Scherer     tscherer@bgdlegal.com, fwolfe@bgdlegal.com
James I. Stang     jstang@pszjlaw.com
Catherine L. Steege     csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
Meredith R. Theisen     mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
U.S. Trustee     ustpregion10.in.ecf@usdoj.gov
Mark R. Wenzel     mwenzel@salawus.com, pdidandeh@salawus.com

I further certify that on January 10, 2019, a copy of the foregoing *Application to Employ Pachulski Stang Ziehl & Jones LLP as Counsel to the Additional Tort Claimants Committee of Sexual Abuse Survivors Effective Nunc Pro Tunc as of December 20, 2018* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

| | | |
|---|---|---|
| USA Gymnastics<br>130 E. Washington Street, Suite 700<br>Indianapolis, IN 46204 | Aon Premium Finance LLC<br>200 E. Randolph St.<br>Chicago, IL 60601 | The PNC Financial Services Group d/b/a PNC Bank<br>c/o Douglas Mundell<br>PNC Bank, NA<br>300 Fifth Avenue<br>Pittsburgh, PA 15222 |
| Sharp Business Systems<br>c/o Mike Bowman<br>7330 E. 86th Street<br>Indianapolis, IN 46256 | Stephen D. Penny Jr.<br>11121 Mirador Lane<br>Fishers, IN 46037 | Fidelity Investments 2018 USAG Profit Sharing Contribution<br>100 Crosby Parkway<br>Covington, KY 41015 |

| | | |
|---|---|---|
| Plews Shadley Racher & Braun LLP<br>1346 N. Delaware St.<br>Indianapolis, IN 46204 | American Athletic, Inc.<br>200 American Ave.<br>Jefferson, IA 50129 | PNC Bank<br>P.O. Box 828702<br>Philadelphia, PA 19182 |
| National Travel Systems Corporate Office<br>4314 S. Loop 289, Suite 300<br>Lubbock, TX 79413 | Wipfli LLP<br>12359 Sunrise Valley Drive<br>Reston, VA 20191 | The Alexander<br>333 South Delaware Street<br>Indianapolis, IN 46204 |
| John Cheng<br>137 Danbury Rd. #141<br>New Milford, CT 06776 | Benchmark Rehabilitation Partners<br>P.O. Box 2314<br>Ooltewah, TN 37363 | AT&T<br>P.O. Box 105414<br>Atlanta, GA 30348 |
| Sport Graphics, Inc.<br>3423 Park Davis Circle<br>Indianapolis, IN 46235 | BMI<br>P.O. Box 630893<br>Cincinnati, OH 45263 | Tatiana Perskaia<br>7633 Hamelin Lane<br>Gainesville, VA 20155 |
| Antonia Markova<br>3535 Acorn Way Lane<br>Spring, TX 77389 | Daniel Baker<br>1311 Kelliwood Oaks Drive<br>Katy, TX 77450 | Denison Parking<br>c/o Virginia Ave. Garage<br>P.O. Box 1582<br>Indianapolis, IN 46206 |
| Ivan Yordanov Ivanov<br>700 Cobia Drive<br>Katy, TX 77494 | Elite Sportswear, LP<br>6850 Enterprise Drive<br>South Bend, IN 46628 | Neofunds By Neopost<br>P.O. Box 6813<br>Carol Stream, IL 60197 |
| Omni Management Group, Inc.<br>5955 De Soto Avenue<br>Suite 100<br>Woodland Hills, CA 91367 | United States Olympic Committee<br>1 Olympic Plaza<br>Colorado Springs, CO 80909<br>Attn: Chris McCleary | Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Attn:  Dianne F. Coffino<br>          Martin E. Beeler<br>          R. Alexander Clark<br>          Gabriella B. Zahn-Bielski |

*/s/ Meredith R. Theisen*
Meredith R. Theisen

g:\wp80\genlit\usa gymnastics-86756901\drafts\pszj employment app.doc