IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:                                      )   Chapter 11
                                            )
USA GYMNASTICS[1],                          )   Case No. 18-09108-RLM-11
                                            )
         Debtor.                            )
_____)

**OBJECTION OF INDIANA ATTORNEY GENERAL CURTIS T. HILL TO DEBTOR'S SUPPLEMENT TO FIRST DAY MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTOR TO PAY AND HONOR CERTAIN PRE-PETITION WAGES, BENFITS, AND OTHER COMPENSATION OBLIGATIONS; AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS[2]**

Curtis T. Hill, Jr., Attorney General of Indiana, objects to the Debtor's Supplement to First Day Motion for an Order (I) Authorizing the Debtor to Pay and Honor Certain Pre-Petition Wages, Benefits, and Other Compensation Obligations; and (II) Authorizing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations (the "Supplemental Motion") and states in support of his objection:

## INTRODUCTION

1.     Curtis T. Hill, Jr., the Attorney General of the State of Indiana, (the "Attorney General") is charged with protecting the public interest in charitable and benevolent instrumentalities and to ensure the integrity of nonprofit entities operating within the State of Indiana. Ind. Code §§ 23-17-24-1 and 23-17-24-1.5. *Zoeller v. East Chicago Second Century*, 904 N.E.2d 213 (Ind. 2009).

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

[2] After reviewing the Supplemental Motion (as defined below) and the Survivor's Objection (also as defined below), counsel for the Attorney General contacted counsel for the Debtor to discuss the issues raised by both pleadings and was informally granted an extension of the objection deadline to Monday, January 14, 2019. Therefore, this objection is timely.

2.     USA Gymnastics ("USAG") is a nonprofit corporation with a principal office located in Indianapolis, Indiana.

3.     USAG filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.* (the "Code") on December 5, 2018 (the "Petition Date"). USAG continues to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

## BACKGROUND

4.     Over the past several years, USAG has become the subject of one of the most horrific and extensive scandals in sports history.

5.     On November 4, 2016, USAG engaged Deborah Daniels, a partner at Indianapolis-based Krieg DeVault LLP and former federal prosecutor, to conduct an independent review of USAG's bylaws, policies, procedures, and practices related to handling sexual misconduct matters.

6.     The review was sought in the wake of the exposure of nearly three decades of sexual abuse perpetrated by Dr. Larry Nassar, USAG's National Medical Coordinator and Women's National Team Physician. Additionally, a terrifying number of reports had begun to surface of young women being abused by persons affiliated with USAG as members or contractors along with additional charges that USAG had not been sufficiently responsive in disciplining offenders and terminating their access to young gymnasts.

7.     Another event which contributed to the commission of the Daniels review was a series of articles published by The Indianapolis Star beginning in the summer of 2016 with a primary focus on sexual abuse in women's gymnastics and the myriad cases of alleged abuse.

8. Daniels produced her Report to USA Gymnastics on Proposed Policy and Procedural Changes for the Protection of Young Athletes on or about June 26, 2017 (the "Daniels Report"). A copy of the Daniels report is available on USAG's website at: https://usagym.org/PDFs/About%20USA%20Gymnastics/ddreport_062617.pdf (last visited January 10, 2019).

9. The Daniels Report contained approximately 70 recommendations for improving the culture at USAG and promoting the safety of the athletes who compete within the sport of gymnastics.

10. In the eighteen months since the publication of the Daniels Report, USAG has failed to fully implement the recommendations. By USAG's admission on its website, less than 50% of the recommendations have been implemented with others listed as "in progress," "ongoing," or "planning." *See*:

http://www.usagymprogressreport.com/recommendations (last visited January 10, 2019).

11. The Daniels Report noted that then current USAG standards directed a party who suspected child abuse to consult with counsel because legal reporting requirements varied by state. (Daniels Report, p. 74) Notwithstanding this reality, the Daniels Report stated "It is best for all members to understand that because of their position of trust and authority with athletes, they should immediately report all suspicions or incidents of abuse regardless of whether they are required under their state's laws to report." *Id.* (emphasis added).

12. Despite this guidance from a former prosecutor, USAG's current policy states that "USA Gymnastics will report suspected child abuse or neglect (including Sexual Misconduct) within 24 hours to the proper authorities in all instances and without exception, unless it is aware

3

that authorities have already been notified." *See* USA Gymnastics Progress Report found at: http://www.usagymprogressreport.com/recommendation/54/ (last visited January 10, 2019).

13. Daniels was correct in stating that reporting requirements vary by state. In fact, Indiana requires immediate reporting of suspected child abuse. See Ind. Code 31-33-5-2. The Indiana Supreme Court has determined that a delay of four hours in reporting suspected abuse was not "immediate" within the meaning of Indiana law. *Smith v. State,* 8 N.E.3d 668 (Ind. 2014).

14. The United States Olympic Committee also commissioned an inquiry by the law firm of Ropes and Gray which was made public in December of 2018 and which details the factors that allowed Nassar to abuse the young athletes who were part of the gymnastics community. *See* Joan McPhee & James P. Dowden, Ropes & Gray, *Report of the Independent Investigation: The Constellation of Factors Underlying Larry Nassar's Abuse of Athletes* (December 10, 2018) (the "Ropes & Gray Report"). A copy of the Ropes & Gray Report was attached to the Objection of the Additional Tort Claimants Committee of Sexual Abuse Survivors to Debtor's First Day Motion for an Order (I) Authorizing the Debtor to Pay and Honor Certain Pre-Petition Wages, Benefits, and Other Compensation Obligations; and (II) Authorizing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations and the Supplement Thereto (the "Survivors' Objection") [Doc. 140] as Exhibit A. The Ropes & Gray is also publicly available online.

## THE BONUSES

15. The Attorney General acknowledges that the amount at issue is modest in the scope of this case; this case is not simply about money. This case is as much, if not more so, about a cultural reorganization of USAG as it is about reforming USAG's finances. In that

regard, $88,000 is extremely meaningful in light of the services that it could provide and the education that it could provide to USAG members.

16. The Attorney General's objection stems from the fact, that notwithstanding Indiana's legal requirements for the reporting of child abuse, USAG continues to adhere to a policy that violates Indiana law, ignores the recommendations from Deborah Daniels, and fails to effectuate the cultural changes needed at USAG. For example, at least one of the individuals listed in the Supplemental Motion is an Indiana attorney who should be extremely familiar with the requirements imposed by Indiana law.

17. At the December 20, 2018 hearing, counsel for the Debtor stated on the record that the Debtor was prepared to comply with "the law" regarding the reporting of child abuse. The Attorney General asserts that "the law" regarding the reporting of child abuse requires compliance with Indiana's stringent requirements, given that USAG is operating within this state. By the Debtor's own admission, this is not happening.

18. As already discussed, Indiana law requires anyone with a suspicion of child abuse or neglect to make an _immediate_ report. USAG's current policies, as reflected on their website, do not require it nor do they acknowledge that the reporting requirement applies regardless of whether someone else has made a report. Compliance is not optional. It is mandatory. It is essential.

19. The Attorney General agrees with the Survivors' Objection that the originally filed Wage Motion (as defined in the Supplemental Motion) did not provide notice that a bonus program was in effect. Additionally, the Supplemental Motion does not provide a detailed description of the basis for determining which employees are eligible for bonuses or if the bonus program is available to all USAG employees. While the bankruptcy process is not intended to

5

micromanage a debtor's operations, all parties in interest are entitled to sufficient information to demonstrate that a debtor's operations are being properly managed.

20.     The allegations presented in the Survivors Objection are troubling and of great concern to the Attorney General and should be considered by the Court.

21.     This case should not be viewed as a "typical" bankruptcy case. USAG and every one of its employees must be committed to the cultural changed necessary to effectuate USAG's mission of protecting and supporting young athletes. Bonuses should no longer be expected. They should be incentives for dedication to and fulfillment of the mission.

22.     Accordingly, it is the position of the Attorney General that 1) those who have contributed to the ongoing failures at USAG should not receive bonuses, 2) those who have not followed Indiana law regarding the reporting of child abuse should not receive bonuses, 3) those who have not utilized their position and authority to effectuate cultural change should not receive bonuses, 4) those who have the authority and duty to update and communicate a child abuse reporting policy that complies with Indiana law but have failed to do so should not receive bonuses, and 5) those who have not or are unable to place athlete safety above all else in the course of their duties at USAG do not deserve bonuses.

## CONCLUSION

WHEREFORE, Attorney General Curtis T. Hill, Jr. respectfully objects to the relief requested in the Supplemental Motion.

Dated: January 14, 2019

Respectfully submitted,

/s/ Martha R. Lehman
Martha R. Lehman
Mark R. Wenzel
SmithAmundsen, LLC
201 N. Illinois Street, Suite 1400
Capital Center, South Tower
Indianapolis, IN 46204
Telephone: 317-464-4142
Fax: 317-464-4143
mlehman@salawus.com
mwenzel@salawus.com

*Counsel for Curtis T. Hill, Jr.,*
*Attorney General of Indiana*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties who have filed an appearance. Copies of this pleading may be accessed through the Court's electronic filing system.

/s/ Martha R. Lehman
Martha R. Lehman