**SO ORDERED: January 17, 2019.**



**Robyn L. Moberly**
**United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

## ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS

This matter came before the Court on the *Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* (the "**Motion**") filed by USA Gymnastics, as debtor in possession in the above-captioned chapter 11 case (the

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

"**Debtor**"), for an order pursuant to sections 105(a) and 331 of title 11 of the United States Code

(the "**Bankruptcy Code**") and Rule B-2014-1(b)(4) and (5) of the Local Rules for the United States

Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), establishing procedures

for interim compensation and reimbursement of professionals in this chapter 11 case; and the Court

finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) the relief requested

in the Motion is in the best interests of the Debtor, its estate, and creditors, and any party in interest;

and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby

determines the Motion should be GRANTED.

IT IS HEREBY ORDERED:

1.      The Motion is granted as set forth herein.

2.      Except as may otherwise be provided in later orders of this Court authorizing the

retention of specific Professionals (as that term is defined in the Motion), all Professionals in

this chapter 11 case may seek interim compensation in accordance with the following procedures

(the "**Compensation Procedures**"):

(a)     On or before the twentieth (20th) day of each month following the month for which compensation is sought (the "**Monthly Statement Date**"), each Professional will submit a detailed monthly invoice (the "**Monthly Statement**") to the attention of proposed counsel to the Debtor, Jenner & Block LLP, Attn: Catherine Steege and Melissa Root, csteege@jenner.com and mroot@jenner.com and to the attention of proposed counsel to the Sexual Abuse Survivors' Committee, Rubin & Levin, P.C., Attn: Meredith Theisen, mtheisen@rubin-levin.net and Pachulski Stang Ziehl & Jones, Attn: James Stang, jstang@pszjlaw.com.

(b)     Any Professional that fails to submit a Monthly Statement for a particular month may subsequently submit a consolidated Monthly Statement including any prior month or months.

(c)     A notice of the submission of such a Monthly Statement (the "**Notice of Draw**") will be filed with the Clerk and served on (i) the Debtor; (ii) the Debtor's counsel; (iii) the Office of the United States Trustee; and

(iv) counsel for the Sexual Abuse Survivors' Committee (collectively, the "**Notice Parties**") setting forth the amount of the proposed draw and containing, as an attachment, a copy of the Monthly Statement (redacted as necessary to preserve the attorney-client privilege) supporting the amount of the draw.

(d)     Parties shall have fourteen (14) days after the filing of each Notice of Draw to review and object to the Monthly Statement. At the expiration of that period, 80% of the fees and 100% of the expenses identified in each Monthly Statement, except specific fees or expenses for which an objection has been interposed by any party as provided in paragraph (8)(f) below, shall be promptly paid by the Debtor.

(e)     Each member of any appointed official committee is permitted to submit statements of expenses incurred in the performance of the duties of that member's committee (excluding third-party counsel expenses of individual committee members) with supporting vouchers to committee counsel, which counsel shall collect and submit the committee member's request for reimbursement in accordance with these Compensation Procedures; *provided, however*, that approval of these Compensation Procedures does not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Rules, the Bankruptcy Code, the Local Rules or the practice of this Court.

(f)     In the event that any party has an objection to the compensation or reimbursement set forth in any Notice of Draw, such party shall serve upon the professional to whose statement the objection is directed a written "**Notice of Objection**" setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional to whose Monthly Statement the objection is directed shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within fourteen (14) days after the date of the Notice of Objection, the objecting party may file its objection and serve it on the Notice Parties and the Court shall consider and dispose of the objection at the next interim fee hearing. Notwithstanding any such objection, the Debtor shall pay promptly the appropriate percentage of fees and disbursements that are not the subject of a notice of objection.

(g)     The failure by any party to submit a Notice of Objection to a Notice of Draw or Monthly Statement shall not prejudice such party from filing an objection to an interim or final fee application.

(h)     All interim payments are subject to this Court's approval as part of the interim and final fee application process. Consistent with Local Rule 2014-1, all fees and expenses drawn are subject to disgorgement until the Court allows the final fee application of the professional.

      (i)      Approximately every three (3) months, each Professional shall file with the Court, and serve on the Notice Parties an application for approval of compensation and allowance of expenses, pursuant to 11 U.S.C. § 331.

3.      The Debtor's counsel shall coordinate with other Professionals retained in this chapter 11 case to consolidate notices of interim fee applications and hearings thereon to the extent reasonably practicable.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###