**SO ORDERED: January 17, 2019.**

_____
**Robyn L. Moberly
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**FINAL ORDER GRANTING FIRST DAY MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTOR TO CONTINUE, RENEW, AND SUPPLEMENT INSURANCE POLICIES; (II) AUTHORIZING PAYMENT OF OBLIGATIONS INCURRED IN THE ORDINARY COURSE OF OPERATIONS IN CONNECTION WITH INSURANCE PROGRAMS, INCLUDING PAYMENT OF POLICY PREMIUMS, BROKER FEES, AND PREMIUM FINANCING OBLIGATIONS; AND (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE**

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

This matter came before the Court on the *First Day Motion For An Order (I) Authorizing The Debtor To Continue, Renew, And Supplement Insurance Policies; (II) Authorizing Payment Of Obligations Incurred In The Ordinary Course Of Operations In Connection With Insurance Programs, Including Payment Of Policy Premiums, Broker Fees, And Premium Financing Obligations; And (III) Authorizing Banks To Honor And Process Check And Electronic Transfer Requests Related Thereto Pursuant To Sections 105(A) And 363(B) Of The Bankruptcy Code* [Dkt. 14] (the "**Motion**") filed by USA Gymnastics (the "**Debtor**") for an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule B-9013-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**") and the *Debtor's Supplement* to the Motion [Dkt. 106]; and upon consideration of the *Declaration of James Scott Shollenbarger* [Dkt. 8]; and the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors, and any party in interest; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion should be GRANTED.

IT IS HEREBY ORDERED:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtor is authorized, but not directed, to maintain its Policies in the ordinary course of operations without interruption, and to renew, supplement, modify, or enter into new policies, in accordance with the same practices and procedures as were in effect prior to the Petition Date to the extent that the Debtor determines that such payment is necessary and in the best interest

of its estate. For the avoidance of doubt, the term "Policies" shall include all policies issued to or providing coverage to the Debtor (or any predecessor) at any time, whether future, current or expired, and all agreements related thereto, whether or not listed on Exhibit B to the Motion.

3. The Debtor is authorized, but not directed, in its discretion, to pay, honor, or otherwise satisfy premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees, premium financing obligations, and any other obligations that were due and payable or related to the period prior to the Petition Date.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any pre-petition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any pre-petition claim on any grounds; (c) a promise or requirement to pay any pre-petition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any pre-petition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

6. The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of this chapter 11 case with respect to pre-petition amounts owed in connection with any Policy.

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. Except as may otherwise be provided in the Bankruptcy Code, nothing in the Interim Order or this Final Order alters or amends the terms and conditions of the Policies or relieves the Debtor of any of its obligations thereunder.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###