SO ORDERED: January 22, 2019.

_____
**Robyn L. Moberly
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**SECOND INTERIM ORDER GRANTING FIRST DAY MOTION FOR (I) APPROVAL
OF THE DEBTOR'S CONTINUED USE OF CASH MANAGEMENT SYSTEM;
(II) AUTHORIZATION TO USE PRE-PETITION BANK ACCOUNTS; AND
(III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b)**

This Matter came before the Court on the *First Day Motion For (I) Approval Of The*

*Debtor's Continued Use Of Cash Management System, (II) Authorization To Use Pre-Petition*

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

*Bank Accounts; And (III) Waiving The Requirements Of 11 U.S.C. § 345(b)* (the "**Motion**") filed by USA Gymnastics (the "**Debtor**") for an order pursuant to sections 105, 345, 363 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule B-9013-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana; and upon consideration of the *Declaration of James Scott Shollenbarger*; and the Court having considered the *Objection Of The Sexual Abuse Survivors To First Day Motion For (I) Approval Of The Debtor's Continued Use Of Cash Management System, (II) Authorization To Use Pre-petition Bank Accounts; And (III) Waiving The Requirements Of 11 U.S.C. § 345(b)* [Dkt. 49] (the "**Sexual Abuse Survivors' Objection**" filed by the Sexual Abuse Survivors) and the *Objection Of The United States Trustee To The Debtor's First Day Motion For (I) Approval Of The Debtor's Continued Use Of Cash Management System, (II) Authorization To Use Pre-petition Bank Accounts; And (III) Waiving The Requirements Of 11 U.S.C. § 345(b)* [Dkt. 53] the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors, and any party in interest; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion should be GRANTED on an interim basis.

IT IS HEREBY ORDERED that:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtor is authorized, in its discretion, to: (a) continue operating the Cash Management System; (b) maintain existing Bank Accounts and continue using its existing check

stock; and (c) continue to deposit funds in accordance with its current practices, notwithstanding section 345(b) of the Bankruptcy Code.

3. The Debtor shall maintain records in the ordinary course of its operations reflecting transfers of cash, if any, so as to permit all such transactions to be ascertainable.

4. The Debtor is further authorized, in its discretion, to: (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit C to the Motion; (b) treat the Bank Accounts for all purposes as debtor in possession accounts; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers and other debits; (d) pay any ordinary course bank fees incurred in connection with the Bank Accounts, and to otherwise perform its obligations under the documents governing the Bank Accounts. The Debtor shall stamp its checks "Debtor in Possession" or "DIP."

5. Existing agreements concerning the Bank Accounts, including Account Terms, deposit agreements, cash management and treasury service agreements, security agreements and control agreements, between the Debtor and the Bank (collectively, the "**Bank Account Agreements**") shall continue to govern the post-petition cash management relationship between the Debtor and the Bank, and all of the provisions of such agreements, including, without limitation, the termination, chargeback, reimbursement and fee provisions, shall remain in full force and effect. Either the Debtor or the Bank may, without further Order of this Court, implement changes to the Cash Management System and procedures in the ordinary course of operations pursuant to terms of those certain existing deposit agreements and any related account control agreements, including, without limitation, the opening and closing of Bank Accounts; provided,

that, notice of the opening or closure of any account shall be given to the U.S. Trustee as soon as practicable.

6. The Bank is authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course pursuant to the terms of any applicable Bank Account Agreement, and to receive, process, honor, and pay, to the extent of available funds, any and all: (i) checks, drafts, wires and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; and (ii) bank fees, claims, costs, expenses or charges associated with the Bank Accounts, whether arising prior to or after the Petition Date, including, without limitation (a) service charges or fees, (b) checks deposited with the Bank which have been dishonored or returned for insufficient funds, and (c) any reimbursement or other payment obligations, such as overdrafts, arising under the Bank Account Agreements (collectively, the "**Bank Account Claims**"). The Bank Account Claims shall have administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.

7. The Bank is authorized to debit the Debtor's accounts in the ordinary course of operations without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts following the Petition Date (and for pre-petition checks, but only as expressly permitted by Orders of this Court) which are cashed at such Bank's counters, or exchanged for cashier's checks by the payees thereof; and (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the petition date.

8. The Bank may rely on any instructions received under the Bank Account Agreements and the representations of the Debtor with respect to whether any check, draft, wire, ACH transfer or other payment order drawn or issued by the Debtor prior or subsequent to the petition date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such instructions or representations by the Debtor as provided for herein.

9. The Bank is further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account, and (b) accept and hold the Debtor's funds in accordance with the Debtor's instructions; provided, that, in each case the Bank shall not have any liability to any party for relying on such representations. This Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list attached as <u>Exhibit C</u> to the Motion. Any and all accounts opened by the Debtor on or after the petition date at any bank shall be deemed a Bank Account (as if it had been opened prior to the petition date and listed on Exhibit C to the Motion) and any and all banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

10. The Debtor is authorized to maintain the S&R Master Account in accordance with pre-petition practices. The Debtor shall not allow any state or regional gymnastics organizations to withdraw funds from the S&R Master Account outside of the ordinary course of business. The Debtor will work with counsel to the Additional Tort Claimants Committee of Sexual Abuse Survivors and/or any other official committee that is formed in the case on a mechanism for reporting on transactions in the S&R Master Account. This Order does not determine whether the funds in the S&R Master Account are or are not property of the Debtor's estate.

11. The requirements of section 345(b) of the Bankruptcy Code are waived as they relate to the Investments (as defined in the Motion) on an interim basis.

12. As soon as practicable after entry of this Order, to the extent it has not already done so, the Debtor shall serve a copy of this Order to the Bank and shall request that the Bank internally code each of the Bank Accounts as "debtor in possession" accounts.

13. Notwithstanding the relief granted herein and any actions taken hereunder, except as otherwise provided for herein, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor or a waiver of the Debtor's rights to dispute any claim or lien.

14. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor. The requirements of Bankruptcy Rule 6004(a) and Bankruptcy Rule 6004(h) are waived under the circumstances.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Order.

16. To the extent any other order is entered by the Court directing the Bank to honor checks, drafts, ACH transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of pre-petition or post-petition claims, the obligation to honor such items shall be subject to this Order.

17. This Order does not affect any of the causes of action pursuant to sections 544 through 550 of the Bankruptcy Code.

1.	A final hearing to consider the relief requested in the Motion will be held on February 21, 2019 at 1:30 p.m. (Prevailing Eastern Time) in Room 329 of the United States Bankruptcy Court, 46 East Ohio Street, Indianapolis, Indiana 46204. The dial-in telephone number for interested parties to participate in the hearing by conference call is 1-888-273-3658, passcode: 9247462#. All callers shall keep their phones muted unless addressing the Court. All callers must identify themselves and the party(ies) they represent when addressing the Court. Callers shall not place their phones on hold during the hearing.

18.	The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

###