**SO ORDERED: January 22, 2019.**



**Robyn L. Moberly**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**SECOND INTERIM ORDER GRANTING FIRST DAY MOTION FOR AN ORDER
(I) AUTHORIZING THE DEBTOR TO PAY AND HONOR CERTAIN PRE-PETITION
WAGES, BENEFITS, AND OTHER COMPENSATION OBLIGATIONS; AND
(II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

This matter came before the Court on the *Motion For An Order (I) Authorizing The Debtor To Pay And Honor Certain Pre-petition Wages, Benefits, And Other Compensation Obligations; And (II) Authorizing Financial Institutions To Honor And Process Checks And Transfers Related To Such Obligations* [Dkt. 11] (the "**Motion**") filed by USA Gymnastics (the "**Debtor**") for an order pursuant to sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rule B-9013-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana and the Debtor's *Supplement To The Motion* [Dkt. 135]; and upon consideration of the *Declaration of James Scott Shollenbarger* [Dkt. 8]; and the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors, and any party in interest; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion should be GRANTED on an interim basis.

IT IS HEREBY ORDERED:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, except as otherwise set forth in this Order, the Debtor is authorized, but not directed, in its discretion, to pay, honor, or otherwise satisfy, in accordance with the Debtor's policies and in the ordinary course of operations, all amounts and obligations on account of the pre-petition Employee Obligations and Employee Programs specified in the chart below, and all costs, expenses, fees, and other amounts related thereto, including, without limitation, any amounts that have accrued but remained unpaid as of the Petition Date, capped at the amounts set forth below as to pre-petition obligations;

<u>provided</u>, <u>however</u>, that no individual Employee or independent contractor receives payments and/or benefits on account of pre-petition Employee Obligations that exceed, in the aggregate, the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

| Category | Pre-Petition Amount Outstanding[2] |
|---|---|
| Unpaid Wages | $140,000 |
| Unpaid Independent Contractor Obligations | $4,000 |
| Employer Taxes | $5,000 |
| 401(k) Plan (employer and employee contributions) | $240,500 |
| Reimbursable Expenses (incl. Purchase Cards) | $35,500 |
| Total Pre-Petition Amounts Requested | $425,000 |

3. The Debtor is authorized, but not directed, in its discretion, to continue operating the Company Expense Program and to honor its pre-petition and post-petition obligations related thereto; <u>provided</u> <u>that</u> such pre-petition amounts shall not exceed $35,000.

4. The Debtor and any other third parties administering withholding obligations on behalf of the Debtor, are authorized, but not directed, to make payments to applicable third parties with respect to the Payroll Deductions and Employer Taxes, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtor's ordinary course of operations and stated policies, as set forth in the Motion.

5. Except as otherwise set forth herein, the Debtor is authorized, but not directed, on a post-petition basis to maintain and continue to honor the Employees Programs described in the Motion as they were in effect as of the Petition Date, and as such may be modified, amended, or supplemented from time to time in the ordinary course of operations.

6. The Banks shall be, and hereby are, authorized, when requested by the Debtor in its discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers

---

[2] Estimated; amounts reflective of amounts to be paid by Debtor.

3

drawn on the Debtor's bank accounts on account of the pre-petition Employee Obligations and the Employee Benefits, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

7. The Debtor is authorized to issue post-petition checks or to affect post-petition fund transfer requests in replacement of any checks or fund transfer requests related to the Employee Obligations dishonored or rejected as a consequence of the commencement of this chapter 11 case.

8. Authorization to pay all amounts on account of Employee Obligations shall not affect the Debtor's right to contest the amount or validity of any Employee Obligations, including without limitation, the Payroll Deductions that may be due to any taxing authority.

9. Nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtor of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion.

10. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

11. Absent further order of the Court, the Debtor shall not (a) pay any amounts that are subject to section 503(c) of the Bankruptcy Code, or (b) cash out Accrued Vacation/PTO Obligations or leave time upon termination of an employee, unless applicable state law requires such payment.

12. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor. The requirements of Bankruptcy Rule 6004(a) and Bankruptcy Rule 6004(h) are waived under the circumstances.

13. A final hearing to consider the relief requested in the Motion will be held on February 25, 2019 at 9:00 a.m. (Prevailing Eastern Time) in Room 329 of the United States

Bankruptcy Court, 46 East Ohio Street, Indianapolis, Indiana 46204.  The dial-in telephone number for interested parties to participate in the hearing by conference call is 1-888-273-3658, passcode: 9247462#.  All callers shall keep their phones muted unless addressing the Court. All callers must identify themselves and the party(ies) they represent when addressing the Court. Callers shall not place their phones on hold during the hearing.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###