**SO ORDERED: January 22, 2019.**



**Robyn L. Moberly**
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER ESTABLISHING**
**CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

This matter came before the Court on the *Debtor's Motion For Order Establishing Certain*

*Notice, Case Management, and Administrative Procedures* (the "**Motion**") filed by USA

Gymnastics (the "**Debtor**") for an order pursuant to sections 102(1) and 105(a) of title 11 of the

United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rules 1015(c), 2002,

---

[1] The last four digits of the Debtor's federal tax identification number are 7871.  The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and upon

consideration of the *Declaration of James Scott Shollenbarger*; and the Court finds that (i) it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is

in the best interests of the Debtor, its estate, and creditors, and all parties in interest; and after due

deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the

Motion should be GRANTED.

IT IS HEREBY ORDERED:

1.      The Motion is granted.

1.      The Case Management Procedures attached hereto as <u>Exhibit 1</u> are hereby approved

and shall be implemented in the Debtor's bankruptcy case.

2.      This Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation of this Order.

###

**EXHIBIT 1**

**Case Management Procedures**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

On January 17, 2019, the Court entered an order (the "**Procedures Order**") approving and implementing the following notice, case management, and administrative procedures (collectively, and as they may be amended by court order, the "**Case Management Procedures**") in the chapter 11 case filed by Debtor USA Gymnastics (the "**Debtor**").

Anyone may obtain a copy of the Procedures Order and any amendments thereto, as well as any document filed with the Court in the Debtor's chapter 11 case by: (a) accessing the website maintained by Omni Management Group (the "**Claims and Noticing Agent**") at https://omnimgt.com/usag (the "**Case Website**"); (b) contacting the Claims and Noticing Agent at (888) 682-0360; or (c) for a nominal fee, accessing the PACER system through the Court's website at www.insb.uscourts.gov. Finally, paper copies of all pleadings filed in the Debtor's chapter 11 case may be available from the Clerk of the Court pursuant to the Court's procedures and the miscellaneous fee schedule of the Southern District of Indiana.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies, and other documents filed in the Debtor's chapter 11 case are subject to, and will not be deemed properly served unless they are served in accordance, with these Case Management Procedures as they may be amended by court order from time to time. Any party claiming that another party has not complied with the Case Management Procedures shall notify that party and the Court.

To the extent the Case Management Procedures conflict with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), or the accompanying Procedures Manual, the Case Management Procedures shall govern and supersede such rules, *provided, however*, that the hearing and notice provisions of the Case Management procedures shall not apply to any disclosure statements or plans.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

**ALL PARTIES IN INTEREST ARE STRONGLY ENCOURAGED TO REVIEW THESE CASE MANAGEMENT PROCEDURES IN THEIR ENTIRETY AND CONSULT THEIR OWN LEGAL COUNSEL WITH RESPECT TO THE MATTERS DISCUSSED HEREIN PRIOR TO FILING ANY DOCUMENTS IN THIS CHAPTER 11 CASE.**

## CASE MANAGEMENT PROCEDURES

I.    **Omnibus Hearings**

    A.    **All Matters To Be Heard At Omnibus Hearings**

        The following will be considered and/or heard only at monthly omnibus hearings scheduled in advance by the Court (each an "**Omnibus Hearing**"), unless the Court orders otherwise: all motions, pleadings, applications, and other requests of relief, all objections and responses, and replies thereto, and all other matters. All motions, pleadings, requests for relief, or other matters that purport to set a hearing on a date and/or time at which no Omnibus Hearing is set shall automatically and without court order be scheduled to be heard at the next Omnibus Hearing that is at least twenty-one (21) days after the date such motion, pleading, or request for relief was actually filed with the Court.

    B.    **Emergency Hearings**

        Notwithstanding any procedure set forth herein, in the event that, in the reasoned determination of a movant or applicant, a motion or application of a party or entity other than the Debtor requests emergency or expedited relief:

    (i)    Such movant or applicant shall contact counsel for the Debtor requesting that such motion or application be considered on an expedited basis.

    (ii)    In the event that counsel for the Debtor disagrees with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, such movant or applicant, as the case may be, shall (i) inform the Court of such disagreement via telephone, and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, counsel for the Debtor, and such movant or applicant to discuss such disagreement. In the event that, following such chambers conference, the Court agrees with the position of such movant or applicant regarding the necessity for expedited consideration, such movant or applicant may request a hearing to be held on a hearing day prior to the next applicable Omnibus Hearing. Any such motion or application must state with specificity the reason why an emergency exists or why there is a need for expedited treatment, indicate in the caption thereof that it is an emergency motion, and certify the fact that a chambers conference, telephonic or in-person, was held and the concurrence of the Court as to the necessity for expedited consideration. In the event that the Court grants such emergency treatment, the Court shall direct the requisite notice and shall set a hearing date and time. On the hearing day on which the matter is scheduled (the "**Hearing Day**"), the Court shall first consider the

propriety of emergency treatment, whether adequate notice has been given, and whether there has been adequate opportunity for parties to be heard. In the event that the Debtor seeks emergency or expedited relief, such request for emergency or expedited consideration shall be upon prior notice to counsel for any statutory committee and an opportunity to be heard.

(iii)    In the event that counsel for the Debtor does not disagree with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, such movant or applicant may, by proposed scheduling order, request a hearing to be held on a Hearing Day prior to the next applicable Omnibus Hearing. Any such motion or application must certify the agreement of expedited treatment by counsel for the Debtor, state with specificity the reason why an emergency exists or why there is a need for expedited treatment, and indicate in the caption thereof that it is an emergency motion. In the event that the Court grants such emergency treatment, the Court shall direct the requisite notice and shall set a hearing date and time. On the Hearing Day on which the matter is scheduled, the Court shall first consider the propriety of emergency treatment, whether adequate notice has been given, and whether there has been adequate opportunity for parties to be heard.

## C.    First Five Omnibus Hearings

The Court has set the following dates and times (all prevailing Eastern Time) as the first five Omnibus Hearings:

(i)    January 16, 2019 at 1:30 p.m.

(ii)    February 21, 2019 at 1:30 p.m.

(iii)    March 28, 2019 at 1:30 p.m.

(iv)    April 17, 2019 at 1:30 p.m.

(v)    May 15, 2019 at 1:30 p.m.

## D.    Future Hearings

At or before the last Omnibus Hearing scheduled in Section I.C above or scheduled in any subsequent notice, the Debtor shall request that additional Omnibus Hearings be scheduled. All future Omnibus Hearings scheduled by the Court shall be posted in a filing entered on the Case Website and the Court's CM/ECF docket.

## E.    Participation In Omnibus Hearings By Telephone.

The Debtor shall set forth in notices of Omnibus Hearings a dial in number for the participation in the Omnibus Hearings in the Debtor's chapter 11 case by telephone conference. Any party filing a motion, application, or other pleading, including, without

limitation, any objection or response thereto, may participate in an Omnibus Hearing by telephone conference. Any party not submitting a pleading, but interested in monitoring the Court's proceedings, may participate by telephone conference in "listen-only" mode. Under no circumstances may any party record or broadcast the proceedings conducted by the Court. In the event witness testimony will be heard during any hearing, the witness(es) may not participate in the hearing by telephone, but rather must appear in the courtroom. Any attorney wishing to interrogate witnesses shall also appear in the courtroom.

**II.    Requests For Service By Email.**

    **A.**    **2002 Notice Request.**  A request for notice pursuant to Bankruptcy Rule 2002 (a "**2002 Notice Request**") filed with the Court shall be deemed proper if and only if it:

        1.    provides an address at which documents filed with the Court by the Debtor may be served by email by the Debtor unless accompanied by the certification described in Section II.D;

        2.    provides an address at which all documents filed with the Court and served by all entities may be served by (i) U.S. mail, (ii) hand delivery, and/or (iii) overnight delivery;

        3.    provides the telephone number of each entity; and

        4.    specifies the entity's local counsel, if applicable, and the counsel, if any, primarily responsible for matters before the Court but not having an office within this District.

    **B.**    **Appearance Request.**  Interested parties or their counsel who, pursuant to Local Rule B-9010-1(a), wish to receive copies of all documents (other than proofs of claim) filed in these cases shall file an appearance (an "**Appearance Request**"). An Appearance Request filed with the Court shall be deemed proper if and only if it:

        1.    provides an address at which documents filed with the Court by the Debtor may be served by email by the Debtor unless accompanied by the certification described in Section II.D below;

        2.    provides an address at which all documents filed with the Court and served by all entities may be served by (i) U.S. mail, (ii) hand delivery, and/or (iii) overnight delivery;

        3.    provides the telephone number of each entity; and

        4.    specifies the entity's local counsel, if applicable, and the counsel, if any, primarily responsible for matters before the Court but not having an office within this District.

C.  **Filing Requests For Documents Requires Email Address.**  All 2002 Notice Requests and Appearance Requests, whether already filed or filed in the future, shall automatically be deemed improper and of no effect, unless such 2002 Notice Requests and Appearance Requests comply with the procedures set forth herein (including without limitation the requirement that all 2002 Notice Requests and Appearance Requests must include an available email address to receive notice), unless accompanied by the certification described in Section II.D below.

D.  **Certification Opting Out Of Email Service.**  Any individual or entity filing a 2002 Notice Request or Appearance Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include on the 2002 Notice Request or Appearance Request a certification to that effect (the "**Certification**").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an email address, and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

E.  **Email Address Required.**  If a 2002 Notice Request or an Appearance Request fails to include an email address or the Certification, the Debtor shall forward a copy of the Case Management Procedures to such party within five (5) business days requesting an email address.  If neither an email address nor the Certification is provided in response to such request, such party shall not be added to the 2002 List or the Appearance List (as each term is defined below), as applicable, or served with copies of Court Filings (as defined below) unless such Court Filings directly affect such party.

F.  **2002 Notice List And Appearance List.**  The Claims and Noticing Agent shall be responsible for maintaining an updated list of those who have submitted a 2002 Notice Request (the "**2002 List**") and an Appearance Request (the "**Appearance List**").  It is the responsibility of each entity submitting a 2002 Notice Request or Appearance Request to file an updated 2002 Notice Request or Appearance Request as necessary to reflect changes of email address, contact person, or otherwise.  No person or entity will be removed from the 2002 List or Appearance List prior to the filing of a document by the person or entity requesting such removal or the Court entering an order directing such removal.

III.  **Filing And Notice Procedures.**

A.  **Procedures Established For All Court Filings.**  All documents filed in the Debtor's chapter 11 case, including but not limited to all notices, motions, applications, and other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief (collectively, the "**Requests for Relief**") and all objections and responses to such Requests for Relief (collectively, the "**Objections**") and replies in support ("**Replies**" or a "**Reply**" and together with the Requests for Relief and all other filed documents, the "**Court Filings**") shall be filed with the Court and served in accordance with the notice procedures set forth herein; provided, however, that the

notice procedures set forth herein shall not apply to Court Filings listed in Section III.E below.

**B.    Definition Of Entities Entitled To Service.**  All Court Filings shall be served on the Court, the Core Group (defined below), the 2002 List, the Appearance List (each as defined herein and, collectively, the "**Service List**") and the Affected Entities (as defined herein), according to the notice procedures described herein.  A Court Filing is deemed not to have been properly served until served on all of the parties in the Core Group.

    1.    **Core Group.**  The following entities shall comprise the core group of entities in the Debtor's bankruptcy case (collectively, the "**Core Group**"): (i) the Debtor; (ii) the Debtor's counsel; (iii) the Office of the United States Trustee; (iv) the U.S. Olympic Committee; and (v) the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Sexual Abuse Survivors' Committee**").

    2.    **2002 List.**  This group shall be comprised of all entities who have filed a 2002 Notice Request pursuant to Bankruptcy Rule 2002 and these Case Management Procedures.

    3.    **Appearance List.**  This group shall be comprised of all entities who have filed an Appearance Request.  An entity added to the Appearance List must serve a copy of the revised Appearance List on all parties appearing on the list.

    4.    **Affected Entity.**  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "**Affected Entity**").

    5.    **Updating And Maintaining The Service List.**  The Claims and Noticing Agent shall update the initial service list within fifteen (15) days of an order approving the Case Management Procedures; thereafter the Service List shall be updated every thirty days (30) for the six months following the petition date (December 5, 2018).  Each updated Service List shall be filed with the Clerk and posted on the Court's ECF system.

**C.    Notice And Service Of Filings For Relief, Objections Thereto, Replies Thereto, And Orders.**

    1.    **Notice Of Filing For Relief.**  Any entity filing a Request for Relief shall file and serve a notice of such Request for Relief that complies with the procedures set forth herein.

    2.    **Contents Of Notice Of Request For Relief.**  Each notice of Request for Relief shall conspicuously state: (i) the title of the Request for Relief; the time and date of any deadline to object thereto (which deadline shall be in accordance with Section III.C.2(a) below); (iii) the Omnibus Hearing (or

other hearing as ordered by the Court) for which the Request for Relief (the "**Applicable Hearing**") is set to be considered by the Court; and (iv) a statement that the relief requested in the Request for Relief may be granted by the Court without a hearing if no Response thereto is timely filed and served in accordance with these Case Management Procedures.

(a) **Deadline For Objections and Replies**.

(i) Unless otherwise ordered by the Court, the deadline to file Objections to Requests for Relief (the "**Objection Deadline**") shall be 4:00 p.m. (prevailing Eastern Time) on the seventh (7th) calendar day before the Applicable Hearing.

(ii) The Objection Deadline may be extended with the consent of the entity filing the Request for Relief to a date and time that is no later than three (3) days before the Applicable Hearing.

(iii) Unless otherwise ordered by the Court, the deadline to file a Reply to an Objection (the "**Reply Deadline**") shall be 4:00 p.m. (prevailing Eastern Time) on the third (3rd) calendar day before the Applicable Hearing.

(b) **Setting The Applicable Hearing.** Except as otherwise provided herein, in title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), or the Bankruptcy Rules, the relief requested in a Request for Relief shall not be considered by the Court unless the Request for Relief is filed and served in accordance with the Case Management Procedures at least twenty-one (21) calendar days prior to the Applicable Hearing, unless otherwise ordered by the Court; provided, however, that if the Request for Relief is served by U.S. Mail, the Request for Relief shall not be considered by the Court unless the Request for Relief is filed and served in accordance with the Case Management Procedures at least twenty-four (24) calendar days prior to the applicable hearing, unless otherwise ordered by the Court.

3. **Manner Of Service**.

(a) Standing Order No. 04-0005 entered September 9, 2004 (the "**Electronic Filing Order**") approved the Administrative Procedures Concerning Electronic Case Files in this District (the "**Electronic Case Files Procedures**"). Paragraph II.B.4 of the Electronic Case Files Procedures states: "The 'Notice of Electronic Filing' that is automatically generated by the Court's ECF system constitutes service or notice of the filed documents on registrants.

Parties who are not registrants must be provided notice or service of any pleading or other documents electronically filed in accordance with the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court for the Southern District of Indiana."

(b)     Any entity required to serve a "registrant" (as defined in the Electronic Case Files Procedures) shall be deemed to have served such registrant upon filing the document with the Court.

(c)     **Service By All Entities**.  All entities are authorized to serve Court Filings by U.S. mail, hand, and/or overnight delivery.

    (i)     **Service By All Entities To Core Group.**  All entities (except for the Debtor and the Sexual Abuse Survivors' Committee) shall serve all Requests for Relief on the Core Group by hand or overnight delivery, or through the Court's ECF system, subject to the Electronic Filing Order.

    (ii)    **Service By All Entities To 2002 List, Appearance List, And Affected Entities.**  All entities (except for the Debtor and the Sexual Abuse Survivors' Committee) shall serve all Requests for Relief on the 2002 List, Appearance List, and Affected Entities (a) by U.S. Mail, hand or overnight delivery, or through the Court's ECF system, subject to the Electronic Filing Order, if the Request for Relief is filed and served at least twenty-four (24) days prior to the Applicable Hearing, and (b) by hand or overnight delivery or through the Court's ECF system, subject to the Electronic Filing Order, if the Request for Relief is filed and served less than twenty-four (24) days but at least twenty-one (21) days prior to the Applicable Hearing.

    (iii)   **Courtesy Service to the Court.** All entities other than the United States Trustee shall provide courtesy copies of all Court Filings regarding non-Omnibus Hearing matters to the Court by hand or overnight delivery to the Chambers of Chief Judge Robyn L. Moberly, Room 335, 46 East Ohio Street, Indianapolis, Indiana 46204

(d)     **Service By Email.**

    (i)     Only the Debtor, the Sexual Abuse Survivors' Committee, their counsel, and the Claims and Noticing Agent (at the direction of the Debtor) are authorized to serve documents by email.  Unless otherwise provided for in these Case Management Procedures, any Court Filings served by the Debtor or the Sexual Abuse Survivors' Committee via email

shall be deemed to constitute proper service for all parties who are sent such email service.

(ii)    All documents served by email shall include access to an attached computer file or weblink containing the entire document, including the proposed form(s) of order and any exhibits, attachments, or other materials in the following format: (i) in ".pdf" format, readable by Adobe Acrobat or another equivalent document reader program commonly available without cost, or (ii) in ASCII or "text only" format, readable by commonly used word processing programs.

4.    **Service Of Requests For Relief.**  Except as described below or as authorized by the Court, all Requests for Relief shall be served upon the Service List and on each Affected Entity.

(a)    **Service Of Requests For Relief For Which Particular Notices Are Required By Bankruptcy Rules 2002(A)(2), 2002(A)(3), 4001, 6004, 6006, 6007, Or 9019.**  All Court Filings for which particular notices are required by Bankruptcy Rules 2002(a)(2), 2002(a)(3), 4001, 6004, 6006, 6007, or 9019 shall be served on those entities on the Service List and each Affected Entity, except as modified herein and unless otherwise authorized by the Court.

(b)    **Service Of Requests For Relief Pursuant To 11 U.S.C. §§ 363(B) And 554.**  Notwithstanding Bankruptcy Rule 2002(a)(2) or 6007, Requests for Relief related to the use, sale, lease, or abandonment of property other than in the ordinary course of business shall be served only on those entities on the Service List and each entity asserting an interest in such property; provided however, that if the Request for Relief relates to the sale of substantially all of the Debtor's assets, the movant shall seek authority to limit notice from that which the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules require.

(c)    **Service Of Other Filings For Relief Described In Bankruptcy Rule 2002.**  Except as set forth herein or as otherwise authorized by the Court, notice of contested matters and adversary proceedings described in Bankruptcy Rule 2002 shall be served in accordance thereof.

5.    **Service Of Objections.**  All Objections shall be filed with the Court and served upon the entity filing the Request for Relief so as to be actually received prior to the Objection Deadline, upon those entities on the Service List, and upon each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served.

6. **Service Of Replies.** All Replies to Objections shall be filed with the Court and served upon the entity filing the Objection so as to be actually received prior to the Reply Deadline.

7. **Service Of Orders.** Entities drafting orders that are entered by the Court are not required to serve copies of such order upon receipt thereof.

8. **Filing Certificates Of Service.** The Debtor shall file a certificate of service as soon as practicable, but in all events prior to the Applicable Hearing.

D. **Requests For Relief To Modify The Automatic Stay Under Section 362 Or For A Determination That The Automatic Stay Is Inapplicable.** Unless the Court orders otherwise, if a motion filed to lift the automatic stay under section 362 of the Bankruptcy Code or seeking a determination that the automatic stay does not apply (a "**Lift Stay Motion**") is filed more than twenty-one (21) days before the next Omnibus Hearing, the date of the "request" to modify the stay (or determine it to be inapplicable) with respect to such Lift Stay Motion shall be the next Omnibus Hearing, and (b) if a Lift Stay Motion is filed twenty-one (21) or fewer days before the next Omnibus Hearing, the date of the "request" to modify the stay (or determine it to be inapplicable) with respect to such Lift Stay Motion shall be the Omnibus Hearing following the next Omnibus Hearing unless the movant has refused to waive the 30-day requirement under §362(e)(1), in such case, the motion will be heard on the date determined by the Court. Unless the Court orders otherwise, the objection deadline shall be seven (7) days prior to the date of the Applicable Hearing. If a duly scheduled Lift Stay Motion is adjourned, on the consent of the Debtor and the moving party, to a date at least thirty (30) days after the Request for Relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay pending a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code. If a hearing in connection with a Lift Stay Motion requires the presentation of evidence, the movant shall inform, in writing, the Court and counsel for the Debtor of any such intention, the manner of presentation, the number of potential witnesses, and the expected length of such presentation, no later than three (3) business days prior to the date of the Applicable Hearing.

E. **Filings For Relief Not Affected By These Notice Procedures.** Unless otherwise ordered by the Court, the Case Management Procedures specifically described herein shall not supersede the requirements for notice of the matters or proceedings described in the following Bankruptcy Rules:

1. Bankruptcy Rule 2002(a)(1), (3), (4);

2. Bankruptcy Rule 2002(b); and

3. Bankruptcy Rule 2002(f)(1), (2), (3), (6), (8).

10

F.      **Right To Request Special Notice Procedures**.  Nothing herein shall prejudice (a) the right of any entity to move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including without limitation the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice; or (b) the right of any entity to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

IV.     **Computation Of Time.**

A.      **Applicability Of Bankruptcy Rule 9006.**  Except as otherwise set forth in these Case Management Procedures, Bankruptcy Rule 9006 shall be used to compute any period of time prescribed or allowed by these Case Management Procedures.

V.      **Proposed Hearing Agendas.**

A.      **Proposed Hearings.**  No later than 12:00 p.m. (prevailing Eastern Time) the day before each Omnibus Hearing, the Debtor shall file with the Court a Proposed Hearing Agenda setting forth each matter to be heard at such hearing and the order in which such matters will be heard (the "**Proposed Hearing Agenda**").

1.      The Proposed Hearing Agenda shall constitute merely a proposal for the convenience of the Court and counsel and is not determinative of the matters to be heard on that day or whether there will be a settlement or continuance.

2.      The Proposed Hearing Agenda is expected to include:

(a)     The docket number and title of each matter to be scheduled for hearing on the next Hearing Day;

(b)     Whether the matter has been adjourned;

(c)     Whether the matter is contested or uncontested;

(d)     The Debtor's estimate of the time required for the Applicable Hearing;

(e)     Other comments that will assist the Court in organizing its docket for the day (for example, if a request for continuance or withdrawal of the matter is expected);

(f)     A suggestion for the order in which the matters should be addressed; and

(g)     The phone number and passcode for telephonic participation in the Applicable Hearing, and the telephone number and passcode for the next scheduled Omnibus Hearing.

11

3.      On the Hearing Day, the Court may, or may not, accept the Proposed Hearing Agenda.

**VI.    Automatic Extension Of Certain Periods.**

If a Request for Relief to extend the time to take any action is filed prior to the expiration of the period described by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or an order of the Court, the time to so act shall automatically be extended until the Court considers and rules upon the Request for Relief, without the necessity for the entry of an "interim" order extending such period until such time as the Court can consider and rule upon such Request for Relief.