# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

## DEBTOR'S MOTION FOR ORDER EXTENDING PERIOD WITHIN WHICH IT MAY REMOVE STATE COURT ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), hereby moves (the "**Motion**") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 1452 of title 28 of the United States Code (the "**Judicial Code**") and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the 90-day period set forth in Bankruptcy Rule 9027(a)(2)(A) during which the Debtor may seek to remove actions to federal court under section 1452 of the Judicial Code and Bankruptcy Rule 9027 by an additional 90 days through and including June 3, 2019, without prejudice to the Debtor's right to seek further extensions. In support of the Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

the relief sought herein are section 1452 of the Judicial Code and Rules 9006(b) and 9027 of the Bankruptcy Rules.

## BACKGROUND

2.  On December 5, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

3.  The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4.  On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Sexual Abuse Survivors Committee**").

5.  The current time period within which the Debtor may file notices to remove actions under Bankruptcy Rule 9027(a)(2) expires on March 5, 2019.

## RELIEF REQUESTED

6.  By this Motion, the Debtor seeks the entry of an order, pursuant to Rule 9006(b) of the Bankruptcy Rules, extending the time by which the Debtor may file notices of removal from March 5, 2019, through and including June 3, 2019, with respect to any proceedings that are eligible for removal under section 1452 of the Judicial Code. The Debtor requests that the proposed June 3, 2019 deadline to file removal actions apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3), including but not limited to those set forth in Exhibit B attached hereto.

## BASIS FOR REQUESTED RELIEF

7.  Section 1452 of the Judicial Code provides for the removal of pending civil claims pursuant to which the district courts have jurisdiction under section 1334 of the Judicial Code. Section 1452 provides in pertinent part as follows:

2

>   (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
>   (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise....

28 U.S.C. § 1452.

8.  Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9.  Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice, upon a showing of cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order....

Fed. R. Bankr. P. 9006(b)(1).

3

10. It is well settled that this Court is authorized to extend the removal periods provided under Bankruptcy Rule 9027. *See e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027(a)(3)); *In re Lawrence*, 233 B.R. 248, 254-55 (N.D.N.Y. 1999) (stating that Bankruptcy Rule 9006 can be used to extend the time for removal of state court litigation to federal court); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (stating that the removal period may be extended under Bankruptcy Rule 9006); *Saint Joseph's Hosp. v. Dep't of Pub. Welfare of Pa. (In re Saint Joseph's Hosp.)*, 103 B.R. 643, 648 (Bankr. E.D. Pa. 1989) (extending the 90-day time period in which to seek removal of pending state court litigation); *In re World Fin. Servs. Ctr. Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the court may enlarge the time period for filing removal notices under Bankruptcy Rule 9027(a)(3)).

11. The Debtor's primary objective in this case is to implement orderly, equitable, and efficient procedures to allocate the Debtor's available insurance proceeds to survivors who hold allowed claims against the Debtor. At this time, and consistent with that objective, the Debtor is evaluating the various pending litigation to determine whether removal is appropriate in any of those matters. The Debtor requests additional time to complete this evaluation.

12. Accordingly, the Debtor seeks an extension of the current deadline under Bankruptcy Rule 9027(a) to protect its right to remove those civil actions for which it may determine that removal is appropriate. The extension sought will afford the Debtor additional time to determine whether to remove any pending civil action and will ensure that the Debtor does not

forfeit valuable rights under section 1452 of the Judicial Code. Critically, the rights of other parties to the relevant litigation will not be prejudiced by the extension, because any party to an action that is removed may seek to have it remanded to the original court pursuant to section 1452(b) of the Judicial Code.

13. The Debtor further requests that the order approving this Motion be without prejudice to (a) any position the Debtor may take regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtor and (b) the right of the Debtor to seek further extensions of the period in which it may remove civil actions pursuant to Bankruptcy Rule 9027.

14. Accordingly, the Debtor submits that the relief requested herein is in the best interests of its estate and respectfully requests an extension of time by which the Debtor may file notices of removal through and including June 3, 2019 with respect to any proceedings that are eligible for removal under section 1452 of the Judicial Code. The Debtor further reserves its right to seek additional extensions of this time period.

## NOTICE

15. The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order substantially in the form attached as <u>Exhibit A</u>, granting the relief requested herein and granting all other just and proper relief.

Dated: January 31, 2019

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 923-2952
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*