**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In re:

USA GYMNASTICS,[1]

　　　　　　Debtor.

Chapter 11

Case No. 18-09108-RLM-11

**DEBTOR'S MOTION FOR ORDER**
**ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM**
**AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 501 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rules 2002(a), 3001, 3002, and 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) setting deadlines by which all creditors, including survivors of sexual abuse, must submit proofs of claim in this chapter 11 case; (ii) approving the proposed proof of claim forms, attached hereto as Exhibit B and Exhibit C; (iii) approving procedures for maintaining the confidentiality of proofs of claim filed by survivors of sexual abuse; (iv) approving the form and manner of the proposed notices of the Bar Dates (as defined below), attached hereto as Exhibit D (the "**General Bar Date Notice**") and Exhibit E (the "**Sexual Abuse Claims Bar Date Notice**"); and (v) approving the form of the proposed publication notice, attached hereto as Exhibit F (the "**Publication Notice**"). In support of this Motion, the Debtor respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## JURISDICTION

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rules 2002(a), 3001, 3002, and 3003.

## BACKGROUND

### I.    General Background.

2.        On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.        The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4.        On December 11, 2018, the Court entered an order appointing Omni Management Group, Inc. ("**Omni**" or the "**Claims Agent**"), as the Debtor's claims and noticing agent in this case [Dkt. 63]. Among other tasks, Omni is charged with maintaining the claims register and administering proofs of claim.

5.        On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee of Sexual Abuse Survivors (the "**Sexual Abuse Survivors' Committee**").

6.      On January 18, 2019, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "**Schedules**"). [Dkts. 205 & 206, as amended, Dkts. 218, 219, & 220.]

## II.      Background Regarding Anticipated Claims.

7.      The Debtor has well in excess of 500 creditors. The majority of these creditors are survivors of sexual abuse ("**Survivors**") who have asserted claims against USAG as a result of the sexual abuse by Larry Nassar. Other creditors include vendors, contractual counterparties, and other third parties holding general unsecured claims for amounts due as of the Petition Date.

8.      As the Debtor stated in its first-day filings, the Debtor submits that this Court is the best forum in which to implement appropriate procedures to equitably determine the rights of and allocate recoveries to Survivors who have asserted or may assert sexual abuse claims against USAG. The first step in this process is to set a claims bar date by which Survivors and other creditors must file their claims with this Court.

9.      As set forth below, the aim of the Debtor's proposed bar date procedures is to ensure that notice of the bar dates is provided directly to known creditors and publicly to unknown creditors. The Debtor also proposes a specialized claim form for Survivors asserting Sexual Abuse Claims (defined below). The purpose of this form is to better facilitate the distribution of insurance proceeds to Survivors holding allowed claims.

## PROPOSED BAR DATES AND PROOF OF CLAIM PROCEDURES

## I.      The Bar Dates.

10.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix a time within which proofs of claim (each, a "**Proof of Claim**") must be filed. As set forth below, the Debtor requests a bar date of April 26, 2019 for General Claims and Sexual Abuse Claims, and a bar date of June

3, 2019 for Governmental Claims (each as defined below). The Debtor also requests an Amended Schedules Bar Date and a Rejection Bar Date (each as defined below).

### A.    General Bar Date.

11.    Except as otherwise set forth below, the Debtor requests that the Court fix **April 26, 2019 at 4:00 p.m. (prevailing Eastern time)** (the "**General Bar Date**"), as the deadline by which all persons and entities, other than Survivors asserting Sexual Abuse Claims (defined below) and Governmental Units, must submit proofs of claim asserting claims that arose on or before the Petition Date against USAG in this chapter 11 case (each, a "**General Claim**").

12.    This deadline is 60 days after February 25, 2019, the date on which the Debtor proposes to: (a) disseminate bar date packages with the General Bar Date Notice (as defined below); and (b) provide public notice of the General Bar Date. Providing 60 days' notice is reasonably calculated to apprise holders of General Claims of the deadline to timely file Proofs of Claim.

### B.    Sexual Abuse Claims Bar Date.

13.    As set forth above, the Debtor anticipates that the majority of claims will be filed by Survivors asserting Sexual Abuse Claims. For purposes of this Motion, a "**Sexual Abuse Claim**" means a claim regarding any and all acts or omissions that the Debtor may be legally responsible for that arise out of, are based upon, or involve sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, or any other sexual misconduct or injury, or contacts or interactions of a sexual nature between an adult or child and a medical professional, coach, trainer, therapist, volunteer, or other authority figure affiliated with the Debtor, or any current or former employee or volunteer of the Debtor, or any other person for whose acts or

failures the Debtor is or was allegedly responsible, or the alleged failure by the Debtor or its agents, employees, or volunteers to report the same. An adult or child may have been sexually abused whether or not this activity involved explicit force, whether or not this activity involved genital or other physical contact, and whether or not there was physical, psychological, or emotional harm to the adult or child.

14.     The Debtor requests that the Court fix **April 26, 2019 at 4:00 p.m. (prevailing Eastern time)** (the "**Sexual Abuse Claims Bar Date**"), as the deadline by which Survivors must submit Proofs of Claim asserting Sexual Abuse Claims that arose on or before the Petition Date against USAG in this chapter 11 case.

15.     This deadline is 60 days after February 25, 2019, the date on which the Debtor proposes to: (a) disseminate bar date packages with the Sexual Abuse Claims Bar Date Notice (as defined below); and (b) provide public notice of the Sexual Abuse Claims Bar Date. Providing 60 days' notice is reasonably calculated to apprise Survivors of the deadline to timely file Proofs of Claim.

**C.     Governmental Bar Date.**

16.     The Debtor requests that the Court fix **June 3, 2019 at 4:00 p.m. (prevailing Eastern time)** (the "**Governmental Bar Date**") as the deadline by which all governmental units must submit Proofs of Claim asserting claims that arose on or before the Petition Date against USAG in this chapter 11 case (each, a "**Governmental Claim**").

17.     The Governmental Bar Date is 180 days after the Petition Date, as mandated by section 502 of the Bankruptcy Code. *See* 11 U.S.C. § 502(b)(9).

**D.     Amended Schedules Bar Date.**

18.     The Debtor may, during the course of this case, amend its Schedules to add an entity not currently listed therein or to alter the amount, priority, classification, or other status of a listed

claim. The holders of claims affected by any such amendments may be entitled to file amended or original Proofs of Claim as a result of such amendments (each, an "**Amended Schedules Claim**").

19.     The Debtor, therefore, requests that the Court fix as the deadline for filing Amended Schedules Claims: the later of (a) the General Bar Date; or (b) 30 days after the holder of a claim is served with notice that the Debtor amended its Schedules to identify, reduce, delete, or change the amount, priority, classification, or other status of such claim (the "**Amended Schedules Bar Date**").

20.     Providing at least 30 days' notice of the Amended Schedules Bar Date is reasonably calculated to apprise persons and entities with Amended Schedules Claims of the deadline to timely file such claims.

**E.     Rejection Bar Date.**

21.     Finally, the Debtor seeks to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection (each, a "**Rejection Claim**," and together with General Claims, Sexual Abuse Claims, Governmental Claims, and Amended Schedules Claims, "**Claims**"). The Debtor requests that the Court fix the following as the deadline for filing Rejection Claims: the later of (a) the General Bar Date; or (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection or, if no such date is provided, 30 days from the date of entry of such order (the "**Rejection Bar Date**," and with the General Bar Date, the Sexual Abuse Claims Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, collectively, the "**Bar Dates**"). The Debtor will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtor rejects any executory contract or unexpired lease.

22.     Providing at least 30 days' notice of the Rejection Bar Date is reasonably calculated to apprise persons and entities with Rejection Claims of the deadline to timely file such claims.

## II.     Parties Required To Submit Proofs Of Claim.

23.     In accordance with Bankruptcy Rule 3003(c)(2) and except as provided below, the proposed order granting this Motion (the "**Proposed Bar Date Order**") provides that all persons and entities holding pre-petition claims, including, without limitation, the following entities, must file Proofs of Claim on or before the applicable Bar Date:

> a.  Any person or entity whose pre-petition claim against the Debtor is not listed in the Schedules or whose pre-petition claim is listed in the Schedules but is listed as disputed, contingent, or unliquidated and that desires to participate in this case or share in any distribution in this case;
>
> b.  Any person or entity that believes that its pre-petition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and,
>
> c.  Any Survivor who believes that he or she has a Sexual Abuse Claim, including but not limited to Survivors who have previously filed lawsuits or asserted claims against the Debtor, and Survivors who have never filed a lawsuit, asserted a claim against the Debtor, entered into a settlement, or reported their abuse.

24.     Pursuant to the Proposed Bar Date Order, the following persons or entities are not required to file a Proof of Claim on or before the applicable Bar Date:

> a.  Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Indiana, or with the Claims Agent; ***provided***, ***however***, **that a Survivor who previously filed a Sexual Abuse Claim on a standard proof of claim form (*e.g.*, Official Form 410) must re-file that Claim using the Sexual Abuse Proof of Claim Form (as defined below) on or before the Sexual Abuse Claims Bar Date for it to be timely filed; and *further***

*provided*, **that the Debtor shall give any such Survivor prompt notice that the Survivor must re-file the Claim**;

b.  Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto; and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated;" and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

c.  Any person or entity that asserts an administrative expense claim against the Debtor pursuant to section 503(b) and section 507(a)(2) of the Bankruptcy Code; *provided, however*, that any person or entity asserting a claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a Proof of Claim on or prior to the General Bar Date.

d.  Any person or entity whose claim against the Debtor has been allowed by an order of the Court entered on or before the applicable Bar Date; and,

e.  Any person or entity whose claim has been paid in full; *provided, however*, **this subsection does not include Survivors or others who were paid pursuant to settlement agreements but who believe they have additional claims against the Debtor beyond what was agreed to in the applicable settlement agreement.**

## III. Proposed Proof Of Claim Forms.

### A. Personalized Proof of Claim Form.

25.    With the assistance of Omni, USAG proposes to provide each of the creditors listed on the Schedules, other than Survivors asserting Sexual Abuse Claims, with a personalized proof of claim form (the "**Personalized Proof of Claim Form**") that will state: (a) the amount of the scheduled Claim, if listed; (b) whether the Claim is listed as contingent, unliquidated, or disputed; (c) whether the Claim is listed as secured, priority unsecured, or general unsecured; and (d) that the Personalized Proof of Claim Form should not be used to assert a Sexual Abuse Claim. A copy of the proposed Personalized Proof of Claim Form is attached hereto as <u>Exhibit B</u>.

26.     If a creditor disagrees with the scheduled amount or designation of their claim, such creditor must submit a Proof of Claim identifying the purported amount and nature of their Claim. Claims, other than Sexual Abuse Claims, may be asserted using either the Personalized Proof of Claim Form or Official Form 410.

27.     The Proposed Bar Date Order sets forth the following requirements for creditors asserting Claims *other than Sexual Abuse Claims*:

a.     Each Proof of Claim asserting a General Claim, Governmental Claim, Amended Schedules Claim, or Rejection Claim must be submitted so as to ***actually be received*** by the Claims Agent on or before the applicable Bar Date either by: (i) the interface available on the Claims Agent's website at: https://omnimgt.com/usagymnastics; or (ii) first-class U.S. Mail, overnight mail, or hand-delivery at the following address: USA Gymnastics Claims Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367; ***provided, for the avoidance of doubt,*** **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

b.     Each Proof of Claim asserting a General Claim, Governmental Claim, Amended Schedules Claim, or Rejection Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Personalized Proof of Claim Form or Official Form 410; (iv) be signed or electronically transmitted, through the interface available on the Claims Agent's website at: https://omnimgt.com/usagymnastics by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by USAG in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

c.     Parties who submit a Proof of Claim asserting a General Claim, Governmental Claim, Amended Schedules Claim, or Rejection Claim by mail and who wish to receive proof of receipt thereof must include an additional copy of their Proof of Claim and a self-addressed, stamped envelope.

**B.      Sexual Abuse Proof Of Claim Form.**

28.      Given that Sexual Abuse Claims differ substantively and materially from other claims filed against the Debtor, the Debtor requests that the Court approve a modified proof of claim form for Sexual Abuse Claims. After consulting with the Sexual Abuse Survivors' Committee and the Debtor's insurers, the Debtor has prepared a confidential proof of claim form to be submitted by Survivors asserting Sexual Abuse Claims (the "**Sexual Abuse Proof of Claim Form,**" together with the Personalized Proof of Claim Form, the "**Proof of Claim Forms**"). A copy of the proposed Sexual Abuse Proof of Claim Form is attached hereto as <u>Exhibit C</u>.

29.      The information requested in the Sexual Abuse Proof of Claim Form will assist the Debtor and parties in interest in evaluating and resolving the Sexual Abuse Claims.

30.      Due to the nature of the information that is requested in the Sexual Abuse Proof of Claim Form, the Debtor seeks approval of the following confidentiality protocol (the "**Confidentiality Protocol**"):

a.      Survivors are directed not to file a Sexual Abuse Proof of Claim Form with the Court. Instead, the Sexual Abuse Proof of Claim Form must be: (i) submitted electronically using the interface available on the Claims Agent's website at: https://omnimgt.com/usagymnastics/sexualabuseclaims; or (ii) mailed or delivered to the Claims Agent at the following address: **USA Gymnastics Sexual Abuse Claims Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367**.

b.      Submitted Sexual Abuse Proof of Claim Forms will not be available to the general public unless the Survivor designates otherwise on the Sexual Abuse Proof of Claim Form. The Confidentiality Protocol is for the benefit of the Survivors. Accordingly, Survivors may elect to make any of the information contained in their submitted Sexual Abuse Proof of Claim Form public.

c.      Sexual Abuse Proof of Claim Forms submitted by Survivors shall be held and treated as confidential by the Claims Agent, the Debtor, and the Debtor's counsel and upon request by the parties listed below (the "**Permitted Parties**"), subject to each Permitted Party,

the Debtor, and its professionals executing and returning to the Debtor's counsel (with a copy to counsel to the Sexual Abuse Survivors' Committee) a confidentiality agreement substantially in the form attached hereto as <u>Exhibit G</u> (the "**Confidentiality Agreement**") by which they agree to keep the information provided in a Sexual Abuse Proof of Claim Form confidential.

31. The Permitted Parties include:[2]

   a.   counsel to the Debtor retained pursuant to an order of the Bankruptcy Court;

   b.   officers, directors, and employees of the Debtor necessary to assist the Debtor and its counsel in reviewing and analyzing the Sexual Abuse Claims;

   c.   the Claims Agent;

   d.   counsel for the Sexual Abuse Survivors' Committee;

   e.   members of the Sexual Abuse Survivors' Committee and their personal counsel (after the Sexual Abuse Proof of Claim Form has been redacted to remove the Survivor's name, address, any other personally identifying information, and the signature block);

   f.   the United States Trustee;

   g.   insurance companies (including their successors) that provided insurance that may cover the claims described in the Sexual Abuse Proof of Claim Forms, including authorized claim administrators of such insurance companies and their reinsurers and attorneys;

   h.   any future or unknown claims representative;

   i.   any special arbitrator, mediator, or claims reviewer appointed to review and resolve the claims of Survivors;

   j.   any trustee, or functional equivalent thereof, appointed to administer payments to Survivors;

---

[2] With the exception of counsel the Debtor retained pursuant to order of this Court, counsel to the Sexual Abuse Survivors' Committee, the United States Trustee's attorneys, and the Claims Agent, each Permitted Party receiving access to the Sexual Abuse Proof of Claim Forms (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

k.     any person with the express written consent of the Debtor and the Sexual Abuse Survivors' Committee upon seven (7) business days' notice to Sexual Abuse Claimants; and,

l.     such other persons as the Court determines should have the information in order to evaluate Sexual Abuse Claims upon seven (7) business days' notice to Sexual Abuse Claimants.

32.    The Proposed Bar Date Order requires Sexual Abuse Claims to be asserted in accordance with the following procedures:

a.     Each Sexual Abuse Proof of Claim Form, including any supporting documentation, must be submitted so as to ***actually be received*** by the Claims Agent on or before the Sexual Abuse Claims Bar Date by: (a) the interface available on the Claims Agent's website at https://omnimgt.com/usagymnastics/sexualabuseclaims; or (b) first-class U.S. Mail, overnight mail, or hand-delivery at the following address: USA Gymnastics Sexual Abuse Claims Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367; ***provided, for the avoidance of doubt*, SEXUAL ABUSE PROOF OF CLAIM FORMS SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

b.     Each Sexual Abuse Proof of Claim Form must: (i) be written in English; (ii) conform substantially with the Sexual Abuse Proof of Claim Form; and (iii) be signed or electronically transmitted by the Survivor asserting the Sexual Abuse Claim or by an authorized agent or legal representative of the Survivor.

c.     Survivors who submit a Sexual Abuse Proof of Claim Form by mail and who wish to receive proof of receipt thereof must include an additional copy of their Sexual Abuse Proof of Claim Form and a self-addressed, stamped envelope.

**C.    Consequences Of Failing To Timely Submit A Proof Of Claim**

33.    In accordance with Bankruptcy Rule 3003(c)(2), the Debtor proposes that any person or entity that is required, but fails, to submit a Proof of Claim in accordance with the Proposed Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim—including any Sexual Abuse Claim—against USAG,

and USAG and its property will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim. Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in this chapter 11 case on account of such Claim, and (b) participating in any distribution in this chapter 11 case on account of such Claim.

## IV.    Notice Procedures.

34.    As part of the Debtor's efforts to obtain a fresh start, and subject to any plan of reorganization, the Debtor must ensure that additional claims will not be brought against the reorganized USAG after its exit from chapter 11. Accordingly, the Debtor proposes the noticing protocol set forth below, which is designed to ensure that all persons or entities believing they have a Claim are afforded the opportunity to appear and be heard.

### A.    Notice Of The General Bar Date And Governmental Bar Date.

35.    At least sixty (60) days prior to the General Bar Date, the Debtor shall serve the parties listed below, by United States mail, first-class postage prepaid, the General Bar Date Notice, substantially in the form attached here to as Exhibit D, and a Personalized Proof of Claim Form (collectively, the "**General Bar Date Notice Package**"). Among other things, the General Bar Date Notice Package shall: (a) identify the General Bar Date, the Sexual Abuse Claims Bar Date, the Governmental Bar Date, the Amended Schedules Bar Date, and the Rejection Bar Date; (b) include detailed procedures for submitting timely and accurate Proofs of Claim; (c) list the parties who are not required to submit Proofs of Claim; (d) describe the consequences of failing to submit Proofs of Claim in accordance with the Proposed Bar Date Order; (e) provide creditors with the name and telephone number of the Claims Agent, where questions may be addressed and from whom additional information may be obtained; and (f) notify creditors that their Claims must be filed with original signatures (including of an authorized agent) or submitted via the Claims

Agent's website, and that facsimile or e-mail filings of Proofs of Claim are not acceptable and are not valid for any purpose.

36.     With the assistance of the Claims Agent, USAG will serve the General Bar Date Notice Package upon:

a.  the U.S. Trustee for the Southern District of Indiana;

b.  counsel to the Sexual Abuse Survivors' Committee;

c.  any persons or entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002;

d.  all persons or entities that have submitted Proofs of Claim against USAG;

e.  all known creditors and other known holders of potential Claims against USAG, including all persons or entities listed in the Schedules for which USAG has addresses;

f.  all parties to executory contracts and unexpired leases of USAG;

g.  all parties to litigation with USAG and their counsel (if known);

h.  the United States Olympic Committee;

i.  the United States Attorney for the Southern District of Indiana;

j.  the Internal Revenue Service for the Southern District of Indiana;

k.  the Indiana Attorney General's office; and,

l.  any additional persons and entities as deemed appropriate by USAG; *provided, however*, **that the General Bar Date Notice Package will not be sent to Survivors, as Survivors will be sent the Sexual Abuse Claims Bar Date Notice Package (as defined below).**

37.     The Debtor also intends to provide notice of all the Bar Dates by publication to ensure that every potential claimant receives adequate notice thereof. Specifically, the Debtor proposes to publish the Publication Notice, substantially in the form attached hereto as Exhibit F, on one occasion in each of The New York Times (National Edition) and USA Today (National Edition), at least 28 days prior to the General Bar Date and the Sexual Abuse Claims Bar Date.

**B.    Notice Of The Sexual Abuse Claims Bar Date.**

38.    The privacy considerations of Survivors asserting Sexual Abuse Claims warrant special notice procedures for the Sexual Abuse Claims Bar Date. Through the means set forth below, the Debtor proposes to make the following available to the public: (i) the Sexual Abuse Claims Bar Date Notice, substantially in the form attached hereto as Exhibit E; (ii) a Sexual Abuse Proof of Claim Form; and (iii) the Proposed Bar Date Order (collectively, the "**Sexual Abuse Claims Bar Date Notice Package**" and with the General Bar Date Notice Package, the "**Bar Date Notice Packages**").

39.    Among other things, the Sexual Abuse Claims Bar Date Notice Package shall: (a) identify the Sexual Abuse Claims Bar Date; (b) include detailed procedures for submitting a timely and accurate Sexual Abuse Proof of Claim; (c) describe the Confidentiality Protocol; (d) identify the consequences of failing to submit a Sexual Abuse Proof of Claim Form in accordance with the Proposed Bar Date Order, (e) provide Survivors with the name and telephone number of the Claims Agent where questions may be addressed and from whom additional information may be obtained; (f) notify Survivors that their Claims must be filed with original signatures (including of an authorized agent) or submitted via the Claims Agent's website, and that facsimile or e-mail filings of Sexual Abuse Proof of Claim Forms are not acceptable and are not valid for any purpose; and (e) notify Survivors that, to the extent they have a claim other than a Sexual Abuse Claim, they should assert that claim in a separate Proof of Claim form and subject to the otherwise applicable procedures.

40.    At least 60 days prior to the Sexual Abuse Claims Bar Date, the Debtor shall provide notice thereof by serving by United States mail, first-class postage prepaid, the Sexual Abuse Claims Bar Date Notice Package on known Survivors (to the extent a mailing address is reasonably available) and/or to counsel who have appeared for such known Survivors who:

(a) filed, or threatened to file, lawsuits against the Debtor, alleging they were abused; (b) contacted the Debtor to report that they were survivors of abuse, whether or not the individual's claim was considered to be substantiated and regardless of whether the report was written or verbal; (c) entered into a settlement agreement with the Debtor stemming from allegations of abuse; or (d) received payment from the Debtor as a result of an allegation of abuse.

41.    The Debtor intends to provide further notice of the Sexual Abuse Claims Bar Date by taking the following measures:

    a.    Upon entry of the Proposed Bar Date Order, the Debtor will cause the Claims Agent to post component parts of the Sexual Abuse Claims Bar Date Notice Package on the case website at: https://omnimgt.com/usagymnastics;

    b.    Upon entry of the Proposed Bar Date Order the Debtor will post the Sexual Abuse Claims Bar Date Notice Package on its website at: www.usagym.org, on its Facebook page at: https://www.facebook.com/USAGymnastics/, and on its Twitter feed at: https://twitter.com/USAGym;

    c.    The Debtor will maintain a toll free number which may be used by Survivors to ask questions or obtain copies of the Sexual Abuse Claims Bar Date Notice Package or parts thereof;

    d.    Within one week of the service of the Sexual Abuse Claims Bar Date Notice Package, the Debtor will mail a copy of the Sexual Abuse Claims Bar Date Notice to each gymnasium or similar facility that is a member of, or affiliated with, USAG. The Debtor shall include in such mailing a letter from USAG requesting that the gymnasium or facility give notice to its members of the Sexual Abuse Claims Bar Date Notice Package; and,

    e.    As set forth above, USAG also intends to provide notice of the Sexual Abuse Claims Bar Date by publication on one occasion in each of The New York Times (National Edition) and USA Today (National Edition), at least 28 days prior to the Sexual Abuse Claims Bar Date.

* * *

42.    In the Debtor's judgment, the notice procedures described above are likely to reach the widest possible audience of creditors who may not otherwise have notice of the Debtor's case. Further, the Sexual Abuse Claims Bar Date Notice Package will provide Survivors with sufficient

information to file properly prepared and executed Proofs of Claim in a timely manner, while simultaneously protecting their confidentiality.

## RELIEF REQUESTED

43.     By this Motion, the Debtor seeks entry of an order, pursuant to sections 501 and 502 of the Bankruptcy Code and Bankruptcy Rules 2002(a), 3001, 3002, and 3003, (i) setting deadlines by which creditors must submit Proofs of Claim in this chapter 11 case; (ii) approving the proposed Proof of Claim Forms; (iii) approving procedures for maintaining the confidentiality of submitted Sexual Abuse Proof of Claim Forms; (iv) approving the form and manner of the proposed notices of the Bar Dates; and (v) approving the form of the Publication Notice.

## BASIS FOR RELIEF

## I.     The Proposed Bar Dates Should Be Approved.

44.     Generally, claimants must submit a proof of claim to assert a claim in a bankruptcy case. *See* 11 U.S.C. § 501(a). Bankruptcy Rule 3003 further provides, in relevant part, that "[t]he court shall fix . . . the time within which proofs of claim . . . may be filed." Fed. R. Bankr. P. 3003(c)(3). Bar dates for submitting Proofs of Claim serve "the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004) (citing *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991)); *see also In re J.S. II, L.L.C.*, 397 B.R. 383, 389 (Bankr. N.D. Ill. 2008).  Indeed, prolonged uncertainty regarding the aggregate liabilities of the bankruptcy estate might delay or derail the development of a feasible plan of reorganization, to the detriment of all creditors and parties in interest. *See In re Kmart*, 381 F.3d at 715 (noting that, without bar dates, "the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined"); *accord In re Waterman S.S. Corp.*,

17

59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986) ("Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion.").

45.　　Courts within this district recognize the importance of setting bar dates and routinely enter orders setting bar dates. *See, e.g., In re Buehler, Inc.*, Case No. 18-91574-BHL-11, ECF No. 106 (Bankr. S.D. Ind. Nov. 15, 2018); *In re Red Rose Transportation, Inc.*, Case No. 18-02739-JJG-11, ECF No. 59 (Bankr. S.D. Ind. Aug. 31, 2018); *In re Bowman Dairy Farms LLC*, Case No. 17-06475-JMC-11, ECF No. 53 (Bankr. S.D. Ind. Oct. 31, 2017); *In re Triple S Tire Co., Inc.*, Case No. 15-00107-JMC-11, ECF No. 271 (Bankr. S.D. Ind. Sept. 18, 2015); *In re Monroe Hospital, LLC*, Case No. 14-07417-JMC-11, ECF No. 135 (Bankr. S.D. Ind. Sept. 26, 2014); *In re Saint Catherine Hospital of Indiana, LLC*, Case No. 12-91316-BHL-11, ECF No. 180 (Bankr. S.D. Ind. Oct. 1, 2012); *In re Jerry G. Wise & Debra L. Wise*, Case No. 11-06757-RLM-11, ECF No. 127 (Bankr. S.D. Ind. Mar. 19, 2012); *In re Castleton Plaza, LP*, Case No. 11-01444-BHL-11, ECF No. 67 (Bankr. S.D. Ind. June 8, 2011).

46.　　To ensure that USAG is able to equitably determine the rights of and allocate recoveries to Survivors and confirm and consummate a chapter 11 plan, USAG requires accurate information regarding the nature, validity, amount, and status of all Claims that will be asserted against its estate in this chapter 11 case. Given the sheer number of potential claimants, it is critical that USAG begins the claims analysis and reconciliation process as soon as possible.  In particular, USAG cannot effectively negotiate with its insurers and prepare a plan of reorganization until the universe of Sexual Abuse Claims asserted against it is known with greater certainty. Fixing the Bar Dates as proposed herein will help USAG accomplish the foregoing objectives.

47.　　The Bar Dates also comply with applicable provisions of the Bankruptcy Code and, as a result, should be approved. *First*, the General Bar Date and the Sexual Abuse Claims Bar Date

will be 60 days after USAG provides notice to claimants of the applicable Bar Dates. *See* Fed. R. Bankr. P. 2002(a)(7) (requiring, at a minimum, 21 days' notice of a bar date). *Second*, the Governmental Bar Date is 180 days after the Petition Date in accordance with section 502(b)(9) of the Bankruptcy Code. *See* 11 U.S.C. § 502(b)(9). *Third*, the Rejection Bar Date and Amended Schedules Bar Dates are necessary to provide USAG with flexibility to handle situations in which a creditor's claim status may change during this chapter 11 case (such as in the event of contract or lease rejections) or to ensure that creditors receive proper notice and an opportunity to assert updated claims. Accordingly, USAG requests the Court establish the Bar Dates as set forth above.

## II.    The Proposed Procedures For Submitting Proofs Of Claim Should Be Approved.

48.    USAG has worked to design claims procedures that both provide full notice and clear instructions to claimants and also allow this chapter 11 case to move forward quickly with a minimum of administrative expense and delay.

49.    The proposed procedures provide easily understandable instructions for submitting Proofs of Claim.  These procedures will help claimants file clear and correct Proofs of Claim, which will avoid unnecessary expense and delay in the claims reconciliation process, to the benefit of all parties in interest.  For example, the proposed Personalized Proof of Claim Form will provide useful information to scheduled creditors regarding how their claims are reflected in the Schedules, streamlining the claims analysis process. Indeed, USAG believes that using the Personalized Proof of Claim Form will result in a claims reconciliation process that is less burdensome, costly, and time-consuming, which will enhance recoveries for all creditors.

50.    In addition, the Debtor submits that the proposed Sexual Abuse Proof of Claim Form is appropriate under the circumstances of this case.  The Sexual Abuse Proof of Claim Form will allow the Debtor to receive the information necessary to evaluate Sexual Abuse Claims.

51.     It is well established that the Court has the authority to authorize the modification of Official Bankruptcy Forms. *See In re A.H. Robins Co.*, 862 F.2d 1092 (4th Cir. 1988); *In re Eagle-Picher Indus., Inc.*, 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993). While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and necessary alterations to the Official Forms:

> the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue additional forms under the Code. The forms shall be construed to be consistent with these rules and the Code.

Fed. R. Bankr. P. 9009 (emphasis supplied).

52.     Similar forms have been approved in cases involving the assertion of claims arising from sexual abuse. See, e.g., *In re Roman Catholic Bishop of Great Falls Montana*, No. 17-60271-JDP (Bankr. Mont. Apr. 27, 2017); *In re Roman Catholic Church of the Diocese of Gallup, New Mexico*, No. 13-13676-T11 (Bankr. N.M. Apr. 11, 2014); *In re Christian Brothers' Institute*, No. 11-22820 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2012); *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (Bankr. D. Del. Feb. 1, 2010); *In re Roman Catholic Church of the Diocese of Tucson, Case No. 04-04721* (Bankr. D. Ariz. Nov. 5, 2004); *In re Catholic Bishop of Northern Alaska*, Case No. 08-00110 (Bankr D. Ala. May 30, 2008); *In re Diocese of Davenport*, Case No. 06-02229 (Bankr. S.D. Iowa Mar. 16, 2007); *In re the Roman Catholic Bishop of San Diego*, Case No. 07-00939 (Bankr. S.D. Cal. Aug, 20, 2007).

53.     Given that the Debtor and its insurers require certain information to assess the Sexual Abuse Claims that would not be provided if Survivors utilized the Official Forms, the Debtor seeks the Court's approval of the proposed Sexual Abuse Proof of Claim Form.

54.     The Confidentiality Protocol is also necessary and appropriate under the circumstances of this case. The Debtor is sensitive to the issues that may arise for a Survivor asserting a claim against the Debtor's estate. No Survivor should have to choose between filing a Sexual Abuse Claim and keeping the circumstances of his or her experiences confidential. The Debtor is focused on allocating and distributing insurance proceeds to Survivors holding allowed claims as fully and equitably as possible, and so encourages all Survivors to come forward with their Sexual Abuse Claims.  To that end, the Debtor requests that the Confidentiality Protocol also be approved.

### III.    The Proposed Notice Packages Satisfy Due Process Requirements.

55.     Bankruptcy Rule 2002(a) requires that USAG provide claimants at least 21-days' notice by mail of the time fixed for submitting Proofs of Claim pursuant to Bankruptcy Rule 3003(c). *See* Fed. R. Bankr. P. 2002(a)(7). In addition, Bankruptcy Rule 2002(*l*) provides that the Bankruptcy Court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice. *See* Fed. R. Bankr. P. 2002(*l*). Bankruptcy Rule 9008 also provides that the Bankruptcy Court shall determine the form and manner of any publication notice, the newspapers used, and the frequency of publication. *See* Fed. R. Bankr. P. 9008.

56.     To satisfy the requirements of due process, notice of the Bar Dates must be reasonably calculated to apprise interested persons of the deadlines for filing Proofs of Claim. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the debtor. *See Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000) (citing *Matter of Chicago, Milwaukee, St. Paul, & Pacific R. Co.*, 974 F.2d 775, 788 (7th Cir. 1992)).

57.     When a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting

proofs of claim. *See, e.g., Zell*, 221 F.3d at 963 (noting that, if a creditor's "name and address are reasonably ascertainable, he is entitled to have [bar date] information sent directly to him"); *In re Grand Pier Center LLC v. ATC Group Servs., Inc.*, Case Nos. 03-C-7767, 05-C-1156, 2007 WL 2973829, at *5 (N.D. Ill. Oct. 9, 2007) ("for a known or 'reasonably ascertainable' creditor, means reasonably calculated to provide actual notice (such as notice by mail) are typically required") (quoting *Tulsa Professional Collections Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).

58.     When a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. *See, e.g., Zell*, 221 F.3d at 963 (noting that, if a creditor's identity is unknown to a debtor and not readily ascertainable, "publication of [bar date] information in the newspaper or other periodical that he's most likely to see is permitted"); *Grand Pier Center*, 2007 WL 2973829, at *5 ("For an unknown creditor, appropriate publication notice 'can suffice'") (quoting *Tulsa*, 485 U.S. at 490)).

59.     Debtors are not required to publish notice in an excessive number of publications. *See, e.g., Zell*, 221 F.3d at 963 (identifying cost as an appropriate consideration in designing a notice program that complies with due process); *Grand Pier Center*, 2007 WL 2973829, at *5 ("Precedent teaches that 'reasonable diligence,' as one naturally would expect, does not require 'impracticable and extended searches,' and what is reasonable depends on the facts of each case") (quoting *Mullane*, 339 U.S. at 317) (internal citations omitted); *In re Residential Capital, LLC*, Case No. 12-12020 (MG), 2015 WL 2256683, at *6 (Bankr. S.D.N.Y. May 11, 2015) ("The proper inquiry in evaluating notice is whether the party giving notice acted reasonably in selecting means likely to inform persons affected, not whether each person actually received notice") (citing *In re Best Prods., Inc.*, 140 B.R. 353, 357–58 (Bankr. S.D.N.Y. 1992)).

60.     To provide creditors, including Survivors, known to USAG with actual notice of the Bar Dates proposed herein, USAG proposes to serve, by mail, the Bar Date Notice Packages at least 60 days in advance of the applicable Bar Dates upon persons and entities identified as potential claimants after a thorough review of USAG's books and records.

61.     After the initial mailings of the Bar Date Notice Packages, USAG may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[3] (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead provide their names and addresses to USAG for direct mailing; and (c) additional potential claimants become known to USAG. Under these and any other analogous circumstances, USAG requests that the Bankruptcy Court permit it to make supplemental mailings of the Bar Date Notice Packages at any time up to 21 days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors.

62.     To provide creditors, including Survivors, unknown to USAG with constructive notice of the Bar Dates proposed herein, USAG proposes to publish the Publication Notice on one occasion in each of The New York Times (National Edition) and USA Today (National Edition), at least 28 days prior to the General Bar Date and the Sexual Abuse Claims Bar Date. USAG also proposes to provide notice of the Sexual Abuse Claims Bar Date on its website and social media, by sending the Sexual Abuse Claims Bar Date Notice to all USAG-affiliated gymnasiums and facilities, and by posting the Sexual Abuse Claims Bar Date Notice on the website maintained by its Claims Agent.

---

[3] However, if notices are returned as "return to sender" without a forwarding address, USAG respectfully requests that it should not be required to mail additional notices to such creditors.

63.     The Debtor submits that the Bar Date Notice Packages and the Publication Notice as proposed herein are "reasonably calculated, under all the circumstances, to apprise interested parties" of the Bar Dates and claims procedures "and afford them an opportunity to present their objections." *In re Envirodyne Indus., Inc.*, 206 B.R. 468, 473 (Bankr. N.D. Ill. 1997) (quoting *Mullane*, 339 U.S. at 313).

64.     Accordingly, USAG respectfully requests that the Court determine that the proposed Bar Date Notice Packages and Publication Notice, and mailing and publication thereof, provide good, adequate, and due notice to all potential claimants of their rights and obligations in connection with claims they may assert against the Debtor's estate in this case.  Upon the mailing and publication of the Bar Date Notice Packages and Publication Notice, all of the Debtor's known and unknown creditors and Survivors should be deemed bound by the Bar Dates and claims procedures proposed herein.

## RESERVATION OF RIGHTS

65.     The Debtor reserves its right to object to any claim or proof of claim on any ground, including, but not limited to, the passing of the applicable statutes of limitations. The Debtor reserves it right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

## NOTICE

66.     The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such further relief as is just and proper.

Dated: January 31, 2019                                        Respectfully submitted,

**JENNER & BLOCK LLP**

By: <u>/s/ *Catherine Steege*</u>

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*