# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, | Case No. 18-09108-RLM-11 |
| Debtor. | Adv. Proc. No. _____ |

| | |
|---|---|
| USA GYMNASTICS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., AMERICAN HOME ASSURANCE COMPANY, and DOE INSURERS | ) |
| Defendants | ) |

**COMPLAINT FOR BREACH OF INSURANCE POLICY AND**
<u>**DECLARATORY JUDGMENT OF COVERAGE**</u>

Plaintiff USA Gymnastics ("USAG"), for its complaint against Defendants Ace American Insurance Company f/k/a CIGNA Insurance Company ("CIGNA"), Great American Assurance Company ("Great American"), Liberty Insurance Underwriters Inc. ("LIU"), National Casualty Company ("National Casualty"), RSUI Indemnity Company ("RSUI"), TIG Insurance

Company ("TIG"), Virginia Surety Company f/k/a Combined Specialty Insurance Company ("Combined Specialty"), Western World Insurance Company ("Western World"), Endurance American Insurance Company ("Endurance"), American International Group, Inc. ("AIG"), American Home Assurance Company ("American Home"),[1] and Doe Insurers states as follows:

**Jurisdiction of the Bankruptcy Court**

1.  The Court has jurisdiction over this adversary proceeding pursuant to sections 157 and 1334 of title 28, United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28, United States Code. This Adversary Proceeding is a core proceeding pursuant to sections 157(b)(2)(A) and (O) of title 28, United States Code, and the Court may enter a final judgment as to the merits of this case.

2.  As set forth in detail below, USAG currently has hundreds of claims pending against it, nearly all tied, in some way, to the claimed abhorrent actions of Lawrence "Larry" Gerard Nassar ("Nassar"). USAG's insurance policies are its greatest asset available to resolve these lawsuits. Determining the rights of USAG under its policies is at the heart of USAG's reorganization proceeding and should be determined by this Court.[2]

3.  USAG consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] For ease of reference, "Defendant Insurers" means CIGNA, Great American, LIU, National Casualty, RSUI, TIG, Combined Specialty, Western World, Endurance, AIG, American Home, and Doe Insurers with regard to the policies these insurers sold to USAG.

[2] USAG filed a Complaint for Breach of Insurance Policy and Declaratory Judgment of Coverage against its insurers in Indiana, Marion Superior Court 1, Cause Number 49D01-1804-PL-013423 on April 6, 2018, which was removed to the Southern District of Indiana on April 30, 2018 under Case Number 1:18-cv-01306-RLY-MPB. The case was stayed upon a joint motion on July 9, 2018 for the parties to engage in settlement negotiations focusing on the underlying actions. The stay was lifted on November 5, 2018. On January 25, 2019, the court administratively closed the case due to USAG's bankruptcy filing and the automatic stay of the case under 11 U.S.C. § 362.

## Introduction

4. This is a complaint for declaratory relief and breach of insurance contracts.

5. USAG seeks a determination of the scope of its rights under comprehensive general liability ("CGL") and directors and officers ("D&O") primary, excess, and/or umbrella insurance policies sold to USAG by Defendant Insurers with respect to:

   a. athlete claims brought against USAG arising from Nassar's actions;

   b. athlete claims brought against USAG arising from a coach's actions;

   c. state and federal investigations of USAG related to Nassar's actions;

   d. The United States Olympic Committee's ("USOC") independent investigations related to Nassar's actions;

   e. lawsuits brought against USAG by former coaches, employees, and organizations related to Nassar's actions;

   f. suspended and/or ineligible USAG members and coaches who have brought claims against USAG;

   g. criminal actions brought against former USAG employees and others related to Nassar's actions;

   h. criminal investigations related to Nassar's actions;

   i. USOC's decertification proceedings;

   j. USAG's bankruptcy proceedings; and

   k. insurance coverage for crisis management.

6. USAG seeks actual and consequential damages arising from Defendant Insurers' breaches of their respective policies, pre-judgment and post-judgment interest on all such damages, and any and all further relief to which it may be entitled.

**The Parties**

7. USA Gymnastics is a nonprofit corporation headquartered in Indianapolis, Indiana with a principal place of business at 130 E. Washington St., Suite 700, Indianapolis, Indiana 46204.

8. CIGNA is an insurance company formed under the laws of Pennsylvania with a principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

9. Great American is an insurance company formed under the laws of Ohio with a principal place of business at 301 East Fourth Street, Cincinnati, Ohio 45202.

10. LIU is an insurance company formed under the laws of Illinois with a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

11. National Casualty is an insurance company formed under the laws of Ohio with a principal place of business at 1 W Nationwide Blvd, #1-04-701, Columbus, Ohio 43215.

12. RSUI is an insurance company formed under the laws of New Hampshire with a principal place of business at 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326.

13. TIG is an insurance company formed under the laws of California with a principal place of business at 250 Commercial Street, Suite 2009A, Manchester, New Hampshire 03101.

14. Combined Specialty is an insurance company formed under the laws of Illinois with a principal place of business at 175 West Jackson Blvd, 11th Floor, Chicago, Illinois 60604.

15. Western World is an insurance company formed under the laws of New Hampshire with a principal place of business at 300 Kimball Drive, Parsippany, New Jersey 07054.

16. Endurance is an insurance company formed under the laws of New York with a principal place of business at 333 Westchester Avenue, White Plains, New York 10604.

17. AIG is an international insurance organization that provides insurance products and services through its subsidiaries or affiliates formed under the laws of Delaware with a principal place of business at 175 Water Street, 30th Floor, New York, New York 10038.

18. American Home is an insurance company that is a subsidiary or affiliate of AIG formed under the laws of New York with a principal place of business at 175 Water Street, 18th Floor, New York, New York 10038.

19. Doe Insurers are insurers unknown to USAG at the time of this filing that sold insurance policies to USAG under which USAG may be covered for the liabilities at issue.

## The Underlying Lawsuits and Claims

20. USAG has been named as a defendant in over 100 different lawsuits in connection with the actions of Nassar as well as some non-Nassar related survivor lawsuits and claims (collectively "Underlying Survivor Claims"). The Underlying Survivor Claims allege various claims against USAG including, but not limited to, negligent hiring, negligent retention, negligent supervision, and negligent failure to warn, train, or protect. Certain plaintiffs also allege claims against USAG for fraud, intentional infliction of emotional distress, and RICO violations. Contemporaneously with this filing, USAG is filing a "Master Claims and Policy List" that includes a chart identifying the Underlying Survivor Claims as Exhibit 1[3].

21. In addition to the Underlying Survivor Claims, USAG has been named in a number of lawsuits brought by former coaches and gyms ("Revocation Lawsuits"). The Revocation Lawsuits include claims related to coaches who have been suspended, expelled, and/or permanently banned from membership in USAG. It also includes coaches and gyms that

---

[3] This exhibit also includes *Gonzalez v. USA Gymnastics, Inc.*, which is not a sexual abuse case. Instead, the plaintiff in this case is a former associate at Mehaffy Weber, National Casualty's panel counsel for USAG in Texas. The associate left the firm to join Abraham Watkins, which represents plaintiffs in Nassar lawsuits in Texas, Michigan, California, and Illinois. Gonzalez asked USAG to sign a conflict waiver and USAG declined. In response, Gonzalez sued USAG and filed a TRO to prevent USAG from filing a motion to disqualify.

have made various claims related to loss of reputation and business in connection with the fallout of Nassar's actions. A chart identifying the Revocation Lawsuits is attached as <u>Exhibit 2</u> to the Master Claims and Policies List.

22. USAG also must determine its rights under the USAG policies for coverage related to state and federal investigations, internal and independent investigations, criminal actions and criminal investigations, crisis management, its bankruptcy, and the USOC's decertification process ("Specific Coverage Issues"). A chart identifying the Specific Coverage Issues is attached as <u>Exhibit 3</u> to the Master Claims and Policies List.

### The Insurance Policies

23. <u>Exhibit 4</u> of the Master Claims and Policies List includes a chart identifying the USAG policies as well as a copy of each policy and/or evidence of each policy identified at the time of this filing. USAG has added a "MP" Bates' identifier to the bottom right-hand corner of each policy page with consecutive numbering for ease of identifying various provisions in particular policies. USAG will update the Master Claims and Policies List as it identifies additional claims, policies, and/or evidence of additional policies.

24. TIG sold CGL primary, excess and/or umbrella insurance policies to USAG for at least the periods from August 1, 1987 to August 1, 1988, January 1, 1992 to August 1, 1998 and from August 1, 2001 to August 1, 2004 (the "TIG Policies"). The TIG Policies include:

```
8-1-87 to 8-1-88, SSP1229882
8-1-92 to 8-1-93, SSP3503880800
6-1-92 to 6-1-93, SSP35036185
6-1-92 to 6-1-93, SSP35036205
8-1-93 to 8-1-94, SSP3609977000
6-1-93 to 6-1-94, SSP36099761
6-1-93 to 6-1-94, SSP36099764
6-1-94 to 6-1-95, SSP3621154000
8-1-94 to 8-1-95, SSP36212187
8-1-94 to 8-1-95, SSP3621153700
```

6

    8-1-95 to 8-1-96, SSP3624508000
    8-1-95 to 8-1-96, SSP36245084
    6-25-96 to 7-2-96, KLB37391537
    8-1-96 to 8-1-97, SSP37393550
    9-16-96 to 8-1-97, KLB37498134
    8-1-97 to 8-1-98, SSP3739355001
    8-1-97 to 8-1-98, KLB-00037498134-01
    8-1-01 to 8-1-04, T7 0003921762800
    8-1-01 to 8-1-02, KLB003921763000

TIG may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

    25.    CIGNA sold CGL primary, excess and/or umbrella insurance policies to USAG for at least the period from August 1, 1998 to August 1, 2001 (the "CIGNA Policies"). The CIGNA Policies include:

    8-1-98 to 8-1-99, G19421752
    8-1-98 to 8-1-99, XCP G19493805
    8-1-99 to 8-1-00, G19421752 (Renewal)
    8-1-99 to 8-1-00, XCP G20086427
    8-1-00 to 8-1-01, G19421752 (Renewal)
    8-1-00 to 8-1-01, XCP G20125858

CIGNA may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

    26.    Combined Specialty sold CGL primary, excess and/or umbrella insurance policies to USAG for at least the period from August 1, 2002 to August 1, 2004 (the "USAG Combined Specialty Policies"). The USAG Combined Specialty Policies include:

    8-1-02 to 8-1-03, T7 0000000734000
    8-1-03 to 8-1-04, T7 0000000734001

Combined Specialty may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

    27.    Great American sold CGL primary, excess and/or umbrella insurance policies to

USAG for at least the period from August 1, 2002 to August 1, 2007 (the "USAG Great American Policies"). The USAG Great American Policies include:

    8-1-02 to 8-1-03, EXC000591017800
    8-1-03 to 8-1-04, EXC000591017801
    8-1-04 to 8-1-05, PAC0000568846300
    8-1-04 to 8-1-05, EXC00005688847900
    8-1-05 to 8-1-06, PAC0000568846301
    8-1-05 to 8-1-06, EXC00005688847901
    8-1-06 to 8-1-07, PAC0000568846302
    8-1-06 to 8-1-07, EXC00005688847902

Great American may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

28.     National Casualty sold CGL primary, excess and/or umbrella insurance policies to USAG for at least the period from August 1, 2007 to August 1, 2017 (the "USAG National Casualty Policies"). The USAG National Casualty Policies include:

    8-1-07 to 8-1-08, KRO0000000103500
    8-1-07 to 8-1-08, XKO00000000103600
    8-1-07 to 8-1-08, KRO29050
    8-1-08 to 8-1-09, KRO0000000103501
    8-1-08 to 8-1-09, XKO00000000103601
    8-1-09 to 8-1-10, KRO0000000103502
    8-1-09 to 8-1-10, XKO00000000103602
    8-1-10 to 8-1-11, KRO00000001198500
    8-1-10 to 8-1-11, XKO000000001198600
    8-1-11 to 8-1-12, KRO0000002032600
    8-1-11 to 8-1-12, XKO0000002032700
    8-1-12 to 8-1-13, KRO0000002905000
    8-1-12 to 8-1-13, XKO0000002905100
    8-1-13 to 8-1-14, KRO0000003809900
    8-1-13 to 8-1-14, XKO0000003810100
    8-1-14 to 8-1-15, KRO0000004695000
    8-1-14 to 8-1-15, XKO0000004695400
    8-1-15 to 8-1-16, KRO0000005683700
    8-1-15 to 8-1-16, XKO0000005690800
    8-1-16 to 8-1-17, KRO0000006492900
    8-1-16 to 8-1-17, XKO0000006519400

National Casualty may have sold other applicable liability policies to USAG, which will be

8

added to the Master Claims and Policies List.

29. LIU sold D&O liability, employment practices and third party liability, and/or fiduciary liability insurance policies to USAG for at least the period from May 16, 2016 to May 16, 2017 (the "LIU Policies"). The LIU Policies include:

5-16-16 to 5-16-17, DOCHAA5JSQ002

LIU may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

30. RSUI sold D&O liability, employment practices and third party liability, and/or fiduciary liability insurance policies to USAG for at least the period from May 16, 2017 to May 16, 2018 (the "RSUI Policies"). The RSUI Policies include:

5-16-17 to 5-16-18, HP672143

RSUI may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

31. Western World sold D&O liability, employment practices and third party liability, and/or fiduciary liability insurance policies to USAG for at least the period from May 16, 2018 to May 16, 2019 (the "Western World Policies"). The Western World Policies include:

5-16-18 to 5-16-19, NFP1000001

RSUI may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

32. Endurance sold excess D&O liability, employment practices and third party liability, and fiduciary liability insurance policies to USAG for at least the period from May 16, 2018 to May 16, 2019 (the "Endurance Policies"). The Endurance Policies include:

5-16-18 to 5-16-19, DOX10013059500

Endurance may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

33. AIG and/or American Home and/or one of AIG's subsidiaries or affiliates sold liability policies that may provide coverage to USAG. AIG and/or American Home and/or one of AIG's subsidiaries or affiliates may have sold other applicable liability policies to USAG, which will be added to the Master Claims and Policies List.

34. Doe Insurers are insurers unknown to USAG at the time of this filing that sold insurance policies to USAG under which USAG may be covered for the liabilities at issue. These policies will be added to the Master Claims and Policies List as they are identified.

## First Cause of Action

(Declaratory Relief)

35. USAG incorporates by reference the averments of paragraphs 1 through 34 above.

36. An actual controversy exists as to the scope of USAG's rights and Defendant Insurers' obligations under their respective policies for the Underlying Survivor Claims, Revocation Lawsuits, Specific Coverage Issues, and related claims. These include but are not limited to:

   a. controversy regarding defense and indemnity obligations for these various claims under each policy;

   b. controversy regarding which policies respond to which claims;

   c. controversy regarding limits under each policy as it relates to the number of "occurrences";

   d. controversy regarding allocation of damages over multiple years of coverage with multiple "occurrences"; and

10

e. controversy regarding the USAG Insurers' rights and obligations to settle claims in good faith when policy exhaustion may be at issue.

37. All required premiums on the policies have been paid in full. All other pertinent conditions to coverage have been satisfied, excused, or waived.

38. USAG has been damaged by Defendant Insurers' refusal to confirm coverage and satisfy their duty to defend.

39. Declaratory relief will help resolve the dispute between USAG and the Defendant Insurers.

40. Pursuant to Federal Rule of Civil Procedure 57, 28 U.S.C. § 2201, Indiana Trial Rule 57, Ind. Code § 34-14-1-1, and Indiana Trial Rule 57, USAG is entitled to declaratory relief establishing Defendant Insurers' obligations to defend and indemnify them for the Underlying Survivor Claims, Revocation Lawsuits, Specific Coverage Issues, and related claims.

**Second Cause of Action**

(Breach of Insurance Contract)

41. USAG incorporates by reference the averments of paragraphs 1 through 40 above.

42. The USAG Insurance Policies obligate Defendant Insurers to defend and indemnify USAG for the Underlying Survivor Claims, Revocation Lawsuits, Specific Coverage Issues, and related claims.

43. Certain Defendant Insurers have breached their duties to defend by not providing a full defense and/or by not timely and fully reimbursing defense costs.

44. Certain Defendant Insurers' wrongful denial of coverage and/or refusal to confirm they will indemnify USAG is a breach of their obligations to USAG under their respective policies.

45. As a result of certain Defendant Insurers' breaches, USAG has incurred costs, expenses, and damages, including actual and consequential damages arising from the breach and pre-judgment and post-judgment interest on all such damages.

46. USAG is entitled to recover from certain Defendant Insurers all costs, expenses, and damages, including actual and consequential damages arising from Defendant Insurers' breach and pre-judgment and post-judgment interest on all such damages.

THEREFORE, USA Gymnastics requests that the Court enter judgment in its favor and against Defendant Insurers as follows:

1. Declaring that under terms of Defendant Insurers' policies, Defendant Insurers must defend and indemnify USAG with respect to the Underlying Survivor Claims, Revocation Lawsuits, Specific Coverage Issues, and related claims;

2. Declaring which policies respond to which claims;

3. Declaring the available limits under each policy given the number of "occurrences";

4. Declaring what is included in defense costs;

5. Declaring how the insurance proceeds are to be allocated over multiple years of coverage and multiple "occurrences";

6. Declaring the rights and obligations of the Defendant Insurers to settle the various claims in good faith given the possibility of exhausting policies;

7. Finding that certain Defendant Insurers have breached their obligations under their respective policies, and finding Defendant Insurers are required to defend and indemnify USAG for the Underlying Survivor Claims, Revocation Lawsuits, Specific Coverage Issues, and related claims;

8. Ordering Defendant Insurers to pay for all of USAG's actual and consequential damages, costs of this action and attorney's fees incurred in this action, and pre-judgment and post-judgment interest on all such damages; and

9. Award to USAG any additional relief, including any appropriate equitable relief, as the Court may deem just and proper.

Respectfully submitted,

*/s/ Steven A. Baldwin*
PLEWS SHADLEY RACHER & BRAUN LLP
*Attorneys for Plaintiff USA Gymnastics*

George M. Plews
Gregory M. Gotwald
Tonya J. Bond
Steven A. Baldwin
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202-2415
(317) 637-0700
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
sbaldwin@psrb.com

## **CERTIFICATE OF SERVICE**

The foregoing was filed electronically on February 1, 2019. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Dean Panos<br>Melissa M. Root<br>Catherline L. Steege<br>JENNER & BLOCK LLP<br>dpanos@jenner.com<br>mroot@jenner.com<br>csteege@jenner.com<br>*Counsel for Debtor* | Laura A. DuVall<br>Ronald J. Moore<br>Office of U.S. Trustee<br>laura.duvall@usdoj.gov<br>ronald.moore@usdoj.gov<br>*Counsel for U.S. Trustee* |
| Kenneth H. Brown<br>Steven W. Golden<br>Ilan D. Scharf<br>James I. Stang<br>PACHULSKI STANG ZIEHL & JONES LLP<br>kbrown@pszjlaw.com<br>sgolden@pszjlaw.com<br>ischarf@pszjlaw.com<br>jstang@pszjlaw.com<br>*Counsel for Creditor Committee* | Deborah Caruso<br>Meredith R. Theisen<br>RUBIN & LEVIN, P.C.<br>dcaruso@rubin-levin.net<br>mtheisen@rubin-levin.net<br>*Counsel for Creditor Committee* |

A copy was served via U.S. First-Class Mail to Omni Management Group, Inc. at 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367.

*/s/ Steven A. Baldwin*