IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**OBJECTION OF THE ADDITIONAL TORT CLAIMANTS COMMITTEE
OF SEXUAL ABUSE SURVIVORS TO DEBTOR'S APPLICATION
FOR ORDER AUTHORIZING THE DEBTOR TO EMPLOY APCO WORLDWIDE
LLC AS ORDINARY COURSE COMMUNICATIONS ADVISOR PURSUANT
TO 11 U.S.C. § 327(b), EFFECTIVE AS OF THE PETITION DATE**

The Additional Tort Claimants Committee of Sexual Abuse Survivors (the "Sexual Abuse Survivors' Committee"), appointed in this case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby submits this objection to the *Debtor's Application for Order Authorizing the Debtor to Employ APCO Worldwide LLC as Ordinary Course Communications Advisor Pursuant to 11 U.S.C. § 327(b), Effective as of the Petition Date* (the "APCO Application") [Doc 228].[2] In further support of its objection, the Sexual Abuse Survivors' Committee states as follows:

**OBJECTION**

**A.    The APCO Application is Duplicative of the Services
          Already Provided by Omni Management Group**

1.    The APCO Application seeks approval for the Debtor to retain APCO to provide "public notice of the claims bar date, any proposed plan of reorganization and disclosure

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

[2] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Application.

statement and all matters critical to the Debtors' reorganization." [APCO Application, ¶ 10.] However, Omni Management Group ("Omni") is the Court-approved claims and noticing agent in this case and is authorized to perform these exact same services.[3] The engagement agreement between the Debtor and Omni approved by the Omni Order already allows for Omni to provide services relating to "plan and disclosure statement mailings" and "ballot tabulation" at Omni's standard rates, which range from $25 to $135 hour.[4] [*See* Ex. C to Omni Application.] As the Debtor noted in the Omni Application, "Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 case and experience in matters of this size and complexity." [Omni Application, ¶ 12.] As such, the Debtor has already represented that Omni is the entity properly retained to provide such services.

2. However, the Debtor now apparently seeks to retain APCO to perform these exact same services at billing rates between $125 and $425. Not only are these fees significantly higher than Omni's, but there is nothing in the APCO Application to demonstrate that APCO has any experience in providing these services in prior bankruptcies, especially in light of Omni's expertise in complex chapter 7 and 11 cases. As the Debtor noted in the Omni Application, Omni has substantial experience in solicitation and balloting services, is already engaged to

---

[3] *See Order Authorizing the Debtor and Debtor in Possession to Employ Omni Management Group, Inc., as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Effective as of the Petition Dat*e (the "Omni Order") [Doc 63].

[4] *See Application for an Order Authorizing Employment of Omni Management Group, Inc. as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Effective as of the Petition Dat*e (the "Omni Application") [Doc 18], at ¶ 12.

2

provide such services pursuant to the Omni's engagement letter attached to the Omni Application, and is providing these services far more cheaply than APCO would.[5]

3. The APCO Engagement Letter and the Application provide that APCO will also render "communications advice and counsel," although neither document explains exactly what this entails or why an outside consultant is necessary. In addition, the Sexual Abuse Survivors' Committee is unclear why the Debtor, given the panoply of its current advisors and employees requires a communications expert.[6] The Debtor already employs personnel that provide media and communications to the Debtor (per the Debtor's website), including: a Vice President of Communications;[7] a Director of New Media; and a Web Content Manager. One logical inference gleaned by the Sexual Abuse Survivors' Committee is that APCO may be retained assist the Debtor in public relations efforts with regard to sexual abuse survivors (the "Survivors") during this case, including the claims administration and reconciliation process. Given that the Survivors are collectively the overwhelming creditor constituency in this case, the retention of APCO to manage messaging about the Survivors is not appropriate and not a proper use of estate assets.

---

[5] As noted above, Omni's engagement letter provides for services relating the solicitation and balloting services in connection with approval of any disclosure statement and confirmation of any plan. To the extent that the Debtor believes these services fall outside of the scope of the Omni Order, the Debtor should amend the Omni Application to provide for any plan solicitation and balloting services for the reasons argued by the Debtor in the Omni Application and for the reasons set forth in this objection. It makes no sense for any party other than Omni to provide such specialized services, especially in light of Omni's competitive rates and the knowledge that it has already obtained through its participation in this case.

[6] The Debtor's website, under the tab "News" has thousands of media announcements apparently generated without the assistance of an outside consultant.

[7] Upon information and belief, the Vice President of Communications has worked for the Debtor in that position since 2005, including during the time in which Nassar's abuse and the Debtor's responses thereto were the subject of intense media inquiry.

3

4. The Sexual Abuse Survivors' Committee acknowledges that the public's legitimate interest in this case attracts media attention. However, it appears that the Debtor handled such communications in house prior to commencement of the case and should continue doing so.

**B.    Other Impermissible Provisions in the APCO Application**

5. Even if approval of the APCO Application were appropriate under these circumstances (which it is not), the Engagement Letter contains numerous provisions the Court should not approve. The Engagement Letter provides a broad limitation of liability "for any cause of action, whether in contract, tort, or otherwise, <u>even if the party was or should have been aware of the damages</u>." [Engagement Letter, § V, ¶ D (emphasis added).] Thus, APCO could intentionally or negligently commit acts resulting in the damage to the estate or Survivors, yet be insulated from any liability resulting therefrom, even if APCO knew or should have been aware of any such resulting damages. Given the nature of the Survivors' claims in this case and the need for confidentiality regarding the Survivors' claims, this provision is especially egregious and should be stricken.

6. The Sexual Abuse Survivors' Committee also is concerned with several provisions of the Engagement Letter that could result in the public dissemination of confidential information regarding the Survivors and the sexual abuse committed against them. The Engagement Letter only requires APCO to use "commercially reasonable efforts to safeguard all proprietary and other confidential information." [Engagement Letter, § V, ¶ B.] While "commercially reasonable" may be an appropriate standard in other chapter 11 cases, it is not here. Given the heightened level of sensitivity and highly personal nature of the Survivors' claims, APCO must institute appropriate safeguards and protections to ensure that this

4

information does not become public, even if such efforts are beyond what may be "commercially reasonable." Any order approving APCO's retention should clarify that (a) APCO shall not be granted access to claims submitted by Survivors, (b) APCO shall not be authorized access to any information provided by Survivors to the Debtor prior to the Petition Date, and (c) APCO shall not be granted access to confidential information provided by the Sexual Abuse Survivors' Committee to the Debtor.

7. The Engagement Letter also apparently contemplates the use of unknown third party consultants, subcontractors and suppliers with confidential information and purports to limit APCO's liability to "only endeavor in good faith to guard against loss to the Client through the failure of consultants to execute properly their commitments under this Agreement." [Engagement Letter, § V, ¶ F.] These third parties are not disclosed and it is not clear to whom APCO intends to transmit confidential information relating to the Survivors. First, to the extent that APCO or any other party intends to provide confidential information concerning the Survivors, the Sexual Abuse Survivors' Committee must have advance notice and an opportunity to object to any third parties and ensure that appropriate safeguards are implemented to protect the confidentiality of this information. Second, even if the Sexual Abuse Survivors' Committee were to consent to the dissemination of confidential information to any third parties by APCO, APCO must remain responsible for any disclosure or publication of confidential information by any of its contractors or providers. It is not appropriate for APCO to exculpate itself of liability simply because it chooses to use third party contactors.

8. The Engagement Letter also permits APCO to assign its rights and obligations under the Engagement Letter if it is acquired or merged with another entity. [Engagement Letter, § V, ¶ H.] For similar reasons as stated above, this is not appropriate. The Sexual Abuse

5

Survivors' Committee should have an opportunity to object to the Court in the event that APCO intends to delegate its rights to an unknown third party with respect to the handling of any confidential information pertaining to the Survivors.

9. The Debtor has also agreed to allow APCO to terminate the Engagement Letter "at will" upon providing 60 days' notice. [Engagement Letter, § IV.] If APCO's engagement is terminated, then it must take steps to safeguard any confidential information in its possession and ensure its return or destruction independent of any disputes with the Debtor over the termination of the Engagement Letter.

**WHEREFORE**, the Sexual Abuse Survivors' Committee request that the Court deny the APCO Application, and grant such other and further relief the Court deems just and appropriate.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: February 14, 2019

*/s/ James I. Stang*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq. (admitted *pro hac vice*)
Joshua M. Fried, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com
　　　　isharf@pszjlaw.com
　　　　jfried@pszjlaw.com

　　　-and-

RUBIN & LEVIN, P.C.

*/s/ Meredith R. Theisen*
Meredith R. Theisen, Esq.
Deborah J. Caruso, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: dcaruso@rubin-levin.net
　　　　mtheisen@rubin-levin.net

*Counsel for the Sexual Abuse Survivors' Committee*

6

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 14, 2019, a copy of the foregoing *Objection of the Additional Tort Claimants Committee of Sexual Abuse Survivors to Debtor's Application for Order Authorizing the Debtor to Employ APCO Worldwide LLC as Ordinary Course Communications Advisor Pursuant to 11 U.S.C. § 327(b), Effective as of the Petition Date* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Steven Baldwin sbaldwin@psrb.com, rmatthews@psrb.com
Martin Beeler mbeeler@cov.com
Daniel D. Bobilya dan@b-blegal.com, sarah@b-blegal.com
Tonya J. Bond tbond@psrb.com, jscobee@psrb.com
Kenneth H. Brown kbrown@pszjlaw.com
John Cannizzaro john.cannizzaro@icemiller.com, Deborah.Martin@icemiller.com
Deborah Caruso dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Dianne Coffino dcoffino@cov.com
Laura A DuVall Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Steven W Golden sgolden@pszjlaw.com
Manvir Singh Grewal mgrewal@4grewal.com
Katherine Hance khance@goodwin.com
Jeffrey A Hokanson jeff.hokanson@icemiller.com, kathy.peed@icemiller.com
Adam L. Kochenderfer akochenderfer@wolfsonbolton.com
Martha R. Lehman mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Geoffrey M. Miller geoffrey.miller@dentons.com, ndil_ecf@dentons.com
Robert Millner robert.millner@dentons.com, ndil_ecf@dentons.com
James P Moloy jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore Ronald.Moore@usdoj.gov
Whitney L Mosby wmosby@bgdlegal.com, fwolfe@bgdlegal.com
Joel H. Norton jnorton@rsslawoffices.com
Dean Panos dpanos@jenner.com
Amanda Koziura Quick amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov;Hunter.Schubert@atg.in.gov
Michael L. Ralph mralph@rsslawoffices.com
Melissa M. Root mroot@jenner.com, wwilliams@jenner.com
James Pio Ruggeri jruggeri@goodwin.com
Ilan D Scharf ischarf@pszjlaw.com
Thomas C Scherer tscherer@bgdlegal.com, fwolfe@bgdlegal.com
David J. Schwab djschwab@rsslawoffices.com
James I. Stang jstang@pszjlaw.com
Catherine L. Steege csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
Meredith R. Theisen mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net

U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Joshua D Weinberg    jweinberg@goodwin.com
Mark R. Wenzel    mwenzel@salawus.com, pdidandeh@salawus.com
Gabriella B. Zahn-Bielski    gzahnbielski@cov.com

      I hereby further certify that on February 14, 2019, a copy of the foregoing *Objection of the Additional Tort Claimants Committee of Sexual Abuse Survivors to Debtor's Application for Order Authorizing the Debtor to Employ APCO Worldwide LLC as Ordinary Course Communications Advisor Pursuant to 11 U.S.C. § 327(b), Effective as of the Petition Date* was served via electronic mail to the following:

**United States Olympic Committee:**  Chris McCleary at Chris.McCleary@usoc.org
**The Alexander, a Dolce Hotel & Wyndham Hotel Group, LLC:**  Daniel M. Eliades at daniel.eliades@klgates.com and David S. Catuogno at david.catuogno@klgates.com

                                                */s/ Meredith R. Theisen*
                                                Meredith R. Theisen

f:\wp80\genlit\usa gymnastics-86756901\drafts\objection apco employment app - final.docx