UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>**USA Gymnastics**<br><br>Debtor | Case No: 18-09108-RLM-11 |

**Objection To Debtor's Motion For
Order Establishing Deadlines For
Filing Proofs Of Claim And
Approving Form And Manner Of
Notice Thereof**

Kelly Doe, party herein, by counsel (the "Objecting Party") respectfully objects to the *Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Motion") filed on January 31, 2019 [Doc. No. 230] by the Debtor herein, USA Gymnastics (the "Debtor").

BACKGROUND

1. On December 5, 2018 the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

2. On January 31, 2019, the Debtor its Bar Date Motion.

3. Also on January 31, 2019, a *Notice of Motions and Hearing* (the "Notice") was docketed [Doc. No. 231] with respect to the Bar Date Motion advising that objections to the Bar Date Motion are due by "Thursday, February 14, 2019 at 4:00 p.m." (Notice, page 2).

4. This objection is timely filed.

5. In the Bar Date Motion the Debtor asserts that it "has well in excess of 500 creditors. The Majority of these creditors are survivors of sexual abuse" (Bar Date Motion ¶7).

6. In the Bar Date Motion, the Debtor requests that the Court fix April 26, 2019 at 4:00 p.m. prevailing Eastern time as the deadline to file a proof of claim based upon a Sexual Abuse Claim (as defined in the Bar Date Motion). The Debtors defines this as the Sexual Abuse Claims Bar Date. Further, anyone asserting a Sexual Abuse Claim must use the Sexual Abuse Proof of Claim Form

(as defined in the Bar Date Motion, such form being attached to the Bar Date Motion as Exhibit C).

7. Finally, according to the Bar Date Motion, any party that does not use the Sexual Abuse Proof fo Claim Form to assert a Sexual Abuse Claim is forever barred (". . . Sexual Abuse Claims shall be submitted on a Sexual Abuse Proof of Claim Form") (Bar Date Motion, Exhibit A, ¶ 10).

8. The Objecting Party is a party in interest and creditor herein, who will assert a Sexual Abuse Claim on behalf of herself. She will also be a potential lead plaintiff for a class of similar claimants in this case.

### THE DEBTOR SEEKS TO IMPROPERLY FORECLOSE THE OPPORTUNITY TO FILE A CLASS PROOF OF CLAIM

9. Through their efforts in a civil action against the Debtor prior to the Petition Date, undersigned counsel learned of over 50 coaches, officials, volunteers, and administrators that have raped children while serving Debtor in various capacities. A class action would seek to protect the claims of hundreds if not thousands of discernible child and adult victims of at least 50 coaches (other than Larry Nassar), officials, employees/agents, and volunteers of the Debtor.

10. Discovery of such information has been obtained from the very records of the Debtor, yet the Debtor failed to list such claimants in its schedules, despite possession of such information.

11. The Seventh Circuit permits class action adversary proceeds and class proofs-of-claim to be filed. *In re American Reserve Corp.* 840 F.2d 487 (7th Cir. 1988) ("[t]he class proof of claim may be essential to discover what the bankrupt's entire debts are, and therefore who should be paid what" 840 F.2d 490).

12. The Objecting party may file either a class adversary, class proof of claim or both. Either appears to be contemplated by the Bankruptcy Rule 7023, which provides that Rule 23 F.R.Civ.P. [Class Actions] applies in adversary proceedings.

13. A class proof of claim may be a vital and necessary mechanism in this case to resolve the claims of Survivors (as defined in the Bar Date Motion) not listed on the schedules for some reason, but mostly known in the records of the Debtor (and some some unknown as well).

14. Objecting Party has no general objection to the Bar Date Motion and supports the general claims determination process as outlined in the motion; however, Objecting Party objects to the Bar Date Motion to the extent that it would disallow a class proof of claim to be filed.

### THE PROPOSED SEXUAL ABUSE CLAIMS BAR DATE IS TOO SOON

15. Objecting Party believes there may be thousands of Survivors known to Debtors—contained in Debtor's records—yet not listed on Debtors' schedules.

16. If this is indeed the case, any notice of claims bar date at this point would be constitutional inadequate.

17. The Debtor should be ordered to undertake an effort to seek those names and list the Survivors in its own records and then add them as creditors on its schedules and provide appropriate notice to the added creditors.

18. Only after that process has been completed should the Sexual Abuse Bar Date be set.

### REQUEST FOR RELIEF

The Objecting Party requests this Court sustain its objections to permit the filing of a class proof of claim form and that the Sexual Abuse Claims Bar Date not be set until such time as the Debtors have reviewed their records and listed all Survivors and serviced notice on such added parties and granting all other just and proper relief.

Respectfully submitted,

HESTER BAKER KREBS LLC

*/s/ Jeffrey M. Hester*
Jeffrey M. Hester
Suite 1600
One Indiana Square
211 N. Pennsylvania Street
Indianapolis, IN 46204
jhester@hbkfirm.com
317.608.1129 direct
317.833.3031 fax

SAEED AND LITTLE

*/s/ Jonathan C. Little*
Jonathan C. Little
Syed Ali Saeed
18 West Vermont St.
Indianapolis, IN 46202
jon@sllawfirm.com
ali@sllawfirm.com
317.721.9214

**Certificate Of Service**

I hereby certify that on February 14, 2019, a copy of the foregoing Objection was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- **Steven Baldwin** sbaldwin@psrb.com rmatthews@psrb.com
- **Martin Beeler** mbeeler@cov.com
- **Daniel D. Bobilya** dan@b-blegal.com sarah@b-blegal.com
- **Tonya J. Bond** tbond@psrb.com jscobee@psrb.com
- **Kenneth H. Brown** kbrown@pszjlaw.com
- **James P. Moloy** dlingenfelter@boselaw.com mwakefield@boselaw.com
- **Ronald J. Moore** Ronald.Moore@usdoj.gov
- **Whitney L Mosby** wmosby@bgdlegal.com fwolfe@bgdlegal.com
- **Joel H. Norton** jnorton@rsslawoffices.com
- **Dean Panos** dpanos@jenner.com
- **John Cannizzaro** john.cannizzaro@icemiller.com Deborah.Martin@icemiller.com
- **Deborah Caruso** dcaruso@rubin-levin.net dwright@rubin-levin.net jkrichbaum@rubin-levin.net atty_dcaruso@bluestylus.com
- **Dianne Coffino** dcoffino@cov.com
- **Laura A DuVall** Laura.Duvall@usdoj.gov Catherine.henderson@usdoj.gov
- **Steven W Golden** sgolden@pszjlaw.com lcanty@pszjlaw.com
- **Manvir Singh Grewal** mgrewal@4grewal.com
- **Katherine Hance** khance@goodwin.com
- **Jeffrey A Hokanson** jeff.hokanson@icemiller.com Kathy.peed@icemiller.com
- **Adam L. Kochenderfer** akochenderfer@wolfsonbolton.com
- **Martha R. Lehman** mlehman@salawus.com marthalehman87@gmail.com pdidandeh@salawus.com lengle@salawus.com
- **Geoffrey M. Miller** geoffrey.miller@dentons.com ndil_ecf@dentons.com
- **Amanda Koziura** Quick amanda.quick@atg.in.gov Darlene.Greenley@atg.in.gov
- **Michael L. Ralph** mralph@rsslawoffices.com
- **Melissa M. Root** mroot@jenner.com wwilliams@jenner.com
- **James Pio Ruggeri** jruggeri@goodwin.com
- **Ilan D Scharf** ischarf@pszjlaw.com
- **Thomas C Scherer** tscherer@bgdlegal.com fwolfe@bgdlegal.com
- **David J. Schwab** djschwab@rsslawoffices.com
- **James I. Stang** jstang@pszjlaw.com
- **Catherine L. Steege** csteege@jenner.com mhinds@jenner.com thooker@jenner.com
- **Meredith R. Theisen** mtheisen@rubin-levin.net atty_mtheisen@bluestylus.com mralph@rubin-levin.net
- **U.S. Trustee** ustpregion10.in.ecf@usdoj.gov

- **Joshua D Weinberg** jweinberg@goodwin.com
- **Robert Millner** Robert.millner@dentons.com Ndil_ecf@dentons.com
- **Mark R. Wenzel** mwenzel@salawus.com pdidandeh@salawus.com
- **Gabriella B. Zahn-Bielski** gzahnbielski@cov.com

*/s/ Jeffrey M. Hester*
Jeffrey M. Hester