IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: <br><br> USA GYMNASTICS,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-09108-RLM-11 |

**OBJECTION OF THE ADDITIONAL TORT CLAIMANTS
COMMITTEE OF SEXUAL ABUSE SURVIVORS TO DEBTOR'S
MOTION FOR ORDER AUTHORIZING THE DEBTOR TO ASSUME
EXECUTORY CONTRACT WITH SPENCER STUART PURSUANT TO 11 U.S.C. § 365**

The Additional Tort Claimants Committee of Sexual Abuse Survivors (the "Sexual Abuse Survivors' Committee"), appointed in this case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby submits this objection to the *Debtor's Motion for Order Authorizing the Debtor to Assume Executory Contract with Spencer Stuart Pursuant to 11 U.S.C. § 365* (the "Motion") [Doc 223].[2] In further support of its objection, the Sexual Abuse Survivors' Committee states as follows:

**PRELIMINARY STATEMENT**

1.  The Sexual Abuse Survivors' Committee objects to assumption of the Spencer Stuart Contract because the Debtor has not demonstrated that assumption is within its business judgment. The Motion does not disclose whether a chief executive officer ("CEO") has been selected or the efforts actually undertaken by Spencer Stuart to select a CEO. Without disclosing

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

[2] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Motion.

this information, the Debtor cannot demonstrate that it is exercising its business judgment in assuming the contract.[3]  Spencer Stuart is a reputable firm.  However, the Debtor must show the Court that it is properly exercising its business judgment by disclosing the status of the search process.[4]  This information is pertinent as the Debtor continues to pay two firms for interim management and, as the Debtor testified at the first meeting of creditors conducted on February 7, 2019, has four directors who collectively are filling the role of the chief executive officer.

## OBJECTION

**A.     Legal Standard**

2.     Before this Court can approve assumption of the Spencer Stuart Contract, it must conclude, at a minimum, that assumption reflects the proper business judgment of the Debtor.  *In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 462-64 (Bankr. S.D.N.Y. 2014); *In re Decora Indus.*, 2002 Bankr. LEXIS 27031, at *22-23 (D. Del. May 20, 2002).  The relevant test is whether assumption of the contract will benefit the estate.  *Genco*, 509 B.R. at 463.  Although the business judgment rule is traditionally deferential, it is not without limits.  *In re Innkeepers USA Trust*, 442 B.R. 227, 236 (Bankr. S.D.N.Y. 2010) (finding debtors had not articulated a sufficient business justification for a plan support agreement).

3.     In order to justify the assumption of the Spencer Stuart Contract, the Debtor must show at a minimum that such assumption is supported by its sound business judgment, which

---

[3] The Sexual Abuse Survivors' Committee requested information about the undisclosed costs of assuming the Spencer Stuart Contract, and understands that in addition to the $83,334 of payments due under the contract, Spencer Stuart will (a) be paid approximately $12,500 of administrative costs and expense reimbursement and (b) not be paid a discretionary bonus without further order of the Court.  Based on that information, the Sexual Abuse Survivors' Committee does not object to the economics of the assumption.

[4] The Debtor has not provided this information to the Sexual Abuse Survivors' Committee because the parties still are negotiating a confidentiality agreement.  In the Motion, the Debtor states that the selection process is close to completion but provides no other information about the status of the search, *e.g.* how many finalists have been identified, has a candidate received an offer and what process remains before announcing the hiring.

2

judgment must be exercised fairly, and without prejudice to parties in interest. *See In re Nortel Networks, Inc.*, 2011 Bankr. LEXIS 3971, at *21 (Bankr. D. Del. July 11, 2011) (finding that assumption and assignment of contracts was "in the best interests of the Debtors, their estates, their creditors, and all parties in interest"); *Trak Auto Corp. v. Ramco-Gershenson (In re Trak Auto Corp.)*, 2002 Bankr. LEXIS 938, at *6 (Bankr. E.D. Va. Jan. 9, 2002) (court must "evaluate debtor's business judgment by considering the impact of the debtor's decision on a variety of parties as well as the impact on debtor's estate").

**B.** **Discussion**

4. The Motion is devoid of any evidence demonstrating that assumption of the Spencer Stuart Contract is a proper exercise of the Debtor's business judgement. No declaration was filed with the Motion and there is no evidentiary basis to grant it. The only statement regarding the search process is that "USAG has been working closely with Spencer Stuart over the last four months and is close to completing (subject to this Court's approval) its Chief Executive Officer candidate selection process with Spencer Stuart." [Motion, ¶ 5.]

5. The Spencer Stuart Contract requires the Debtor to prepay Spencer Stuart $125,000 to conduct an executive search for a replacement CEO. As a gating issue, the Debtor should disclose whether it has already retained or selected a CEO candidate.[5] If it has or if Spencer Stuart has completed its role in the recruiting process, there is no reason to assume the Spencer Stuart Contract and cure the remaining $83,334 due under the agreement because there is nothing left for Spencer Stuart to do. If it has not, then the Debtor must demonstrate that

---

[5] Despite inquires, the Sexual Abuse Survivors' Committee does not know whether the Debtor has selected a new CEO.

3

Spencer Stuart is likely to succeed in its task before incurring the cost of continuing under the Spencer Stuart Contract.

6.  The Debtor must prepay the entire fee owed to Spencer Stuart <u>prior to the selection of a CEO candidate</u> effectively giving it an exclusive listing agreement. Spencer Stuart apparently is not required to refund this payment if the Debtor does not hire any CEO based on Spencer Stuart's efforts. The Debtor should only agree to pay a fee to a search firm that actually assists its hiring of a CEO.

7.  The only justification described in the Motion in favor of assumption of the Spencer Stuart Contact is that the Debtor will have to "restart the search, wasting time and resources already expended to find a qualified candidate." [Motion, ¶ 11.] The Spencer Stuart Contract is dated as of October 3, 2018, but the Motion is silent about the efforts, if any, made by Spencer Stuart to date in recruiting a CEO candidate and what search efforts would presumably be wasted in the relatively short period of time that Spencer Stuart was engaged. The Debtor disclosed background information regarding the search to the Sexual Abuse Survivors' Committee, including which members of the board are involved in the search, Spencer Stuart's efforts to understand the requirements for a CEO candidate, and the number of candidates interviewed. However, the Debtor has not disclosed the current status of the search. The Debtor should disclose the information it provided to the Sexual Abuse Survivors' Committee, as well as (a) whether the Debtor has extended an offer to a candidate, and (b) the status of any offer, including without limitation whether the candidate has accepted, will accept pending assumption of the Spencer Stuart Contract, will receive the offer from Spencer Stuart pending assumption of the Spencer Stuart Contract or has rejected the offer. The Motion makes none of these basic disclosures in asking the Court to approve the Motion.

8.      The assumption of the Spencer Stuart Contract contains additional burdens that would run with the assumed contract. If the Debtor suspends the CEO search for more than 90 days, Spencer Stuart may consider its obligations as satisfied and its fees earned. Any re-engagement after the 90 day period would require another engagement agreement and, presumably, another fee payable to Spencer Stuart. [*See* Spencer Stuart Contract, p. 7 at ¶ 2.] As such, the Debtor should disclose where it is in the process in order to allow the Court to determine that it is exercising its business judgment and not merely committing to pay approximately $95,000 in a futile effort.

9.      The Sexual Abuse Survivors' Committee submits that the Debtor has not met its legal or evidentiary burden required to assume the Spencer Stuart Contract and requests that the Motion be denied.

**WHEREFORE**, the Sexual Abuse Survivors' Committee request that the Court deny the requested relief in the Motion, and grant such other and further relief the Court deems just and appropriate.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: February 14, 2019

*/s/ James I. Stang*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq. (admitted *pro hac vice*)
Joshua M. Fried, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com
          isharf@pszjlaw.com
          jfried@pszjlaw.com

-and-

5

RUBIN & LEVIN, P.C.

*/s/ Meredith R. Theisen*
Meredith R. Theisen, Esq.
Deborah J. Caruso, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: dcaruso@rubin-levin.net
         mtheisen@rubin-levin.net

*Counsel for the Sexual Abuse Survivors' Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2019, a copy of the foregoing *Objection of the Additional Tort Claimants Committee of Sexual Abuse Survivors to Debtor's Motion for Order Authorizing the Debtor to Assume Executory Contract with Spencer Stuart Pursuant to 11 U.S.C. § 365* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Steven Baldwin    sbaldwin@psrb.com, rmatthews@psrb.com
Martin Beeler    mbeeler@cov.com
Daniel D. Bobilya    dan@b-blegal.com, sarah@b-blegal.com
Tonya J. Bond    tbond@psrb.com, jscobee@psrb.com
Kenneth H. Brown    kbrown@pszjlaw.com
John Cannizzaro    john.cannizzaro@icemiller.com, Deborah.Martin@icemiller.com
Deborah Caruso    dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Dianne Coffino    dcoffino@cov.com
Laura A DuVall    Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Steven W Golden    sgolden@pszjlaw.com
Manvir Singh Grewal    mgrewal@4grewal.com
Katherine Hance    khance@goodwin.com
Jeffrey M. Hester    jhester@hbkfirm.com, mhetser@hbkfirm.com
Jeffrey A Hokanson    jeff.hokanson@icemiller.com, kathy.peed@icemiller.com
Adam L. Kochenderfer    akochenderfer@wolfsonbolton.com
Martha R. Lehman    mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Geoffrey M. Miller    geoffrey.miller@dentons.com, ndil_ecf@dentons.com
Robert Millner    robert.millner@dentons.com, ndil_ecf@dentons.com
James P Moloy    jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore    Ronald.Moore@usdoj.gov
Whitney L Mosby    wmosby@bgdlegal.com, fwolfe@bgdlegal.com

Joel H. Norton    jnorton@rsslawoffices.com
Dean Panos    dpanos@jenner.com
Amanda Koziura Quick    amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov;Hunter.Schubert@atg.in.gov
Michael L. Ralph    mralph@rsslawoffices.com
Melissa M. Root    mroot@jenner.com, wwilliams@jenner.com
James Pio Ruggeri    jruggeri@goodwin.com
Syed Ali Saeed    ali@sllawfirm.com, betty@sllawfirm.com
Ilan D Scharf    ischarf@pszjlaw.com
Thomas C Scherer    tscherer@bgdlegal.com, fwolfe@bgdlegal.com
David J. Schwab    djschwab@rsslawoffices.com
James I. Stang    jstang@pszjlaw.com
Catherine L. Steege    csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
Meredith R. Theisen    mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Joshua D Weinberg    jweinberg@goodwin.com
Mark R. Wenzel    mwenzel@salawus.com, pdidandeh@salawus.com
Gabriella B. Zahn-Bielski    gzahnbielski@cov.com

I hereby further certify that on February 14, 2019, a copy of the foregoing *Objection of the Additional Tort Claimants Committee of Sexual Abuse Survivors to Debtor's Motion for Order Authorizing the Debtor to Assume Executory Contract with Spencer Stuart Pursuant to 11 U.S.C. § 365* was served via electronic mail to the following:

**United States Olympic Committee:**  Chris McCleary at Chris.McCleary@usoc.org
**The Alexander, a Dolce Hotel & Wyndham Hotel Group, LLC:**  Daniel M. Eliades at daniel.eliades@klgates.com and David S. Catuogno at david.catuogno@klgates.com

*/s/ Meredith R. Theisen*
Meredith R. Theisen

f:\wp80\genlit\usa gymnastics-86756901\drafts\objection spencer stuart motion - final.docx