# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**OBJECTION OF THE ADDITIONAL TORT CLAIMANTS COMMITTEE OF SEXUAL ABUSE SURVIVORS TO DEBTOR'S MOTION FOR ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

The Additional Tort Claimants Committee of Sexual Abuse Survivors (the "Sexual Abuse Survivors' Committee"), appointed in this case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby submits this objection to the *Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Motion") [Doc 230].[2] In further support of its objection, the Sexual Abuse Survivors' Committee states as follows:

## PRELIMINARY STATEMENT

1. The Sexual Abuse Survivors' Committee supports the need for a bar date and notice of claims to Survivors and other creditors. However, the Sexual Abuse Survivors' Committee objects to the Motion on the following basis:

2. **First**, the Debtor's proposed Sexual Abuse Proof of Claim Form is overly-complicated and impermissibly expands the scope of information required for Survivors to assert

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

[2] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Motion.

a *prima facie* tort-based proof of claim against the Debtor. The Court should approve a more streamlined proof of claim form attached as **Exhibit A** hereto (the "Accessible Proof of Claim Form"). The Accessible Proof of Claim Form is modeled on forms approved in other national cases involving sexual abuse and avoids the problems and defects contained in the Debtor's proposed Sexual Abuse Proof of Claim Form.

3. Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires that a proof of claim form "conform substantially to the appropriate official form." However, the Motion eviscerates the requirements of Rule 3001 in favor of a lengthy and confusing form of interrogatories requiring the disclosure of sensitive and personal information that has no relevance to the existence of the substantive claim. In summary, the information required by the Debtor goes beyond the scope of information required to submit a claim, seeks intrusive details intended to elicit defenses against the claims, requires legal conclusions that may be complicated or unanswerable by a *pro se* claimant, and sends a message that the form is limited to claims of survivors of abuse by Larry Nassar. All of this extraneous information either has no nexus to the abuse claims committed under the auspices of the Debtor, or goes far beyond the information required under the Bankruptcy Rules and what has been approved in prior bankruptcy proceedings involving sexual abuse claims.

4. The excessive information required under the Debtor's proposed Sexual Abuse Proof of Claim Form is a mechanism to either obtain preliminary discovery for use in future objections to the Survivors' claims, or to enable the Debtor to move to disallow the claim as "not properly filed" if a Survivor does not complete any of the thirteen pages of questions contained

in the Debtor's proposed Sexual Abuse Proof of Claim Form.[3] If it is the former, it opens up the case to multiple requests for relief from stay to, at the very least, resume plaintiffs' discovery in the prepetition abuse suits.

5. The Sexual Abuse Survivors' Committee knows that many potential Sexual Abuse Claimants have already completed a questionnaire in the Michigan State University mediation that is substantially identical to the proposed Sexual Abuse Proof of Claim Form – in fact, some members of the Sexual Abuse Survivors' Committee provided those very forms to the Debtor and its insurers in that mediation. However, the Debtor seeks to impose the proposed Sexual Abuse Proof of Claim Form on all other Survivors, including those not represented by counsel at this stage of the case and well-before a consensual mediation has been discussed or scheduled. Any assertion by the Debtor or its insurers that a mediated settlement is dependent on access to the information in the proposed Sexual Abuse Proof of Claim Form is belied by the fact that all of the Catholic Church-related bankruptcies were resolved through settlement (not a single cram down plan) and that almost all of those cases used forms substantially similar to the Accessible Proof of Claim Form.

6. **Second**, the Debtor proposes to provide direct notice to Survivors who have informed the Debtor of sexual abuse. However, based on the Sexual Abuse Survivors' Committee and its members' examinations of the Debtor's representative at the first meeting of creditors conducted on February 7, 2019 (the "341 Meeting"), the Debtor apparently has not

---

[3] By way of example, the proposed Sexual Abuse Proof of Claim Form requires Survivors to list their educational and work history, the Survivors' settlements with third parties, salary information and prior work history, and any affiliation with Michigan State University (which is not even a debtor in these proceedings). The Debtor's proposed form also requires the Survivors to make legal conclusions regarding the Debtor's responsibility for individuals who committed sexual abuse, which may be offensively used by the Debtor against the Survivors in any claims allowance litigation. This question also requires Survivors to recall, at this early stage of the claims process, the detail of each and every incident of sexual abuse committed against them, even though childhood sexual abuse survivors typically have difficulty recalling or disclosing details of their abuse when they first report the abuse.

3

conducted a thorough review of its files to identify Survivors who have previously reported sexual abuse to the Debtor.  Notably, the Debtor's representative <u>was unaware of the existence of 54 files in the Debtor's custody and control identifying alleged sexual abusers</u> (and likely identifying Survivors or other reporting parties).  The Debtor's representative was also unaware of the identity of Survivors who reported abuse by individuals identified in the Debtor's own lists of approximately 180 "Permanently Ineligible Members" and approximately 30 "Suspended Members."  The Court should direct the Debtor to certify that it has reviewed such files and provided direct notice to all individuals who asserted to the Debtor that they had been abused.  In addition, the Debtor should provide direct notice to all individuals whose abuse was reported to the Debtor by any third party.[4]

7. The Sexual Abuse Survivors' Committee provided comments to the Debtor prior to filing this objection and understands that, as a result of those comments, the Debtor will revise the General Bar Date Notice, the Sexual Abuse Claims Bar Date Notice and the Publication Notice (collectively, the "<u>Notices</u>") and the proposed Sexual Abuse Proof of Claim Form to direct holders of tort claims that are not Sexual Abuse (*e.g*., emotional abuse or non-sexual physical abuse) to submit their claims on the form used for general unsecured claims as set forth in Official Form 410.

8. Also based the comments from the Sexual Abuse Survivors' Committee, the Debtor will provide publication notice through social media, publications and other channels listed on **Exhibit B** hereto.

---

[4] The Ropes & Gray Report states that historically the Debtor would not act upon an abuse complaint lodged by someone other than the survivor.

**OBJECTION**

A. **The Court Should Approve the Accessible Proof of Claim Form Instead of the Debtor's Proposed Sexual Abuse Proof of Claim Form**

9. The proposed Sexual Abuse Proof of Claim Form is overly-complicated and requires detailed information well beyond that which is necessary to understand the amount, nature and facts of sexual abuse claims against the Debtor. The Debtor proposes a form that is thirteen pages long and contains approximately 55 questions that ask for highly detailed and often irrelevant information. The scope of questions is akin to interrogatories served by a defendant in a tort case rather than the proof of claim form required by Bankruptcy Rule 3001. Notably, the scope of intrusive questions in an interrogatory would be subject to objection by a claimant, whereas claimants cannot object to the scope of questions on the form and risk having their claim disallowed at the outset by failure to provide the requested information.

10. The litany of extraneous information requested in the proposed Sexual Abuse Proof of Claim Form is not only onerous and burdensome, it is irrelevant to determining Survivors' claims and will have a chilling effect on Survivors' willingness to provide sensitive and personal information. The proposed Sexual Abuse Proof of Claim Form requests extensive background information, all of which are onerous, overly detailed, highly personal, and irrelevant. Such inquiries go far and beyond what other chapter 11 cases filed to address sexual abuse have required. Attached hereto as **Exhibit C** is a list of specific objections to particular questions in the proposed Sexual Abuse Proof of Claim Form. In general, the proposed form is objectionable for the following reasons:

  a. **Information Regarding the Survivors' Employment, Educational and Work History.** The proposed Sexual Abuse Proof of Claim Form requires Survivors to provide (a) their educational history, including all school attended, degrees obtained and date of graduation; (b) the Survivors' current employers and current salary; and (c) work history, including all former places of employment, positions

held and approximate dates of employment. [*See* Motion, Ex. C, p. 4.] This information, and especially the level of detail demanded, is irrelevant to the facts surrounding the sexual abuse. Instead, the information clearly seeks information regarding defenses to damages. This is an issue that should be addressed during the claims reconciliation process, not as a requirement to complete a proof of claim.

b. **Sexual Abuse Claimants' Other Actions and Settlements.** The proposed Sexual Abuse Proof of Claim Form seeks information regarding prior settlements of sexual abuse. [*See* Motion, Ex. C, p. 5.] This is a thinly-disguised attempt by the Debtor to obtain discovery regarding potential setoffs and to attempt to divide and conquer among Survivors who either did or did not receive settlements from third parties. It is abundantly clear that no Survivor will ever be fully compensated for the abuse suffered and no claimant is likely to receive the full amount of its damages through a settlement with a third party. Thus, the Court should not allow the Debtor to fish for information regarding settlements received from third parties as a gating condition to file a proof of claim.

c. **Limitation to Larry Nassar.** The proposed Sexual Abuse Proof of Claim Form identifies only one specific abuser – Larry Nassar. However, the Debtor is aware of claims of sexual abuse against individuals other than Larry Nassar, *e.g*. one member of the Sexual Abuse Survivors' Committee is not a Nassar survivor. The Debtor has 54 files regarding the claims of sexual misconduct that occurred between 1996 and 2006.[5] In addition, Debtor has identified approximately 180 individuals as permanently ineligible and approximately 30 individuals as suspended.[6] Thus, Nassar is not the only sexual abuser known to the Debtor. Highlighting a single abuser gives Survivors of non-Nassar abuse the impression that the Sexual Abuse Proof of Claim Form does not apply to them. Instead, the form should simply ask the Survivor to identify his or her abuser.

d. **Michigan State University Affiliation.** The proposed form asks for information regarding Survivors' affiliation with Michigan State University ("MSU") and participation in MSU-sponsored programs. [*See* Motion, Ex. C, p. 6.] MSU is not a debtor in this proceeding. The Motion provides no explanation why a

---

[5] *See* https://www.indystar.com/story/news/investigations/2016/08/04/usa-gymnastics-sex-abuse-protected-coaches/85829732/ ("In fact, the organization compiled confidential sexual misconduct complaint files about 54 coaches over a 10-year period from 1996 to 2006, court records show. It's unclear which, if any, of the complaints in those files were reported to authorities. It's also unclear how many files have been added since 2006.") (visited on February 15, 2019).

[6] *See* https://usagym.org/pages/aboutus/pages/suspended_members.html and https://usagym.org/pages/aboutus/pages/permanently_ineligible_members.html (last visited on February 15, 2019). The Sexual Abuse Survivors' Committee recognizes that members may be suspended or declared permanently ineligible for reasons other than sexual abuse. However, the Sexual Abuse Survivor's Committee notes that a majority of the individuals listed on the Debtor's website as ineligible or suspended have violated bylaws related to sexual abuse.

Survivor's attendance, participation or affiliation with MSU is relevant to the sexual abuse claims against the Debtor. Moreover, a Survivor may be unaware of whether they attended an MSU-sponsored event or whether any event may have been affiliated with MSU. Similar to the issues with only listing Nassar on the form, identifying MSU on the form gives Survivors the impression that only MSU- sponsored or affiliated events are the relevant venues at which sexual abuse may have occurred.

e. **Confusing and Technical Legal Terms.** The proposed Sexual Abuse Proof of Claim Form contains complicated and technical legal terms that may be the subject of debate between learned and experienced counsel, much less answerable by non-lawyers. For example, the form asks a series of questions about affiliations with USAG, affiliations with USAG member gyms, persons with whom USAG is affiliated, and USAG member coaches. This terminology also contains pitfalls for Survivors because it calls for them to draw legal and factual conclusions. What is a USAG member gym? How is the term "affiliated" defined? These questions are onerous and may dissuade a Survivor from coming forward and are beyond the scope of information required to state a claim against the Debtor. The proposed form also uses euphemisms and undefined terms to refer to sexual abuse, despite the fact that "Sexual Abuse" is a defined term in the form. The form requests information about "assault," "wrongful misconduct" and "inappropriate touch[ing]". These terms are technical and legal. A *pro se* Survivor – or even counsel attempting to parse through the form – could be confused by the use of undefined terms that (a) differ from the use of the defined term Sexual Abuse and (b) encompass acts beyond the scope of Sexual Abuse (as defined in the form). Notably, all of these terms include acts that are not Sexual Abuse.

f. **Requests for Medical Information.** The request to obtain information on a Survivor's medical history is also irrelevant to the existence of the Survivor's prima facie claim and would require the Survivor to divulge private medical information that has nothing to do with any sexual abuse claim. [*See* Motion, Ex. C, p.7.] Survivors should not be burdened with having to recite the litany of all of their medical treatments, or whether they "received treatment from any other doctor or medical professional" during the time they were treated by Nassar. The request is also overly burdensome. As worded, this question would require the disclosure of medical professionals who performed annual checkups, treatment for a sickness or a disease, or simply having received a flu shot from an unknown pharmacist at a local drug store.

g. **Particulars of Alleged Abuse.** The series of questions on the particular abuse are confusing and go beyond requiring the Survivor to provide information to support his or her claim. [*See* Motion, Ex. C, p 8.] These questions either require the Survivor to formulate legal conclusions on acts committed by Nassar or the Debtor or require the Survivor to remember the exact amount of times and incidents in which he or she was sexually abused. For example, "Do you believe

you were assaulted by Nassar" requires the Survivor to reach a legal conclusion on the definition of assault. "Do you believe you were assaulted by a person form USAG is allegedly responsible other than Nassar" and questions on the Debtor's "responsibility" require the Survivor to issue a legal conclusion on the scope of the Debtor's liability for the acts of its coaches, trainers, therapist, volunteers or the Debtor's employees.

h. **Damages.** The series of questions concerning damages are confusing and may require medical conclusions or input from medical professionals concerning "diagnosis and treatment plans" or legal conclusions concerning the Debtor's "responsibility" and "damages." This section is burdensome and not relevant to the facts of the abuse. Rather, it goes to damages and defenses. It should be replaced entirely by a less confusing question as proposed on the Accessible Proof of Claim Form.

i. **Personal Background Information.** The detailed questions regarding Survivors' background information should be stricken. [*See* Motion, Ex. C, p. 12.] This section is overbroad and is clearly an effort by the Debtor to obtain discovery for defenses to any claims asserted by Survivors. A Survivor having received "mental treatment for reasons unrelated to Nassar or any other person for whom USAG is allegedly responsible" or being "the survivor of abuse unrelated to Nassar or any other person for whom USAG is allegedly responsible" is irrelevant to the Survivor's actual claim and is another discovery mechanism for the Debtor to fish for defenses to the Survivor's claims by arguing that the Debtor is not responsible for the sexual abuse committed by Nassar or the Debtor's affiliates. These questions also inappropriately require the Survivor to posit legal conclusions on the Debtor's "alleged" responsibility.

j. **Questions About the Abuse Appear to Shift Blame to Survivors.** Certain questions appear to be designed to shift blame for the sexual abuse to the Survivors. For example, "When and how did you first come to believe that Nassar, or any other person at USAG is allegedly responsible (including without limitation, a coach, therapist, volunteer, or USAG employee) had touched you inappropriately" has no relevance to whether the Survivor was sexually abused, and appear geared toward blaming the Survivor for continuing treatment with Nassar if he or she "knew" that Nassar touched them inappropriately, yet continued to seek treatment from him. This section should be entirely replaced by a simpler question that has been used in other abuse cases as set forth the Accessible Proof of Claim Form.

k. **Questions About Every Incidence of Abuse Are Inappropriate.** The proposed form asks Survivors to recount the number of occasions of abuse, the locations of the abuse, whether the abuse occurred at events involved MSU or the Debtor's affiliates, whether any other person witnessed the abuse, whether the abuse was reported, and the nature of the abuse. Aside from the legal conclusions the Survivor is required to formulate, it may be impossible to require the Survivor to

8

specifically recall each and every time he or she was sexually abused, especially if the Survivor was not aware that he or she was being abused at the time of the abuse. The Debtor is also aware that Nassar abused certain Survivors hundreds (and perhaps thousands) of times at multiple locations. Even if the Survivor is somehow able to recall each and every instance of sexual abuse, it may be impossible for the Survivor to document every incident and explain the circumstances surrounding those incidents. This information is also an unnecessary requirement to complete a proof of claim form and the questions are riddled with pitfalls for Survivors, who may first be grappling with their abuse at the same time they are required to fill out the proof of claim form.

11. Notably, the Debtor tacitly acknowledges that a shorter form is appropriate when asking Survivors to report sexual abuse, because the Debtor's website directs parties to report sexual abuse through a link to a SafeSport website that provides a short form.[7] A true and correct copy of SafeSport's form is attached as **Exhibit D** hereto.

12. In other cases filed to address sexual abuse claims, courts have approved much simpler proof of claim forms substantially similar to the Accessible Proof of Claim Form and notably, these are the very same courts cited by the Debtor for the precedent that a specialized form should be used. *See, e.g., In re The Roman Catholic Bishop of Stockton*, No. 14-20371-C-11 (Bankr. E.D. Cal. May 8, 2014) (Doc 262, Ex. D) (approving sexual abuse proof of claim form that does not request such extensive background information); *In re Roman Catholic Church Diocese of Gallup*, No. 13-13676-t11 (Bankr. D.N.M. Apr. 11, 2014) (Doc 218) (same); *The Christian Bros' Institute, et al.*, Case No. 11-22820 (RDD) (Doc 170) (same).[8] Based on the foregoing, the Court should not authorize the Debtor to use the proposed Sexual Abuse Claims Proof of Claim Form. Instead, the Court should direct the Debtor to use the more convenient and user-friendly Accessible Proof of Claim Form.

---

[7] The Debtor's website provides a link to SafeSport on the following page: https://usagym.org/pages/education/safesport/.

[8] Copies of these court-approved proofs of claim forms are attached hereto as **Exhibit E**.

9

**B. The Accessible Proof of Claim Form Elicits All Necessary Information to Assess a Sexual Abuse Claim Against the Debtor Without Subjecting Survivors to a Confusing, Complicated Examination.**

13. A properly filed and executed claim constitutes prima facie validity of the claim. Thus, Official Form 410 - the form mandated by Bankruptcy Rule 3001 - only asks for basic information about a claim. In contrast, the Debtor's proposed Sexual Abuse Proof of Claim Form is burdensome, complex and contains pitfalls for Survivors to fall into a trap that could open the door for the Debtor to move to disallow the Survivors' claim for failure to respond to a question even if the Survivor otherwise alleges a sufficient basis for allowance of the claim.

14. Moreover, under the Bankruptcy Rules, Official Form 410 suffices for proofs of claim and does not require attachments or detailed information (as proposed by the Debtor) for unliquidated tort claims.[9] Proofs of claim need attach "supporting information" only "when a claim, or an interest in property of the debtor securing the claim, is based on a writing," such as a contract claim. Fed. R. Bankr. P. 3001(c)(1). *See also In re Andrews*, 394 B.R. 384, 389 (Bankr. E.D.N.C. 2008) (noting rule requiring attachment of supporting documents to proof of claim is limited to instances where claim is based on a writing). Tort claims are not "based on a writing." Thus, there is no requirement to attach supporting documents to a proof of claim that is based on "state law tort principles." *See In re Lampe*, 665 F.3d 506, 515 (3d Cir. 2011). "A proof of claim that contains sufficient information to support it satisfies the claimant's initial burden of proof, and the burden then shifts to the objector to rebut the claim." *In re Evans*, 2012 Bankr. LEXIS 3163 (Bankr. S.D. Ind. July 10, 2012).

---

[9] "A proof of claim is a written statement setting forth a creditor's claim" that "*shall conform substantially* to the appropriate Official Form [10]." Fed. R. Bankr. P. 3001(a) (emphasis added).

15. Once a claim is properly filed in conformance with Bankruptcy Rule 3001, the burden shifts to the Debtor (or any party in interest) to object to the claim. *See Gently v. Siegel*, 668 F.3d 83, 92 (4th Cir. 2012) (stating that "a 'contested matter' does not arise from a proof of claim until an objection to the claim has been interposed"). The Debtor has, in effect, altered the claims allowance procedure by requiring Survivors to provide extensive discovery information as a precondition to have their claims deemed properly filed under Bankruptcy Rule 3001. This is an inappropriate abrogation of the Bankruptcy Rules. If a Survivor fails to provide some or all of this information, then the Debtor may move to disallow the claim by default as "not properly filed" rather than having to contest to the claims on the merits. As has been the case in other sexual abuse bankruptcy cases, any court-approved proof of claim form should be tailored to substantially conform to Official Form 410 with any discovery to take place as part of the claims objection and adjudication process.

16. For example, a person asserting a non-sexual abuse tort claim against the Debtor (such as a slip and fall claim) would merely have to complete the Official Form 410 to state a prima facie claim thereby shifting the burden to formally object to the claim. The Sexual Abuse Survivors' Committee acknowledges the need for more information in order to negotiate a settlement among Sexual Abuse Claimants, the Debtor and its insurers. However, the Debtor's proposed Sexual Abuse Proof of Claim Form goes too far. Forms substantially similar to the Accessible Proof of Claim Form have been used in other abuse-based chapter 11 cases, and all of those cases have resulted in consensual plans of reorganization that includes a negotiated settlement of abuse claims. There is no reason to radically depart from a process that has worked in similar cases other than to signal to Survivors that the Debtor intends to discourage Survivors from filing claims, set traps for Survivors and prepare to litigate the allowance of their claims.

C. **The Court Should Direct the Debtor to Provide
Additional Direct Notice of the Sexual Abuse Claims Bar Date.**[10]

17.     The Debtor proposes to provide direct notice to Survivors who have informed the Debtor of sexual abuse. Based on Sexual Abuse Survivors' Committee and certain of its members examination of the Debtor's representative at the 341 Meeting, it appears that the Debtor has not conducted a thorough review of its files to identify Survivors who have previously reported sexual abuse to the Debtor. Notably, the Debtor's representative was unaware of the existence of 54 files in the Debtors' custody and control that identified alleged sexual abusers (and likely identify Survivors); nor was the Debtor's representative aware of the identity of sexual abuse Survivors who reported abuse by individuals identified on the Debtor's own lists of approximately 180 Permanently Ineligible Members or approximately 30 Suspended Members.[11] The Court should direct the Debtor to certify that it has reviewed those and any other files containing information about sexual abuse claims reported directly or indirectly to the Debtor. The Debtor should provide direct notice to all such individuals identified in the Debtor's books and records. In addition, the Debtor should provide direct notice to all individuals whose abuse was reported to the Debtor by a third party.

18.     The Sexual Abuse Claims Bar Date Notice sent to Survivors should also be provided to law enforcement and governmental agencies involved in investigations of the Debtor and/or its current or former employees, volunteers and/or members. Such agencies may be in

---

[10] The Sexual Abuse Survivors' Committee believes that the Debtor intends to provide notice to individuals reporting abuse for which the Debtor has records of those individuals names/contact information. In addition, the Debtor will provide notice to the following agencies: the House Energy and Commerce Committee, the House Oversight and Government Reform Committee, the Senate Finance committee, the Indiana Attorney General, the Texas Attorney General, the Michigan Attorney General, the Texas Rangers, and the United States Attorney for the Western District of Michigan.

[11] *See* fn. 5 above.

12

contact with Survivors not known to the Debtor and may provide the notice and claim form to such Survivors.

## **CONCLUSION**

19.     The Sexual Abuse Survivors' Committee supports establishing a deadline to file claims in this case.  However, the claims process should be fair and equitable to Survivors and designed to provide notice to as many potential claimants as possible.  Thus, the Court should grant the Motion with the modifications requested herein.

**WHEREFORE**, the Sexual Abuse Survivors' Committee request that the Motion be denied to the extent requested herein, the Court approve the Accessible Proof of Claim Form for set forth on Exhibit A in lieu of the Debtor's proposed Sexual Abuse Proof of Claim Form, and that the Court grant such relief as is just and proper.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  February 14, 2019         */s/ James I. Stang*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq. (admitted *pro hac vice*)
Joshua M. Fried, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:  jstang@pszjlaw.com
           isharf@pszjlaw.com
           jfried@pszjlaw.com

-and-

RUBIN & LEVIN, P.C.

*/s/ Meredith R. Theisen*
Meredith R. Theisen, Esq.
Deborah J. Caruso, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9411
Email: dcaruso@rubin-levin.net
mtheisen@rubin-levin.net

*Counsel for the Sexual Abuse Survivors' Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2019, a copy of the foregoing *Objection of the Additional Tort Claimants Committee of Sexual Abuse Survivors to Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Steven Baldwin    sbaldwin@psrb.com, rmatthews@psrb.com
Martin Beeler    mbeeler@cov.com
Daniel D. Bobilya    dan@b-blegal.com, sarah@b-blegal.com
Tonya J. Bond    tbond@psrb.com, jscobee@psrb.com
Kenneth H. Brown    kbrown@pszjlaw.com
John Cannizzaro    john.cannizzaro@icemiller.com, Deborah.Martin@icemiller.com
Deborah Caruso    dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Dianne Coffino    dcoffino@cov.com
Laura A DuVall    Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Steven W Golden    sgolden@pszjlaw.com
Manvir Singh Grewal    mgrewal@4grewal.com
Katherine Hance    khance@goodwin.com
Jeffrey M. Hester    jhester@hbkfirm.com, mhetser@hbkfirm.com
Jeffrey A Hokanson    jeff.hokanson@icemiller.com, kathy.peed@icemiller.com
Adam L. Kochenderfer    akochenderfer@wolfsonbolton.com
Martha R. Lehman    mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Geoffrey M. Miller    geoffrey.miller@dentons.com, ndil_ecf@dentons.com
Robert Millner    robert.millner@dentons.com, ndil_ecf@dentons.com
James P Moloy    jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore    Ronald.Moore@usdoj.gov
Whitney L Mosby    wmosby@bgdlegal.com, fwolfe@bgdlegal.com

Joel H. Norton   jnorton@rsslawoffices.com
Dean Panos   dpanos@jenner.com
Amanda Koziura Quick   amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov;Hunter.Schubert@atg.in.gov
Michael L. Ralph   mralph@rsslawoffices.com
Melissa M. Root   mroot@jenner.com, wwilliams@jenner.com
James Pio Ruggeri   jruggeri@goodwin.com
Syed Ali Saeed   ali@sllawfirm.com, betty@sllawfirm.com
Ilan D Scharf   ischarf@pszjlaw.com
Thomas C Scherer   tscherer@bgdlegal.com, fwolfe@bgdlegal.com
David J. Schwab   djschwab@rsslawoffices.com
James I. Stang   jstang@pszjlaw.com
Catherine L. Steege   csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
Meredith R. Theisen   mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
U.S. Trustee   ustpregion10.in.ecf@usdoj.gov
Joshua D Weinberg   jweinberg@goodwin.com
Mark R. Wenzel   mwenzel@salawus.com, pdidandeh@salawus.com
Gabriella B. Zahn-Bielski   gzahnbielski@cov.com

I hereby further certify that on February 14, 2019, a copy of the foregoing *Objection of the Additional Tort Claimants Committee of Sexual Abuse Survivors to Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* was served via electronic mail to the following:

**United States Olympic Committee:** Chris McCleary at Chris.McCleary@usoc.org
**The Alexander, a Dolce Hotel & Wyndham Hotel Group, LLC:** Daniel M. Eliades at daniel.eliades@klgates.com and David S. Catuogno at david.catuogno@klgates.com

               */s/ Meredith R. Theisen*
               Meredith R. Theisen

f:\wp80\genlit\usa gymnastics-86756901\drafts\objection bar date motion - final.docx