# EXHIBIT E

**Redline of Revised Proposed Bar Date Order (Without Exhibits)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**ORDER APPROVING DEBTOR'S MOTION FOR ORDER ESTABLISHING
DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM
<u>AND MANNER OF NOTICE THEREOF</u>**

This matter came before the Court on the *Debtor's Motion For Order Establishing Deadlines For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof* (the

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

"**Motion**"),[2] filed by USA Gymnastics as debtor and debtor in possession (the "**Debtor**"), for the entry of an order (this "**Bar Date Order**") pursuant to sections 501 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rules 2002(a), 3001, 3002, and 3003 of the Federal Rules of Bankruptcy Procedure; and upon the Court's consideration of the objections filed to the Motion by the Additional Tort Claimants Committee of Sexual Abuse Survivors, Kelly Doe, and the Indiana Attorney General (the "**Objections**") [Dkts. 255, 261, and 269] and the Debtor's reply to those objections [Dkt. ___]; the Court ~~finds~~ finding that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion should be GRANTED.

IT IS HEREBY ORDERED:

1. The Motion is granted as set forth herein.

~~1.~~2. The Objections are overruled.

~~2.~~3. The Personalized Proof of Claim Form, the Sexual Abuse Proof of Claim Form, the General Bar Date Notice, the Sexual Abuse Claims Bar Date Notice, the Publication Notice, and the Confidentiality Agreement substantially in the forms attached ~~to the Motion~~hereto as Exhibits ~~B~~1, ~~C~~2, ~~D~~3, ~~E~~4, ~~F~~5, and ~~G~~6, respectively, are approved in all respects. The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the Bankruptcy Court for the Southern District of Indiana, and notice of the Bar Dates in the form and manner as proposed by the Debtor herein is fair and reasonable and will provide good, sufficient, and due notice to all

---

[2] Capitalized terms used herein and not defined shall have the meanings given to them in the Motion.

creditors of their rights and obligations in connection with claims they may assert against the Debtor's estate in this chapter 11 case. Accordingly, the Debtor is authorized and directed to serve and/or publish the Bar Date Notice Packages in the manner described herein and in the Motion.

3.4. Except as otherwise provided herein, all persons and entities that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor which arose before December 5, 2018 (the "**Petition Date**"), including both Survivors asserting Sexual Abuse Claims and other creditors, shall submit a written proof of such Claim so that it is *actually received* on or before **4:00 p.m. (prevailing Eastern time) on April 26, 2019** (the "**General Bar Date**" and the "**Sexual Abuse Claims Bar Date**") by Omni Management Group, Inc. (the "**Claims Agent**"), in accordance with this Bar Date Order.

4.5. For the purposes of determining whether an individual should submit a General Claim or Sexual Abuse Claim, sexual abuse is defined as any and all acts or omissions that the Debtor may be legally responsible for that arise out of, are based upon, or involve sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, or any other sexual misconduct or injury, or contacts or interactions of a sexual nature between an adult or child and a medical professional, coach, trainer, therapist, volunteer, or other authority figure affiliated with the Debtor, or any current or former employee or volunteer of the Debtor, or any other person for whose acts or failures the Debtor is or was allegedly responsible, or the alleged failure by the Debtor or its agents, employees, or volunteers to report the same. An adult or child may have been sexually abused whether or not this activity involved explicit force, whether or not this activity

3

involved genital or other physical contact, and whether or not there was physical, psychological, or emotional harm to the adult or child.

5.6.     Proofs of Claim asserted by governmental units must be submitted so as to be *actually received* by the Claims Agent on or before **4:00 p.m. (prevailing Eastern time) on June 3, 2019** (the "**Governmental Bar Date**"), the date that is 180 days from the Petition Date.

6.7.     If the Debtor amends or supplements its Schedules of Assets and Liabilities and/or Statement of Financial Affairs (the "**Schedules**") subsequent to the date hereof, the Debtor shall provide notice of any amendment or supplement to the holders of Claims affected thereby. The Debtor shall also provide such claimants with notice that they may be entitled to file amended or original Proofs of Claim in light of the amendment(s) to the Schedules, but that they must do so on or before the later of: (a) the General Bar Date; or (b) 30 days after the holder of a claim is served with notice that the Debtor amended its Schedules to identify, reduce, delete, or change the amount, priority, classification, or other status of such claim (the "**Amended Schedules Bar Date**").

7.8.     Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of: (a) the General Bar Date; or (b) any date the Court may fix in the applicable order authorizing such rejection or, if no such date is provided, 30 days from the date of entry of such order (the "**Rejection Bar Date**"). The Debtor will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtor rejects any executory contract or unexpired lease.

8.9.     The Debtor shall mail to all known creditors **other than Survivors who do not have claims other than Sexual Abuse Claims** a Personalized Proof of Claim Form substantially

in the form attached hereto as Exhibit B 1to the Motion, which is hereby approved, indicating on the form how the Debtor has listed each creditor's Claim in the Schedules (including the amount of the Claim; whether the Claim has been scheduled as contingent, unliquidated, or disputed; whether the Claim is listed as secured, unsecured priority, or general unsecured; and that the Personalized Proof of Claim Form should not be used to assert a Sexual Abuse Claim).

9.10.  The following procedures shall apply to the submission of all Proofs of Claim **other than for Sexual Abuse Claims** against the Debtor in this chapter 11 case:

   a. Each Proof of Claim asserting a General Claim, Governmental Claim, Amended Schedules Claim, or Rejection Claim must be submitted so as to ***actually be received*** by the Claims Agent on or before the applicable Bar Date either by: (i) the interface available on the Claims Agent's website: https://omnimgt.com/usagymnastics; or (ii) first-class U.S. Mail, overnight mail, or hand-delivery at the following address: USA Gymnastics Claims Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367; ***provided, for the avoidance of doubt,* PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

   b. Each Proof of Claim asserting a General Claim, Governmental Claim, Amended Schedules Claim, or Rejection Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Personalized Proof of Claim Form or Official Form 410; (iv) be signed or electronically transmitted, through the interface available on the Claims Agent's website at: https://omnimgt.com/usagymnastics by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by USAG in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

   c. Parties who submit a Proof of Claim asserting a General Claim, Governmental Claim, Amended Schedules Claim, or Rejection Claim by mail and who wish to receive proof of receipt thereof must include an additional copy of their Proof of Claim and a self-addressed, stamped envelope.

<del>10.</del>11.  Sexual Abuse Claims shall be submitted on a Sexual Abuse Proof of Claim Form substantially in the form attached <del>as</del> hereto as Exhibit <del>C</del> 2<del>to the Motion</del>. The following procedures shall apply to the submission of Sexual Abuse Claims against the Debtor in this chapter 11 case:

    a.    Each Sexual Abuse Proof of Claim Form, including any supporting documentation, must be submitted so as to ***actually be received*** by the Claims Agent on or before the Sexual Abuse Claims Bar Date by: (a) the interface available on the Claims Agent's website at https://omnimgt.com/usagymnastics/sexualabuseclaims; or (b) first-class U.S. Mail, overnight mail, or hand-delivery at the following address: USA Gymnastics Sexual Abuse Claims Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367; ***provided, for the avoidance of doubt***, **SEXUAL ABUSE PROOF OF CLAIM FORMS SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

    b.    Each Sexual Abuse Proof of Claim Form must: (i) be written in English; (ii) conform substantially with the Sexual Abuse Proof of Claim Form provided by USAG; and (iii) be signed or electronically transmitted by the Survivor asserting the Sexual Abuse Claim or by an authorized agent or legal representative of the Survivor.

    c.    Survivors who submit a Sexual Abuse Proof of Claim Form by mail and who wish to receive proof of receipt thereof must include an additional copy of their Sexual Abuse Proof of Claim Form and a self-addressed, stamped envelope.

<del>11.</del>12.  The following "**Confidentiality Protocol**" with respect to the Sexual Abuse Claims shall apply:

    a.    Survivors are directed not to file a Sexual Abuse Proof of Claim Form with the Court. Instead, the Sexual Abuse Proof of Claim Form must be: (i) submitted electronically using the interface available on the Claims Agent's website at: https://omnimgt.com/usagymnastics/sexualabuseclaims; or (ii) mailed or delivered to the Claims Agent at the following address: **USA Gymnastics Sexual Abuse Claims Processing, c/o Omni Management Group, 5955 DeSoto Avenue, Suite 100, Woodland Hills, California 91367**.

    b.    Submitted Sexual Abuse Proof of Claim Forms will not be available to the general public unless the Survivor designates otherwise on the

Sexual Abuse Proof of Claim Form. The Confidentiality Protocol is for the benefit of the Survivors. Accordingly, Survivors may elect to make any of the information contained in their submitted Sexual Abuse Proof of Claim Form public.

c. Sexual Abuse Proof of Claim Forms submitted by Survivors shall be held and treated as confidential by the Claims Agent, the Debtor, and the Debtor's counsel and upon request by the parties listed below (the "**Permitted Parties**"), subject to each Permitted Party, the Debtor, and its professionals executing and returning to the Debtor's counsel (with a copy to counsel to the Sexual Abuse Survivors' Committee) a confidentiality agreement substantially in the form attached ~~to the Motion~~ hereto as Exhibit 6~~G~~ (the "**Confidentiality Agreement**") by which they agree to keep the information provided in a Sexual Abuse Proof of Claim Form confidential.

~~12.~~13. The Permitted Parties include:[3]

a. counsel to the Debtor retained pursuant to an order of the Bankruptcy Court;

b. officers, directors, and employees of the Debtor necessary to assist the Debtor and its counsel in reviewing and analyzing the Sexual Abuse Claims;

c. the Claims Agent;

d. counsel for the Sexual Abuse Survivors' Committee;

e. members of the Sexual Abuse Survivors' Committee and their personal counsel (after the Sexual Abuse Proof of Claim Form has been redacted to remove the Survivor's name, address, any other personally identifying information, and the signature block);

f. the United States Trustee;

g. insurance companies (including their successors) that provided insurance that may cover the claims described in the Sexual Abuse Proof of Claim Forms, including

---

[3] With the exception of counsel the Debtor retained pursuant to order of this Court, counsel to the Sexual Abuse Survivors' Committee, the United States Trustee's attorneys, and the Claims Agent, each Permitted Party receiving access to the Sexual Abuse Proof of Claim Forms (or any information aggregated or derived therefrom) must execute the Confidentiality Agreement.

7

    authorized claim administrators of such insurance companies and their reinsurers and attorneys;

  h.  any future or unknown claims representative;

  i.  any special arbitrator, mediator, or claims reviewer appointed to review and resolve the claims of Survivors;

  j.  any trustee, or functional equivalent thereof, appointed to administer payments to Survivors;

  k.  any person with the express written consent of the Debtor and the Sexual Abuse Survivors' Committee upon seven (7) business days' notice to Sexual Abuse Claimants; and,

  l.  such other persons as the Court determines should have the information in order to evaluate Sexual Abuse Claims upon seven (7) business days' notice to Sexual Abuse Claimants.

~~13.~~14. In accordance with Bankruptcy Rule 3003(c)(2) and except as provided below, all persons and entities holding pre-petition claims, including, without limitation, the following entities, must file Proofs of Claim on or before the Bar Date applicable to their Claim:

  a.  Any person or entity whose pre-petition claim against the Debtor is not listed in the Schedules or whose pre-petition claim is listed in the Schedules but is listed as disputed, contingent, or unliquidated and that desires to participate in this case or share in any distribution in this case;

  b.  Any person or entity that believes that its pre-petition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and,

  c.  Any Survivor who believes that he or she has a Sexual Abuse Claim, including but not limited to Survivors who have previously filed lawsuits or asserted claims against the Debtor, and Survivors who have never filed a lawsuit, asserted a claim against the Debtor, entered into a settlement, or reported their abuse.

~~14.~~15. The following persons or entities are not required to file a proof of claim on or before any applicable Bar Date:

a. Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Indiana, or with the Claims Agent; *provided*, *however*, **that a Survivor who previously filed a Sexual Abuse Claim on a standard proof of claim form (*e.g.*, Official Form 410) must re-file that Claim using the Sexual Abuse Proof of Claim Form on or before the Sexual Abuse Claims Bar Date for it to be timely filed; and** *further provided*, **that the Debtor shall give such Survivor prompt notice that the Survivor must re-file the Claim**;

b. Any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto; and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated;" and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

c. Any person or entity that asserts an administrative expense claim against the Debtor pursuant to section 503(b) and section 507(a)(2) of the Bankruptcy Code; *provided, however*, that any person or entity asserting a claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a Proof of Claim on or prior to the General Bar Date;

d. Any person or entity whose claim against the Debtor has been allowed by an order of the Court entered on or before the applicable Bar Date; and,

e. Any person or entity whose claim has been paid in full; *provided, however*, **this subsection does not include Survivors or others who were paid pursuant to settlement agreements but who believe they have additional claims against the Debtor beyond what was agreed to in the applicable settlement agreement.**

15.16. The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim as disputed, contingent, or unliquidated.

16.17. Nothing contained herein shall constitute a waiver by the Debtor of (a) any defenses in connection with any claims that are asserted against it; or (b) the right to assert that any claims are barred by applicable statutes of limitations.

17.18. In accordance with Bankruptcy Rule 3003(c)(2), any person or entity that is required, but fails, to submit a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim—including any Sexual Abuse Claim—against the Debtor, and the Debtor and its property will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim. Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in this chapter 11 case on account of such Claim, and (b) participating in any distribution in this chapter 11 case on account of such Claim.

18.19. The notice substantially in the form attached as Exhibit D 3 hereto o the Motion is approved and shall be deemed adequate and sufficient if served by first-class mail at least 60 days prior to the General Bar Date upon:

- a. the U.S. Trustee for the Southern District of Indiana;
- b. counsel to the Sexual Abuse Survivors' Committee;
- c. any persons or entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002;
- d. all persons or entities that have submitted Proofs of Claim against USAG;
- e. all known creditors and other known holders of potential Claims against USAG, including all persons or entities listed in the Schedules for which USAG has addresses;
- f. all parties to executory contracts and unexpired leases of USAG;
- g. all parties to litigation with USAG and their counsel (if known);
- h. the United States Olympic Committee;

<blockquote>

i. the United States Attorney for the Southern District of Indiana;

j. the Internal Revenue Service for the Southern District of Indiana;

k. the Indiana Attorney General's office; and,

l. any additional persons and entities as deemed appropriate by USAG; ***provided, however***, **that the General Bar Date Notice Package will not be sent to Survivors, as Survivors will be sent the Sexual Abuse Claims Bar Date Notice Package.**

</blockquote>

19.20. The notice substantially in the form attached hereto as Exhibit E 4 to the Motion is approved and shall be deemed adequate and sufficient if served by first-class mail at least 60 days prior to the Sexual Abuse Claims Bar Date upon known Survivors (to the extent a mailing address is reasonably available) and/or to counsel who have appeared for such known Survivors who:

<blockquote>

a. filed, or threatened to file, lawsuits against the Debtor, alleging they were abused;

b. contacted the Debtor to report that they were survivors of abuse, whether or not the individual's claim was considered to be substantiated and regardless of whether the report was written or verbal;

c. entered into a settlement agreement with the Debtor stemming from allegations of abuse; or,

d. received payment from the Debtor as a result of an allegation of abuse.

</blockquote>

20.21. Pursuant to Bankruptcy Rules 2002(f) and 2002(l), the Debtor shall publish a form of the General Bar Date Notice and the Sexual Abuse Claims Bar Date Notice, substantially in the form attached as Exhibit F 5 to the Motionhereto, on one occasion in each of The New York Times (National Edition) and USA Today (National Edition), at least 28 days prior to the General Bar Date and Sexual Abuse Claims Bar Date. The publication thereof is hereby approved and deemed good, adequate, and sufficient publication notice of the Bar Dates.

21.22. The Debtor shall also provide further notice of the Sexual Abuse Claims Bar Date by taking the following measures:

11

a. Upon entry of the Bar Date Order, the Debtor will cause the Claims Agent to post component parts of the Sexual Abuse Claims Bar Date Notice Package on the case website at: https://omnimgt.com/usagymnastics.

b. Upon entry of the Bar Date Order the Debtor will post the Sexual Abuse Claims Bar Date Notice Package on its website at: www.usagym.org, on its Facebook page at: https://www.facebook.com/USAGymnastics/, and on its Twitter feed at: https://twitter.com/USAGym (including "pinning" the notice to the Debtor's Twitter page), and the Debtor will post the Publication Notice on its Instagram and SnapChat accounts.

c. The Debtor will maintain a toll free number which may be used by Survivors to ask questions or obtain copies of the Sexual Abuse Claims Bar Date Notice Package or parts thereof.

d. Within one week of the service of the Sexual Abuse Claims Bar Date Notice Package, the Debtor will mail or e-mail a copy of the Sexual Abuse Claims Bar Date Notice to each gymnasium or similar facility that is a member of, or affiliated with, USAG. The Debtor shall include in such mailing or e-mail a letter from USAG requesting that the gymnasium or facility give notice to its members of the Sexual Abuse Claims Bar Date Notice Package.

e. The Debtor shall provide notice of the Sexual Abuse Claims Bar Date by publication on one occasion in ~~each of The New York Times (National Edition) and~~ USA Today (National Edition), at least 28 days prior to the Sexual Abuse Claims Bar Date.

f. The Debtor shall request placement of the Sexual Abuse Claims Bar Date Notice on the Safesport website.

g. The Debtor shall provide notice of the Sexual Abuse Claims Bar Date by publication on one occasion in one or more of the following at least 28 days prior to the Sexual Abuse Claims Bar Date: Gymcastics podcasts, Meetscores website, Inside Gymnastics, International Gymnastics, ESPN Women.

~~e.~~h. The Debtor will send the Sexual Abuse Claims Bar Date Notice Package to the: the House Energy and Commerce Committee, the House Oversight and Government Reform Committee, the Senate Finance Committee, the Indiana Attorney General, the Texas Attorney General, the Michigan Attorney General, the Texas Rangers, and the United States Attorney for the Western District of Michigan.

~~22.~~23. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

23.24. The Claims Agent shall provide copies of Sexual Abuse Proofs of Claim to counsel to the Sexual Abuse Survivors' Committee (a) within 2 business days of the time it provides copies of such claims forms to the Debtor (including its counsel); or (b) within 2 business days of a request for such claims forms from counsel to the Sexual Abuse Survivors' Committee.

24.25. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

25.26. The Debtor and its Claims Agent are authorized to take all actions to effectuate the relief granted pursuant to this Bar Date Order.

26.27. Entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims not subject to the applicable Bar Dates established herein must file Proofs of Claim or be barred from doing so.

27.28. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###