IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**DEBTOR'S MOTION FOR ORDER EXTENDING THE DEBTOR'S EXCLUSIVE
PERIODS TO FILE AND TO SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), extending the periods during which the Debtor has the exclusive right to file a chapter 11 plan and to solicit acceptances thereof by four months through and including August 5, 2019 and October 3, 2019, respectively. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## BACKGROUND

2. On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Committee**").

5. On February 25, 2019, the Court entered an order fixing April 29, 2019 as the bar date for general claims and claims asserting sexual abuse. (*See* Dkt. No. 301.)

6. The Bankruptcy Code grants the Debtor the exclusive right to file a plan of reorganization within 120 days of the Petition Date (the "**Exclusive Filing Period**"). 11 U.S.C. § 1121(b). Here, the Exclusive Filing Period currently expires on April 4, 2019.

7. Section 1121(c) of the Bankruptcy Code grants the Debtor the exclusive right to solicit acceptances on a plan of reorganization within 180 days of the Petition Date (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusivity Periods**"). 11 U.S.C. § 1121(c)(3). Here, the Exclusive Solicitation Period currently expires on June 3, 2019.

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, extending the Exclusive Filing Period and the Exclusive Solicitation Period by four months through and including August 5, 2019 and October 3, 2019, respectively, without prejudice to the Debtor's right to seek further extensions for cause.

**BASIS FOR RELIEF**

9. Pursuant to section 1121 of the Bankruptcy Code, the Court may extend the Exclusivity Periods "for cause." 11 U.S.C. § 1121(d) ("[O]n request of a party in interest made within the [Exclusivity Periods] and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

10. Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See, e.g., 203 N. LaSalle St. P'ship v. Bank of Am. Nat'l Ass'n*, No. 99-C-7110, 1999 WL 1206619, at *4 (N.D. Ill. Dec. 13, 1999) ("[T]he Code commits decisions on extending the exclusivity period to the discretion of the bankruptcy court."); H.R. REP. NO. 103-835, at 36 (1994) ("Exclusivity is intended to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated."); *In re Lehman Bros. Holdings, Inc.*, No. 08-13555-SCC, Dkt. No. 4440, at 137 (JMP) (Bankr. S.D.N.Y. July 15, 2009) (granting exclusivity extension because debtors should be entitled "to as much time as they need to develop their best plan" and "exclusivity was designed, in part, to give debtors that privilege, unless it's being abused").

11. Courts have historically used the following factors to determine whether cause exists to extend exclusivity:

    a.    the size and complexity of the case;

    b.    the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c.    whether the debtor has made progress in negotiations with its creditors;

    d.    the existence of good faith progress toward reorganization;

    e.    whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

    f. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    g. the fact that the debtor is paying its bills as they become due;

    h. the amount of time which has elapsed in the case; and,

    i. whether an unresolved contingency exists.

*See In re Adelphia Comm'cns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *see also In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643–44 (B.A.P. 8th Cir. 2003); *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002); *Matter of Fansteel, Inc.*, No. 16-01823-ALS-11, 2017 WL 782865, at *1–2 (Bankr. S.D. Iowa Feb. 28, 2017); *In re Marble Cliff Crossing Apartments, LLC*, 488 B.R. 355, 357 (Bankr. S.D. Ohio 2013); *In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012); *In re Borders Group, Inc.*, 460 B.R. 818, 822–26 (Bankr. S.D.N.Y. 2011).

  12. Not all factors are relevant to every case, and the existence of even one of these factors may be sufficient to extend exclusivity. *See, e.g., In re Corus Bankshares, Inc.*, No. 10-26881-PSH, Dkt. No. 184, at 34–35 (Bankr. N.D. Ill. Sept. 23, 2010) (extending exclusivity to allow for resolution of certain contingencies); *In re Hoffinger Indus., Inc.*, 292 B.R. at 644 (noting that "[i]t is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each"); *In re Cengage Learning, Inc.*, No. 13-44106-ESS, Dkt. No. 688, at 50–60 (Bankr. E.D.N.Y. Oct. 25, 2013), (concluding that several but not all of the factors were relevant in extending exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269–70 (Bankr. D.D.C. 1986) (extending exclusivity based on complexity, plan negotiations, and progress toward reorganization).

  13. Courts within this district typically grant a debtor's first request for an extension. *See, e.g., In re hhgregg, Inc.*, No. 17-01302-RLM-11, Dkt. No. 1375 (Bankr. S.D. Ind. July 13, 2017) (granting first request for extension of exclusivity); *In re Companion Diagnostics, Inc.*, No.

4

14-07801-RLM-11, Dkt. No. 56 (Bankr. S.D. Ind. Jan. 6, 2015) (same); *In re Conroe Lodging Associates, LLP*, No. 13-11705-RLM-11, Dkt. No. 185 (Bankr. S.D. Ind. Apr. 8, 2014) (same); *In re Castleton Plaza, LP*, No. 11-01444-BHL-11, Dkt No. 141 (Bankr. S.D. Ind. Sept. 15, 2011) (same); *In re Hoosier Tradewinds, Inc.*, No. 08-08099-JKC-11, Dkt. No. 293 (Bankr. S.D. Ind. Nov. 21, 2008) (same); *In re ATA Airlines, Inc.*, No. 08-03675-BHL-11, Dkt. No. 626 (Bankr. S.D. Ind. July 22, 2008) (same).

14. Here, cause exists to extend the Exclusivity Periods. ***First***, the Debtor's case is large and complex. The Debtor has in excess of 500 creditors, the majority of which are survivors of sexual abuse. Following the expiration of the bar date, the Debtor intends to work with the Committee and the Debtor's insurers to move toward a resolution of the survivor's claims. The Debtor cannot completely assess survivors' claims until the bar date passes, claims are reviewed, and the full universe of survivors' claims is known, all of which will occur after the expiration of the Exclusive Filing Period. For this reason alone, cause exists to extend the Exclusivity Periods.

15. ***Second***, in the short time since the Petition Date, the Debtor has made significant progress in administering this chapter 11 case, which further warrants an extension of the Exclusivity Periods. The Debtor has obtained substantial operational relief from the Court, easing its transition into chapter 11. *See, e.g.,* Dkt. No 300 (final order authorizing the Debtor to continue paying employee wages); Dkt. No. 299 (final order authorizing the Debtor to continue using its cash management system); Dkt. No. 197 (final order authorizing the Debtor to continue its insurance policies). The Debtor has also proposed, and the Court has approved, bar date notice procedures. The Debtor has brought an adversary proceeding to determine, among other things, the Debtor's rights in respect of its various insurance policies. (Adv. Pro. No. 19-50012.) The Debtor has engaged in a meticulous and comprehensive search of its records to identify and serve

5

any and all potential claimants, even those who never formally or clearly notified the Debtor of their potential claims. The Debtor's progress in advancing this case also supports extending the Exclusivity Periods.

16. ***Third***, an unresolved contingency exists that supports extending the Exclusivity Periods. The resolution of the Debtor's insurance coverage adversary proceeding and the bar date will help determine the extent of insurance proceeds available for distribution to survivors. Until the bar date passes the Debtor cannot meaningfully negotiate with the Committee about the terms of a plan. Extending exclusivity on account of the unresolved adversary proceeding and because the bar date has not passed will provide the Debtor with a better opportunity to develop and propose a confirmable plan of reorganization through an expected mediation process.

17. ***Finally,*** the remaining factors also support extending the Exclusivity Periods. The Debtor is paying bills as they come due. No creditor will be harmed by the extension of the Exclusivity Periods and the Debtor does not make this extension request in bad faith.

18. For the foregoing reasons, cause exists to extend the Exclusivity Periods. The Debtor requests that the Court extend the Exclusivity Periods by four months, such that the Exclusive Filing Period runs through and including August 5, 2019 and the Exclusive Solicitation Period runs through and including October 3, 2019. The Debtor also requests that this Motion be granted without prejudice to the Debtor's right to seek further extensions for cause.

## NOTICE

19. The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as is just and proper.

Dated: March 5, 2019

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*