IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: <br><br> USA GYMNASTICS,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-09180-RLM-11 |

**DEBTOR'S MOTION FOR AUTHORITY
TO ENTER INTO EMPLOYMENT AGREEMENT**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 363(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtor to enter into an agreement to employ Li Li Leung as its President and Chief Executive Officer ("**CEO**"), substantially in the form attached hereto as Exhibit B (the "**Employment Agreement**"). In support of the Motion, the Debtor relies upon the Declaration of Katharine Hurley (the "**Hurley Declaration**"), attached hereto as Exhibit C, and respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the Court may enter a final order consistent with Article III of the United States

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004.

## BACKGROUND

2. On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Survivors Committee**").

**A.    USAG's Search for a Chief Executive Officer.**

5. Since early September 2018, USAG has been operating without a chief executive. In the interim, the Debtor's Board of Directors (the "**Board**") has been diligently searching for the right person to lead USAG through this critical juncture in its history. To that end, the Debtor retained executive search firm Spencer Stuart to identify and recruit potential candidates. USAG instructed Spencer Stuart to target experienced leaders who have demonstrated the highest levels of business acumen, integrity, and dedication to athlete health and safety. The Board worked collaboratively with Spencer Stuart to review and interview qualified candidates. The Board ultimately determined that Ms. Leung was the best candidate for the position. In support of this Motion, the Debtor submits the Declaration of Katharine Hurley who is a Consultant with Spencer Stuart.

**B.      Ms. Leung's Qualifications.**

6.      For the past four years, Ms. Leung has served as the National Basketball Association's Vice President of Global Partnerships. In that capacity, Ms. Leung leads a team tasked with managing and activating the NBA's corporate partnerships around the world. Prior to joining the NBA, she was a managing director at sports marketing firm Helios Partners LLC for nearly nine years. Ms. Leung received her B.A. in Psychology from the University of Michigan in 1995 and her MBA and Master of Science (Sport Management) from the Isenberg School of Management at the University of Massachusetts at Amherst in 2003. While at the University of Michigan, Ms. Leung competed on the varsity women's gymnastics team.

7.      USAG believes that Ms. Leung is the right person to lead USAG through its chapter 11 case and beyond. As an accomplished gymnast herself, Ms. Leung possesses a longstanding passion for gymnastics, a sincere commitment to the safety and well-being of USAG's members, including athletes and coaches, and an intimate familiarity with USAG's role in cultivating and maintaining the sport's infrastructure throughout the United States.  Additionally, with nearly two decades of sports business experience at the highest levels, Ms. Leung is well-equipped to restore confidence in USAG and rekindle USAG's relationships with its members and corporate sponsors and other key stakeholders. For all of these reasons, the Debtor submits that Ms. Leung is the ideal candidate to lead USAG into the future.

**C.      Terms of the Employment Agreement.**

8.      Under the Employment Agreement, the Debtor will hire Ms. Leung as President and Chief Executive Officer effective as of March 8, 2019. In exchange for assuming the duties and responsibilities of President and Chief Executive Officer as set forth in USAG's bylaws, Ms. Leung will receive a base salary of $450,000 per year and will be eligible to receive discretionary

annual performance bonuses. Both USAG and Ms. Leung's obligations under the Employment Agreement are contingent upon the Court's approval of the Employment Agreement. The initial term of the Employment Agreement will expire upon the final conclusion of USAG's chapter 11 case. Prior to that time, USAG and Ms. Leung will engage in good faith discussions regarding any extension, renewal, or amendment to the Employment Agreement.

## RELIEF REQUESTED

9. By this Motion, pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtor seeks authority to hire Ms. Leung as its President and Chief Executive Officer pursuant to the terms of the Employment Agreement.

## BASIS FOR RELIEF

10. Although the Debtor does not believe it requires Court approval of its senior leadership hiring decisions, out of an abundance of caution and to provide complete transparency, the Debtor seeks this Court's approval under section 363(b)(1) to enter into the Employment Agreement.

11. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "(t)he trustee, after notice and a hearing, may use, . . . other than in the ordinary course of business, property of the estate." A court has the statutory authority to authorize a debtor to use property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good faith. *See Fulton State Ban v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by "some articulated business justification"); *see also Stephen Indus., Inc. v. McClung*, 789 F.2d 386,390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In*

4

*re Adelphia Comm'cns Corp.*, Case No. 02-41729 (REG), 2003 WL 22316543, at *30 (Bankr. S.D.N.Y. Mar. 4, 2003); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (Bankr. D. Del. 1999).

12. Under section 363(b) of the Bankruptcy Code, a debtor has the burden to establish that it has a valid business purpose for using estate property outside the ordinary course of business. *See In re Montgomery Ward Holding Corp.*, 242 B.R. at 153; *see also In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175–76 (D. Del. 1991); *In re Lionel Corp.*, 722 F.2d at 1070–71. Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith, and in the honest belief that the action was in the debtor's best interest. *See Adelphia*, 2003 WL 22316543, at *30 (quoting *In re Integrated Res. Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992)).

13. Bankruptcy courts frequently authorize debtors to employ high-ranking executives to guide their restructuring process pursuant to section 363. *See, e.g., In re Adelphia Comms. Corp.*, Case No. 02-41729 (REG) (Bankr. S.D.N.Y. Mar. 7, 2003) (approving under section 363 the employment of the debtors' chairman and chief executive officer); *In re WorldCom. Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Dec. 16, 2002) (same); *In re Collins & Aikman Corp.*, Case No. 05-55927 (SWR) (Bankr. E.D. Mich. Sept. 12, 2005) (same); *In re Mirant Corp.*, Case No. 03-46591 (DML) (Bankr. N.D. Tex. Nov. 23, 2005) (same).

14. USAG submits that employing Ms. Leung on the terms of the Employment Agreement constitutes a sound exercise of USAG's reasonable business judgment and is in the best interest of USAG's estate and creditors. USAG urgently needs a permanent CEO to provide day-to-day leadership to USAG, and to carry out USAG's commitment to athlete safety, educational empowerment, and competitive excellence going forward.

15. After an extensive search process, USAG based its decision to hire Ms. Leung on her significant experience as a sports executive, her familiarity as an accomplished gymnast with USAG and the needs of its athletes, coaches, and other members, and her clear passion to see gymnastics thrive in the United States. As set forth in the Hurley Declaration, the terms of Ms. Leung's employment, including her compensation package, are the result of substantial arms' length negotiations between USAG and Ms. Leung and are commensurate with Ms. Leung's qualifications and the responsibilities she will assume as President and CEO of USAG.

16. For these reasons, USAG submits its employment of Ms. Leung as President and CEO constitutes a sound exercise of its reasonable business judgment, and should therefore be approved by the Court. *See* 11 U.S.C. § 363(b).

## NOTICE

17. The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein and such further relief as is just and proper.

Dated: March 5, 2019

Respectfully submitted,

**JENNER & BLOCK LLP**

By: <u>/s/ *Catherine Steege*</u>

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*