IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: <br><br> USA GYMNASTICS,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-09108-RLM-11 |

**DEBTOR'S AMENDED MOTION FOR ORDER EXTENDING THE TIME WITHIN WHICH THE DEBTOR MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this amended motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 365(d)(4)(B)(i) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), extending the time within which the Debtor must assume or reject unexpired leases of nonresidential real property by 90 days through and including July 3, 2019. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference from the United States District Court for the Southern District of Indiana, dated July 11, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicate for the relief requested herein is section 365(d)(4)(B)(i) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

**BACKGROUND**

2. On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors.

5. On January 18, 2019, the Debtor filed its Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Schedules**"). [Dkt. Nos. 205 & 206, as amended, Dkt. Nos. 218, 219, 220, & 242].

6. The Debtor disclosed in its Schedules certain unexpired leases of nonresidential real property to which the Debtor may be a party. Specifically, the Debtor is a party to the following unexpired nonresidential real property leases (the "**Unexpired Leases**"):

| Landlord | Property Address | Description | Term Expiration |
| --- | --- | --- | --- |
| CRE 130 LLC[2] | 132 E. Washington Suite 700 Indianapolis, IN 46204 | Headquarters Lease | December 31, 2020 |
| Evo Athletics | 7188 E. 15th St. Sarasota, FL 34243 | Training Center Lease | November 30, 2019 |
| Lake Frances Retreats | 272 Lakes Frances Road Crossville, TN 38571 | Training Camp Lease | December 31, 2019 |

---

[2] The original version of this Motion listed Perennial Washington Street, LLC as the landlord for the Debtor's headquarters lease. The Debtor has since learned that this lease was assigned to CRE 130 LLC. The Debtor has also amended Schedule G to reflect this correction.

The Debtor is also party to three unexpired agreements with hotels in Sarasota, Florida; Palm Beach, Florida; and Providence, Rhode Island, whereby USAG reserved meeting space and/or room blocks for various upcoming 2019 events. Additionally, as part of a services contract for the training of rhythmic gymnasts, USAG has agreed to pay a fee for the use of the trainer's facilities. Although these agreements appear to constitute licenses, rather than leases, the Debtor discloses them in an abundance of caution.

7. The Bankruptcy Code requires the Debtor to assume or reject any unexpired lease of nonresidential real property within 120 days of the Petition Date. *See* 11 U.S.C. § 365(d)(4)(A). Here, this period currently expires on April 4, 2019.

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an order, pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code, extending the time within which the Debtor must assume or reject the Unexpired Leases through and including July 3, 2019, without prejudice to the Debtor's right to seek further extensions in accordance with the requirements of section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## BASIS FOR RELIEF

9. Section 365(d)(4) provides that a court may extend for 90 days the period to assume or reject unexpired leases of nonresidential real property. *See* 11 U.S.C. § 365(d)(4)(B)(i). A debtor must establish "cause" for an extension of time. *Id.*

10. The Bankruptcy Code does not define the term "cause" as used in section 365(d)(4) and does not establish formal criteria for evaluating a request for an extension of the initial 120-day period. Courts have considered several factors in evaluating whether cause exists for purposes of section 365(d)(4), including, among other things:

      a.      whether the debtor has had a reasonable time to appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;

      b.      whether the lessor continues to receive rent for the use of the property;

      c.      whether the debtor's continued occupation of the property could damage the lessor beyond the compensation available under the Bankruptcy Code; and,

      d.      any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See Key Plaza I, Inc., v. Kmart Corp.*, No. 02-C-4086, 2003 WL 115240, at *4–5 (N.D. Ill. Jan. 13, 2003); *see also S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (listing section 365(d)(4) factors); *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (same); *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000) (same).

      11.      Courts within this district typically grant a debtor's request for a 90 day extension of time to assume or reject unexpired leases of nonresidential real property. *See, e.g., In re hhgregg, Inc.*, No. 17-01302-RLM-11, Dkt. No. 235 (Bankr. S.D. Ind. Mar. 17, 2017) (extending the deadline to assume or reject unexpired leases of nonresidential real property by 90 days); *In re Eastern livestock Co. LLC*, No. 10-93904-BHL-11, Dkt. No. 474 (Bankr. S.D. Ind. Apr. 26, 2011) (same); *In re Team One Transport, Inc.*, No. 10-15246-JMC-11, Dkt. No. 103 (Bankr. S.D. Ind. Mar. 8, 2011) (same); *In re Lauth Investment Properties, LLC*, No. 09-06065-BHL-11, Dkt. No. 406 (Bankr. S.D. Ind. Aug. 18, 2009) (same); *In re ATA Airlines, Inc.*, No. 08-03675-BHL-11, Dkt. No. 687 (Bankr. S.D. Ind. Aug. 13, 2008) (same).

      12.      Here, cause exists to extend the period in which to assume or reject the Unexpired Leases. ***First***, the Debtor's case is large and complex. At this point in the case, the Debtor has not

had an opportunity to determine conclusively which Unexpired Leases should be assumed or rejected as part of the Debtor's overall restructuring objectives. Rather, the Debtor has been principally focused on obtaining the entry of orders approving vital first day relief; completing and filing its Schedules; commencing an adversary proceeding to determine, among other things, the Debtor's rights in respect of its various insurance policies (*see* Adv. Pro. No 19-50012); and, implementing a bar date notice protocol that will serve as many potential claimants as possible with information regarding the Debtor's bankruptcy and the necessity of timely filing proofs of claim. As a result, the Debtor's analysis of the Unexpired Leases in light of its overall restructuring goals remains ongoing.

13. *Second*, if the Debtor precipitously assumes or rejects the Unexpired Leases or is deemed to reject the Unexpired Leases by virtue of section 365(d)(4) of the Bankruptcy Code, it may incur unnecessary rejection damages or administrative claims or forego significant value in the Unexpired Leases, as the case may be. Because of the value that may be gained or lost, the Debtor wants to have the most information reasonably available when it decides whether to assume or reject the Unexpired Leases. An extension of time is appropriate to allow the Debtor to fully analyze the value of the Unexpired Leases to the Debtor's estate.

14. *Third*, the Debtor has continued to honor its postpetition obligations under the Unexpired Leases. Indeed, pending a decision to assume or reject each Unexpired Lease, the Debtor has performed—and is continuing to perform—all of its undisputed obligations arising after the Petition Date in a timely fashion as required under section 365(d)(3) of the Bankruptcy Code, including payment of postpetition rent. The relief requested in this Motion will therefore not harm lessors at all, much less "beyond the compensation available [to lessors] under the Bankruptcy Code." *Key Plaza I, Inc.*, 2003 WL 115240, at *4. Instead, the requested relief will

5

preserve the status quo while the Debtor analyzes the Unexpired Leases and decides whether to assume or reject them. *See In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.") (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989)).

15. For the foregoing reasons, cause exists to extend the time within which the Debtor must assume or reject the Unexpired Leases. The Debtor requests that the Court extend this period by 90 days, as allowed by section 365(d)(4)(B)(i) of the Bankruptcy Code, such that the time to assume or reject runs through and including July 3, 2019. The Debtor also requests that this Motion be granted without prejudice to the Debtor's right to seek further extensions in accordance with the requirements of section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

16. Nothing in this Motion shall be deemed to be or construed as (i) an assumption or rejection of any contract or lease pursuant to section 365 of the Bankruptcy Code, or (ii) an admission with respect to whether any of the Debtor's contracts or leases are unexpired leases of nonresidential real property within the meaning of section 365(d)(4) of the Bankruptcy Code.

## NOTICE

17. The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as is just and proper.

Dated: March 11, 2019                               Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*