# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

## DEBTOR'S MOTION FOR ORDER AUTHORIZING
## THE APPOINTMENT OF A FUTURE CLAIMANTS' REPRESENTATIVE

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), appointing a legal representative for Future Claimants (as defined below). In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a) and 1109(b) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

**BACKGROUND**

2. On December 5, 2018, USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Committee**").

5. On February 25, 2019, the Court entered an order (the "**Bar Date Order**") fixing April 29, 2019 as the bar date for general claims and claims asserting sexual abuse (the "**Bar Date**"). (*See* Dkt. No. 301.) For purposes of the Bar Date Order, "sexual abuse" is defined as:

> any and all acts or omissions that USA Gymnastics may be legally responsible for that arise out of, are based upon, or involve sexual conduct or misconduct, sexual abuse or molestation, sexual exploitation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually related psychological or emotional harm, humiliation, anguish, shock, sickness, disease, disability, dysfunction, or intimidation, or any other sexual misconduct or injury, or contacts or interactions of a sexual nature between an adult or child and a medical professional, coach, trainer, therapist, volunteer, or other authority figure affiliated with USA Gymnastics, or any current or former employee or volunteer of USA Gymnastics, or any other person for whose acts or failures USA Gymnastics is or was allegedly responsible, or the alleged failure by USA Gymnastics or its agents, employees, or volunteers to report the same. An adult or child may have been sexually abused whether or not this activity involved explicit force, whether or not this activity involved genital or other physical contact, and whether or not there was physical, psychological, or emotional harm to the adult or child.

6. Although the Debtor has made extensive efforts to provide notice of the Bar Date publicly and specifically to the gymnastics community, it recognizes there could be sexual abuse claimants who have repressed memories of their abuse, are minors without adequate representation, or have a disability that may make them unable to assert a claim for sexual abuse

2

by the Bar Date (collectively, the "**Future Claimants**").[2] To address these potential claims and the requirements of due process, the Debtor intends for its plan of reorganization to establish a post-confirmation trust that will make distributions on Future Claimants' allowed sexual abuse claims, and seeks the appointment of a representative to appear and be heard on Future Claimants' behalf in this chapter 11 case (the "**Future Claimants' Representative**").

## RELIEF REQUESTED

7. By this Motion, the Debtor seeks entry of an order, pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code, authorizing the appointment of a Future Claimants' Representative. If this Motion is granted, the Debtor will consult with the Committee and the Debtor's insurers on the selection of the Future Claimants' Representative and will submit an application to the Court for approval of the Future Claimants' Representative.

## BASIS FOR RELIEF

8. It is well established that section 1109(b) of the Bankruptcy Code gives a bankruptcy court the authority to appoint a representative to protect the interests of future tort claimants as "part[ies] in interest." *See Fogel v. Zell*, 221 F.3d 955, 961–62 (7th Cir. 2000) (collecting cases); *see also Jones v. Chemetron Corp.*, 212 F.3d 199, 209–10 (3d Cir. 2000); *In re Forty-Eight Insulations, Inc.*, 58 B.R. 476, 478 (Bankr. N.D. Ill. 1986); *In re UNR Indus., Inc.*, 46 B.R. 671, 675 (Bankr. N.D. Ill. 1985). Without a representative, future tort claimants cannot participate, even by proxy. Thus, "due process considerations are often addressed by the appointment of a representative to receive notice for and represent the interests of a group of unknown creditors." *Chemetron Corp.*, 212 F.3d at 209; *accord Fogel*, 221 F.3d at 962 (requiring

---

[2] By this Motion, the Debtor does not seek to modify any applicable statute of limitations imposed by applicable non-bankruptcy law.

3

that notice be provided to all claimants before the court can "make provision for them in the final decree").

9. Courts therefore routinely appoint future claimants' representatives in bankruptcies caused by personal injury torts and involving potential claimants whose injuries may not manifest until after the bankruptcy case, including in bankruptcies arising from sexual abuse and involving survivors who have repressed memories of their abuse, are minors, or have a disability. *See, e.g., In re Christian Brothers' Institute*, No. 11-22820-RDD, Dkt. No. 688 (Bankr. S.D.N.Y. Apr. 21, 2014) (appointing future claimants' representative post-confirmation to administer trust to settle sexual abuse claims); *In re Catholic Bishop of Northern Alaska*, No. 08-00110-DMD, Dkt. No. 179 (Bankr. Alaska May 30, 2008) (appointing future claimants' representative on behalf of potential sexual abuse claimants); *In re Diocese of Davenport*, No. 06-02229-LMJ11, Dkt. No. 198 (Bankr. S.D. Iowa Nov. 7, 2007) (same); *In re Roman Catholic Bishop of San Diego*, No. 07-00939-LA11, Dkt. No. 753 (Bankr. S.D. Cal. July 13, 2007) (same); *In re Roman Catholic Archbishop of Portland in Oregon*, No. 04-37154-ELPLL, Dkt. No. 723 (Bankr. Or. Dec. 20, 2004) (same); *In re Roman Catholic Church of the Diocese of Tucson*, No. 04-BK-04721-JMM, Dkt. No. 121 (Bankr. Ariz. Nov. 03, 2004) (same).

10. *In re Roman Catholic Archbishop of Portland in Oregon* is instructive. 2005 WL 148775 (Bankr. D. Or. Jan. 10, 2005). There, the court found that sexual abuse can cause "cognitive and psychological injuries" that impede a survivor's ability to recognize the abuse and its effects. *Id.* at *4. It held:

> When there is a class of claimants that is incapable of asserting a claim, either because of a long latency period between the wrongful conduct and the manifestation of damages, or because the nature of the wrongful conduct is such that it disables the claimant from being reasonably able to recognize the injury, it is appropriate for the court to appoint a Future Claimants' Representative to protect the interests of the class.

4

*Id.* at *5. As a result, the court appointed a representative to "assure equitable treatment of future as well as present claimants." *Id.* at *6.

11. This Court should likewise appoint a Future Claimants' Representative to represent the interests of the Future Claimants. The Debtor's primary goal in this chapter 11 case is to confirm a plan of reorganization that globally resolves all allowed sexual abuse claims. Following the entry of the Bar Date Order, the Debtor implemented a rigorous noticing protocol for the Bar Date, far beyond the requirements of applicable law, so that all individuals presently aware of their sexual abuse claims have notice of the Bar Date and the requirement that they timely file a proof of claim. The Debtor recognizes, however, that broad notice of the Bar Date is only effective to the extent those receiving notice are aware that they have sexual abuse claims. A Future Claimants' Representative is therefore necessary to advocate on behalf of any Future Claimants who presently lack the capacity to assert sexual abuse claims because of a repressed memory, their status as a minor without adequate representation, or their disability.

12. The Debtor submits that under these circumstances the appointment of a Future Claimants' Representative is not only in the best interests of the Future Claimants, but also of the Debtor and its stakeholders. If a Future Claimants' Representative is not appointed, the Debtor could emerge from chapter 11 still at risk for sexual abuse liability, as the Debtor's discharge may not encompass the Future Claimants and their potential allegations. Reorganized USAG could be forced to seek bankruptcy protection once more if additional sexual abuse allegations are made post-confirmation, negating the hard and costly efforts of the Debtor, the Committee, the Debtor's insurers, and all parties in interest in this case.

13. Further, although the Committee represents survivors, because the interests of survivors presently asserting claims may not be identical to the interests of the Future Claimants,

5

the Future Claimants should have their own advocate. Courts have appointed future claimants' representatives in similar circumstances to avoid "a conflict of interest between future [] claimants and present [] claimants." *In re Johns-Manville Corp.*, 552 B.R. 221, 245 (Bankr. S.D.N.Y. 2016); *see also In re UNR Indus.*, 46 B.R. at 675 (recognizing that the "interests [of future claimants] are not adequately represented by the Debtors or by the official committees of unsecured creditors"); *In re Amatex Corp.*, 755 F.2d 1034, 1042–43 (3d Cir. 1985) ("none of the parties currently involved in the reorganization proceedings have interests similar to those of future claimants, and therefore future claimants require their own spokesperson").

14. In fact, in other recent sexual abuse bankruptcy cases in which committees were formed to represent claimants including survivors, courts have appointed future claimants' representatives to separately advocate for future sexual abuse claimants. *See, e.g., Christian Brothers' Institute*, No. 11-22820-RDD, Dkt. No. 23 (committee appointment), Dkt. No. 688 (future claimants' representative appointment); *Catholic Bishop of Northern Alaska*, No. 08-00110-DMD, Dkt. Nos. 108–09 (committee appointment), Dkt. No. 179 (future claimants' representative appointment); *Diocese of Davenport*, No. 06-02229-LMJ11, Dkt. No. 51 (committee appointment), Dkt. No. 198 (future claimants' representative appointment); *Roman Catholic Bishop of San Diego*, No. 07-00939-LA11, Dkt. No. 105 (committee appointment), Dkt. No. 753 (future claimants' representative appointment); *Roman Catholic Archbishop of Portland in Oregon*, No. 04-37154-ELPLL, Dkt. Nos. 27, 420 (committee appointment), Dkt. No. 723 (future claimants' representative appointment); *Roman Catholic Church of the Diocese of Tucson*, No. 04-BK-04721-JMM, Dkt. No. 79 (committee appointment), Dkt. No. 121 (future claimants' representative appointment). The same rationale applies here. The Court should authorize the

appointment of a Future Claimants' Representative so that the Future Claimants are represented by counsel who has no other constituency.

15. So that the Future Claimants' Representative can adequately represent the interests of the Future Claimants, the Debtor seeks entry of an order granting the Future Claimants' Representative the following rights in this chapter 11 case:

   a. <u>Standing</u>: The Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to this chapter 11 case on behalf of potential Future Claimants and shall have such powers and duties of a committee, as set forth in section 1103 of the Bankruptcy Code, as are appropriate for a Future Claimants' Representative; and

   b. <u>Right to Receive Notices</u>: The Future Claimants' Representative shall have the right to receive all notices and pleadings that are required to be served upon any statutory committee and its counsel pursuant to applicable law and the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. No. 213].

16. For all of the foregoing reasons, the Debtor requests that the Court enter an order authorizing the appointment of a Future Claims' Representative in this case. The Debtor will consult with the Committee and the Debtor's insurers as to potential candidates for the role. Once the Future Claimants' Representative has been selected, the Debtor will submit a separate application to the Court. That application will set forth the Future Claimants' Representative's qualifications and connections, if any, with parties in interest, and seek the Court's final approval of the appointment of the Future Claimants' Representative.

## NOTICE

17.     The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. No. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein and such further relief as is just and proper.

Dated: March 27, 2019                                                      Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*