IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |
| USA GYMNASTICS,<br><br>        Plaintiff,<br><br>v.<br><br>GEDDERTS' TWISTARS USA GYMNASTICS CLUB, INC., TWISTARS USA, INC., JOHN GEDDERT, KATHRYN GEDDERT, DONALD PETERS, SOUTHERN CALIFORNIA ACRO TEAM, INC., BMK PARTNERS LTD, BMK TRAINING FACILITIES, LTD., KAROLYI TRAINING CAMPS, LLC, BELA KAROLYI, MARTHA KAROLYI, KAROLYI'S ELITE, KAROLYI WORLD GYMNASTICS, INC., RICHARD CARLSON, and WORLD SPORT CHICAGO.<br><br>        Defendants. | Adversary Case No. 19-_____ |

**COMPLAINT FOR INJUNCTIVE RELIEF UNDER 11 U.S.C. § 105(a)**

Plaintiff USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**" or "**Plaintiff**"), hereby alleges for its complaint (the "**Complaint**") as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

1

## SUMMARY OF ACTION

1. By this Complaint, Plaintiff respectfully requests that the Court exercise its equitable powers under section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), to enjoin, for the duration of USAG's chapter 11 case, certain pre-petition lawsuits pending against the above-captioned defendants (collectively, the "**Stay Defendants**") who have declined to stipulate to such an injunction. The requested injunction will prevent the depletion and dilution of assets available for distribution to USAG's creditors through a chapter 11 plan and allow USAG to focus its resources on negotiating a settlement with sexual abuse survivors, thereby enhancing the prospects of successfully resolving USAG's bankruptcy through a consensual chapter 11 plan.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

5. Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. The statutory predicates for the relief requested in this Complaint are section 105(a) of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PARTIES

7. Plaintiff USAG is a nonprofit corporation headquartered in Indianapolis, Indiana and is the debtor and debtor in possession in the above-captioned chapter 11 case. USAG's principal

2

place of business is located at 130 E. Washington Street, Suite 700, Indianapolis, Indiana, 46204. USAG is currently designated by the United States Olympic Committee and the Fédération Internationale de Gymnastique as the national governing body for the sport of gymnastics in the United States.

8. Stay Defendant Gedderts' Twistars USA Gymnastics Club, Inc. and Twistars USA, Inc. are Michigan corporations with their principal places of business in Dewitt, Michigan and Dimondale Michigan, respectively. Stay Defendants John and Kathyrn Geddert are Michigan residents (collectively, Gedderts' Twistars USA Gymnastics Club, Inc., Twistars USA, Inc., John Geddert, and Kathryn Geddert are referred to herein as "**Twistars**".)

9. Stay Defendant Southern California Acro Team, Inc. ("**SCATS**") is a California corporation with its principle place of business in Huntington Beach, California.

10. Stay Defendant Donald Peters ("**Peters**") is a California resident.

11. Stay Defendants BMK Partners, LTD and BMK Training Facilities, LTD, are Texas limited partnerships. Stay Defendant Karolyi Training Camps, LLC is a Texas limited liability company. On information and belief, Stay Defendants Karolyi's Elite and Karolyi World Gymnastics Inc. are Texas corporations. Stay Defendants Bela and Martha Karolyi are residents of Texas (collectively, BMK Partners, LTD, BMK Training Facilities, LTD, Karolyi Training Camps, LLC, Karolyi's Elite, Karolyi World Gymnastics Inc., Bela Karolyi, and Martha Karolyi are referred to herein as the "**Karolyis**").

12. Stay Defendant Richard Carlson ("**Carlson**") is a New York resident.

13. Stay Defendant World Sport Chicago ("**WSC**") is a not for profit organization located in Illinois.

## FACTUAL BACKGROUND

14. On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for

3

relief under chapter 11 of the Bankruptcy Code.

15. USAG remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner in this case.

16. On December 19, 2018, the United States Trustee appointed The Additional Tort Claiamants Committee of Sexual Abuse Survivors (the "**Sexual Abuse Survivors' Committee**"). The Sexual Abuse Survivors' Committee supports the relief requested herein in accordance with the Agreed Stipulation and Order Pursuant to 11 U.S.C. §105 Enjoining the Continued Prosecution of Certain Pre-Petition Lawsuits. (*See* Case No. 18-09108, Dkt. 370.)

**A.     The Stay Defendants' Lawsuits Against USAG.**

17. Prior to the Petition Date, USAG was named as a defendant in over 100 different lawsuits in connection with sexual crimes committed by Larry Nassar. These lawsuits allege various claims against USAG including, *inter alia*, negligent hiring, negligent retention, negligent supervision, negligent failure to warn, train, or protect, intentional infliction of emotional distress, fraud, and violations of the Racketeering Influenced Corrupt Organizations Act.

18. In certain of these lawsuits, plaintiffs also named the Stay Defendants as co-defendants (the "**Stay Defendants' Lawsuits**"). Attached hereto as Exhibits A-E are lists of the Lawsuits naming: (a) the Twistars Stay Defendants; (b) the Karolyi Stay Defendants; (c) SCATS and Peters; (d) Carlson; and (e) WSC, respectively, which exhibits are incorporated herein by reference.

19. These Stay Defendants' Lawsuits are now stayed as to USAG by operation of 11 U.S.C. § 362(a).

20. On April 30, 2018, the Twistars Stay Defendants tendered their defense of the

4

Twistars Stay Defendants' Lawsuits and sought indemnification under USAG's insurance policies issued by Combined Specialty Insurance Company/Virginia Surety Company, Great American Insurance Group and K&K Insurance Group, Inc. *See* Exhibit F hereto, which exhibit is incorporated herein by reference.

21.     On April 20, 2018, the Karolyi Stay Defendants filed a lawsuit against USAG in Walker County Texas alleging that they were entitled to full and complete indemnification from USAG for any claims raised in the Karolyi Stay Defendant Lawsuits. *See* Exhibit G hereto at 22-24, which exhibit is incorporated herein by reference. The Karolyi Stay Defendants allege that they are named as additional insureds under USAG's insurance policies and that not all of their defense costs have been reimbursed, allegedly giving rise to a direct claim against USAG for these costs and any liabilities arising out the Karolyi Stay Defendant Lawsuits. *Id.* The Karolyi Stay Defendants further allege that they are owed indemnification by USAG pursuant to USAG's by-laws. *Id.* Finally, the Karolyi Stay Defendants contend that they are owed indemnification pursuant to an indemnification provision in the Olympic Training Site Facility Designation License and Use and Access Agreement between certain Karolyi Stay Defendants, USAG, and the US Olympic Committee.

22.     Stay Defendant Peters was a former head coach of the 1984 United States Olympic Gymnastics team and operated SCATS. The other Stay Defendants may have, on information and belief, made claims against USAG's insurance policies. The other Stay Defendants may assert claims for indemnification against USAG.

23.     As a practical matter, if the Stay Defendants' Lawsuits continue USAG will most likely be required to participate so as to protect its interests, thereby negating the benefits of the automatic stay and taking away the breathing room afforded to USAG to attempt to reach a

consensual full and fair settlement and chapter 11 plan. If these Stay Defendants' Lawsuits proceed, it is highly likely that plaintiffs in these cases will seek discovery from USAG, thereby diverting USAG's resources and employees and depriving USAG of the breathing room that the automatic stay provides. Further, counsel for many of the plaintiffs stated in a letter dated December 12, 2018, that in his view "continuing discovery, challenging pleadings, and engaging in other litigation will infringe upon the rights of USAG...." *See* Exhibit H hereto. On February 1, 2019, that same counsel representing plaintiffs in certain of the Twistars Stay Defendants' Lawsuits threatened to seek relief from the automatic stay in the Twistars Stay Defendants' Lawsuits, contending that motions the Twistars Stay Defendants had filed implicated USAG's defenses in those Stay Defendants' Lawsuits. *See* Exhibit I hereto. While USAG disputes certain of the allegations in this letter, the point is that if the Stay Defendants' Lawsuits proceed, it is highly probable that USAG will be required to participate and/or actively monitor these Stay Defendants' Lawsuits to ensure that USAG's rights and defenses are not adversely affected in the future.

24.     Recognizing the inter-relationship between the claims against USAG and the various parties named as co-defendants with USAG, the vast majority of plaintiffs and certain of the co-defendants in pending litigation have agreed to the Court's issuance of an injunction under section 105(a) of the Bankruptcy Code staying certain litigation as to all parties during the pendency of USAG's chapter 11 case subject to the right to terminate that agreement after notice and subject to USAG's right to seek to extend the stay ("**Agreed Stay Order**"). (*See* Case No. 18-09108, Dkt. 370.)

25.     Although the plaintiffs in the Stay Defendants' Lawsuits have agreed to a stay of the Stay Defendants' Lawsuits, the Stay Defendants have refused to agree to a stay of the Stay Defendants' Lawsuits.

6

26. Thus, Plaintiff brings this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001 seeking an injunction staying the continued prosecution and defense the Stay Defendants' Lawsuits pursuant to section 105(a) of the Bankruptcy Code.

**B. USAG's Restructuring Prospects.**

27. Once the Stay Defendants' Lawsuits are enjoined, USAG will have a straightforward path to reaching a full and fair settlement and confirming a chapter 11 plan. Once the deadline for filing claims expires on April 29, 2019, USAG and the Sexual Abuse Survivors Committee anticipate that USAG, the Sexual Abuse Survivors' Committee, sexual abuse survivors, USAG's insurance carriers and others will engage in a court-approved mediation process that will hopefully result in a consensual plan of reorganization.

28. The continued prosecution and defense of the Stay Defendants' Lawsuits endangers USAG's restructuring effort by threatening to deplete and dilute the assets available for distribution to USAG's creditors.

## COUNT I
### (Section 105 Injunctive Relief)

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Plaintiff seeks an injunction enjoining the continued prosecution and defense of the Stay Defendants' Lawsuits under section 105(a) of the Bankruptcy Code until the effective date of a chapter 11 plan or further order of this Court.

31. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

32. Enjoining lawsuits against non-debtor third parties constitutes an appropriate

exercise of a bankruptcy court's section 105(a) powers when the injunction is "likely to enhance the prospects for a successful resolution of the disputes attending [the debtor's] bankruptcy." *In re Caesars Entertainment Operating Co., Inc.*, 808 F.3d 1186, 1188-89 (7th Cir. 2015).

33. For the reasons stated herein, this Court should exercise its equitable powers under section 105 of the Bankruptcy Code to enjoin the Stay Defendants' Lawsuits because the continuation of the Stay Defendants' Lawsuits will frustrate and jeopardize the Debtors' efforts to successfully restructure and will interfere with the property of USAG's chapter 11 estate.

34. The likelihood of irreparable harm to USAG in the absence of injunctive relief far outweighs any harm to the parties in the Stay Defendants' Lawsuits. The plaintiffs in the Stay Defendants' Lawsuits have agreed already to injunctive relief and executed the Agreed Stay Order. The Stay Defendants will suffer little if any harm if the Stay Defendants' Lawsuits are enjoined until the effective date of USAG's chapter 11 plan.

35. If the Stay Defendants' Lawsuits are not enjoined, the USAG will likely suffer harm and its restructuring effort will be endangered by, *inter alia*:

> (i) The risk that continuation of the Stay Defendants' Lawsuits will result in a depletion of insurance policies and proceeds that would otherwise be available to satisfy claims against USAG;
>
> (ii) The risk that USAG will face indemnification claims from the Stay Defendants;
>
> (iii) The risk that USAG will be exposed to onerous discovery that will require significant administrative expense and will distract the USAG's leadership and retained professionals from devising and negotiating a successful chapter 11 plan; and
>
> (iv) The risk that as a practical matter USAG will have to participate in the Stay Defendants' Lawsuits to protect its interests, thereby depriving USAG of the benefits of the automatic stay.

36. The injunctive relief sought by Plaintiff is necessary to facilitate a global resolution

of the multifaceted disputes between USAG, the Stay Defendants, the underlying plaintiffs and other defendants in all of the lawsuits against USAG, the Sexual Abuse Survivors' Committee, insurance carriers, and other stakeholders in an orderly and efficient manner through the chapter 11 process.

37.     Once the Lawsuits are stayed, USAG will have a straightforward path to confirming a chapter 11 plan.

38.     Enjoining the Stay Defendants' Lawsuits is therefore likely to enhance the prospects of a successful resolution of USAG's chapter 11 case.

WHEREFORE Plaintiff respectfully requests the Court enter judgment in its favor and grant the following relief:

(i)     entry of an Order granting an injunction pursuant to section 105(a) of the Bankruptcy Code enjoining and prohibiting the Stay Defendants from continuing their Stay Defendants' Lawsuits until the effective date of a restructuring plan or further order of this Court; and

(ii)    granting such other relief as this Court deems just and proper under the circumstances.

Dated: March 29, 2019                                    Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*

9