UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| USA GYMNASTICS,[1] ) | Case No. 18-09108-RLM-11 |
| ) | |
| Debtor. ) | |
| ) | |

### MOTION FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY OR ALTERNATIVELY, FOR RELIEF FROM AUTOMATIC STAY WITHOUT 30-DAY WAIVER

Bela Karolyi, Martha Karolyi, and Karolyi Training Camps, LLC (collectively, the "**Karolyi Parties**") seek a determination from this Court (1) that the automatic stay provided by section 362(a) of the Bankruptcy Code does not prevent an unrelated ruling on the Karolyi Parties' pending motion to dismiss for lack of personal jurisdiction in a California case; or (2) if the stay applies, the Karolyi Parties are entitled to a narrow exception to the stay allowing the California Court (as defined below) to rule on that motion on the existing record.

The Karolyi Parties' motion to dismiss for lack of personal jurisdiction has been pending since July 2018. The motion to dismiss is fully briefed and was heard in California just days before USA Gymnastics ("**USAG or Debtor**") filed this Bankruptcy Case. The Karolyi Parties will show that allowing a ruling on the motion to dismiss for lack of personal jurisdiction on the existing record will not adversely affect the Debtor or the Debtor's estate. Such a limited ruling from this Court will, however, enable the Karolyi Parties, on

---

[1] The last four digits of Debtor's federal tax identification number are 78771. The location of Debtor's principal offices is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

the precipice of dismissal from the California Litigation, a chance to receive finality on the issue of personal jurisdiction in California. The Karolyi Parties spent eighteen (18) months in jurisdictional discovery in California and only seek to allow the California Court to make the determination that is undeniable from the existing record: California does not have personal jurisdiction over the Karolyi Parties.

Therefore, the Karolyi Parties, by counsel, file their *Motion for Determination that Automatic Stay Does Not Apply or Alternatively, for Relief from Automatic Stay* (the "**Motion**"), state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(B)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

4. Bela and Martha Karolyi are long-time residents of Texas. Both together and separately, they established a legacy through their roles in U.S. women's gymnastics beginning in the 1980s. In the 1980s and '90s, Bela and Martha rose to prominence for coaching successful individual gymnasts, including gold medal winner Mary Lou Retton in 1984, and later each serving as Head Coach to the U.S. Women's National Team. Bela then became the National Team Coordinator for the U.S. Women's National Team from 1999 to 2000. When he retired at the end of his contract, Martha Karolyi took over and remained National Team Coordinator for USAG from 2001 to 2016. Martha retired in 2016 following the Olympics in Rio de Janeiro. Subsequently, Bela and Martha were

sued in several cases related to Larry Nassar's sexual abuse during their tenure, though there is no evidence that they knew about the sexual abuse when it occurred. One such case is the subject of this motion.

5. On October 27, 2016, Jane LM Doe ("**California Plaintiff**") filed her *Complaint for Damages for 1) Sexual Assault; 2) Sexual Battery; 3) Gender Violence; 4) Sexual Harassment; 5) Unfair Business Practices; 6) Intentional Infliction of Emotional Distress; 7) Constructive Fraud; 8) Negligence; 9) Negligent Supervision; 10) Negligent Hiring/Retention; 11) Negligent Failure to Warn, Train, or Education and Demand for Jury Trial* (the "**Complaint**") as Case No. 8:18-cv-01117-JLS-KES (the "**California Litigation**") in the Southern District of California (the "**California Court**"). A true, authentic, and accurate copy of the docket from the California Litigation is attached as **Exhibit A** and incorporated herein.

6. The Karolyi Parties and Debtor were among the parties named as defendants in the California Litigation. (Exhibit A, p. 1).

7. The Karolyi Parties responded to the Complaint filed in the California state court with a motion to dismiss for lack of personal jurisdiction, as did other defendants. Those motions spurred the beginning of jurisdictional discovery in approximately March 2017. Jurisdictional discovery continued for over eighteen (18) months and was ongoing at the time of the Debtor's bankruptcy filing.

8. After several amendments to the Complaint and the removal to federal court, on July 18, 2018, the Karolyi Parties filed the operative *Motion to Dismiss for Lack of Jurisdiction under Federal Rule of Civil Procedure 12(B)(2)* (the "**Motion to Dismiss**")

arguing that the California Court did not have personal jurisdiction over the Karolyi Parties.  (Exhibit A, p. 17).

9.      On August 17, 2018, the California Plaintiff filed her *Opposition to Defendants Bela Karolyi, Martha Karolyi, and Karolyi Training Camps LLC's Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(B)(2)* (the "**Response**").  (Exhibit A, p. 19).

10.     On August 24, 2018, the Karolyi Parties filed their *Reply Memorandum of Points in Authorities in Support of the Motion*. (Exhibit A, p. 19).

11.     On August 28, 2018, the California Court continued the hearing on the Karolyi Parties' Motion to Dismiss, in light of ongoing jurisdictional discovery, and permitted each side to file a renewed opposition and reply, respectively. (Exhibit A, p. 20).

12.     California Plaintiff in the California Court filed a renewed response in opposition to the Karolyi Parties' Motion to Dismiss on October 12, 2018. (Exhibit A, p. 23).

13.     The Karolyi Parties followed with a *Renewed Reply Memorandum of Points and Authorities in Support of Motion* on November 16, 2018.  (Exhibit A, p. 25).

14.     As scheduled, the California Court held a hearing on the Motion to Dismiss on November 30, 2018.  At the hearing, the California Court focused on a single alleged jurisdictional contact—notably a contact that the Karolyi Parties had submitted ample evidence did not occur as alleged—noting it was the plaintiff's strongest potential argument for jurisdiction.  *See* Hearing Transcript, November. 30, 2018, California Litigation, at pp. 5-6, excerpted and attached as **Exhibit B**.

4

15. The California Court made clear that it ordinarily would not have held a hearing on the motion but was holding a hearing to allow California Plaintiff to address the "particular fact" regarding Nassar's absence at the event. (Exhibit B at pp. 5-6).

16. The California Court found the Karolyi Parties' evidence that Nassar was not present at the lone alleged jurisdictional contact "awfully strong." (Exhibit B at 8).

17. The California Court also expressed dismay that California Plaintiff had not submitted any evidence to controvert this point and was expecting plaintiff's counsel to provide evidence at the hearing. (Exhibit B at pp. 7, 17).

18. California Plaintiff's counsel did not do so but instead offered what the California Court construed as "speculation" about Nassar's possible presence at that event. (Exhibit B at pp. 6-7, 13).

19. The California Court stated that she would potentially decide the Karolyi Parties' Motion to Dismiss on the existing record and briefing. (Exhibit B at pp. 14-15, 16, 18).

20. Less than a week later, on December 5, 2018 (the "**Petition Date**"), the Debtor filed its voluntary bankruptcy petition.

21. Since then, several of the parties in the California Litigation attempted to reach an agreement for a 60-day stay in the California Litigation until the contours of the bankruptcy stay were clear. The Karolyi Parties agreed to a stay except to the extent it would preclude the California Court from deciding the pending motion to dismiss.

22. The Karolyi Parties expressly requested that a ruling on the pending motion to dismiss based on the existing record be excluded from the 60-day stay. (Exhibit B, Dkt. No. 144 at 3, n. 1).

23. On January 24, 2019, the California Court entered a 60-day stay in the California Litigation and adopted the Karolyi Parties' position, expressly providing that "[n]otwithstanding such stay, the Court may issue a ruling on the Karolyi Defendants' FRCP 12(b)(2) Motion based on the existing record." (Exhibit B, Dkt. No. 146 at 2).

24. The California Court has since extended the "existing stay" sua sponte through June 7, 2019, but has not ruled on the Karolyi Parties' pending motion.

25. Based on the California Court's posture at the November 30 hearing and the timing of the bankruptcy stay, the Karolyi Parties believe that the only impediment to a ruling from the California Court is this Court's guidance on the scope of the stay.

26. In her March 14, 2019 Order extending the stay, the California Court also noted that several parties were still seeking clarity on the scope of the stay from the bankruptcy court.

27. The Karolyi Parties now seek express authority from this Court regarding the scope of the bankruptcy stay.

28. Specifically, the Karolyi Parties seek a determination permitting the California Court to rule on the record before it and determine whether the California Court has jurisdiction over the Karolyi Parties in the California Litigation without any negative or other impact or consequence to Debtor.

### RELIEF REQUESTED

29. The Karolyi Parties request entry of an Order substantially similar to the Order attached as **Exhibit C** determining that the automatic stay generally applicable under section 362(a) of the Bankruptcy Code does not apply to any action taken by the

Karolyi Parties with respect to removing themselves as defendants from the California Litigation due to lack of jurisdiction.

30. Alternatively, to the extent the Court determines that the stay applies and prevents the Karolyi Parties from removing themselves as defendants from the California Litigation due to lack of jurisdiction, the Karolyi Parties request entry of the very narrow Order, which terminates the automatic stay allowing the California Court to enter an Order on the Motion to Dismiss in the California Litigation. *See, e.g.*, Exhibit D.

31. Finally, the Karolyi Parties request that the effectiveness of any Order entered on its Motion not be stayed, pursuant to Rule 4001(a)(3), Rules of Bankruptcy Procedure.

## **GROUNDS FOR RELIEF REQUESTED**

**A.    The Automatic Stay Does Not Apply**

32. First and foremost, the automatic stay does not apply to the California Court entering an Order on the Motion to Dismiss for lack of jurisdiction filed by the Karolyi Parties.

33. Section 362(a) of the Bankruptcy Code provides an automatic stay of

>   (1) "the commencement or continuation . . . to recover a claim against the debtor that arose before the commencement of the case . . .;
> 
>   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> 
>   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

7

34. In the California Litigation, the Karolyi Parties are simply seeking an Order denying relief to the California Plaintiff and resulting in absolutely no impact on Debtor.

35. If the relief sought by the Karolyi Parties in the California Litigation is granted, the Karolyi Parties are simply excused from the California Litigation—there is no impact on or reduction to any amounts for which the Karolyi Parties may be liable to the California Plaintiff. There is no obtaining possession of property of the estate or any act to collect, assess, or recover a claim against Debtor. In other words, there is absolutely no impact on Debtor or Debtor's estate.

B.   **Alternatively, Cause Exists to Grant Relief from the Automatic Stay**

36. To the extent the Court determines that the automatic stay applies to the relief requested by the Karolyi Parties in the Motion to Dismiss in the California Litigation, cause exists in this case for the Court to grant the Karolyi Parties relief from the automatic stay.

37. Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . for cause." Because the Bankruptcy Code does not define "cause," courts have discretion to determine what constitutes "cause" on a case-by-case basis based on the totality of the circumstances. *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (citing *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990)); *Matter of Gatke Corp.*, 117 B.R. 406, 409 (Bankr. N.D. Ind. 1989) (citing *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985)). *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (discussing the inherent balancing

required for the court's determination of whether a stay should be lifted under § 362(d)) (internal citations omitted).

38.     As the movant, the Karolyi Parties have the initial burden to show that cause exists, but any party opposing the relief has the ultimate burden of disproving the existence of cause. *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) (citing 11 U.S.C. § 362(g)).

39.     Courts have developed a list of factors to consider when a party is seeking relief to continue litigation in another forum, including: (i) whether the relief will result in a partial or complete resolution of the issues; (ii) the lack of any connection with or interference with the bankruptcy case; (iii) whether the foreign proceeding involves the debtor as a fiduciary; (iv) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (v) whether the action essentially involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (vi) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties; (vii) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (viii) whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (ix) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (x) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (xi) the impact of the stay on the parties and the balance of the hurt. *In re Armstrong & Guy Law Office, LLC*, 2007 WL 4571152, at *1-2 (Bankr. S.D. Miss. Dec. 21, 2007) (citing In re Curtis, 40

B.R. 795, 799 (Bankr. D. Utah 1984)). *See also In re United Imports, Inc.*, 203 B.R. 162, 166– 167 (Bankr. D. Neb.1996) (considering (i) judicial economy; (ii) trial readiness; (iii) the resolution of preliminary bankruptcy issues; (iv) the creditor's chance of success on the merits; (v) the cost of the defense or other potential burden to the bankruptcy estate; and (vi) the impact of the litigation on other creditors, in the context of a request to continue a non-bankruptcy judicial action).

40. Not all factors will be relevant in every case. *Armstrong*, 2007 WL 4571152, at *2 (citing *In re Cook*, 232 B.R. 554, 557 (Bankr. D. Conn. 1999)). Additionally, these factors need not be assigned equal weight, and only those factors relevant to the particular case need to be considered. *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994) (citing *In re Keene Corp.*, 171 B.R. 180 (Bankr. S.D.N.Y. 1994)).

41. In the context of the pending Motion to Dismiss in the California Court, the foregoing factors weigh heavily in favor of the Court granting the Karolyi Parties relief from the automatic stay.

42. First, a ruling on the Motion to Dismiss would result in a complete resolution of jurisdictional issues for the Karolyi Parties in the California Litigation, thereby enabling the Karolyi Parties to confirm whether they must continue to be part of a lawsuit in the court in which they are not subject to jurisdiction. The jurisdictional issue was litigated for over 18 months before Debtor filed for bankruptcy, including three dozen jurisdictional depositions and written jurisdictional discovery. It is time for the complete resolution of this issue for the Karolyi Parties.

43. Second, a ruling on the Motion to Dismiss would have absolutely no impact on the Debtor or the Bankruptcy Case. Whether the Karolyi Parties remain as defendants

in the California Litigation is irrelevant to their ultimate liability or any liability Debtor may have to the California Plaintiff.  The liability, to the extent it exists, exists in one forum or another—just not in the California Court.  Debtor does not have to be involved in the California Court's ruling on the existing record.  Accordingly, allowing the California Court to rule on the Motion to Dismiss would have no impact on Debtor's Bankruptcy Case.

44. Third, the California Litigation does not involve Debtor as a fiduciary.  In fact, a ruling on the Motion to Dismiss does not involve Debtor whatsoever.

45. Fourth, allowing the California Court to rule on the Motion to Dismiss would not prejudice the interests of creditors, the Committee, or any other interested parties.  Rather, a ruling on the Motion to Dismiss would simply indicate to the California Plaintiff where she needs to pursue any claims she thinks she may have against the Karolyi Parties.  Where the Karolyi Parties may or may not be sued has no impact on the creditors of Debtor, the Committee, or any other interested party in this case.

46. Fifth, the Karolyi Parties' success on the Motion to Dismiss in the California Litigation would not result in any sort of judicial lien avoidable by Debtor under section 522(f) of the Bankruptcy Code.  No lien would be created at all.  A ruling on the Motion to Dismiss would simply provide the California Plaintiff with guidance on the correct forum within which she must pursue any alleged claims against the Karolyi Parties.

47. Sixth, judicial economy would best be served by allowing the California Court to rule on the Motion to Dismiss.  The Motion to Dismiss has been fully briefed and a hearing has been held on the Motion to Dismiss.  There is no reason the California Court should not go forward with ruling on the existing record and determine whether the California Court actually has jurisdiction over the Karolyi Parties.

48. Finally, the impact of the stay on the parties other than the Karolyi Parties is minimal, if any. But this Court not allowing the California Court to rule on the Karolyi Parties' pending motion imposes a clear and substantial burden on the Karolyi Parties. The Karolyis are 76 years old and should not have to wait until this bankruptcy concludes to have the simple matter of personal jurisdiction in California decided. The motion is also fully briefed and ripe for decision. If the California Court is not able to proceed on issuing a ruling on the Motion to Dismiss, it directly affects only the Karolyi Parties. Yet, regardless of the outcome of the ruling, no other party, including Debtor, would experience harm from the ruling being entered.

49. Based on the foregoing factors, there is good reason to grant the Karolyi Parties relief from the automatic stay to allow the California Court to make a ruling on the pending Motion to Dismiss in the California Litigation.

## NOTICE

50. Notice of this Motion has been provided to: (i) the Debtor; (ii) the U.S. Trustee; (iii) the USOC; (iv) the Debtor's thirty (30) largest unsecured creditors; (v) the Committee of Sexual Abuse Survivors; and (vi) all counsel of record who have filed appearances herein. In light of the nature of the relief requested herein, the Karolyi Parties submit that no other or further notice is required, and this section complies with Bankruptcy Rule 4001 and B-4001-1.

WHEREFORE, Bela Karolyi, Martha Karolyi, and Karolyi Training Camps, LLC, by counsel, respectfully request that the Court enter an Order substantially similar to the Order attached as **Exhibit C**, determining that the automatic stay provided by section 362(a) of the Bankruptcy Code does not apply to any action taken by the Karolyi Parties

with respect to removing themselves as defendants from the California Litigation, or alternatively, enter the very narrow Order attached as **Exhibit D** terminating the automatic stay to allow the California Court to rule on the pending Motion to Dismiss in the California Litigation, and granting all other just and proper relief.

        Respectfully submitted,

*/s/ Sarah L. Fowler*
Sarah L. Fowler (30621-49)
Weston E. Overturf (27281-49)
MATTINGLY BURKE COHEN & BIEDERMAN LLP
155 East Market Street, Suite 400
Indianapolis, Indiana 46204
Phone: (317) 664-7172
Fax: (866) 305-5248
Sarah.Fowler@mbcblaw.com
wes.overturf@mbcblaw.com

*Attorneys for the Karolyi Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

- **Steven Baldwin**  sbaldwin@psrb.com, rmatthews@psrb.com
- **Martin Beeler**  mbeeler@cov.com
- **Daniel D. Bobilya**  dan@b-blegal.com
- **Tonya J. Bond**  tbond@psrb.com
- **Wendy D Brewer**  wbrewer@fmdlegal.com
- **Kenneth H. Brown**  kbrown@pszjlaw.com
- **George Calhoun**  george@ifrahlaw.com
- **John Cannizzaro**  john.cannizzaro@icemiller.com,
- **Deborah Caruso**  dcaruso@rubin-levin.net
- **Dianne Coffino**  dcoffino@cov.com
- **Karen M Dixon**  kdixon@skarzynski.com
- **Laura A DuVall**  Laura.Duvall@usdoj.gov
- **Jeffrey B. Fecht**  jfecht@rbelaw.com, rmcclintic@rbelaw.com
- **Steven W Golden**  sgolden@pszjlaw.com
- **Gregory Michael Gotwald**  ggotwald@psrb.com
- **Manvir Singh Grewal**  mgrewal@4grewal.com
- **Susan N Gummow**  sgummow@fgppr.com
- **Katherine Hance**  khance@goodwin.com
- **Jeffrey M. Hester**  jhester@hbkfirm.com
- **Jeffrey A Hokanson**  jeff.hokanson@icemiller
- **John R. Humphrey**  jhumphrey@taftlaw.com
- **Cassandra Jones**  cjones@wwmlawyers.com
- **Bruce L. Kamplain**  bkamplain@ncs-law.com
- **Kevin P Kamraczewski**  kevin@kevinklaw.com
- **Ronald David Kent**  ronald.kent@dentons.com
- **Adam L. Kochenderfer**  akochenderfer@wolfsonbolton.com
- **Christopher Kozak**  ckozak@psrb.com
- **Carl N. Kunz**  ckunz@morrisjames.com
- **Cynthia Lasher**  clasher@ncs-law.com
- **Martha R. Lehman**  mlehman@salawus.com
- **Michael M. Marick**  mmarick@skarzynski.com
- **Phillip Alan Martin**  pmartin@fmdlegal.com
- **John McDonald**  jmcdonald@briggs.com
- **Harley K Means**  hkm@kgrlaw.com
- **Geoffrey M. Miller**  geoffrey.miller@dentons.com
- **Robert Millner**  robert.millner@dentons.com

**James P Moloy**   jmoloy@boselaw.com
**Ronald J. Moore**   Ronald.Moore@usdoj.gov
**Whitney L Mosby**   wmosby@bgdlegal.com
**Joel H. Norton**   jnorton@rsslawoffices.com
**Michael P. O'Neil**   moneil@taftlaw.com
**Weston Erick Overturf**   wes.overturf@mbcblaw.com
**Dean Panos**   dpanos@jenner.com
**Stephen Jay Peters**   speters@kgrlaw.com
**Ginny L. Peterson**   gpeterson@k-glaw.com
**John Thomas Piggins**   pigginsj@millerjohnson.com
**George Plews**   gplews@psrb.com
**Amanda Koziura Quick**   amanda.quick@atg.in.gov
**Michael L. Ralph**   mralph@rsslawoffices.com
**Melissa M. Root**   mroot@jenner.com
**James Pio Ruggeri**   jruggeri@goodwin.com
**Syed Ali Saeed**   ali@sllawfirm.com
**Ilan D Scharf**   ischarf@pszjlaw.com
**Thomas C Scherer**   tscherer@bgdlegal.com
**David J. Schwab**   djschwab@rsslawoffices.com
**Igor Shleypak**   ishleypak@fgppr.com
**James I. Stang**   jstang@pszjlaw.com
**Catherine L. Steege**   csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
**Meredith R. Theisen**   mtheisen@rubin-levin.net
**U.S. Trustee**   ustpregion10.in.ecf@usdoj.gov
**Susan Walker**   susan.walker@dentons.com
**Joshua D Weinberg**   jweinberg@goodwin.com
**Mark R. Wenzel**   mwenzel@salawus.com
**Gabriella B. Zahn-Bielski**   gzahnbielski@cov.com

I hereby certify that on April 4, 2019, a copy of the foregoing was mailed by United States mail to the following:

Marcia Frederick Blanchette
c/o Kimberly Dougherty, Esq.
Andrus Wagstaff, P.C.
19 Belmont St.
Easton, MA 02375

Alyssa Corn
c/o Megan A. Bonanni and Michael L. Pitt
Pitt McGhee Palmer & Rivers, P.C.
117 W. Fourth St., Suite 200
Royal Oak, MI 48067

Rachel Denhollander
c/o Stephen R. Drew/Adam C. Sturdivant
Drew, Cooper & Anding
80 Ottawa Ave., NW Ste. 200
Grand Rapids, MI 49503

Kenzie Gassaway
c/o Manvir S. Grewal
2290 Science Parkway
Okemos, MI 48864

Sarah Klein  
c/o Manvir S. Grewal  
2290 Science Parkway  
Okemos, MI 48864  

Alexandra Raisman  
c/o John Manley  
Manly, Stewart & Finaldi  
19100 Von Karman Ave., Suite 800  
Irvine, CA 92613  

Kyla Ross  
c/o John Manley  
Manly, Stewart & Finaldi  
19100 Von Karman Ave., Suite 800  
Irvine, CA 92613  

Tasha Schwikert-Warren  
c/o Kevin Boyle & Jesse Creed  
Panish, Shea & Boyle LLP  
11111 Santa Monica Blvd., Ste. 700  
Los Angeles, CA 90025  

Jessica Thomashow  
c/o Stephen R. Drew/Adam C. Sturdivant  
Drew, Cooper & Anding  
80 Ottawa Ave., NW Ste. 200  
Grand Rapids, MI 49503  

Stephen D Penny Jr  
11121 Mirador Lane  
Fishers, IN 46037  

Fidelity Investments 2018  
USAG Profit Sharing Contribution  
100 Crosby Parkway  
Covington, KY 41015  

Plews Shadley Racher & Braun LLP  
1346 N. Delaware St.  
Indianapolis, IN 46204  

American Athletic, Inc  
200 American Ave  
Jefferson, IA 50129  

PNC Bank  
P.O. Box 828702  
Philadelphia, PA 19182  

National Travel Systems-Corporate Office  
4314 S Loop 289, Suite 300  
Lubbock, TX 79413  

Wipfli LLP  
12359 Sunrise Valley Drive  
Reston, VA 20191  

The Alexander  
333 South Delaware Street  
Indianapolis, IN 46204  

John Cheng  
137 Danbury Rd. #141  
New Milford, CT 06776  

Benchmark Rehabilitation Partners  
PO Box 2314  
Ooltewah, TN 37363  

AT&T  
P.O. 105414  
Atlanta, GA 30348  

Sport Graphics, Inc.  
3423 Park Davis Circle  
Indianapolis, IN 46235  

BMI  
P.O. Box 630893  
Cincinnati, OH 45263  

Tatiana Perskaia  
7633 Hamelin Lane  
Gainesville, VA 20155  

Antonia Markova  
3535 Acorn Way Lane  
Spring, TX 77389

Daniel Baker
1311 Kelliwood Oaks Drive
Katy, TX 77450

Ivan Yordanov Ivanov
700 Cobia Drive
Katy, TX 77494

Neofunds By Neopost
P.O. Box 6813
Carol Stream, IL 60197

Carey International, Inc.
7445 New Technology Way
Frederick, MD 21703

Mary Lou Ackman
1939 Butler Dr
Bartlett, IL 60103

Armine Barutyan-Fong
1409 NW Northridge
Blue Springs, MO 64015

Terin Humphrey
114 SE 2nd Street
Blue Springs, MO 64014

Staples Business Credit
P.O. Box 105638
Atlanta, GA 30348

Denison Parking
c/o Virginia Ave. Garage
P.O. Box 1582
Indianapolis, IN 46206

Elite Sportswear, L.P.
6850 Enterprise Dr.
South Bend, IN 46628

Dodson Group Inc
P.O. Box 393
Bownsburg, IN 46112

Chainey Umphrey
1415 Melwood Dr
San Joe, CA 95054

Heather M. Forbes
1170 White Chapel
Algonguin, IL 60102

Champion Rx
5481 Commercial Dr., Suite C
Huntington Beach, CA 92649

Aflac
1932 Wynnton Road
Columbus, GA 31999

*/s/ Sarah L. Fowler*
Sarah L. Fowler