IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| USA GYMNASTICS[1], | ) | Case No. 18-09108-RLM-11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### RESPONSE OF INDIANA ATTORNEY GENERAL CURTIS T. HILL TO DEBTOR'S MOTION FOR CLARIFICATION OF BAR DATE ORDER

Curtis T. Hill, Jr., Attorney General of Indiana, responds to the Debtor's Motion for Clarification of Bar Date Order (the "Clarification Motion") [Dkt. 374] as follows:

### INTRODUCTION

1. Curtis T. Hill, Jr., the Attorney General of the State of Indiana, (the "Attorney General") is charged with protecting the public interest in charitable and benevolent instrumentalities and to ensure the integrity of nonprofit entities operating within the State of Indiana. Ind. Code §§ 23-17-24-1 and 23-17-24-1.5. *Zoeller v. East Chicago Second Century*, 904 N.E.2d 213 (Ind. 2009).

2. USA Gymnastics ("USAG") is a nonprofit corporation with a principal office located in Indianapolis, Indiana.

3. USAG filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.* (the "Code") on December 5, 2018 (the "Petition Date"). USAG continues to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## BACKGROUND

4. Over the past several years, USAG has become the subject of one of the most horrific and extensive scandals in sports history.

5. In the summer of 2016, The Indianapolis Star published a series of articles which focused on sexual abuse in women's gymnastics and the myriad cases of alleged abuse. Many of the abuses were perpetrated by Larry Nassar, a former doctor who treated many of the USAG athletes as well as other athletes in other locations and disciplines.

6. The Attorney General is charged with protecting the public interest in charitable and benevolent instrumentalities and ensuring the integrity of nonprofit entities operating within the State of Indiana. Accordingly, the Attorney General has been conducting an investigation into USAG's operations to review its conformity with Indiana law, including those laws which pertain to reporting child abuse.

## THE CLARIFICATION MOTION

7. USAG requested and obtained the entry of an Order Approving Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Order") [Dkt 301]. Among other things, the Bar Date Order contains a strict confidentiality provision and protocol (the "Confidentiality Provision") intended to protect the privacy of sexual abuse survivors (the "Survivors").

8. Since his initial appearance in this case, the Attorney General has steadfastly maintained that any claims or potential claims of child abuse must be timely reported in accordance with applicable state and federal laws.

9. The Attorney General did not anticipate that the inclusion of the Confidentiality Provision would prohibit USAG or any other mandatory reporter from reporting instances of

2

child abuse which might be reflected in the claims filed by Survivors. Some of these instances have been reported; however, there may be additional claims of child abuse which have previously been unknown and, therefore, may not have been reported.

10. In a recent meeting with counsel for the Additional Tort Claimants Committee of Sexual Abuse Survivors (the "Committee"), one of the counsel for the Committee noted that some Survivors might take the position that the Confidentiality Provision prohibited USAG or others who reviewed the claims from complying with their statutory duties.

11. The Attorney General supports the Debtor's efforts to clarify the Bar Date Order and the Confidentiality Provision and requests that the clarification provide that the terms of the Confidentiality Provision do not prohibit <u>any</u> Permitted Party, as that term is defined in the Bar Date Order, from complying with applicable state and federal law regarding the reporting of child abuse.[2]

## CONCLUSION

WHEREFORE, Attorney General Curtis T. Hill, Jr. respectfully requests that the Court clarify the Bar Date Order to confirm that the Confidentiality Provision does not prohibit any Permitted Party from complying with applicable state and federal law regarding the reporting of child abuse and grant him all other relief just and proper.

---

[22] The Bar Date Order also provides that entities may be added as Permitted Parties upon written approval from the Debtor and the Committee. The Attorney General is working on obtaining this consent and expects to follow the procedures set forth in Paragraph 13(k) of the Bar Date Order. To the extent that the Court determines that written notice of any clarification must be sent to all Survivors who filed claims, the Attorney General may ask that his request for access to claims be included.

3

Dated:   April 8, 2019

Respectfully submitted,

/s/ Martha R. Lehman
Martha R. Lehman
Mark R. Wenzel
SmithAmundsen, LLC
201 N. Illinois Street, Suite 1400
Capital Center, South Tower
Indianapolis, IN 46204
Telephone: 317-464-4142
Fax: 317-464-4143
mlehman@salawus.com
mwenzel@salawus.com

*Counsel for Curtis T. Hill, Jr.,*
*Attorney General of Indiana*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties who have filed an appearance.  Copies of this pleading may be accessed through the Court's electronic filing system.

/s/ Martha R. Lehman
Martha R. Lehman