## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**THE ADDITIONAL TORT CLAIMANTS COMMITTEE OF SEXUAL ABUSE SURVIVORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING PRODUCTION OF DOCUMENTS AND MATERIALS FROM THE NATIONAL GYMNASTICS FOUNDATION**

The Additional Tort Claimants Committee of Sexual Abuse Survivors (the "Sexual Abuse Survivors' Committee"), appointed in this case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby submits this motion (this "Motion") for the entry of an order authorizing the Sexual Abuse Survivors' Committee to issue a subpoena (the "Subpoena"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the National Gymnastics Foundation ("NGF") compelling the production of the documents as set forth in the Subpoena annexed hereto as **Exhibit A**. In support of the Motion, the Sexual Abuse Survivors' Committee respectfully states as follows:

### PRELIMINARY STATEMENT

1. Several hundreds of children and young adults were sexually abused by individuals for whom USA Gymnastics ("USAG") was responsible (the "Survivors"). The NGF is a foundation created by and controlled by USAG and its sole mission is the support of the charitable and educational activities of USAG. According to NGF's 2017 Federal "Return of

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

Organization Exempt From Income Tax" ("Form 990"), NGF has 10 times the net assets of USAG: NGF's net assets exceed of $16 million in comparison to USAG's net assets of $1.56 million, per its 2017 Federal "Return of Organization Exempt From Income Tax".

2. USAG and NGF have a relationship that warrants investigation to determine if NGF's assets are property of the estate and whether USAG's powers under sections 544-550 of the Bankruptcy Code, inclusive, can be used to bring NGF assets into the estate. That relationship includes the following:

(a) USAG's 2005 audited financial statement recites "In connection with the restructuring of the foundation's board of directors, the federation was determined to control the Foundation. As a result, the accounts of the Foundation have been consolidated with those of the federation";[2]

(b) USAG is the sole member of NGF;

(c) The NGF 2017 Form 990 states that is a "controlled entity" of USAG;

(d) Notwithstanding USAG's statement in its audited financial statement and that Mr. Shollenberger reviewed and signed Form 990s for USAG and NGF, he testified at the first meeting of creditors that USAG did not control NGF;[3]

(e) Every NGF Form 990 on USAG's website was signed by the same person as every one of USAG's Form 990s for the same year and each signatory signed in an identical capacity for each entity;

(f) USAG's board of directors appoints NGF's board of directors;

(g) Several of NGF's directors served as USAG board members, board committee members or officers:

   (i) James Morris, the NGF's 2017 Chairman of the Board, was on USAG's 2012 board of directors and served as USAG's treasurer;[4]

   (ii) Keith Douglas, a member of NGF's 2017 board, is a two term member of USAG's Finance, Compensation and Audit Committee;

---

[2] USAG's previous corporate name was the National Gymnastics Federation.
[3] Mr. Shollenberger was Chief Financial Officer of the Debtor for seven months at the time of his testimony.
[4] Mr. Morris also served on the US Olympic Committee's audit and ethics committees from approximately 1983-1989.

2

    (iii) Gary Anderson, a member of NGF's 2017board, served as USAG's board secretary (non-voting); and

    (iv) John Hewett, a long time officer of NGF, hwas the Debtor's Chief Financial Officer from 1983-July 2018 and signed Form 990s for both NGF and USAG during that time period.

(h) From NGF's creation until November 2018, USAG maintained NGF's books and records, including preparation of checks and financial statements. Mr. Shollenberger testified that he was unaware of any reimbursement agreement between USAG and NGF for USAG's services; and

(i) NGF and USAG have a history of owing one another money. For example, in 2014, NGF reported that USAG owed it $4,256,565 (a liability that does not appear to be stated in USAG's 2014 Form 990) and in 2015, it reported that USAG owed it only $616,718. However, NGF's 2015 Form 990 does not appear to reflect any receipts of that magnitude and USAG's 2015 Form 990 does not appear to reflect a payment of that magnitude.

3. Therefore, it seeks information from the NGF, pursuant to Bankruptcy Rule 2004, related to the estate's possible claims against NGF. For these reasons, and the reasons below, the Sexual Abuse Survivors' Committee respectfully requests that the Court grant the Motion.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of USAG's chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2004.

## BACKGROUND

6. On December 5, 2018 (the "Petition Date"), USAG commenced its Chapter 11 Case (the "Case") by filing a voluntary petition for relief under Chapter 11 the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, USAG continues to operate as debtor in possession.

7.    On December 19, 2013 the United States Trustee (the "U.S. Trustee") appointed nine members to the Sexual Abuse Survivors' Committee.

## RELIEF REQUESTED

8.    The Sexual Abuse Survivors' Committee seeks entry of the Proposed Order annexed hereto as **Exhibit B** (the "Proposed Order"), which would authorize the Sexual Abuse Survivors' Committee to issue the Subpoena to the NGF compelling the production of the documents and materials as set forth in the Subpoena, without prejudice to the Sexual Abuse Survivors' Committee's right to seek further and other forms of discovery from the NGF.

## BASIS FOR RELIEF

9.    Pursuant to section 1103(c)(2) of the Bankruptcy Code, the Sexual Abuse Survivors' Committee is charged with the duty to:

> investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan.

Accordingly, pursuant to these powers, the Sexual Abuse Survivors' Committee seeks the production of documents from the NGF in order to ascertain USAG's claims against the third parties and otherwise discharge its fiduciary duties to its constituency.

10.   An examination pursuant to Bankruptcy Rule 2004 "can be ordered 'on motion of any party in interest.'" *In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 480 (Bankr. D. Del. 1994) (quoting Fed. R. Bankr. P. 2004(a)).  Bankruptcy Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan."  Fed. R. Bankr. P. 2004(b); *see also Harrow v.*

*Street* (*In re Fruehauf Trailer Corp.*), 369 B.R. 817, 827-28 (Bankr. D. Del. 2007) (noting the "extensive document discovery" that occurred pursuant to a subpoena issued under Fed. R. Bankr. P. 2004). To that end, "[t]hird parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *see also In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

11. The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See* 9 *Collier on Bankruptcy* ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997) (quoting *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985); *see also In re Comdisco, Inc.*, No. 01 B 24795, 2006 U.S. Dist. LEXIS 60818, at *10 (N.D. Ill. Aug. 14, 2006). Courts have repeatedly recognized that the scope of Bankruptcy Rule 2004 examinations as broad. *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (citing *In re Lev*, No. 05-35847, 2008 WL 207523, at *3 (Bankr. D.N.J. Jan. 23, 2008)); *see also In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989). Indeed, Bankruptcy Rule 2004 affords parties-in-interest an extremely broad right of discovery and "is even broader than that of discovery permitted under [the Federal Rules of Civil Procedure], which themselves contemplate broad, easy access to discovery." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (citations omitted).

12. Bankruptcy Rule 2004 relief is necessary and applicable here. USAG's relationship with NGF warrants an investigation into whether NGF's assets are property of the estate or whether the estate has claims against NGF under sections 544-550 of the Bankruptcy Code.

5

## **RESERVATION OF RIGHTS**

13.     The Sexual Abuse Survivors' Committee reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion.

## **NOTICE**

14.     Notice of this Motion is being given to (a) counsel to the NGF, (b) counsel to USAG, (c) the U.S. Trustee, and (d) those parties that have requested notice in this case. The Sexual Abuse Survivors' Committee respectfully submits that no other or further notice is necessary under the circumstances.

15.     The Sexual Abuse Survivors' Committee is contemporaneously filing herewith a "9006(c) Request" requesting that the Court shorten notice on this Motion to seventeen (17) days and setting the Motion for the omnibus hearing scheduled for May 15, 2019 at 1:30 p.m. (prevailing Eastern time). Counsel for the Sexual Abuse Survivors' Committee requested NGF's consent to the "9006(c) Request," but as of the filing of this motion, counsel for NGF, Jeffrey A. Hokanson, was not able to confirm NGF's position. A draft of this motion was sent to NGF's counsel in advance of the filing of this motion on April 25, 2019.

## **NO PRIOR REQUEST**

16.     The Sexual Abuse Survivors' Committee has not made any prior request for the relief requested herein to this or any other court.

**WHEREFORE**, for the reasons discussed herein, the Sexual Abuse Survivors' Committee respectfully requests entry of an order substantially in the form annexed hereto as Exhibit B: (i) granting the Motion in its entirety; (ii) authorizing the Sexual Abuse Survivors' Committee to issue the Subpoena to the NGF compelling the production of the documents and materials as set forth in the Subpoena, without prejudice to the Sexual Abuse Survivors'

Committee's rights to seek further and other forms of discovery from the NGF; and (iii) granting such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  April 26, 2019

*/s/ James I. Stang*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq. (admitted *pro hac vice*)
Joshua M. Fried, Esq.
Steven W. Golden, Esq. (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:  jstang@pszjlaw.com
         isharf@pszjlaw.com
         jfried@pszjlaw.com
         sgolden@pszjlaw.com

-and-

RUBIN & LEVIN, P.C.

*/s/ Meredith R. Theisen*
Meredith R. Theisen, Esq.
Deborah J. Caruso, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone:  (317) 634-0300
Facsimile:  (317) 263-9411
Email:  dcaruso@rubin-levin.net
        mtheisen@rubin-levin.net

*Counsel for the Sexual Abuse Survivors' Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2019, a copy of the foregoing *The Additional Tort Claimants Committee of Sexual Abuse Survivors' Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents and Materials from the National Gymnastics Foundation* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Nancy D Adams     ndadams@mintz.com
Steven Baldwin     sbaldwin@psrb.com, rmatthews@psrb.com
Martin Beeler     mbeeler@cov.com
Daniel D. Bobilya     dan@b-blegal.com, sarah@b-blegal.com
Tonya J. Bond     tbond@psrb.com, jscobee@psrb.com
Wendy D Brewer     wbrewer@fmdlegal.com, cbellner@fmdlegal.com
Kenneth H. Brown     kbrown@pszjlaw.com
Charles D. Bullock     cbullock@sbplclaw.com, lhaas@sbplclaw.com
George Calhoun     george@ifrahlaw.com, Heather.Simpson@kennedyscmk.com
John Cannizzaro     john.cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com
Deborah Caruso     dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Dianne Coffino     dcoffino@cov.com
Alex Cunny     acunny@manlystewart.com
Edward DeVries     edward.devries@wilsonelser.com
Karen M Dixon     kdixon@skarzynski.com
Laura A DuVall     Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Jeffrey B. Fecht     jfecht@rbelaw.com, rmcclintic@rbelaw.com
Sarah Lynn Fowler     sarah.fowler@mbcblaw.com, deidre.gastenveld@mbcblaw.com
Eric D Freed     efreed@cozen.com, mmerola@cozen.com
Cameron Getto     cgetto@zacfirm.com
Steven W Golden     sgolden@pszjlaw.com
Gregory Michael Gotwald     ggotwald@psrb.com, scox@psrb.com
Manvir Singh Grewal     mgrewal@4grewal.com
Susan N Gummow     sgummow@fgppr.com, bcastillo@fgppr.com
Katherine Hance     khance@goodwin.com
Jeffrey M. Hester     jhester@hbkfirm.com, mhetser@hbkfirm.com
Samuel D. Hodson     shodson@taftlaw.com, aolave@taftlaw.com
Jeffrey A Hokanson     jeff.hokanson@icemiller.com, bgnotices@icemiller.com
John R. Humphrey     jhumphrey@taftlaw.com, aolave@taftlaw.com
Cassandra Jones     cjones@wwmlawyers.com, vhosek@wwmlawyers.com
Bruce L. Kamplain     bkamplain@ncs-law.com, dhert@ncs-law.com;klong@ncs-law.com
Kevin P Kamraczewski     kevin@kevinklaw.com
Ronald David Kent     ronald.kent@dentons.com
Adam L. Kochenderfer     akochenderfer@wolfsonbolton.com
Christopher Kozak     ckozak@psrb.com
Carl N. Kunz     ckunz@morrisjames.com, jdawson@morrisjames.com

Cynthia Lasher    clasher@ncs-law.com, dcouch@ncs-law.com;dhert@ncs-law.com
Martha R. Lehman    mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Michael M. Marick    mmarick@skarzynski.com
Phillip Alan Martin    pmartin@fmdlegal.com, cbellner@fmhd.com
John McDonald    jmcdonald@briggs.com
Mathilda S. McGee-Tubb    msmcgee-tubb@mintz.com
Harley K Means    hkm@kgrlaw.com, kwhigham@kgrlaw.com;cjs@kgrlaw.com
Geoffrey M. Miller    geoffrey.miller@dentons.com, ndil_ecf@dentons.com
Robert Millner    robert.millner@dentons.com, ndil_ecf@dentons.com
James P Moloy    jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore    Ronald.Moore@usdoj.gov
Whitney L Mosby    wmosby@bgdlegal.com, fwolfe@bgdlegal.com
Joel H. Norton    jnorton@rsslawoffices.com
Michael P. O'Neil    moneil@taftlaw.com, aolave@taftlaw.com
Weston Erick Overturf    wes.overturf@mbcblaw.com, deidre.gastenveld@mbcblaw.com;ellen.sauter@mbcblaw.com
Dean Panos    dpanos@jenner.com
Stephen Jay Peters    speters@kgrlaw.com, acooper@kgrlaw.com
Ginny L. Peterson    gpeterson@k-glaw.com, acoy@k-glaw.com
John Thomas Piggins    pigginsj@millerjohnson.com, ecfpigginsj@millerjohnson.com
George Plews    gplews@psrb.com
Amanda Koziura Quick    amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov;Hunter.Schubert@atg.in.gov
Michael L. Ralph    mralph@rsslawoffices.com
Abigail E. Rocap    arocap@batescarey.com
Melissa M. Root    mroot@jenner.com, wwilliams@jenner.com
James Pio Ruggeri    jruggeri@goodwin.com
Syed Ali Saeed    ali@sllawfirm.com, betty@sllawfirm.com
Ilan D Scharf    ischarf@pszjlaw.com
Thomas C Scherer    tscherer@bgdlegal.com, fwolfe@bgdlegal.com
David J. Schwab    djschwab@rsslawoffices.com
Igor Shleypak    ishleypak@fgppr.com, jfecteau@fgppr.com
Casey Ray Stafford    cstafford@k-glaw.com, lsmith@k-glaw.com
James I. Stang    jstang@pszjlaw.com
Catherine L. Steege    csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
Laura B. Stephens    lbstephens@mintz.com
Meredith R. Theisen    mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Susan Walker    susan.walker@dentons.com
Joshua D Weinberg    jweinberg@goodwin.com
Mark R. Wenzel    mwenzel@salawus.com, pdidandeh@salawus.com
Gabriella B. Zahn-Bielski    gzahnbielski@cov.com

      I further certify that on April 26, 2019, a copy of the foregoing *The Additional Tort Claimants Committee of Sexual Abuse Survivors' Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents and Materials from the National Gymnastics Foundation* was served via electronic mail to the following:

**United States Olympic Committee:** Chris McCleary at Chris.McCleary@usoc.org
**The Alexander, a Dolce Hotel and Wyndham Hotel Group, LLC:** Daniel M. Eliades at daniel.eliades@klgates.com and David S. Catuogno at david.catuogno@klgates.com

                                                            */s/ Meredith R. Theisen*
                                                            Meredith R. Theisen

f:\wp80\genlit\usa gymnastics-86756901\drafts\2004 exam motion ngf.doc