# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

## DEBTOR'S MOTION TO DESIGNATE ADDITIONAL PERMITTED PARTIES PURSUANT TO BAR DATE ORDER

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for entry of an order, pursuant to the *Order Approving Debtor's Motion For Order Establishing Deadlines For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof* [Dkt. 301] (the "**Bar Date Order**"), designating the Indiana Attorney General (the "**Indiana AG**") and the United States Olympic Committee (the "**USOC**") and its insurers as Permitted Parties under the Bar Date Order.[2] In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105, 501, and 502 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

[2] Capitalized terms used herein and not defined shall have the meaning given to them in the Bar Date Order.

## BACKGROUND

2. On December 5, 2018, USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Survivors Committee**").

5. On February 25, 2019, this Court entered the Bar Date Order, which provides: "Sexual Abuse Proof of Claim Forms submitted by Survivors shall be held and treated as confidential by the Claims Agent, the Debtor, and the Debtor's counsel and upon request by the parties listed below (the 'Permitted Parties')." (Bar Date Order ¶ 12(c).)

6. The list of Permitted Parties under the Bar Date Order may be expanded to include "such other persons as the Court determines should have the [Sexual Abuse Proof of Claim Forms] in order to evaluate Sexual Abuse Claims upon seven (7) business days' notice to Sexual Abuse Claimants." (*Id.* ¶ 13(l).) Any persons added as Permitted Parties must execute a Confidentiality Agreement in order to review the Sexual Abuse Proof of Claim Forms. (*Id.* ¶ 12(c).)

7. Currently, the Indiana AG and USOC and its insurance carriers are not Permitted Parties under the Bar Date Order.

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, adding the Indiana AG and USOC and its insurance carriers as Permitted Parties under the Bar Date Order.

2

**BASIS FOR RELIEF**

9. It is appropriate to add both the Indiana AG and USOC and its insurance carriers as Permitted Parties under the Bar Date Order.

10. *First*, counsel for the Indiana AG has requested access to the Sexual Abuse Proof of Claim Forms. The Indiana AG has agreed to execute the Confidentiality Agreement in order to review Sexual Abuse Proof of Claim Forms. Further, the names and addresses of claimants will be redacted in the Sexual Abuse Proof of Claim Forms provided to the Indiana AG.

11. *Second*, the USOC has agreed to participate in the upcoming mediation, through which the Debtor and other parties in interest will attempt to globally resolve the Sexual Abuse Claims and related disputes. In order for the USOC to participate fully in this process, it along with any insurers that participate must be able to evaluate Sexual Abuse Claims, which requires access to the Sexual Abuse Proof of Claim Forms. The USOC and any insurer that will review the claims have also agreed to execute the Confidentiality Agreement prior to receiving the Sexual Abuse Proof of Claim Forms.

12. For the foregoing reasons, the Debtor requests that the Court add the Indiana AG and USOC and its insurance carriers as Permitted Parties under the Bar Date Order.

**NOTICE**

13. The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. The Debtor has contemporaneously filed a motion to shorten notice on this Motion so that it may be heard at the May 15, 2019 omnibus hearing. The Debtor will provide 7 business days' notice of this Motion on the individuals (through counsel,

where applicable) who filed Sexual Abuse Claims. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as is just and proper.

Dated: May 3, 2019                                         Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*