IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**DEBTOR'S MOTION FOR ORDER APPOINTING
FRED C. CARUSO AS FUTURE CLAIMANTS' REPRESENTATIVE**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), appointing Fred C. Caruso as the future claimants' representative in this chapter 11 case. In support of this Motion, the Debtor submits the declaration of Fred C. Caruso (the "**Caruso Declaration**"), attached hereto as Exhibit B, and respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a) and 1109(b) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## BACKGROUND

2. On December 5, 2018, USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Survivors Committee**").

5. On March 27, 2019, the Debtor filed its *Motion For Order Authorizing The Appointment Of A Future Claimants' Representative* [Dkt. 363] (the "**FCR Motion**"), requesting that the Court authorize the appointment of a future claimants' representative (the "**Future Claimants' Representative**" or "**FCR**").

6. At the April 17, 2019 omnibus hearing, the Court indicated that it would grant the FCR Motion, subject to further negotiations among the Debtor, the Survivors Committee, the Debtor's insurers, the United States Olympic Committee (the "**USOC**"), and other parties in interest about the scope of the FCR's constituency. (*See* Dkt. 423.)

7. Following the April 17, 2019 omnibus hearing, the parties engaged in negotiations and reached agreement that the constituency of the FCR should be defined and that definition is included in the attached proposed Order. Given the delay, the Debtor proposes that the Court enter a single Order granting both the FCR Motion and this Motion.

8. The parties further agree that the FCR should be granted the following rights in this chapter 11 case:

   a. <u>Standing</u>: The Future Claimants' Representative shall have standing (1) to be heard regarding the definition of Future Claimants; (2) to negotiate treatment under a plan of reorganization; (3) to appear and be heard with respect to approval of a disclosure statement or plan of reorganization; and (4) to request compensation for services performed;

   b. <u>Right to Receive Notices</u>: The Future Claimants' Representative shall have the right to receive all notices and pleadings that are required to be served upon any statutory committee and its counsel pursuant to applicable law and the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]; and,

   c. <u>Compensation</u>: The Future Claimants' Representative's compensation shall be subject to further order of the Court after notice and a hearing.

9. The Debtor also consulted with the Survivors Committee, the Debtor's insurers, the USOC, and the United States Trustee regarding the selection of an FCR candidate. On May 2, 2019, the Debtor held open interview calls with four candidates and invited all of the above parties to attend. Counsel for the Survivors Committee, the Debtor's insurers, and the USOC participated in these interview calls.

10. Following these interviews, the Debtor selected Fred C. Caruso to be the FCR, subject to this Court's approval and appointment of Mr. Caruso. Mr. Caruso has advised the Debtor that he is willing to accept this appointment.

11. Mr. Caruso is a Senior Managing Director at Development Specialists, Inc., a leading management consulting and financial advisory firm. He is an independent and well-qualified candidate with over thirty years of restructuring experience, having served in various fiduciary roles in highly complex chapter 11 cases. Of particular relevance, Mr. Caruso's firm was appointed as the post-confirmation administrator for Binder & Binder, the nation's largest non-attorney advocacy firm for individuals applying for Social Security disability benefits and he

3

served in that role for his firm. In that capacity, Binder represented 35,000 disability claimants during Binder & Binder's three-year wind-down and secured recoveries that significantly exceeded expectations. In that case and others, Mr. Caruso has demonstrated his skill in representing residual claimants, justifying his appointment as FCR here.

## RELIEF REQUESTED

12. By this Motion, the Debtor seeks entry of an order, pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code, appointing Fred C. Caruso as the Future Claimants' Representative.

## BASIS FOR RELIEF

13. The Debtor seeks approval of the appointment of Fred C. Caruso as the Future Claimants' Representative pursuant to Sections 105(a) and 1109(b) of the Bankruptcy Code. As discussed more fully in the FCR Motion, it is well established that section 1109(b) of the Bankruptcy Code gives a bankruptcy court the authority to appoint a representative to protect the interests of future tort claimants as "part[ies] in interest." *See Fogel v. Zell*, 221 F.3d 955, 961-62 (7th Cir. 2000) (collecting cases); *see also Jones v. Chemetron Corp.*, 212 F.3d 199, 209-10 (3d Cir. 2000); *In re Forty-Eight Insulations, Inc.*, 58 B.R. 476, 478 (Bankr. N.D. Ill. 1986); *In re UNR Indus., Inc.*, 46 B.R. 671, 675 (Bankr. N.D. Ill. 1985).

14. Courts routinely appoint future claimants' representatives in bankruptcies caused by personal injury torts and involving potential claimants whose injuries may not manifest until after the bankruptcy case, including in bankruptcies arising from sexual abuse and involving survivors who have repressed memories of their abuse, are minors, or have a disability. *See, e.g., In re Christian Brothers' Institute*, No. 11-22820-RDD, Dkt. 688 (Bankr. S.D.N.Y. Apr. 21, 2014) (appointing future claimants' representative post-confirmation to administer trust to settle sexual

abuse claims); *In re Catholic Bishop of Northern Alaska*, No. 08-00110-DMD, Dkt. 179 (Bankr. Alaska May 30, 2008) (appointing future claimants' representative on behalf of potential sexual abuse claimants); *In re Diocese of Davenport*, No. 06-02229-LMJ11, Dkt. 198 (Bankr. S.D. Iowa Nov. 7, 2007) (same); *In re Roman Catholic Bishop of San Diego*, No. 07-00939-LA11, Dkt. 753 (Bankr. S.D. Cal. July 13, 2007) (same); *In re Roman Catholic Archbishop of Portland in Oregon*, No. 04-37154-ELPLL, Dkt. 723 (Bankr. Or. Dec. 20, 2004) (same); *In re Roman Catholic Church of the Diocese of Tucson*, No. 04-BK-04721-JMM, Dkt. 121 (Bankr. Ariz. Nov. 03, 2004) (same).

15. The Bankruptcy Code is silent as to the standard for determining whether an individual qualifies for appointment as a future claimants' representative. Courts appoint future claimants' representatives to protect and vindicate the due process rights of future claimants. As a result, future claimants' representatives are typically disinterested so that no conflict of interest impedes their vigorous representation of their constituency. *See, e.g., In re Christian Brothers' Institute*, No. 11-22820-RDD, Dkts. 684, 688 (Bankr. S.D.N.Y.) (noting that individual appointed as future claimants' representative was disinterested); *In re Catholic Bishop of Northern Alaska*, No. 08-00110-DMD, Dkt. 414 (Bankr. Alaska Mar. 27, 2009) (same); *In re Diocese of Davenport*, No. 06-02229-LMJ11, Dkt. 177 (Bankr. S.D. Iowa Sept. 28, 2007) (same); *In re Roman Catholic Archbishop of Portland in Oregon*, No. 04-37154-ELPLL, Dkt. 723 (Bankr. Or. Dec. 20, 2004) (same); *In re Roman Catholic Church of the Diocese of Tucson*, No. 04-BK-04721-JMM, Dkt. 107 (Bankr. Ariz. Nov. 1, 2004) (same).

16. A very recent case, *In re the Fairbanks Co.*, 2019 WL 1752774 (Bankr. N.D. Ga. Apr. 17, 2019), is instructive.[2] In that case, the court analogized a future claimants' representative

---

[2] *Fairbanks* is an asbestos case that implicates section 524(g)'s requirement that a channeling injunction against future claimants be "fair and equitable." 11 U.S.C. § 524(g). Though section 524 is not at issue in

5

to a guardian *ad litem*: "Just as a guardian ad litem must represent the interests of a ward in litigation determining the ward's rights and duties, an FCR must advocate on behalf of unknown future claimants in the negotiation of the terms of the plan, trust, and channeling injunction and in the confirmation process to protect future claimants' rights and give them the best possible opportunity to recover." *Id.* at *8. The court therefore determined that "the standard for appointing a future claimants' representative requires that the individual not only be disinterested and qualified" but that the individual also be capable of providing "representation that is diligent, competent, and loyal." *Id.* It then appointed a future claimants' representative who had experience in complex chapter 11 cases and who was disinterested. *Id.* at *10.

17.  Here, Mr. Caruso has acted as a fiduciary in numerous complex chapter 11 cases. He has demonstrated his ability to vigorously advocate on behalf of his clients, and he has done so in a manner consistent with his duties under the Bankruptcy Code. In these cases, Mr. Caruso also worked constructively with other parties in interest to maximize recoveries for residual claimants, which is the result that everybody seeks for the Future Claimants here. As a result, other parties in interest, including the Survivors Committee, the Debtor's insurers, and the USOC, agree that Mr. Caruso is highly qualified for appointment as the FCR and will serve his constituency effectively and faithfully in that role.

18.  Further, to the best of the Debtor's knowledge, Mr. Caruso is disinterested within the meaning of section 101(14) of the Bankruptcy Code. Except as set forth in the Caruso Declaration, Mr. Caruso: (i) does not have any connection with the Debtor, the Survivors Committee, the Debtor's creditors, or any other parties in interest, or their respective attorneys and

---

this case, the Debtor submits that the analysis from *Fairbanks* is applicable because the appointment of the FCR here serves the same ends as in *Fairbanks*.

6

accountants, and (ii) does not hold or represent any interest adverse to the Debtor or its estate with respect to the matters on which he is to be appointed.

19.  Given the large number of parties in interest involved in this chapter 11 case, Mr. Caruso's evaluation of his potential connections with such interested parties is ongoing. To the extent that Mr. Caruso discovers any connection with any interested party or enters into any new relationship with any interested party, he will promptly supplement his disclosure to the Court.

20.  Mr. Caruso will seek compensation for his legal services based upon his ordinary and customary rate of $700.00 per hour. Mr. Caruso will also seek reimbursement of necessary and reasonable out-of-pocket expenses. Mr. Caruso will only seek compensation and reimbursement in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana, and the *Order Granting Debtor's Motion For Entry Of Order Establishing Procedures For Interim Compensation And Reimbursement Of Professionals* [Dkt. 187].

21.  For the reasons give above, Mr. Caruso is highly qualified for appointment as the FCR, is disinterested, and will serve his constituency effectively and faithfully. The Debtor believes that it is necessary and in the best interests of its estate and the Future Claimants to appoint Mr. Caruso as the FCR, with compensation upon application to this Court.

## NOTICE

22.  The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein and such further relief as is just and proper.

Dated: May 10, 2019 Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*