IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**REPLY TO OBJECTION OF THE NATIONAL
GYMNASTICS FOUNDATION TO THE ADDITIONAL TORT CLAIMANTS
COMMITTEE OF SEXUAL ABUSE SURVIVORS' MOTION PURSUANT TO
RULE 2004 DIRECTING PRODUCTION OF DOCUMENTS AND MATERIALS**

The Additional Tort Claimants Committee of Sexual Abuse Survivors (the "**Sexual Abuse Survivors' Committee**") appointed in this case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") hereby submits its reply to the *Objection of the National Gymnastics Foundation to the Additional Tort Claimants Committee of Sexual Abuse Survivors' Motion Pursuant to Rule 2004 Directing Production of Documents and Material* (the "**Objection**") [Doc 482], filed by The National Gymnastics Foundation, Inc. (the "**NGF**").

## I. PRELIMINARY STATEMENT

The Sexual Abuse Survivors' Committee filed its Motion[2] on April 26, 2019 seeking an order pursuant to Federal Rule of Bankruptcy Procedure ("**FRPB**") 2004 compelling NGF to produce specific documents. The Motion set forth undisputed facts showing NGF was controlled by the Debtor, their finances and mission were closely intertwined and that they engaged in multiple transactions with each other involving the exchange of many millions of dollars. The Sexual Abuse Survivors' Committee urged that this relationship "warrants investigation to determine if NGF's assets are property of the estate and whether USAG's powers under sections 544-550 of the Bankruptcy Code, inclusive, can be used to bring NGF assets into the estate."

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

1

The term substantive consolidation is never used in the Motion and there are other theories under which some of NGF's assets could be property of the estate including alter ego, that NGF was a mere instrumentality of the Debtor or that it was formed as part of a scheme to defraud creditors. Moreover, the Motion expressly states that the documents are sought to investigate the estates avoidance actions under sections 544-550 of the Bankruptcy Code which have nothing to do with substantive consolidation.

The Class Action was filed *after* the Motion on April 29, 2019 seeking damages on various theories based on sexual assault and rape. Neither the Sexual Abuse Survivors' Committee nor its members were named plaintiffs in the Class Action. The Class Action was dismissed against NGF and the Debtor on May 2, 2019 and is no longer pending against either the Debtor or NGF.

NGF contends that the Sexual Abuse Survivors' Committee may not conduct Rule 2004 discovery against it because (i) the dismissed Class Action filed by another party bars the discovery under the pending proceeding rule; (ii) the Sexual Abuse Survivors' Committee lacks standing to seek substantive consolidation so it lacks standing to conduct any Rule 2004 discovery, including discovery relating to avoidance actions; and (iii) NGF believes the substantive consolidation claims lack merit so Rule 2004 discovery concerning the claims should not be permitted. None of these arguments support denying the Motion. In fact, to state NGF's arguments is to refute them.

A. **The Broad Scope of Rule 2004.**

FRBP Rule 2004 permits a party in interest to examine any entity. The scope of examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *See* FRBP Rule 2004.

> This purpose is to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence and location of assets of the estate. *See* 2 Collier on Bankruptcy ¶ 343.04; *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr.E.D.N.Y.1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717, 34 S.Ct.

2

> 244, 246, 58 L.Ed. 448 (1914) (discussing § 21(a) of the Bankruptcy Act of 1898 from which Rule 2004 is partly derived) (the object of the examination of the debtor and other witnesses is "to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, [so] that the rights of the creditor may be preserved"))."

*In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993) (emphasis added).

B.  **The Documents Sought by the Motion are Within the Scope of Rule 2004 and Not Protected by the "Pending Proceeding" Rule.**

NGF's reliance on the pending proceeding rule is misplaced and the cases it cites cannot be read to limit or bar Rule 2004 discovery under the present circumstances. First, the Motion was filed before the Class Action by named plaintiffs that have no affiliation with the Committee. ***The Class Action is not pending against either NGF or the Debtor.*** Second, the cases relied upon by NGF are inapposite. They all demonstrate that the pending proceeding rule only applies when an action or contested matter is pending and the discovery is sought ***by a party to the action or proceeding*** against a party to the proceeding or affected by the pending proceeding. The following discussion of the cases relied upon by NGF demonstrates that the pending proceeding rule does not apply in this instance.

*In re Nat'l Risk Assessment, Inc.,* 547 B.R. 63, 65-66 (Bankr. W.D.N.Y. 2016) flatly rejects NGF's position. In *Nat'l Risk Assessment*, creditors commenced a pre-petition action in state court against the debtor and two of its alleged officers. While that action was pending, other creditors filed an involuntary petition against the debtor which resulted in an order for relief under chapter 7. The chapter 7 trustee sought Rule 2004 discovery against the officers that were defendants in the state court action, among others, and the officers objected on the grounds that discovery should be allowed to proceed only in the context of the pending state court action relying on the pending proceeding rule. The court easily overruled the objection:

3

> Although [the officers] may be defendants in an outstanding state court action, the trustee is himself not a party to that action. Consequently, the trustee has no ability to examine any of the respondents at this time, except either in the context of Bankruptcy Rule 2004 or a reopened meeting of creditors under 11 U.S.C. § 341. As between these later two options, Bankruptcy Rule 2004 is sufficiently broad to allow to the trustee an option to choose its application.
>
> The pending proceeding rule imposes a potential restraint upon a litigant's ability to conduct an examination. However, with respect to a trustee, the rule's application arises only in those instances where the trustee is already a party to an adversary proceeding or contested matter involving the parties that he seeks to examine under Bankruptcy Rule 2004. Because no such proceeding or matter has been initiated, the pending proceeding rule has no application in the present instance.

*Id*. at 65-66.

*In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 26-27 (Bankr. N.D.N.Y. 1996) is of no avail. The trustee served a Rule 2004 subpoena upon an individual after he commenced an adversary proceeding against her. The subject matter of the adversary proceeding and the Rule 2004 discovery were not easily separable and the court found that the use Rule 2004 discovery would create a back door through which the trustee could circumvent the limitations of FRBP 7026 et seq., which clearly applied because the trustee had already filed an adversary proceeding against the party form whom he sought Rule 2004 discovery. *Id*. at 30.

In articulating the principles that govern the pending proceeding rule, the court observed that entities which are not parties to a pending adversary proceeding cannot avoid Rule 2004 discovery because they do not have a legitimate claim to the additional procedural protections afforded by FRBP 7026 ("even after the trustee has commenced an adversary proceeding(s), the trustee may conduct Rule 2004 examinations of entities which are not parties to or are not affected by the pending adversary proceeding(s)."). *Id.* at 28-29.

Neither *In re Enron Corp*., 281 B.R. 836, 838 (Bankr. S.D.N.Y. 2002), nor *In re Dinubilo,* 177 B.R. 932, 935 (E.D. Cal. 1993), support application of the pending proceeding rule. In *Enron* the Rule 2004 movant sought discovery related to a class action in which it was

4

the lead plaintiff and in *Dinubilo*, the trustee sought Rule 2004 discovery against United States Trustee and his staff counsel after the United States Trustee filed motion to remove him from the case and all other cases in which he served.

*In re J & R Trucking, Inc*., 431 B.R. 818, 819-20 (Bankr. N.D. Ind. 2010), also relied upon by NGF, addresses the scope of a Rule 2004 exam but does not involve the pending proceeding rule.  The case is easily distinguishable.  *J&R Trucking* is a chapter 7 case in which non-debtor third parties, on their own behalf, and not on behalf of the estate, sought Rule 2004 discovery to determine (i) whether other non-debtor third parties under common control with the debtor might be liable to the Rule 2004 proponents under various theories and (ii) to investigate pre-petition transfers which might be recoverable by the trustee.

The bankruptcy court denied the Rule 2004 discovery because it did not seek information regarding the administration of the estates.  The court reasoned that "movants' desire to identify third parties who may also be liable to them" is not the court's concern or the purpose of Rule 2004.  "No matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from" . . .  Movants have other tools and other fora which they can use to investigate their rights against third parties and to collect the amounts they are owed.  They should use them and not Rule 2004."  *Id.* at 822-23.

In rejecting the movant's argument that they sought to conduct Rule 2004 discovery to investigate the trustee's avoidance actions, the court emphasized that the discovery was sought in chapter 7 cases:

> [I]t is the trustee's the duty to investigate the debtor's affairs and the rights of the bankruptcy estate.  To the extent the movants seek to discover avoidable transfers, they are intruding upon the trustee's duties and taking those duties upon themselves.  While the court may understand their curiosity, there is nothing the movants could do with that information once they got it.  They could not act upon it, or seek to recover any such transfers; the trustee has the exclusive right to do so.  So, in that sense, their examination can serve no real purpose.  While movants may genuinely want to help the trustee, should the trustee desire that

5

>assistance, they must do so directly, acting for, at the behest of, and in the name of the trustee, and not indirectly, in a manner that treats the trustee as simply an incidental beneficiary of an endeavor actually undertaken for someone else.

*Id*. at 822.

The facts before this Court are entirely different. This is a chapter 11 case and the Debtor is still in possession. The conflict created by the Debtor's control of NGF and their identity of interest disables the Debtor from objectively investigating the estate's claims against NGF. The trustee in *J&R Trucking* did not suffer from this disability. Moreover, the Sexual Abuse Survivors' Committee is not seeking to investigate claims it may have against NGF, but rather to investigate the estate's claims in because the Debtor's conflict precludes it from doing so objectively.

C. **The Rule 2004 Discovery is Sought for a Legitimate Purpose.**

Ignoring the language of the Motion, NGF mischaracterizes the Motion as seeking discovery for the sole purpose of allowing the Sexual Abuse Survivors' Committee to seek substantive consolidation. Based on this false premise, NGF argues that the discovery is improper because the Sexual Abuse Survivors' Committee lacks standing to seek substantive consolidation and NGF may not be substantively consolidated with the Debtor.

1. **NCF Falsely Characterizes the Sole Basis of the Motion as Substantive Consolidation.**

The Motion sets forth the financial entanglement and long history of transactions between the Debtor and NGF and seeks the documents requested to investigate the estate's claims under Bankruptcy Code sections 544-550 as well as to determine if any of NGF's assets may belong to the estate under any colorable legal theory. The term substantive consolidation is never referred to in the Motion.

2. **NGF Improperly Conflates Standing to Bring a Claim on Behalf of the Estate with Standing to Seek Rule 2004 Discovery.**

Without citing authority, NGF argues that unless the Sexual Abuse Survivors' Committee first obtains standing to bring claims on behalf of the estate, it may not conduct discovery under

6

Rule 2004.  This argument flies in the face of the language of Rule 2004 which permits "any party in interest" to seek discovery under the Rule and does not require the existence of underlying litigation.  NGF suggests that the Sexual Abuse Survivors' Committee can only conduct Rule 2004 discovery if it first seeks and obtains standing from the Court to pursue claims on behalf of the estate upon a showing, among other things, that the claims are colorable.  [Objection, p. 11.]  If NGF's view of the law is correct, no Sexual Abuse Survivors' Committee could ever obtain standing to pursue claims on behalf of an estate because the claims could not be investigated to determine if they are "colorable."

### 3. NGF Misstates the Law on Standing.

Not only has NGF incorrectly characterized the basis of the Motion, it also incorrectly informs the Court that substantive consolidation is based on sections 544,547 and 548 of the Bankruptcy Code.  [Objection, p. 9.]  From this false premise, NGF argues that the Sexual Abuse Survivors' Committee lacks standing to bring a substantive consolidation claim, presumably relying on the language in sections 544, 547 and 548 that only permits a trustee to avoid fraudulent and preferential transfers under those sections.  Of course, these sections have no application to substantive consolidation which is an equitable remedy under section 105 of the Bankruptcy Code which does not limit standing to the trustee.

NGF cites a single case (*In re Cyberco Holdings, Inc.*, 431 B.R. 404 (Bankr. W.D. Mich. 2010)) for the proposition that only the trustee/debtor-in-possession has standing to seek substantive consolidation.  The court based its decision on its unusual "view that substantive consolidation is accomplished through the application sections "542(a) and 502(j)—as opposed to through amorphous notions of equity and dubious interpretations of Section 105" and found individual creditors did not have standing to seek turnover under section 542.  *Id.* at 425, 431-32.

NGF also fails to apprise the Court that this decision expresses the minority view on standing to bring a substantive consolidation claim.  The majority view is that creditors do have standing to bring substantive consolidation claims, *SE Prop. Holdings, LLC v. Stewart (In re Stewart)*, 571 B.R. 460, 467 (Bankr. W.D. Okla. 2017) (citing cases).

7

### 4. Whether NGF Can Be Substantively Consolidated with the Debtor is Not Before the Court.

The issue of whether NGF is properly substantively consolidated with the Debtor is not before the Court. The Court does not need to decide the issue because substantive consolidation claims are not the primary basis for the Sexual Abuse Survivors' Committee's Rule 2004 discovery. Moreover, while the Seventh Circuit has not ruled one way or another on whether a non-debtor can be substantively consolidated with a debtor, other Circuits have ruled that they can be. *In re Bonham*, 229 F.3d 750, 766 (9th Cir. 2000). Similarly, the Seventh Circuit has not determined whether a non-debtor non-profit entity can be substantively consolidated and the Eighth Circuit's decision in *In re Archdiocese of Saint Paul & Minneapolis*, 888 F.3d 944 (8th Cir. 2018) so holding[3] is not binding on this Court.

**WHEREFORE,** the Sexual Abuse Survivors' Committee submits that the Objection filed by the NGF should be overruled and the Motion should be granted.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: May 14, 2019

*/s/ James I. Stang*
James I. Stang, Esq. (admitted *pro hac vice*)
Kenneth H. Brown, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq. (admitted *pro hac vice*)
Joshua M. Fried, Esq.
Steven W. Golden, Esq. (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com
 kbrown@pszjlaw.com
 isharf@pszjlaw.com
 jfried@pszjlaw.com
 sgolden@pszjlaw.com

-and-

---

[3] The Eighth Circuit did not determine whether a non-profit non-debtor could be substantively consolidated under an alter-ego theory or a on the grounds that the non-profit was formed as part of a fraudulent scheme.

8

RUBIN & LEVIN, P.C.

*/s/ Meredith R. Theisen*
Meredith R. Theisen, Esq.
Deborah J. Caruso, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone:  (317) 634-0300
Facsimile:  (317) 263-9411
Email:  dcaruso@rubin-levin.net
           mtheisen@rubin-levin.net

*Counsel for the Sexual Abuse Survivors' Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2019, a copy of the foregoing *Reply to Objection of the National Gymnastics Foundation to the Additional Tort Claimants Committee of Sexual Abuse Survivors' Motion Pursuant to Rule 2004 Directing Production of Documents and Materials* was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Nancy D Adams     ndadams@mintz.com
Steven Baldwin     sbaldwin@psrb.com, rmatthews@psrb.com
Martin Beeler     mbeeler@cov.com
Daniel D. Bobilya     dan@b-blegal.com, sarah@b-blegal.com
Tonya J. Bond     tbond@psrb.com, jscobee@psrb.com
Wendy D Brewer     wbrewer@fmdlegal.com, cbellner@fmdlegal.com
Kenneth H. Brown     kbrown@pszjlaw.com
Charles D. Bullock     cbullock@sbplclaw.com, lhaas@sbplclaw.com
George Calhoun     george@ifrahlaw.com, Heather.Simpson@kennedyscmk.com
John Cannizzaro     john.cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com
Deborah Caruso     dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Dianne Coffino     dcoffino@cov.com
Alex Cunny     acunny@manlystewart.com
Edward DeVries     edward.devries@wilsonelser.com
Karen M Dixon     kdixon@skarzynski.com
Laura A DuVall     Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Jeffrey B. Fecht     jfecht@rbelaw.com, rmcclintic@rbelaw.com
Sarah Lynn Fowler     sarah.fowler@mbcblaw.com, deidre.gastenveld@mbcblaw.com
Eric D Freed     efreed@cozen.com, mmerola@cozen.com
Cameron Getto     cgetto@zacfirm.com
Steven W Golden     sgolden@pszjlaw.com
Douglas Gooding     dgooding@choate.com
Gregory Michael Gotwald     ggotwald@psrb.com, scox@psrb.com
Manvir Singh Grewal     mgrewal@4grewal.com
Susan N Gummow     sgummow@fgppr.com, bcastillo@fgppr.com

9

Katherine Hance    khance@goodwin.com
Jeffrey M. Hester    jhester@hbkfirm.com, mhetser@hbkfirm.com
Samuel D. Hodson    shodson@taftlaw.com, aolave@taftlaw.com
Jeffrey A Hokanson    jeff.hokanson@icemiller.com, bgnotices@icemiller.com
John R. Humphrey    jhumphrey@taftlaw.com, aolave@taftlaw.com
Cassandra Jones    cjones@walkerwilcox.com, vhosek@wwmlawyers.com
Bruce L. Kamplain    bkamplain@ncs-law.com, dhert@ncs-law.com;klong@ncs-law.com
Kevin P Kamraczewski    kevin@kevinklaw.com
Ronald David Kent    ronald.kent@dentons.com
Adam L. Kochenderfer    akochenderfer@wolfsonbolton.com
Christopher Kozak    ckozak@psrb.com
Carl N. Kunz    ckunz@morrisjames.com, jdawson@morrisjames.com
Cynthia Lasher    clasher@ncs-law.com, dcouch@ncs-law.com;dhert@ncs-law.com
Adam Le Berthon    adam.leberthon@wilsonelser.com
Martha R. Lehman    mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com;lengle@salawus.com
Michael M. Marick    mmarick@skarzynski.com
Jonathan Marshall    jmarshall@choate.com
Phillip Alan Martin    pmartin@fmdlegal.com, cbellner@fmhd.com
John McDonald    jmcdonald@briggs.com
Mathilda S. McGee-Tubb    msmcgee-tubb@mintz.com
Harley K Means    hkm@kgrlaw.com, kwhigham@kgrlaw.com;cjs@kgrlaw.com
Geoffrey M. Miller    geoffrey.miller@dentons.com, ndil_ecf@dentons.com
Robert Millner    robert.millner@dentons.com, ndil_ecf@dentons.com
James P Moloy    jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore    Ronald.Moore@usdoj.gov
Whitney L Mosby    wmosby@bgdlegal.com, fwolfe@bgdlegal.com
Joel H. Norton    jnorton@rsslawoffices.com
Michael P. O'Neil    moneil@taftlaw.com, aolave@taftlaw.com
Weston Erick Overturf    wes.overturf@mbcblaw.com, deidre.gastenveld@mbcblaw.com;ellen.sauter@mbcblaw.com
Dean Panos    dpanos@jenner.com
Stephen Jay Peters    speters@kgrlaw.com, acooper@kgrlaw.com
Ginny L. Peterson    gpeterson@k-glaw.com, acoy@k-glaw.com
John Thomas Piggins    pigginsj@millerjohnson.com, ecfpigginsj@millerjohnson.com
George Plews    gplews@psrb.com
Amanda Koziura Quick    amanda.quick@atg.in.gov, Darlene.Greenley@atg.in.gov;Hunter.Schubert@atg.in.gov
Michael L. Ralph    mralph@rsslawoffices.com
Abigail E. Rocap    arocap@batescarey.com
Melissa M. Root    mroot@jenner.com, wwilliams@jenner.com
James Pio Ruggeri    jruggeri@goodwin.com
Syed Ali Saeed    ali@sllawfirm.com, betty@sllawfirm.com
Ilan D Scharf    ischarf@pszjlaw.com
Thomas C Scherer    tscherer@bgdlegal.com, fwolfe@bgdlegal.com

David J. Schwab    djschwab@rsslawoffices.com
Igor Shleypak    ishleypak@fgppr.com, jfecteau@fgppr.com
Casey Ray Stafford    cstafford@k-glaw.com, lsmith@k-glaw.com
James I. Stang    jstang@pszjlaw.com
Catherine L. Steege    csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com
Laura B. Stephens    lbstephens@mintz.com
Keith Teel    kteel@cov.com
Meredith R. Theisen    mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Susan Walker    susan.walker@dentons.com
Joshua D Weinberg    jweinberg@goodwin.com
Mark R. Wenzel    mwenzel@salawus.com, pdidandeh@salawus.com
Gabriella B. Zahn-Bielski    gzahnbielski@cov.com

      I further certify that on May 14, 2019, a copy of the foregoing *Reply to Objection of the National Gymnastics Foundation to the Additional Tort Claimants Committee of Sexual Abuse Survivors' Motion Pursuant to Rule 2004 Directing Production of Documents and Materials* was served via electronic mail to the following:

**United States Olympic Committee:**  Chris McCleary at Chris.McCleary@usoc.org
**The Alexander, a Dolce Hotel and Wyndham Hotel Group, LLC:**  Daniel M. Eliades at daniel.eliades@klgates.com and David S. Catuogno at david.catuogno@klgates.com

                        */s/ Meredith R. Theisen*
                        Meredith R. Theisen

f:\wp80\genlit\usa gymnastics-86756901\drafts\reply ngf objection 2004 exam motion.docx