SO ORDERED: May 17, 2019.



Robyn L. Moberly
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**ORDER GRANTING DEBTOR'S MOTION TO REFER SEXUAL ABUSE CLAIMS AND INSURANCE COVERAGE DISPUTES TO MEDIATION AND TO <u>APPOINT THE HONORABLE GREGG W. ZIVE AS MEDIATOR</u>**

This matter came before the Court on the *Debtor's Motion To Refer Sexual Abuse Claims And Insurance Coverage Disputes To Mediation And To Appoint The Honorable Gregg W. Zive*

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

*As Mediator* (the "**Motion**"), filed by USA Gymnastics as debtor and debtor in possession (the "**Debtor**"), for the entry of an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rule 9019-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion should be GRANTED.

IT IS HEREBY ORDERED:

1. The Motion is granted as set forth herein.

2. The Honorable Gregg W. Zive is appointed to mediate the Sexual Abuse Claims Mediated Matters[2] pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9019-2.

3. The parties to the mediation shall be: (i) the Debtor; (ii) the Additional Tort Claimants Committee Of Sexual Abuse Survivors; (iii) counsel for tort claimants, whether now identified or in the future; (iv) the Debtor's insurance carriers; (v) the United States Olympic Committee and its insurance carriers; (vi) any other persons or entities that claim indemnification from the Debtor or coverage under the Debtor's insurance policies; (vii) the future claimants' representative, if any; and (viii) any other person or entity that Judge Zive or the parties determine is necessary for mediation.

4. Judge Zive shall control all procedural aspects of the mediation, including:

    a. setting dates, times, and places for conducting sessions of the mediation;

---

[2] Capitalized terms used herein and not defined shall have the meaning given to them in the Mediation Motion.

2

  b. requiring the submission of confidential statements;

  c. requiring the attendance of representatives of each party with sufficient authority to negotiate and settle all disputed issues and amounts;

  d. designing and conducting the mediation sessions; and,

  e. establishing a deadline for the parties to act upon a settlement proposal.

All parties and their respective counsel are ordered to comply with all instructions and directions issued by Judge Zive with respect to the mediation unless otherwise ordered by this Court.

 5. All communications, information, and evidence exchanged within the mediation shall be treated confidentially by all parties and shall remain confidential following the mediation's conclusion. To the extent any information or evidence disclosed within the course of the mediation is privileged, its disclosure amongst the parties to the mediation and Judge Zive does not waive or adversely affect the privileged nature of such information or evidence. Any party who improperly discloses communications, information, and evidence exchanged confidentially during the mediation may be subject to sanctions.

 6. The mediation shall be conducted by Judge Zive without cost to the bankruptcy estate, with the exception of the administrative claims of the Debtor's and the Committee's professionals and reimbursement of out of pocket costs of the Debtor and the Committee and its members, all of which are subject to this Court's *Order Granting Debtor's Motion For Entry Of Order Establishing Procedures For Interim Compensation And Reimbursement Of Professionals* [Dkt. 187].

 7. Judge Zive is asked to file a notice with the Court that the mediation has been concluded or terminated. At his discretion, Judge Zive may file periodic reports with the Court concerning the status of the mediation, but such reporting shall not disclose any information deemed confidential and should only inform the Court and parties about the general status and schedule of the mediation proceedings.

8. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. Nothing herein shall be construed as a waiver of the insurance carriers' position that the insurance coverage dispute, case # AP 19-50012, is not a core proceeding, as more fully set forth in their Motion for Withdrawal of Reference in case # AP 19-50012, doc #37; and nothing herein shall be construed as a withdrawal of that motion.

###