SO ORDERED: June 11, 2019.



**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| USA GYMNASTICS | ) | CASE NO. 18-09108-RLM-11 |
| | ) | |
| Debtor | ) | |

### ORDER ON TORT CLAIMANTS COMMITTEE'S MOTIONS PURSUANT' TO BANKRUPTCY RULE 2004 DIRECTING PRODUCTION OF DOCUMENTS AND MATERIALS FROM THE UNITED STATES OLYMPIC COMMITTEE AND THE DEBTOR

This matter came before the Court on June 10, 2019 upon two separate motions filed by the Tort Claimants Committee (the "Committee") pursuant to Fed. R. Bank. P. 2004 for the production of documents and materials from the United States Olympic Committee ("USOC") and the debtor and the USOC's and the debtor's objections to those motions. The Court heard oral argument of counsel and took ruling of the matter under advisement. For the reasons stated below, the Court finds that the Committee's motions should be granted as modified by the Court.

1

The debtor filed this chapter 11 case on December 5, 2018 as a measure to bring to a single forum a global resolution of outstanding litigation concerning the sexual abuse caused by Dr. Larry Nassar and by others. Through the very able efforts of both the debtor's and the Committee's counsel, parties with pending litigation have either agreed to stay, or the debtor has sought and obtained orders to stay, pre-petition litigation. Mediation is set to commence in mid-July, 2019, approximately five (5) weeks from now, and the parties are required to submit confidential mediation statements by June 17, 2019.

The Committee has served discovery requests on both the USOC and the debtor, seeking the production of documents and other materials covering a wide range of inquiry including but not limited to insurance policies, practices and procedures for reporting abuse, claims of abuse, documents provided to Congress and the law firm of Ropes and Gray and other matters. Both the USOC and the debtor have objected, based in part on the alleged onerous requests and the "pending proceeding" rule.

A party in interest may move for the production of documents under Fed.R. Bankr. P. 2004(c). The scope of an examination under Rule 2004 may relate only to the acts, conduct, or property or liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Fed. R. Bankr. P. 2004(b). The decision to grant a Rule 2004 examination lies within the Court's discretion. *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S. D. N. Y. 2002).

Rule 2004 is a pre-litigation device used to assess whether there are grounds to commence an action what will augment the debtor's bankruptcy estate. *In re Handy Andy Home Improvement Centers, Inc.* 199 B.R. 376, 380 (Bankr. N. D. Ill. 1996). Its pre-suit investigatory nature, therefore, makes it an improper vehicle by which to conduct discovery after a civil action has commenced. Parties who are subject to discovery in a civil action receive greater protections under the Federal Rules of Civil Procedure and their adversaries should not be able to circumvent these protections by invoking Rule 2004. This "pending proceeding rule" prevents the use of Rule 2004 to seek discovery matters related to the parties and the subject

2

matter of an already pending proceeding. *In re MF Global, Inc.,* No. 11-02790, 2013 WL 74580 at *2 (Bankr. S. D. N. Y. January 8, 2009). This case hinges, in large part, on the extent of the insurance coverage available to pay the claims of the sexual abuse survivors. The debtor has fairly limited resources otherwise.

The USOC has agreed to produce documents relating to insurance and indemnification, documents relating to the debtor's funds held on behalf of USAG by the USOC, and the medical records of the claimants in its possession. In addition, the USOC shall produce copies of its policies, safety measures, and procedures designed to protect children for the 10 years prior to the filing of the petition in this matter, correspondence between USOC and USAG regarding USAG's procedures for removing members for the past 10 years, and any document which reports a claim or acknowledges receipt or the reporting of a claim of a claimant in this matter to USOC.

Debtor has agreed to produce documents relating to insurance and indemnification, documents relating to the debtor's funds being held by the USOC, and any medical records in its possession regarding any of the claimants. In addition, Debtor shall produce copies of any documents which acknowledge receipt or reporting of a claim by a claimant herein to Debtor, and copies of all policies, procedures and safety measures adopted by Debtor designed to protect children for the 10 years prior to the filing of the petition in this matter and correspondence between USOC and USAG regarding USAG's procedures for removing members for the past 10 years.

Investigative matters and documents furnished to Ropes & Gray or produced to Congress, as well as staffing, training, supervision, and oversight documents are specifically excluded from this Order as being prohibited by the pending proceeding rule. Documents regarding the reporting or acknowledgement of the receipt of a claim of sexual abuse is limited to ten years and limited to the claimants in this matter. The ordered discovery is not onerous but should be sufficient to ascertain the likely insurance funds that should be available to pay claims and to address certain very limited coverage questions that might arise. A broader production on

the eve of mediation would not only run afoul of the pending proceeding rule but could also jeopardize the mediation by a last minute dump of information which could be provocative and is more properly the subject of the tort litigation.

###