**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**DEBTOR'S SECOND MOTION FOR ORDER EXTENDING THE TIME WITHIN**
**WHICH THE DEBTOR MUST ASSUME OR REJECT A CERTAIN UNEXPIRED**
**LEASE OF NONRESIDENTIAL REAL PROPERTY**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this second motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 365(d)(4)(B)(ii) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), extending the time within which the Debtor must assume or reject a certain unexpired lease of nonresidential real property through and including September 30, 2019. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicate for the relief requested herein is section 365(d)(4)(B)(ii) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## BACKGROUND

2.      On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4.      On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Sexual Abuse Survivors Committee**").

5.      On January 18, 2019, the Debtor filed its Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Schedules**"). [Dkts. 205 & 206, as amended, Dkts. 218, 219, 220, 242, 337, & 474].

6.      The Debtor disclosed in its Schedules certain unexpired leases of nonresidential real property to which the Debtor may be a party.[2] Specifically, the Debtor disclosed the following lease of unexpired nonresidential real property (the "**Headquarters Lease**"):

| Landlord | Property Address | Description | Term Expiration |
|---|---|---|---|
| CRE 130 LLC | 132 E. Washington St. Suite 700 Indianapolis, IN 46204 | Headquarters Lease | December 31, 2020 |

---

[2] Previously, in the *Debtor's Motion For Order Extending The Time Within Which The Debtor Must Assume Or Reject Unexpired Leases Of Nonresidential Real Property* [Dkt. 326], the Debtor noted that it had reserved numerous meeting spaces, hotel room blocks, and training facilities for upcoming 2019 events. The Debtor noted that, "although these agreements appear to constitute licenses, rather than leases," it disclosed them in an "abundance of caution." (Dkt. 326 ¶ 6.) The Debtor has now concluded that, since these agreements are licenses and not leases, they are not subject to section 365(d)(4).

7.     On March 29, 2019, the Court entered an order extending the period within which the Debtor must assume or reject unexpired leases of nonresidential real property through and including July 3, 2019. (*See* Dkt. 369.)

8.     On June 27, 2019, counsel for CRE 130 LLC, the landlord for the Headquarters Lease, provided prior written notice to USAG's counsel that his client consented to a further extension of the time to assume or reject the Headquarters Lease through and including September 30, 2019.

### RELIEF REQUESTED

9.     By this Motion, the Debtor seeks entry of an order, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, extending the time within which the Debtor must assume or reject the Headquarters Lease through and including September 30, 2019, without prejudice to the Debtor's right to seek further extensions in accordance with the requirements of the Bankruptcy Code.

### BASIS FOR RELIEF

10.     Section 365(d)(4) of the Bankruptcy Code requires that debtors assume unexpired leases of nonresidential real property within 120 days of the petition date. (*See* 11 U.S.C. § 365(d)(4)(A)(i).) Courts may extend this deadline for 90 days for "cause," and may then extend it beyond 90 days if lessors provide their "prior written consent." (*Id.* § 365(d)(4)(B)(i)-(ii).)

11.     Here, the Court already extended the deadline to assume or reject the Headquarters Lease by 90 days, and so the Debtor has requested the lessor's consent to further extend that deadline. As noted above, the lessor to the Headquarters Lease provided its prior written consent to the requested extension of time. Accordingly, the Court is authorized to extend the deadline to assume or reject the Headquarters Lease through and including September 30, 2019. *See In re*

*Lauth Investment Properties LLC*, No. 09-06065, Dkts. 2089, 2092 (Bankr. S.D. Ind. 2011) (stipulation and order further extending time to assume or reject unexpired leases of nonresidential real property beyond initial 365(d)(4) deadlines with prior written consent of lessor).

12.     Though the consent of the lessor is a sufficient basis to grant the extension requested here, cause also exists to do so. The Bankruptcy Code does not define "cause," but courts consider several factors when determining whether cause exists, including, among other things:

> a.     whether the debtor has had a reasonable time to appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;
>
> b.     whether the lessor continues to receive rent for the use of the property;
>
> c.     whether the debtor's continued occupation of the property could damage the lessor beyond the compensation available under the Bankruptcy Code; and,
>
> d.     any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See Key Plaza I, Inc., v. Kmart Corp.*, No. 02-C-4086, 2003 WL 115240, at *4–5 (N.D. Ill. Jan. 13, 2003); *see also S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (listing section 365(d)(4) factors); *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (same); *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000) (same).

13.     Here, each factor supports finding cause to further extend the deadline to assume or reject the Headquarters Lease. *First*, the Debtor's case is large and complex. The Debtor still has not had an opportunity to determine conclusively whether the Headquarters Lease should be assumed or rejected as part of the Debtor's overall restructuring objectives. Rather, the Debtor has been principally focused on negotiating an agreed stipulation between hundreds of third parties to stay all pre-petition litigation asserting sexual abuse and related claims (*see* Dkt. 426); obtaining a

preliminary injunction against third parties who refused to join the agreed stipulation (*see* Adv. No. 19-50075, Dkt. 71); obtaining post-petition financing, made necessary by the refusal of one of the Debtor's insurers to pay the Debtor's defense costs (*see* Dkt. 513); defeating a motion by that insurer to stay an adversary proceeding that seeks to adjudicate the Debtor's rights in its insurance policies (*see* Adv. No. 19-50012, Dkt. 147); completing summary judgment briefing in that same adversary proceeding (*See* Adv. No. 19-50012, Dkts. 27, 146); selecting, in consultation with other parties in interest, individuals to serve as the mediator and the future claimants' representative in this case (*see* Dkts. 452, 480, 514, & 516); drafting its principal brief for the upcoming mediation (*see* Dkt. 522); and responding to discovery requests asserted by the Sexual Abuse Survivors Committee (*see* Dkt. 562). As a result, the Debtor's analysis of the Headquarters Lease in light of its overall restructuring goals remains ongoing.

14.     ***Second***, if the Debtor precipitously assumes or rejects the Headquarters Lease or is deemed to reject the Headquarters Lease by virtue of section 365(d)(4) of the Bankruptcy Code, it may incur unnecessary rejection damages or administrative claims or forego significant value in the Headquarters Lease, as the case may be. Because of the value that may be gained or lost, the Debtor wants to have the most information reasonably available when it decides whether to assume or reject the Headquarters Lease. An extension of time is appropriate to allow the Debtor to fully analyze the value of the Headquarters Lease to the Debtor's estate.

15.     ***Third***, the Debtor has continued to honor its post-petition obligations under the Headquarters Lease. Indeed, pending a decision to assume or reject the Headquarters Lease, the Debtor has performed—and is continuing to perform—all of its undisputed obligations arising after the Petition Date in a timely fashion as required under section 365(d)(3) of the Bankruptcy Code, including payment of post-petition rent. The relief requested in this Motion will therefore

not harm the lessor at all, much less "beyond the compensation available [to lessors] under the Bankruptcy Code." *Key Plaza I, Inc.*, 2003 WL 115240, at *4. Instead, the requested relief will preserve the status quo while the Debtor analyzes the Headquarters Lease and decides whether to assume or reject it. *See In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.") (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989)).

16.    For the foregoing reasons, the Debtor requests that the Court extend the period within which the Debtor must assume or reject the Headquarters Lease, as permitted with the lessor's prior written consent under section 365(d)(4)(B)(ii), such that the time to assume or reject runs through and including September 30, 2019. The Debtor also requests that this Motion be granted without prejudice to the Debtor's right to seek further extensions with the lessor's prior written consent.

## RESERVATION OF RIGHTS

17.    Nothing in this Motion shall be deemed to be or construed as (i) an assumption or rejection of any contract or lease pursuant to section 365 of the Bankruptcy Code, or (ii) an admission with respect to whether any of the Debtor's contracts or leases are unexpired leases of nonresidential real property within the meaning of section 365(d)(4) of the Bankruptcy Code.

## NOTICE

18.    The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially

in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief

as is just and proper.

Dated: June 28, 2019                                    Respectfully submitted,


                                                        **JENNER & BLOCK LLP**

                                                        By: /s/ *Catherine Steege*

                                                        Catherine L. Steege (admitted *pro hac vice*)
                                                        Dean N. Panos (admitted *pro hac vice*)
                                                        Melissa M. Root (#24230-49)
                                                        353 N. Clark Street
                                                        Chicago, Illinois 60654
                                                        (312) 222-9350
                                                        csteege@jenner.com
                                                        dpanos@jenner.com
                                                        mroot@jenner.com

                                                        *Counsel for the Debtor*