# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

## DEBTOR'S FIRST OMNIBUS OBJECTION TO DUPLICATIVE CLAIMS AND NOTICE OF RESPONSE DEADLINE

**CLAIMANTS RECEIVING THIS FIRST OMNIBUS CLAIMS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIM NUMBER(S) ON <u>EXHIBIT A</u>, ATTACHED HERETO. DUPLICATIVE CLAIMS MAY BE REDUCED, MODIFIED, OR ELIMINATED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

**IF YOU DO NOT WANT THE COURT TO ENTER THE PROPOSED ORDER, THEN ON OR BEFORE AUGUST 5, 2019 AT 4:00 P.M. (PREVAILING EASTERN TIME), YOU OR YOUR LAWYER MUST FILE A WRITTEN RESPONSE TO THE OBJECTION EXPLAINING YOUR POSITION.**

**THE OBJECTION AND ANY RESPONSE WILL BE HEARD AT A HEARING TO BE HELD ON AUGUST 14, 2019 AT 1:30 P.M. (PREVAILING EASTERN TIME), IN ROOM 329 OF THE UNITED STATES BANKRUPTCY COURT, 46 EAST OHIO STREET, INDIANAPOLIS, INDIANA 46204.**

**THOSE NOT PERMITTED TO FILE ELECTRONICALLY MUST DELIVER ANY RESPONSE BY U.S. MAIL, COURIER, OVERNIGHT/EXPRESS MAIL, OR IN PERSON AT:**

**116 U.S. COURTHOUSE
ATTN: CHAMBERS OF THE HONORABLE JUDGE MOBERLY
46 EAST OHIO STREET
INDIANAPOLIS, INDIANA 46204**

**IF YOU MAIL YOUR RESPONSE TO THE COURT, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE DATE STATED ABOVE.**

**YOU MUST ALSO SEND A COPY OF YOUR OBJECTION TO:**

**JENNER & BLOCK LLP
ATTN: CATHERINE STEEGE AND MELISSA ROOT
353 NORTH CLARK STREET
CHICAGO, ILLINOIS 60654**

**IF YOU DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE YOU DO NOT OPPOSE AN ORDER AFFECTING YOUR CLAIMS.**

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this first omnibus claims objection (the "**First Omnibus Claims Objection**"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 3007(d)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), requesting the entry of an order disallowing the duplicative claims listed in Exhibit A, attached hereto. In support of this First Omnibus Claims Objection, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(1), and Local Rule 3007-1.

## BACKGROUND

2. On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors.

2

5.  On February 25, 2019, the Court issued an order fixing April 29, 2019 as the deadline for creditors other than governmental units to file claims, and June 3, 2019 as the deadline for governmental units to file claims. (*See* Dkt. 301.)

6.  As of the date of this filing, 332 non-sexual abuse claims have been filed in this chapter 11 case.[2]

7.  After reviewing the claims and their supporting documentation, the Debtor has determined that certain creditors filed multiple claims asserting the same liability (the "**Duplicative Claims**"). These Duplicative Claims are listed on Exhibit A, along with the claims they duplicate (the "**Remaining Claims**").

## RELIEF REQUESTED

8.  By this First Omnibus Claims Objection, the Debtor objects, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(1), and Local Rule 3007-1, to the Duplicative Claims set forth on Exhibit A and requests entry of an order disallowing the Duplicative Claims in their entirety.

## OBJECTION

9.  Section 502 of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Claims may be disallowed to the extent they are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." *Id.* § 502(b)(1). The "ultimate burden

---

[2] Two of these claims, Claim 92 and Claim 349, appear to be sexual abuse claims but were not filed on the Sexual Abuse Proof of Claim Form and did not attach any supporting documentation. The claimant in Claim 92 filed a separate Sexual Abuse Proof of Claim Form. As such, Claim 92 is subject to this First Omnibus Claims Objection on the basis that it is duplicative. Counsel for the Debtor contacted Counsel for Claim 349 and provided counsel with a copy of the Sexual Abuse Proof of Claim Form. Claim 349 was filed late, and the Debtor reserves all rights to object to Claim 349 on any basis.

3

of persuasion always remains with the claimant to prove entitlement to the claim." *In re Sentinel Management Group, Inc.*, 417 B.R. 542, 550 (Bankr. N.D. Ill. 2009).

10. "[C]laims that assert a right to payment on the same liability for which payment is sought in another claim filed by the same creditor state no independent right to recovery, and are unenforceable to the extent of the duplication." *In re GGSI Liquidation, Inc.*, No. 01-B-31751, 2016 WL 6808510, at *3 (Bankr. N.D. Ill. Nov. 14, 2016). This is so because it "is axiomatic that one cannot recover the same debt twice." *In re Handy Andy Home Improvement Ctrs.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998). To enforce this principle, Bankruptcy Rule 3007 expressly permits debtors to file omnibus objections to duplicative claims. *See* Fed. R. Bankr. P. 3007(d)(1).

11. Here, the claims listed on Exhibit A are duplicative of other claims asserted against the Debtor. The Duplicative Claims should therefore be disallowed in their entirety. If they are not disallowed, certain claimants may receive double recoveries, to the detriment of the Debtor's estate and other creditors. *Cf. Sheek v. Mark A. Morin Logging, Inc.*, 993 N.E.2d 280 (Ind. App. 2013) ("the law disfavors a windfall or a double recovery").

12. Disallowing the Duplicative Claims will also permit the Debtor and its professionals to maintain a claims register that accurately reflects the size of the Debtor's liabilities.

13. Importantly, disallowing the Duplicative Claims will have no effect on the allowance or disallowance of the corresponding Remaining Claims. No creditor will be prejudiced by the entry of an order sustaining this Objection.

14. For the foregoing reasons, the Debtor requests that the Court disallow the Duplicative Claims in their entirety. The Debtor has listed the Duplicative Claims to which it objects on Exhibit A. The exhibit includes the name of each claimant (sorted by first name), the

numbers of each Duplicative Claim and Remaining Claim, the basis for the Debtor's objection to each Duplicative Claim, and the Debtor's requested disposition of each Duplicative Claim.

## RESERVATION OF RIGHTS

15. Nothing in this First Omnibus Claims Objection shall be construed as the Debtor conceding the validity of any claim filed against the Debtor. The Debtor's claims analysis is still ongoing and additional claim objections may be forthcoming. The Debtor therefore expressly reserves the right to further object to any or all of the claims filed in this chapter 11 case on any basis whatsoever.

## SEPARATE CONTESTED MATTERS

16. Each Duplicative Claim and the Debtor's objection thereto, as asserted in this First Omnibus Claims Objection and as set forth in Exhibit A, constitutes a separate contested matter under Bankruptcy Rule 9014. The Debtor requests that any order entered by the Court with respect to the objections asserted in this First Omnibus Claims Objection be deemed a separate order with respect to each Duplicative Claim.

## DEADLINE TO RESPOND

17. Any claimants wishing to contest this First Omnibus Claims Objection must file and serve a written response by August 5, 2019 at 4:00 p.m. (prevailing Eastern time).

18. After a debtor has objected to claims, the burden rests upon the claimants to "meet the objection and establish the claim[s]." *In re Pierport Dev. & Realty Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013). If no response is filed in support of the Claims, the Court may disallow the Claims as requested herein.

5

## NOTICE

19.   The Debtor will provide notice of this Motion in accordance with Bankruptcy Rule 3007, Local Rule 3007-1, and the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. Pursuant to Local Rule 3007-1, claimants will be given 30 days from the date of service of this First Omnibus Claims Objection to respond. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit B, disallowing the Duplicative Claims in their entirety and granting such further relief as is just and proper.

Dated: July 3, 2019                                                                       Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*