IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**DEBTOR'S SECOND OMNIBUS OBJECTION TO
MISCLASSIFIED PRIORITY CLAIMS AND NOTICE OF RESPONSE DEADLINE**

**CLAIMANTS RECEIVING THIS SECOND OMNIBUS CLAIMS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIM NUMBER(S) ON <u>EXHIBIT A</u>, ATTACHED HERETO. YOUR CLAIM MAY BE RECLASSIFIED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

**IF YOU DO NOT WANT THE COURT TO ENTER THE PROPOSED ORDER, THEN ON OR BEFORE AUGUST 5, 2019 AT 4:00 P.M. (PREVAILING EASTERN TIME), YOU OR YOUR LAWYER MUST FILE A WRITTEN RESPONSE TO THE OBJECTION EXPLAINING YOUR POSITION.**

**THE OBJECTION AND ANY RESPONSE WILL BE HEARD AT A HEARING TO BE HELD ON AUGUST 14, 2019 AT 1:30 P.M. (PREVAILING EASTERN TIME), IN ROOM 329 OF THE UNITED STATES BANKRUPTCY COURT, 46 EAST OHIO STREET, INDIANAPOLIS, INDIANA 46204.**

**THOSE NOT PERMITTED TO FILE ELECTRONICALLY MUST DELIVER ANY RESPONSE BY U.S. MAIL, COURIER, OVERNIGHT/EXPRESS MAIL, OR IN PERSON AT:**

**116 U.S. COURTHOUSE
ATTN: CHAMBERS OF THE HONORABLE JUDGE MOBERLY
46 EAST OHIO STREET
INDIANAPOLIS, INDIANA 46204**

**IF YOU MAIL YOUR RESPONSE TO THE COURT, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE DATE STATED ABOVE.**

**YOU MUST ALSO SEND A COPY OF YOUR OBJECTION TO:**

**JENNER & BLOCK LLP
ATTN: CATHERINE STEEGE AND MELISSA ROOT
353 NORTH CLARK STREET
CHICAGO, ILLINOIS 60654**

**IF YOU DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE YOU DO NOT OPPOSE AN ORDER RECLASSIFYING YOUR CLAIM.**

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this second omnibus claims objection (the "**Second Omnibus Claims Objection**"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 3007(d)(8) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), reclassifying those claims (the "**Claims**") listed on Exhibit A, attached hereto, as nonpriority, general unsecured claims. In support of this Second Omnibus Claims Objection, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(8), and Local Rule 3007-1.

## BACKGROUND

2. On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors.

2

5. On February 25, 2019, the Court issued an order fixing April 29, 2019 as the deadline for creditors other than governmental units to file claims, and June 3, 2019 as the deadline for governmental units to file claims. (*See* Dkt. 301.)

6. As of the date of this filing, 332 non-sexual abuse claims have been filed in this chapter 11 case.[2] Numerous claimants assert that they are entitled to priority under section 507 of the Bankruptcy Code.

## RELIEF REQUESTED

7. By this Second Omnibus Claims Objection, the Debtor objects, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(8), and Local Rule 3007-1, to the Claims set forth on Exhibit A and requests entry of an order reclassifying the Claims as nonpriority, general unsecured claims.

## OBJECTION

8. Section 502 of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 507 of the Bankruptcy Code then sets forth ten categories of claims that are entitled to priority treatment, and a claimant asserting priority status "bears the burden of proving by a preponderance of the evidence" that its claim is entitled to priority. *In re Johnston*, No. 11-3242-RLM-11, 2013 WL 1337757, at *2 (Bankr. S.D. Ind. Mar. 29, 2013).

9. "[S]tatutory priorities are narrowly construed" because "of the presumption that the debtor's limited resources should be equally distributed among creditors." *In re Kent Plastics*

---

[2] Two of these claims, Claim 92 and Claim 349, appear to be sexual abuse claims but were not filed on the Sexual Abuse Proof of Claim Form and did not attach any supporting documentation. The claimant in Claim 92 filed a separate Sexual Abuse Proof of Claim Form. As such, the Debtor has separately objected to Claim 92 on the basis that it is duplicative. Counsel for the Debtor contacted Counsel for Claim 349 and provided counsel with a copy of the Sexual Abuse Proof of Claim Form. Claim 349 was filed late, and the Debtor reserves all rights to object to Claim 349 on any basis.

*Corp.*, 183 B.R. 841, 844-45 (Bankr. S.D. Ind. 1995). "If one claimant is to be preferred over others, the purpose should be clear from the statute." *Id.* at 845 (quoting *Nathanson v. NLRB*, 344 U.S. 25, 29 (1952)). Accordingly, when a purported priority claim does not "tightly" fit within a priority category, the claim should be reclassified and treated as a general unsecured claim. *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006) (denying priority wage treatment to workers' compensation insurance claims); *see also Kent Plastics Corp.*, 183 B.R. at 848 (denying priority tax treatment to pension underfunding claims).

10. Here, the Claims listed on Exhibit A do not meet the requirements for priority status under section 507 of the Bankruptcy Code. The Claims do not assert liabilities that "tightly" correspond to the priorities that Congress expressly and carefully created, such as employee wage claims under section 507(a)(4). *Howard Delivery Serv.*, 547 U.S. at 667. Instead, the Claims are based upon services that, at most, give rise only to general unsecured claims. The Claims should therefore be reclassified as nonpriority, general unsecured claims, as set forth on Exhibit A.

11. Critically, the Debtor does not seek disallowance of the Claims. The Debtor only requests that the Claims be reclassified, which will allow the Debtor and its professionals to maintain a more accurate claims register. Whether this Court will allow or disallow the Claims will be determined at a later date.

12. For the foregoing reasons, the Debtor requests that the Court reclassify the Claims as nonpriority, general unsecured claims. The Debtor has listed on Exhibit A the Claims that it seeks to have reclassified. Exhibit A includes the name of each claimant (sorted by first name), the numbers of the Claims, the amounts asserted in the Claims, the classification of the Claims as filed, the basis for the Debtor's request to reclassify the Claims, and the Debtor's requested disposition of the Claims.

## RESERVATION OF RIGHTS

13. Nothing in this Second Omnibus Claims Objection shall be construed as the Debtor conceding the validity of any claim filed against the Debtor. The Debtor's claims analysis is still ongoing and additional claim objections may be forthcoming. The Debtor therefore expressly reserves the right to further object to any or all of the claims filed in this chapter 11 case on any basis whatsoever.

## SEPARATE CONTESTED MATTERS

14. Each Claim and the Debtor's objection thereto, as asserted in this Second Omnibus Claims Objection and as set forth on Exhibit A, constitutes a separate contested matter under Bankruptcy Rule 9014. The Debtor requests that any order entered by the Court with respect to the objections asserted in this Second Omnibus Claims Objection be deemed a separate order with respect to each Claim.

## DEADLINE TO RESPOND

15. Any claimant wishing to contest this Second Omnibus Claims Objection must file and serve a written response by August 5, 2019 at 4:00 p.m. (prevailing Eastern time).

16. After a debtor has objected to claims, the burden rests upon the claimants to "meet the objection and establish the claim[s]." *In re Pierport Dev. & Realty Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013). If no response is filed in support of the Claims, the Court may sustain this Second Omnibus Claims Objection and reclassify the Claims as requested herein.

## NOTICE

17. The Debtor will provide notice of this Motion in accordance with Bankruptcy Rule 3007, Local Rule 3007-1, and the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. Pursuant to Local

5

Rule 3007-1, claimants will be given 30 days from the date of service of this Second Omnibus Claims Objection to respond. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as <u>Exhibit B</u>, reclassifying the Claims as nonpriority, general unsecured claims and granting such further relief as is just and proper.

Dated: July 3, 2019                                                   Respectfully submitted,

**JENNER & BLOCK LLP**

By: <u>/s/ *Catherine Steege*</u>

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*