IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**DEBTOR'S THIRD MOTION FOR ORDER
EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS
TO FILE AND TO SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), extending the periods during which the Debtor has the exclusive right to file a chapter 11 plan and to solicit acceptances thereof by 60 days through and including December 3, 2019 and January 31, 2020, respectively. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## BACKGROUND

2.      On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4.      On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors (the "**Sexual Abuse Survivors Committee**").

5.      The Bankruptcy Code grants the Debtor the exclusive right to file a plan of reorganization within 120 days of the Petition Date (the "**Exclusive Filing Period**"). 11 U.S.C. § 1121(b). The Bankruptcy Code also grants the Debtor the exclusive right to solicit acceptances on a plan of reorganization within 180 days of the Petition Date (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusivity Periods**"). 11 U.S.C. § 1121(c)(3).

6.      The Court previously extended both of the Exclusivity Periods. (*See* Dkts. 368, 684.) The Exclusive Filing Period now expires on October 4, 2019. (Dkt 684, at ¶ 2.) The Exclusive Solicitation Period now expires on December 2, 2019. (*Id.* ¶ 3.)

## RELIEF REQUESTED

7.      By this Motion, the Debtor seeks entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, extending the Exclusive Filing Period and the Exclusive Solicitation Period by 60 days through and including December 3, 2019 and January 31, 2020, respectively, without prejudice to the Debtor's right to seek further extensions for cause.

2

**BASIS FOR RELIEF**

8. Pursuant to section 1121 of the Bankruptcy Code, the Court may extend the Exclusivity Periods "for cause." 11 U.S.C. § 1121(d) ("[O]n request of a party in interest made within the [Exclusivity Periods] and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

9. Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See, e.g., In re Company Store, Inc.*, No. 92-21810-11, 1992 WL 12003985, at *2 (Bankr. W.D. Wis. Oct. 5, 1992) ("the decision to grant an extension [of exclusivity] is within the discretion of the bankruptcy judge"); H.R. REP. NO. 103-835, at 36 (1994) ("Exclusivity is intended to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated."); *In re Lehman Bros. Holdings, Inc.*, No. 08-13555-SCC, Dkt. 4440, at 137 (JMP) (Bankr. S.D.N.Y. July 15, 2009) (granting exclusivity extension because debtors should be entitled "to as much time as they need to develop their best plan" and "exclusivity was designed, in part, to give debtors that privilege, unless it's being abused").

10. Courts have historically used the following factors to determine whether cause exists to extend exclusivity:

    a.    the size and complexity of the case;

    b.    the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c.    whether the debtor has made progress in negotiations with its creditors;

    d.    the existence of good faith progress toward reorganization;

    e.    whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

    f.    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   g. the fact that the debtor is paying its bills as they become due;

   h. the amount of time which has elapsed in the case; and,

   i. whether an unresolved contingency exists.

*See In re Adelphia Comm'cns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *see also In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003); *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002); *Matter of Fansteel, Inc.*, No. 16-01823-ALS-11, 2017 WL 782865, at *1-2 (Bankr. S.D. Iowa Feb. 28, 2017); *In re Marble Cliff Crossing Apartments, LLC*, 488 B.R. 355, 357 (Bankr. S.D. Ohio 2013); *In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012); *In re Borders Group, Inc.*, 460 B.R. 818, 822-26 (Bankr. S.D.N.Y. 2011).

  11. Not all factors are relevant to every case, and the existence of even one of these factors may be sufficient to extend exclusivity. *See, e.g., In re Corus Bankshares, Inc.*, No. 10-26881-PSH, Dkt. 184, at 34-35 (Bankr. N.D. Ill. Sept. 23, 2010) (extending exclusivity to allow for resolution of certain contingencies); *In re Hoffinger Indus., Inc.*, 292 B.R. at 644 (noting that "[i]t is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each"); *In re Cengage Learning, Inc.*, No. 13-44106-ESS, Dkt. 688, at 50-60 (Bankr. E.D.N.Y. Oct. 25, 2013), (concluding that several but not all of the factors were relevant in extending exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269-70 (Bankr. D.D.C. 1986) (extending exclusivity based on complexity, plan negotiations, and progress toward reorganization).

  12. Courts within this district have granted debtors' successive requests for extensions of exclusivity. *See, e.g., In re hhgregg, Inc.*, No. 17-01302-JJG-11, Dkts. 1719, 2060, & 2326 (Bankr. S.D. Ind.) (granting second, third, and fourth requests for extensions of exclusivity); *In re Conroe Lodging Associates, LLP*, No. 13-11705-RLM, Dkts. 231, 250, & 278 (Bankr. S.D. Ind.)

(granting second, third, and fourth requests for extensions of exclusivity); *In re Candlelight Properties LLC*, No. 11-12698-FJO, Dkts. 234 & 286 (Bankr. S.D. Ind.) (granting second and third requests for extensions of exclusivity).

13. Here, cause exists to further extend the Exclusivity Periods. ***First***, the Debtor's case is large and complex. The Debtor has in excess of 500 creditors, the majority of which are survivors of sexual abuse. In July, the Debtor commenced a mediation with the Sexual Abuse Survivors Committee, the Debtor's insurers, and other parties in interest to negotiate a consensual plan of reorganization. That mediation is ongoing and the Debtor does not expect that it will conclude before October 4, 2019. It is therefore not practicable for the Debtor to propose a plan before the Exclusive Filing Period expires. For this reason alone, cause exists to extend the Exclusivity Periods.

14. ***Second***, the Debtor's progress in administering this case also supports extending the Exclusivity Periods. Since the Debtor last requested an extension of the Exclusivity Periods, the Debtor has attended multiple mediation sessions; successfully argued that the District Court should not withdraw the reference to the insurance coverage adversary proceeding (Dist. No. 18-cv-1308, Dkt. 101); prepared to argue its motion for partial summary judgment against Liberty Insurance Underwriters ("**LIU**"), on the ground that LIU has breached its duty to pay the Debtor's defense costs (Adv. No. 50012, Dkts. 26, 27, 80, 146, & 165); filed and briefed two motions for partial summary judgment against TIG Insurance Company, requesting declarations that abuse and molestation exclusions do not bar coverage for sexual abuse claims against the Debtor and that lost policies provide coverage for the Debtor (Adv. No. 50012, Dkts. 173, 176, 204, & 205); filed and briefed a motion for partial summary judgment against Ace American Insurance Company, on the ground that the Debtor is entitled to coverage under each policy year for which it has evidence

5

of Ace insurance policies (Adv. No. 50012, Dkts. 174 & 175); responded to a renewed request to withdraw the reference to the insurance coverage adversary proceeding (Adv. No. 50012, Dkts. 210, 211, & 213); objected to numerous "emergency" motions filed by LIU, TIG, and Ace, which sought to delay the adjudication of the above insurance coverage disputes (Dist. No. 18-cv-1308, Dkt. 109; Adv. No. 50012, Dkts. 224, 225, & 226); produced discovery to the Sexual Abuse Survivors Committee in connection with the mediation (Dkt. 591); and filed numerous objections to non-sexual abuse claims (Dkts. 624, 628, 629, & 635).

15. In short, the Debtor has been busy pushing this case forward. The Debtor will continue working with such dispatch if the Exclusivity Periods are further extended. Conversely, progress in this case will be slowed if the Exclusivity Periods lapse and other parties are permitted to prosecute their own plans, diverting the attention and resources of the Debtor, its professionals, and other parties in interest. Accordingly, the Exclusivity Periods should be extended so that the Debtor may continue to efficiently administer this chapter 11 case and negotiate a consensual plan.

16. ***Third***, unresolved contingencies exist that weigh in favor of extending the Exclusivity Periods. The resolution of the insurance coverage adversary proceeding and the mediation will determine the amount of insurance proceeds available for distribution to survivors. Extending exclusivity on account of the unresolved insurance coverage adversary proceeding and the mediation will provide the Debtor with a better opportunity to develop and propose a confirmable plan of reorganization with the consent of other parties in interest.

17. ***Finally***, the remaining factors also support extending the Exclusivity Periods. The Debtor is paying bills as they come due. No creditor will be harmed by the extension of the Exclusivity Periods and the Debtor does not make this extension request in bad faith.

18. For the foregoing reasons, cause exists to extend the Exclusivity Periods. The Debtor requests that the Court extend the Exclusive Filing Period through and including December 3, 2019 and extend the Exclusive Solicitation Period through and including January 31, 2020. The Debtor also requests that this Motion be granted without prejudice to the Debtor's right to seek further extensions for cause.

## NOTICE

19. The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as is just and proper.

Dated: September 11, 2019                                    Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*