# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

## DEBTOR'S MOTION FOR ORDER
## AUTHORIZING THE DEBTOR TO ASSUME HEADQUARTERS LEASE

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**USAG**"), hereby submits this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"), authorizing the Debtor to assume the unexpired lease for its headquarters, attached hereto as Exhibit B. In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

## BACKGROUND

2. On December 5, 2018, USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and continues to operate and maintain its organization as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

4. On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee Of Sexual Abuse Survivors.

5. The Debtor is party to the following unexpired lease of nonresidential real property (the "**Headquarters Lease**"):

| Landlord | Property Address | Description | Remaining Lease Payments, Due Monthly | Term Expiration |
|---|---|---|---|---|
| CRE 130 LLC[2] | 132 E. Washington St. Indianapolis, IN | Headquarters Lease | Rent: $19,793.49<br>Operating Expenses: $6,128.89<br>Real Estate Taxes: $1,275.18 | December 31, 2020 |

6. The Headquarters Lease governs the Debtor's use of an office building as its headquarters. The Debtor's officers and employees have worked at this location for over a decade.

7. The Court has twice extended the deadline for the Debtor to assume or reject the Headquarters Lease. (Dkts. 369, 683.) That deadline now runs through and including September 30, 2019. (Dkt. 683, at ¶ 2.)

---

[2] The original landlord for the Headquarters Lease was Perennial Washington Street, LLC. On September 4, 2015, CRE 130 LLC acquired title to the leased property and Perennial Washington Street, LLC assigned the Headquarters Lease to CRE 130 LLC.

8. The Debtor, in an exercise of its business judgment, has elected to assume the Headquarters Lease. Consistent with Bankruptcy Rule 9006(b)(1), which permits the extension of any time period when a request to extend "is made before the expiration of the period," the Debtor has filed this Motion prior to the September 30, 2019 deadline to assume or reject. In addition, CRE 130 LLC has provided written notice that, in connection with the filing of this Motion, it consents to a further extension of the Debtor's time to assume the Headquarters Lease through and including October 17, 2019. *See* 11 U.S.C. § 365(d)(4)(B)(ii) (permitting successive extensions of the time to assume or reject unexpired leases with a lessor's "prior written consent").

## RELIEF REQUESTED

9. By this Motion, the Debtor seeks entry of an order, pursuant to section 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, authorizing the Debtor to assume the Headquarters Lease.

## BASIS FOR RELIEF

10. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

11. The decision to assume an unexpired lease is a matter within the business judgment of the debtor. *See In re Greenwood Point, LP*, 445 B.R. 885, 922 (Bankr. S.D. Ind. 2011) (confirming plan and approving debtor's assumption of unexpired leases as its "reasonable business judgment"); *see also In re Edison Mission Energy*, No. 12-49219, 2013 WL 5220139, at *5 (Bankr. N.D. Ill. 2013); *In re Parrot Packing Co., Inc.*, 42 B.R. 323, 331 (Bankr. N.D. Ind. 1983). The business judgment standard is satisfied if assumption of an unexpired lease would benefit the estate. Indeed, when applying the business judgment standard in connection with a

decision under section 365 of the Bankruptcy Code, courts show great deference to a debtor's business decisions. *See In re Armstrong World Indus.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or unexpired lease is appropriate under section 365(a)."); *see also G & N Aircraft, Inc. v. Boehm*, 743 N.E.2d 227, 238 (Ind. 2001) (describing Indiana's business judgment rule as "strongly pro-management").

12. The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the "product of bad faith, or whim or caprice." *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citation and internal quotation marks omitted); *see also Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (Bankr. N.D. Ill. 1986) ("Only where the debtor's actions are in bad faith or in gross abuse of its managerial discretion should the decision be disturbed"); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"). Thus, if the debtor's business judgment has been exercised reasonably, a court should approve the assumption of an unexpired lease.

13. Here, the Debtor has determined in its business judgment that assuming and fully complying with the Headquarters Lease is in the best interests of the Debtor's estate and all parties in interest. The Debtor's decision to assume the Headquarters Lease does not lock the Debtor into a long-term lease, as the Headquarters Lease expires in just over 15 months. If the Debtor does not assume the Headquarters Lease, the Debtor will be forced to find new office space at great cost to the Debtor's estate. The terms of any replacement lease will likely be less advantageous than those of the Headquarters Lease. Further, moving the Debtor's headquarters now will divert the attention

of the Debtor's personnel from this chapter 11 case and their other day-to-day duties, which include preparing for the imminent 2019 World Championships and the 2020 Summer Olympics. Distracting the Debtor's personnel at this critical time for the organization does not serve the best interests of any party. Accordingly, assuming the Headquarters Lease is a reasonable exercise of the Debtor's business judgment and will allow the Debtor to continue operating in the ordinary course.

14. When assuming an unexpired lease, a debtor must "'cure, or provide adequate assurance that it will promptly cure,' any default on the [lease]." *In re UAL Corp.*, 635 F.3d 312, 315 (7th Cir. 2011) (quoting 11 U.S.C. § 365(b)(1)(A)) (internal alterations omitted). "As it relates to defaults, 'to cure' means to remedy or rectify the default and to 'restore matters to the status quo ante,' often by making full payment for services or goods provided before the filing of the bankruptcy petition." *Id.* (quoting *In re Clark*, 738 F.2d 869, 872 (7th Cir. 1984)).

15. There are no outstanding defaults on the Headquarters Lease. The Debtor stands ready to honor its obligations under the Headquarters Lease and pay remaining lease payments as they become due. As a result, section 365 permits the Debtor's assumption of the Headquarters Lease.

16. As noted above, CRE 130 LLC has provided its prior written consent under section 365(d)(4)(B)(ii) to an extension of time to assume the Debtor's headquarters lease from the date of this Motion through October 17, 2019. In addition, Bankruptcy Rule 9006 allows the extension of any time period when a request to extend "is made before the expiration of the period originally prescribed or as extended by a previous order." Fed. R. Bankr. P. 9006(b)(1). Here, the Debtor has moved to assume the Headquarters Lease before the deadline to do so lapses on September 30,

5

2019. Accordingly, the Debtor requests that the Court grant the requested relief and authorize it to assume the Headquarters Lease effective as of September 30, 2019.

## NOTICE

17.     The Debtor will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. The Debtor has also provided notice of this Motion consistent with Local Rule 6006-1. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the order substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such further relief as is just and proper.

Dated: September 24, 2019                                          Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*