## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| US GYMNASTICS,[1] | ) | Case No. 18-09108-RLM-11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### CLAIMANT'S MOTION TO CONTINUE HEARING DATE ON DEBTOR'S OBJECTION TO CLASS CLAIM NO. 531

Claimant Marcia Frederick Blanchette ("Claimant), on behalf of herself and similarly situated Claimants as set forth in Claim No. 531, by counsel, hereby submits this motion for entry of an order, pursuant to Local Rule S.D.Ind. B-5071-1, continuing the scheduled hearing on Debtor's Objection to Class Claim No. 531 scheduled for March 25, 2020, at 1:30 p.m. to April 29, 2020 at 1:30 p.m.

In support of its Motion, Claimant states that proceeding with the hearing as scheduled on March 25, 2020 would be inefficient use of the Court's and the parties time and prejudice the abuse survivors where: a) the Claim may be subject to resolution short of being disallowed, providing compensation to the abuse survivors that would be otherwise unavailable if the Claim is disallowed, b) the Claim subject to the Objection may be amended, mooting many of the Debtor's argument sin its objection, and c) Claimant's Counsel may be appointed special counsel to proceed against the D&O policy holder. Furthermore, a brief 30 day extension will not prejudice the Debtor or any creditors. Claimant further states as follows:

1.   This matter is scheduled for hearing on Debtor's Objection to Class Claim No. 531 on Wednesday, March 25, 2020, at 1:30 p.m. (Prevailing Eastern Time) in Room 329 of the United States Bankruptcy Court, 46 East Ohio Street, Indianapolis, Indiana 46204.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871.  The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

1

2. Subsequent to the filing of Debtor's Objection, Claimant, on behalf of Class Claim No. 531, requested assent of the Debtor to amend the Proof of Claim to limit the class to current individual claimants in the bankruptcy, to seek limited damages, and to limit recovery to the D&O policy (for which the Class Claim is the only claim filed in the bankruptcy proceedings that can access this policy). Debtor agreed to consider this request, however, Claimant has not yet received a response to this request.

3. Subsequent to the filing of Debtor's Objection, Claimant, on behalf of Class Claim No. 531, made a policy limits demand of $5 million per applicable year (2018-2020) to Western World Insurance Group ("Western World") under its Director and Officer (D&O) policies through the Debtor. Debtor agreed to communicate this demand to Western World, however Claimant has not yet received a response to this demand. Should Western World respond with a meaningful settlement offer or be inclined to engage in negotiations, if the objection is heard and allowed, it would eviscerate any ability for the abuse survivors to access those insurance funds, as Class Claim No. 531 is the only claim with valid causes of action that invoke the D&O Policies. This would deprive the abuse claimants of funds that are not available to them under any other means. One would think the Debtor would want to maximize the recovery for the survivors and not cut off the possibility of providing them compensation at the knees.

4. Subsequent to the filing of Debtor's Objection, Claimant, on behalf of Class Claim No. 531, requested consent of the Debtor for her counsel to serve as special counsel on behalf of the Debtor to proceed with claims against the D&O carrier. Debtor agreed to consider this request, however, Claimant has not yet received a response to this request.

5. Claimant's Response to Debtor's Objection was timely filed on March 11, 2020. The Response included a Cross-Motion requesting to amend Class Claim No. 531 to limit the class to the claimants with valid proofs of claim currently filed in the bankruptcy, and to seek only liquidated damages under the SSA from the Debtor's D&O policies, reasonable attorney's

fees and costs, and injunctive and declaratory relief. The proposed class in the Amended Class Proof of Claim would include the following individuals:

> All current or former USAG-affiliated amateur athletes who have filed an individual proof of claim in these proceedings, for whom the Debtor USAG received information that the amateur athlete may have suffered an incident of child abuse, including sexual, emotional and/or physical abuse, and either (a) failed to report incidents occurring after February 14, 2018 to law enforcement authorities within 24 hours of learning of the incident, and/or (b) failed to report incidents occurring before February 14, 2018 to law enforcement authorities, within 24 hours of the Congress enacting the Safe Sport Act.

Such amendment would moot most of the arguments currently set forth by the Debtor in its Objection, alleviating many concerns raised.

6. On March 10, 2019, Claimant requested that Debtor agree to continue the hearing on Debtor's Objection to Class Claim No. 531 for thirty days to consider:

a) Claimant's policy limit demands and allow Western World to respond to said demand and negotiate further;

b) Claimant's request for assent to amend Proof of Claim No. 531 to limit the claimants and recovery sought, thereby mooting many arguments in Debtor's Objection; and

c) Claimant's request to serve as special counsel to proceed against the D& O policy holder.

As stated in the request, Claimant believes that it is inefficient for this Court to hear an objection to a proof of claim where the claim may be resolved, where the objection relates to a proof of claim that may not be operative and likely will be amended, and where Claimant's counsel may have assent from the Debtor to serve as special counsel to pursue the insurance proceeds from the D&O policies. Moreover, the 30 day continuance will not prejudice the Debtor or Creditors, and in fact, may add funds for abuse survivors.

7. Unfortunately, Debtor refused to agree to continue the hearing date.

8. This request is not made to unduly delay these proceedings, but instead to maximize the recovery for the survivor claimants.

**WHEREFORE**, Claimant respectfully requests entry of an order, that the hearing on Debtor's Objection to Class Claim No. 531, currently set for March 25, 2020, at 1:30 p.m., be continued to April 29, 2020 at 1:30 p.m. and for any and all other relief just and proper in the premises.

Date: March 11, 2020

**Respectfully submitted,**
**Claimant/Creditor No. 531,**
**By her counsel,**

/s/ Kimberly A. Dougherty
Kimberly A. Dougherty (admitted *pro hac vice*)
(MA BBO. No. 658014)
ANDRUS WAGSTAFF, PC
19 Belmont Street
South Easton, MA 02375
(t) 508-230-2700
(f) 888-875-2889
kim.dougherty@andruswagstaff.com

AND

Lori E. Andrus
Jennie Lee Anderson
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, California 94104
(t) 415-986-1400
(f) 415-986-1474
lori@andrusanderson.com
jennie@andrusanderson.com

**CERTIFICATE OF SERVICE**

I, Kimberly A. Dougherty, hereby certify that a true and correct copy of the above and foregoing has been served on all known counsel of record via ECF, for those counsel registered to receive filings via ECF, on March 11, 2020.

*/s/ Kimberly A. Dougherty*
Kimberly A. Dougherty