**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**SUMMARY COVER SHEET TO THE FIRST INTERIM APPLICATION
OF JENNER & BLOCK LLP AS COUNSEL TO USA GYMNASTICS FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED FROM
DECEMBER 5, 2018 THROUGH MARCH 31, 2020**

| General Information | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Services To: | USA Gymnastics |
| Petition Date: | December 5, 2018 |
| Date Retention Approved: | January 17, 2019, effective as of December 5, 2018 [Dkt. 188] |
| **Summary Of Fees & Expenses Sought For The First Interim Period** | |
| Time Period Covered By This Application: | December 5, 2018–March 31, 2020 (the "**First Interim Period**") |
| Amount Of Compensation Sought To Be Allowed As Actual, Reasonable, And Necessary For The First Interim Period: | $4,128,819.15 |
| Amount Of Expense Reimbursement Sought To Be Allowed As Actual, Reasonable, And Necessary For The First Interim Period: | $111,471.02 |
| Total Compensation And Expense Reimbursement Sought To Be Allowed For The First Interim Period: | $4,240,290.17 |

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

| Summary Of Fees & Expenses Sought For The First Interim Period | |
|---|---|
| Total Compensation Paid To Date: | $2,316,668.21 |
| Total Expenses Paid To Date: | $75,119.85 |
| Total Compensation Allowed To Date: | $0 |
| Total Expenses Allowed To Date: | $0 |
| Total Compensation Subject To Objection:[2] | $156,590.55 |
| Total Expenses Subject To Objection: | $1,033.14 |
| Blended Rate In This Application For All Attorneys: | $867.77 ($780.99 following 10% fee discount) |
| Blended Rate In This Application For All Timekeepers: | $706.32 ($635.69 following 10% fee discount) |
| Number Of Professionals Included In This Application: | 36 professionals (12 partners, 6 associates, & 18 paraprofessionals) |
| Number Of Professionals Billing Fewer Than 15 Hours To This Case: | 13 professionals (6 partners, 2 associates, & 5 paraprofessionals) |
| This is an **interim application.** The total time expended preparing this application is not included here because it was expended after the First Interim Period. | |

---

[2] The United States Trustee objected to Jenner & Block's February 2020 Monthly Statement on the basis that Jenner & Block had not filed an interim fee application. [Dkt. 1018.] Jenner & Block expects that the filing of this Application will resolve that objection.

Dated: May 6, 2020

Respectfully submitted,

**JENNER & BLOCK LLP**

By: */s/ Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS,[1] | Case No. 18-09108-RLM-11 |
| Debtor. | |

**FIRST INTERIM APPLICATION OF JENNER & BLOCK LLP AS COUNSEL TO
USA GYMNASTICS FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
<u>DECEMBER 5, 2018 THROUGH MARCH 31, 2020</u>**

Jenner & Block LLP ("**Jenner & Block**"), attorneys for the above-captioned debtor and debtor in possession, USA Gymnastics ("**USAG**" or the "**Debtor**"), in the above-captioned chapter 11 case, hereby submits this first interim application (the "**Application**") for an award of interim compensation for professional services rendered in the amount of $4,128,819.15, and interim reimbursement for actual and necessary expenses incurred in connection with such services in the amount of $111,471.02, for the period from December 5, 2018 through March 31, 2020 (the "**First Interim Period**"). Jenner & Block submits this Application pursuant to sections 330 and 331 of 11 U.S.C. §§ 101–1532, *et seq.* (the "**Bankruptcy Code**"); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"); the *Order Granting Debtor's Application For Order Authorizing The Debtor To Employ Jenner & Block LLP As Counsel Pursuant To 11 U.S.C. § 327(a), Effective As Of The Petition Date* [Dkt. 188] (the "**Retention Order**"); the *Order Granting Debtor's Motion For Entry Of An Order*

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

*Establishing Procedures for Interim Compensation And Reimbursement Of Expenses of Professionals* [Dkt. 187] (the "**Interim Compensation Order**"); and the United States Trustee's *Guidelines For Reviewing Applications For Compensation And Reimbursement Of Expenses Filed Under 11 U.S.C. § 330 By Attorneys In Large Chapter 11 Cases Effective As Of November 1, 2013* (the "**UST Guidelines**"). In support of this Application, Jenner & Block states as follows:

## PRELIMINARY STATEMENT

1.      Jenner & Block serves as USAG's lead counsel in this chapter 11 case. Since being retained, Jenner & Block has worked diligently with USAG, its other counsel, and its stakeholders to use this Court as a forum in which to resolve the hundreds of lawsuits and claims filed against USAG by survivors of sexual abuse. Jenner & Block has devoted substantial efforts and time to negotiating with the Additional Tort Claimants Committee of Sexual Abuse Survivors (the "**Survivors' Committee**"), USAG's insurers, and other key parties in interest to attempt to reach a resolution of these sexual abuse claims. Those negotiations remain ongoing and Jenner & Block will continue to work in earnest with all parties to reach a resolution that can be incorporated into a consensual plan of reorganization.

2.      During the First Interim Period, Jenner & Block performed a variety of legal services that were necessary for USAG to resolve the survivors' claims, including, among other things:

- establishing a bar date for filing claims, preparing and negotiating the special claims form for survivors with all parties in interest, and, after the bar date, evaluating the sexual abuse claims asserted against USAG's estate;

- counseling USAG on how to equitably and efficiently resolve such claims;

- working with all parties in interest to select a futures claims representative and mediator;

- preparing mediation statements and analysis and participating in multiple mediation sessions and related discussions with the mediators, the Survivors'

Committee, the insurance carriers, the United States Olympic and Paralympic Committee ("**USOPC**"), and other parties in interest;

- prosecuting an adversary proceeding to obtain a third-party stay of all related litigation at the request of and with the support of the Survivors' Committee;

- drafting a plan of reorganization and disclosure statement and negotiating with the insurance carriers, the USOPC, Twistars, and others regarding its terms;

- assisting with the prosecution of an adversary proceeding seeking declarations of insurance coverage with respect to those matters that involved bankruptcy considerations; and

- assisting USAG is performing all of its duties as a chapter 11 debtor, work that was necessary to ensure that its bankruptcy case could continue towards a resolution of the survivors' and other creditors' claims.

3.      Jenner & Block's work during the First Interim Period was beneficial and necessary to USAG and its estate. Jenner & Block respectfully requests that the Court award the interim fees and expenses requested in this Application.

## JURISDICTION

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief sought in this Application are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

## BACKGROUND

7.      On December 5, 2018 (the "**Petition Date**"), USAG filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.    On January 17, 2019, this Court entered the Retention Order, authorizing USAG to retain Jenner & Block as its counsel, effective as of December 5, 2018. On that same date, this Court entered the Interim Compensation Order.

9.    Pursuant to the Interim Compensation Order, Jenner & Block has filed monthly statements (the "**Monthly Statements**"). [*See* Dkts. 289, 364, 447, 609, 692, 701, 800, 825, 841, 855, 948, 990, 1032.] A summary of the Monthly Statements is as follows:

| Monthly Statement | 100% of Fees | 80% of Fees | 20% Holdback | 100% of Expenses | Total Paid During First Interim Period |
|---|---|---|---|---|---|
| 12/5/18-12/31/18 | $168,532.30 | $134,825.84 | $33,706.46 | $5,145.82 | $139,971.66 |
| 01/01/19-01/31/19 | $116,784.90 | $93,427.92 | $23,356.98 | $994.68 | $94,422.60 |
| 02/01/19-02/28/19 | $138,806.00 | $111,044.80 | $27,761.20 | $2,510.35 | $113,555.15 |
| 03/01/19-03/31/19 | $249,213.15 | $199,370.52 | $49,842.63 | $3,943.56 | $203,314.08 |
| 04/01/19-04/30/19 | $234,071.85 | $187,257.48 | $46,814.37 | $3,070.25 | $190,327.73 |
| 05/01/19-05/31/19 | $287,382.80 | $229,906.24 | $57,476.56 | $7,957.66 | $237,863.90 |
| 06/01/19-06/30/19 | $280,038.55 | $224,030.84 | $56,007.71 | $4,090.92 | $228,121.76 |
| 07/01/19-07/31/19 | $357,858.90 | $286,287.12 | $71,571.78 | $3,277.50 | $289,564.62 |
| 08/01/19-08/31/19 | $303,596.65 | $242,877.32 | $60,719.33 | $38,315.27 | $281,192.59 |
| 09/01/19-09/30/19 | $390,960.25 | $312,768.20 | $78,192.05 | $3,176.60 | $315,944.80 |
| 10/01/19-10/31/19 | $323,150.95 | $258,520.76 | $64,630.19 | $842.03 | $259,362.79 |
| 11/01/19-11/30/19 | $300,621.40 | $240,497.12 | $60,124.28 | $1,795.21 | $38,146.38 |
| 12/01/19-12/31/19 | $198,221.90 | $158,577.52 | $39,644.38 | $16,890.49 | $0 |
| 01/01/20-01/31/20 | $336,178.80 | $268,943.04 | $67,235.76 | $18,087.10 | $0 |
| 02/01/20-02/29/20 | $156,590.55 | $125,272.44 | $31,318.11 | $1,033.14 | $0 |
| 03/01/20-03/31/20 | $286,810.20 | $229,448.16 | $57,362.04 | $340.44 | $0 |

10.    Accordingly, pursuant to the Monthly Statements filed with this Court for the First Interim Period, Jenner & Block has received a total of $2,391,788.06. There remains an unpaid total of $1,848,502.11 for the First Interim Period, comprising of $1,812,150.94 in fees and $36,351.17 in expenses.

4

**FEES AND EXPENSES INCURRED DURING FIRST INTERIM PERIOD**

**A.     Customary Billing Disclosures.**

11.     Jenner & Block's hourly rates are set at a level designed to compensate Jenner & Block fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Jenner & Block in this case are equivalent to the hourly rates and corresponding rate structure used by Jenner & Block for similar complex restructuring, litigation, investigation, and corporate matters, whether in court or otherwise, and regardless of whether a fee application is required. The rates and rate structure reflect that such complex matters typically are national in scope and typically involve great complexity, high stakes, and intense time pressures. Significantly, given the not-for-profit status of USAG, Jenner & Block has discounted its hourly rates by ten percent (10%).

**B.     Fees Incurred During First Interim Period.**

12.     In the ordinary course of Jenner & Block's practice, Jenner & Block maintains records of the time spent on the professional services provided to USAG. Exhibit A to this Application is a summary of fees incurred and hours worked during the First Interim Period for which compensation is sought on an hourly basis in this Application, setting forth the following information:

- the name of each attorney and paraprofessional for whose work compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time worked and fees billed by each attorney and each paraprofessional during the First Interim Period;

- the hourly billing rates for each such attorney and paraprofessional at Jenner & Block's applicable billing rates; and,

- a calculation of the total compensation requested using the rates disclosed in this Application.

13.     Jenner & Block's team is led by Catherine Steege, a restructuring and bankruptcy partner, and Dean Panos, a commercial litigator partner. Ms. Steege and Mr. Panos have led USAG's negotiations with the Survivors' Committee and USAG's insurers and other key parties. Along with Ms. Steege, Melissa Root, also a restructuring and bankruptcy partner, has represented USAG in matters before this Court and worked with USAG to develop its plan of reorganization. Gayle Littleton, a partner in Jenner & Block's Investigations, Compliance, and Defense practice and a former Assistant United States Attorney, and Keri Holleb Hotaling, a litigation partner with deep experience leading investigation response teams, have led USAG's response to various investigations. The Jenner & Block team representing USAG also includes associates and paraprofessionals with bankruptcy and litigation expertise who have assisted the team in representing USAG in this Court, evaluating the sexual abuse claims, researching key matters of law, assisting with document productions to various parties, and otherwise providing value to USAG.

14.     Exhibit B to this Application is a summary of blended hourly rates for (i) Jenner & Block professionals (excluding Restructuring and Bankruptcy attorneys) and (ii) blended hourly rates for timekeepers for which Jenner & Block is seeking hourly compensation in this Application, as required by the UST Guidelines.

**C.      Expenses Incurred During First Interim Period.**

15.     In the ordinary course of Jenner & Block's practice, Jenner & Block maintains a record of expenses incurred in rendering professional services to USAG and for which reimbursement is sought. Exhibit C to this Application is a summary of the total amount of expenses for which Jenner & Block seeks reimbursement with respect to each category of expenses for the First Interim Period. The out-of-pocket disbursement sum is broken down into categories of charges. Exhibit D to this Application is a full list of the expenses Jenner & Block incurred

during the First Interim Period.

**SUMMARY OF LEGAL SERVICES PROVIDED DURING FIRST INTERIM PERIOD**

16.     During the First Interim Period, Jenner & Block provided important professional services to USAG. A summary of the various services Jenner & Block provided to USAG during the First Interim Period is set forth in paragraphs 19 through 41 below.

17.     Jenner & Block has established, in accordance with its internal billing procedures, subject matter categories (each, a "**Matter Category**") for keeping time records of the work performed for USAG. A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by Jenner & Block attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is attached as Exhibit E. In addition, subject to redaction for attorney-client privilege, work product, and confidentiality where necessary to protect USAG, Jenner & Block's records of time worked providing professional services to USAG are attached hereto as Exhibit F.

18.     The following is a non-exhaustive summary, by Matter Category, of the professional services provided by Jenner & Block during the First Interim Period. This summary is organized in accordance with Jenner & Block's internal system of matter numbers.

A.    **Mediation**
      **Total Hours: 1,067.60        Fees: $918,535.05[2]**

19.      Jenner & Block's recorded time entries in this category reflect time spent:
(1) negotiating with the Survivors' Committee and USAG's insurers over a mediation protocol
and process; (2) drafting a motion requesting an order directing parties to mediation; (3) consulting
with parties in interest regarding mediator candidates and proposing a mediator candidate to the
Court; (4) drafting USAG's mediation statement; (5) advising USAG and communicating
internally and with USAG's other retained professionals about mediation strategy and settlement
discussions; (6) attending numerous mediation sessions from July 2019 through January 2020;
(7) negotiating the addition of a second mediator; (8) overseeing mediation logistics; and
(9) communicating with, and negotiating with, mediation parties in between scheduled mediation
sessions.

B.    **Claims Administration & Objections**
      **Total Hours: 911.80        Fees: $452,979.90**

20.      Jenner & Block's recorded time entries in this category reflect time spent:
(1) communicating internally and with the Survivors' Committee and other parties in interest
regarding the bar date for filing proofs of claim, including sexual abuse claims, and negotiating
with the Survivors' Committee and USAG's insurers over the form of sexual abuse claim;
(2) drafting a motion to set the bar date and approve proof of claim forms for sexual abuse claims
and general unsecured claims; (3) responding to formal and informal objections to the bar date
motion; (4) coordinating with Omni Agent Solutions, USAG's claims and noticing agent
("**Omni**"), USAG's staff, and other retained professionals regarding service of the bar date notice
packages; (5) corresponding with third party media organizations to arrange publication notice of

---

[2] The fee amounts for each Matter Category summarized herein reflect Jenner & Block's ten percent (10%)
discount.

the sexual abuse claims bar date; (6) drafting a motion to appoint a future claims representative; (7) interviewing future claims representative candidates and proposing a future claims representative candidate to the Court; (8) providing information to, and engaging in meetings with, the future claims representative; (9) in coordination with Omni, maintaining claims registers for general unsecured claims and sexual abuse claims; (10) analyzing filed sexual abuse claims for purposes of settlement discussions and plan negotiations; (11) drafting objections to certain sexual abuse claims, including a purported class proof of claim; (12) analyzing the validity of filed general unsecured claims; (13) meeting and corresponding with USAG regarding the reconciliation of filed claims to USAG's books and records; (14) drafting objections to certain general unsecured claims, including duplicative claims and misclassified claims; and (15) preparing for and participating in Court hearings on the claim objections.

**C.     Third Party Injunctions**
        **Total Hours: 169.60          Fees: $114,038.55**

21.     Jenner & Block's recorded time entries in this category reflect time spent: (1) negotiating the agreed stay of all prepetition litigation against certain third parties related to USAG; (2) drafting the order implementing the agreed stay of the third-party litigation; (3) working with the Survivors' Committee to obtain unanimous consent to the stay order from all survivors who had filed lawsuits against the third parties; (4) drafting an adversary proceeding complaint and related motion and memoranda seeking a preliminary injunction against certain third party defendants who refused to join the agreed stay of prepetition litigation; (4) serving the adversary proceeding complaint and related documents on the defendants and providing notice of the third-party injunction hearing; (5) responding to objections to the requested third-party injunction; (6) preparing for and participating in a contested evidentiary hearing; (7) objecting to a motion for relief from the automatic stay by certain parties opposing the third-party injunction;

(8) revising the order granting the third-party injunction; (9) serving the third-party injunction order; and (10) objecting to a motion to reconsider the third-party injunction.

**D.     Stay Related Matters**
**        Total Hours: 21.60          Fees: $19,260.45**

22.     Jenner & Block's recorded time entries in this category reflect time spent: (1) corresponding with other parties in interest concerning the agreed stay of all prepetition litigation related to USAG; (b) analyzing numerous violations of the Bankruptcy Code's automatic stay, including by personal injury lawyers initiating new postpetition litigation involving USAG; and (3) corresponding with individuals violating the automatic stay and demanding they cease such violations.

**E.     Plan Of Reorganization & Disclosure Statement**
**        Total Hours: 469.70          Fees: $366,188.85**

23.     Jenner & Block's recorded time entries in this category reflect time spent: (1) drafting USAG's plan of reorganization and disclosure statement (including amendments thereto); (2) drafting governing documents for the trust contemplated by the plan; (3) drafting a motion to approve the disclosure statement and to set plan confirmation procedures; (4) drafting solicitation packages for the plan; (5) analyzing general unsecured claims and sexual abuse claims to determine their classification under the plan; (6) advising USAG and communicating internally and with USAG's other retained professionals about the terms of the plan; (7) analyzing and responding to comments from other parties in interest, including the United States Trustee, Twistars, the Survivors' Committee, and USAG's insurers with respect to the plan and disclosure statement; and (8) evaluating USAG's strategy with respect to the Survivors' Committee's motion to dismiss the chapter 11 case, and drafting an objection thereto.

F.     **Rule 2004**
       **Total Hours: 143.00          Fees: $107,156.70**

24.     Jenner & Block's recorded time entries in this category reflect time spent: (1) corresponding and meeting internally and with USAG concerning the Survivors' Committee's informal requests for discovery under Bankruptcy Rule 2004; (2) drafting an objection to the Survivors' Committee's motion seeking Bankruptcy Rule 2004 discovery; (3) preparing for and participating in a contested hearing regarding the Rule 2004 discovery requests; and (4) reviewing and producing documents responsive to the Survivors' Committee's discovery requests.

G.     **Investigations**
       **Total Hours: 639.80          Fees: $446,463.00**

25.     Jenner & Block's recorded time entries in this category reflect time spent responding to demands and other inquiries from governmental authorities, including the Indiana Attorney General, the United States House of Representatives, and the United States Senate.

H.     **Document Production to Governmental Entities**
       **Total Hours: 1,464.90          Fees: $587,318.40**

26.     Jenner & Block's recorded time entries in this category reflect time spent, primarily by Special Counsel and discovery and staff attorneys, assisting with the investigation response, including: (1) reviewing documents in response to document requests issued by governmental authorities, including the Indiana Attorney General, the United States House of Representatives, and the United States Senate; (2) redacting such documents for attorney-client privilege and work product protection; and (3) drafting related privilege logs.

I.     **Attendance At Court Hearings**
       **Total Hours: 63.20          Fees: $58,067.55**

27.     Jenner & Block's recorded time entries in this category reflect time spent: (1) attending and representing USAG at Court hearings; and (2) preparing for Court hearings, including reviewing pleadings and other submissions considered at or relevant to Court hearings.

**J.      Case Administration**
**      Total Hours: 334.80        Fees: $170,795.25**

28.      Jenner & Block's recorded time entries in this category reflect time spent:
(1) preparing notices of agenda for hearings and preparing hearing books for the Court's review;
(2) communicating with the Court regarding scheduling hearings and other administrative matters;
(3) uploading proposed orders for entry by the Court; (4) communicating with Omni regarding
service and notice of filings and hearings; (5) communicating internally regarding project
management and staffing; (6) meeting internally and with USAG's other retained professionals
concerning strategy and other matters; (7) reviewing case developments and activity generally;
and (8) providing additional services not attributable to another Matter Category. Jenner & Block
conducts periodic calls with USAG's other retained professionals to discuss the status of the case,
assign work, and collaborate on strategy, and time entries for these calls are allocated to this Matter
Category. These calls are designed to promote efficiency, coordinate the work plan, and eliminate
duplication of effort among all of USAG's retained professionals.

**K.      First Day Motions**
**      Total Hours: 139.60        Fees: $85,583.70**

29.      Jenner & Block's recorded time entries in this category reflect time spent after
USAG filed its chapter 11 petition: (1) revising USAG's first day declaration and motions and
proposed orders seeking critical first day relief, including authority to pay insurance premiums,
wages, taxes, and utility bills, continue using USAG's existing cash management system, maintain
purchase card accounts at USAG's bank, enter into management consulting agreements, and retain
a claims and noticing agent; (2) serving all first day pleadings; (3) providing notice of the first day
hearing; and (4) preparing for and participating in the first day hearing and resolving objections
filed with respect to the first day motions.

**L.      Routine Motions**
         **Total Hours: 178.80          Fees: $103,938.30**

30.      Jenner & Block's recorded time entries in this category reflect drafting various motions common in chapter 11 cases, including motions to: (1) approve case management and interim compensation procedures; (2) extend the time to remove prepetition state court litigation to federal court; (3) extend the time to assume or reject unexpired leases; (4) extend the time to file a plan of reorganization and solicit votes on a plan of reorganization; (5) assume and/or reject certain executory contracts and unexpired leases; (6) pay critical vendors; (7) employ ordinary course professionals; (8) enter into agreements with executive officers, consulting firms, communications advisors, search firms, and tax and audit firms; and (9) approve the use of estate assets for miscellaneous purposes, including to enter into a lease of a new gymnastics facility.

**M.      DIP**
         **Total Hours: 81.10          Fees: $56,448.90**

31.      Jenner & Block's recorded time entries in this category reflect time spent: (1) negotiating and drafting USAG's post-petition financing agreements with two insurers; (2) preparing documents necessary for the closing of the postpetition financing; and (3) drafting a motion requesting authority to enter into the postpetition financing agreements.

**N.      Communications With Survivors' Committees**
         **Total Hours: 21.20          Fees: $19,845.00**

32.      Jenner & Block's recorded time entries in this category reflect time spent communicating with counsel for the Survivors' Committee concerning: (1) the status of this chapter 11 case; (2) USAG's pleadings; (3) the Survivors' Committee's objections to the same; (4) the sexual abuse claims and their potential settlement; and (5) negotiations over USAG's plan of reorganization.

**O.      Communications With Creditors**
**Total Hours: 10.60         Fees: $7,607.25**

33.      Jenner & Block's recorded time entries in this category reflect time spent communicating with various creditors concerning: (1) their claims against USAG; and (2) the effect of this chapter 11 case on such claims.

**P.      Preparation Of Schedules & Statement Of Financial Affairs**
**Total Hours: 52.70         Fees: $41,082.75**

34.      Jenner & Block's recorded time entries in this category reflect time spent: (1) drafting USAG's schedules of assets and liabilities and statement of financial affairs; (2) amending the schedules of assets and liabilities and statement of financial affairs; (3) preparing for and attending the section 341 meeting; and (4) responding to media inquiries regarding the section 341 meeting.

**Q.      Reporting & U.S. Trustee Communications**
**Total Hours: 14.60         Fees: $12,517.65**

35.      Jenner & Block's recorded time entries in this category reflect time spent: (1) corresponding with the U.S. Trustee regarding this chapter 11 case and USAG's initial interview and section 341 meeting; (2) producing information to the U.S. Trustee; and (3) revising and filing USAG's monthly operating reports.

**R.      Fee Petition & Professional Retention**
**Total Hours: 175.10        Fees: $101,908.35**

36.      Jenner & Block's recorded time entries in this category reflect time spent: (1) preparing Jenner & Block's retention application and the retention applications of other professionals; (2) drafting the motion requesting interim compensation procedures; (3) preparing Jenner & Block's Monthly Statements; (4) reviewing Jenner & Block's Monthly Statements to protect confidentiality and privilege; (5) communicating and coordinating with other retained professionals and the U.S. Trustee concerning interim compensation procedures; (6) reviewing at

a high level and for discrete purposes various monthly fee statements submitted by other professionals in this chapter 11 case; and (7) drafting this Application.

**S.    Communications With The Board & Attendance At Board Meetings**
**Total Hours: 58.70            Fees: $55,647.90**

37.    Jenner & Block's recorded time entries in this category reflect time spent: (1) communicating with members of USAG's board of directors concerning case strategy; and (2) attending board meetings.

**T.    USOPC Negotiations & Section 8 Proceeding**
**Total Hours: 29.60            Fees: $28,151.55**

38.    Jenner & Block's recorded time entries in this category reflect time spent: (1) corresponding and meeting internally and with USAG's other retained professionals concerning the USOPC's decertification proceeding; and (2) corresponding and meeting with the USOPC concerning the decertification proceeding.

**U.    Insurance Coverage Issues**
**Total Hours: 384.20            Fees: $294,058.35**

39.    Jenner & Block's recorded time entries in this category reflect time spent: (1) corresponding and meeting with USAG, USAG's other retained professionals, and USAG's insurance carriers concerning USAG's rights in its various insurance policies; (2) negotiating with USAG's insurance carriers regarding their coverage positions; (3) revising pleadings in the insurance coverage adversary proceeding with respect to bankruptcy-specific issues, including USAG's motions for summary judgment and responses to the Court's proposed findings of fact and conclusions of law; (4) objecting to motions by USAG's insurance carriers to withdraw the reference to the insurance coverage adversary proceeding, to stay the adversary proceeding, and to continue critical hearing dates; (5) revising briefs in appellate proceedings arising from the

insurance coverage adversary proceeding with respect to bankruptcy-specific issues; and (6) researching the Bankruptcy Code's effect on certain insurance coverage issues.

**V.    Budgeting**
**Total Hours: 2.60              Fees: $2,601.00**

40.    Jenner & Block's recorded time entries in this category reflect preparing a budget for USAG setting forth Jenner & Block's expected fees and expenses in 2019 and 2020 in connection with this chapter 11 case.

**W.    Non-Working Travel Time**
**Total Hours: 159.20          Fees: $78,624.75**

41.    The time in this Matter Category reflects non-working out-of-town travel for court appearances and for meetings with USAG's board of directors and employees and USAG's other retained professionals. Jenner & Block is seeking compensation at one-half of its normal rate for time spent traveling in connection with its representation of USAG.

**ACTUAL AND NECESSARY EXPENSES INCURRED BY JENNER & BLOCK
DURING THE FIRST INTERIM PERIOD**

42.    As summarized in Exhibit C and as set forth in detail in Exhibit D, Jenner & Block has incurred a total of $111,471.02 in expenses on behalf of USAG during the First Interim Period. These expenses are intended to reimburse Jenner & Block's direct costs that are not included in Jenner & Block's hourly billing rates. A significant amount of these costs relate to expenses incurred hosting multiple mediation sessions at Jenner & Block. Only clients who actually use services of the types set forth in Exhibit C and Exhibit D of this Fee Application are charged for such services.

**JENNER & BLOCK'S REQUESTED COMPENSATION
AND REIMBURSEMENT SHOULD BE ALLOWED**

43.    The services for which Jenner & Block seeks compensation in this Application were, at the time provided, necessary for and beneficial to USAG. Jenner & Block performed these

16

services economically, effectively, and efficiently, and in coordination with USAG's other retained professionals. Jenner & Block submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to USAG. Accordingly, Jenner & Block submits that the compensation sought in this Application is warranted and should be approved.

**A.      Compensation Under Sections 330 and 331 of the Bankruptcy Code.**

44.      Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation. *See* 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)      the time spent on such services;
>
> (B)      the rates charged for such services;
>
> (C)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

45.    As analyzed below, Jenner & Block submits that the elements governing awards of compensation under the Bankruptcy Code justify the allowance requested.

**1.    The Time and Labor Required.**

46.    During the First Interim Period, Jenner & Block's partners, associates, and paraprofessionals spent 6,594 hours providing professional services to USAG for which Jenner & Block seeks compensation on an hourly basis. Jenner & Block coordinated its efforts with co-counsel to avoid duplication of efforts. Jenner & Block required this amount of time to conduct its analysis of USAG's operations, USAG's restructuring strategy, and the claims asserted against USAG; research and evaluate numerous and complex legal and factual issues arising in this chapter 11 case; advise USAG with respect to these issues; negotiate with other parties in interest regarding an equitable resolution of this chapter 11 case; and perform the other tasks described herein.

**2.    The Rates Charged for Such Services.**

47.    During the First Interim Period, Jenner & Block's hourly billing rates ranged from $635 to $1,400 per hour for partners, $625 to $1,400 for special counsel, $465 to $880 for associates, $400 to $760 for staff attorneys, $220 to $275 for discovery attorneys, and $210 to $400 for paraprofessionals.[3] Based on the recorded hours expended by Jenner & Block's attorneys

---

[3] The hourly billing rate ranges disclosed herein reflect Jenner & Block's hourly billing rates for the entirety of the First Interim Period—*i.e.,* Jenner & Block's billing rates for 2018, 2019, and 2020. In the ordinary course of Jenner & Block's business, as disclosed in Jenner & Block's retention application, the firm

and paraprofessionals, the average hourly billing rate was $867.77 for Jenner & Block attorneys and $706.32 for all Jenner & Block timekeepers prior to application of the 10% fee-rate discount provided by Jenner & Block to USAG, and $780.99 for Jenner & Block attorneys and $635.69 for all Jenner & Block timekeepers after accounting for this discount.

48.     Jenner & Block's hourly rates are set at a level designed to compensate Jenner & Block fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged by Jenner & Block and the marketplace for services requiring a similar level of sophistication and investment of resources.

49.     The hourly rates and corresponding rate structure that Jenner & Block charges in this chapter 11 case are equivalent to or less than the hourly rates and corresponding rate structure that Jenner & Block charges for similar complex restructuring, litigation, investigation, and corporate matters, whether in court or otherwise, and regardless of whether a fee application is required. Jenner & Block's rates and rate structure reflect that the matters for which Jenner & Block is engaged are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which have been present in this chapter 11 case. Nonetheless, given the not-for-profit status of USAG, Jenner & Block has discounted its hourly rates by ten percent (10%).

### 3.     The Necessity of the Services and the Benefit to the Debtor.

50.     As described herein, the services rendered by Jenner & Block were necessary for the effective and efficient representation of USAG. All of these services benefitted USAG and its

---

increases hourly billing rates for each new calendar year. In the First Interim Period, Jenner & Block increased its hourly billing rates on January 1, 2019 and January 1, 2020.

estate. USAG has reviewed this Application and has approved the compensation and reimbursement of expenses requested herein.

**4.      The Reasonableness of the Time Spent, Based on the Complexity, Importance, and Nature of the Issues.**

51.      As detailed above, Jenner & Block's work involved the representation of USAG in a complex chapter 11 case filed to resolve sexual abuse claims. Jenner & Block submits that the compensation requested is reasonable and necessary under the circumstances.

**5.      The Experience, Reputation, and Ability of the Attorneys Providing Services.**

52.      USAG selected Jenner & Block as its counsel because its attorneys have extensive experience, knowledge, and insight in the areas of complex restructuring, litigation, investigation, and corporate law, and Jenner & Block has the ability to commit substantial resources to the representation of USAG. Jenner & Block attorneys have achieved a high degree of expertise and positive reputations in their respective fields. Jenner & Block's restructuring, litigation, investigation, and corporate departments frequently receive recognition for their skill and achievements, and Jenner & Block is frequently cited as one of the leading U.S. law firms in these fields. Exhibit A to this Application summarizes the year of bar admission and area of practice concentration for Jenner & Block's highly qualified attorneys. In this complex and high-stakes chapter 11 case, the unique and specialized skills of Jenner & Block's attorneys have proven critically important.

**6.      Customary Compensation.**

53.      The work for which Jenner & Block seeks compensation in this Application is of the type and nature for which Jenner & Block customarily would seek compensation at the rates identified in this Application, even before applying the 10% discount here. In addition, the

compensation Jenner & Block seeks in this Application is comparable to the compensation it would have sought for comparable work outside of this chapter 11 case.

54.     Jenner & Block submits that the compensation requested is reasonable under all of the factors considered under section 331 of the Bankruptcy Code, and that these factors justify allowing in full Jenner & Block's compensation and reimbursement request.

55.     In view of the foregoing, Jenner & Block respectfully requests that it be allowed interim compensation in the amount of $4,128,819.15 for services rendered during the First Interim Period.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtor.**

56.     For the First Interim Period, Jenner & Block requests reimbursement of $111,471.02 for reasonable and necessary costs and expenses incurred on behalf of USAG.

57.     Jenner & Block's normal billing rates do not take these costs and expenses into consideration. Rather, Jenner & Block bills each cost and expense to the applicable client. Because of the disparity between different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it is difficult to charge costs and expenses fairly and equitably by including them in Jenner & Block's ordinary billing rates. Accordingly, Jenner & Block generally charges each client for such costs and expenses separately, in each case, at Jenner & Block's costs.

58.     Jenner & Block has made reasonable efforts to minimize its costs and expenses in connection with its representation of USAG. Each of the costs and expenses Jenner & Block incurred in providing professional services to USAG was necessary, reasonable, and justified under the circumstances to serve the needs of USAG.

21

59.     As a result, Jenner & Block respectfully requests that its expense reimbursement request be approved in full and that it be allowed interim expense reimbursement in the amount of $111,471.02 for expenses incurred during the First Interim Period.

### STATEMENT BY JENNER & BLOCK
### UNDER PARAGRAPH C(5) OF THE UST GUIDELINES

60.     This engagement involves variations from Jenner & Block's standard and customary billing rates. Jenner & Block has agreed to discount its fee rates, but not out-of-pocket expenses and internal charges, by 10% off its rates in effect at the time the services are rendered.

61.     None of the professionals included in this Application vary their hourly rate based on the geographic location of their cases.

62.     This Application does not include time or fees specifically related to reviewing or revising time records or preparing, reviewing, or revising invoices.

63.     This Application includes 21 hours of time and $17,375.50 of fees spent on reviewing Jenner & Block time records to redact privileged or other confidential information.

64.     The hourly rates specified in Jenner & Block's retention application were effective January 1, 2018, and increased on January 1, 2019 and January 1, 2020. Jenner & Block's engagement letter with USAG provides that Jenner & Block periodically adjusts its scheduled hourly rates, generally at the beginning of a calendar year.

### RESERVATION OF RIGHTS AND NOTICE

65.     It is possible that some professional time expended or expenses incurred during the First Interim Period are not reflected in the Application. Jenner & Block reserves the right to include such amounts in future fee applications.

66.     Jenner & Block will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And*

*Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, Jenner & Block submits that no other or further notice is necessary.

WHEREFORE, Jenner & Block respectfully requests that the Court enter an order, substantially in the form of Exhibit G, awarding Jenner & Block: (a) interim compensation of $4,128,819.15 for professional and paraprofessional services provided during the First Interim Period; (b) interim reimbursement of actual, reasonable, and necessary expenses incurred in the First Interim Period in the amount of $111,471.02; and (c) such other relief as is appropriate under the circumstances.

Dated: May 6, 2020                                    Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*

23