# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**SURVIVORS' OBJECTION TO THE UNITED STATES OLYMPIC AND PARALYMPIC COMMITTEE'S EMERGENCY MOTION (I) FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER ON PRETIRAL CONFERENCE REQUIRING IN-PERSON DEPOSITIONS IN COLORADO AND (II) FOR ORDER REQUIRING THAT DEPOSITIONS BE TAKEN REMOTELY**

Over 140 additional survivor-claimants (the "Survivors"), who are represented by the undersigned counsel, by and through their counsel, hereby file this objection (the "Objection") to the United States Olympic and Paralympic Committee's (the "USOPC") *Emergency Motion for Reconsideration of the Court's June 16, 2020 Order Permitting In-Person Depositions of USOPC Personnel and Former Personnel To Proceed In-Person* (the "Emergency Motion").[2] This Emergency Motion is yet another veiled attempt by the USOPC to impede critical depositions of witnesses; a half-measure that it is now advocating for, in light of the fact that it couldn't stop these depositions from proceeding outright. In the June 17, 2020 Pre-Trial Conference for the Disclosure Statement Hearing, counsel for the USOPC already raised this issue with the Court, and after argument and consideration by the Court, the Court expressly ordered that the depositions be conducted in-person with adequate safety protocols. [Doc. 1145]; June 17, 2020 Transcript, 12:23-25, attached as Exhibit "1" to Declaration of Alex E. Cunny ("Cunny Decl.") ("I might suggest at

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

[2] Counsel for the objecting Survivors received notice that USOPC would filing this Motion at 5:40 p.m. PST on Tuesday, June 30, 2020. Considering the upcoming holiday (Friday July 3, 2020), counsel for the objecting Survivors seeks to have this Objection to the Court prior to the close of business on Wednesday, July 1, 2020. Due to these time constraints, much of this Objection is based upon this e-mail correspondence from USOPC and anticipated arguments that USOPC will be making, though Survivors' counsel had limited time before the close of business to have this Objection filed.

DOCS_SF:103617.2 88602/002

this point in terms of the in-person depositions that doesn't seem unreasonable to me because it can be managed.") Subsequently, the Court ordered the depositions to proceed in-person, with COVID-19 protocols in-place; protocols that the parties were working through until yesterday. [Doc. 1145]. Indeed, while USOPC characterizes holding the depositions in-person as being "reckless", the reality is that all involved in planning these depositions have taken into consideration safety concerns related to COVID-19, Survivors' counsel has been working with a local court reporting agency to provide a Zoom video link to the deposition to limit attendance, and **USOPC has even offered its own facility for the in-person depositions to occur, a little more than a week ago.**

As shown below, Survivors' counsel is taking these COVID-19 restrictions seriously, as to both the depositions, as well as the travel to and from the depositions, so as to confirm a safe, in-person environment can be attained for these depositions to proceed. This was all information that the Court had in issuing its June 19, 2020 Order [Doc. 1145] and at the June 17, 2020 hearing. June 17, 2020 Transcript, 12:10-13:25, Ex. "1".

Given that there is no change in circumstances, that strict safety precautions are being followed and implemented for the depositions (and travel to and from), and that the Survivors have a paramount interest in full-fledged cross-examination of these witnesses, the Court should not reconsider or amend its prior Order.

### I.     PROCEDURAL HISTORY

On June 16, 2020, the Court denied, in part, the USOPC's Motion for Protective Order, relating to several deposition subpoenas issued, allowing the Survivors to depose the USOPC's Chief Financial Officer (who is Ms. Morane Kerek) and two other witnesses of the Survivors' choosing. [Doc. 1134]. Subsequent to that Order, the Survivors selected Mr. Scott Blackmun and Mr. Richard "Rick" Adams as the two USOPC deponents; Mr. Blackmun being a former USOPC employee. *See* June 17, 2020 E-mail to USOPC, attached as Exhibit "2" to Cunny Decl.

Subsequent to those selections, counsel for Mr. Blackmun reached out to Survivors' counsel and agreed upon July 17, 2020 for the deposition of Mr. Blackmun. *See* Second Amended

2

Notice of Taking Deposition of Mr. Blackmun, attached as Exhibit "3" to Cunny Decl. Later on, counsel for USOPC offered the dates of Tuesday July 14, 2020 for the deposition of Ms. Kerek, and Wednesday July 15, 2020 for Mr. Adams. *See* Amended Notice of Taking Deposition of Ms. Kerek, attached as Exhibit "4"; Amended Notice of Taking Deposition of Mr. Adams, attached as Exhibit "5" to Cunny Decl.

During meet-and-confer efforts, counsel for the survivors communicated that the Regus office in Colorado Springs, Colorado (which was listed in the original subpoenas) would be the deposition location and have adequate safety protocols, as well as the capability to setup a Zoom link for those non-present to observe. *See* E-mail Chain from June 23, 2020 to June 25, 2020, attached as Exhibit "6" to Cunny Decl. In those meet and confer efforts, Survivors' counsel informed the USOPC that they would have the court reporter setup a Zoom link that, according to the court reporters' office, could support up to 300 participants for those non-present at the physical deposition. *Id.* Moreover, counsel for USOPC offered a conference room at the Olympic Training Center in Colorado Springs, because "[t]he conference rooms at the USOPC's office are larger than the Regus's room, so we can better maintain social distancing that way." *Id.* After some discussions about the logistics, the last correspondence was USOPC's counsel asking for the court reporter's information to coordinate the Zoom conference. *Id.*[3]

The next correspondence from the USOPC was an email on June 30, 2020 at 5:40 p.m. PST, indicating that they would be filing an "Emergency Motion" in order to have the Court reconsider its prior ruling about the depositions proceeding in-person.

## II.    FACTUAL BACKGROUND

### A. THE COURT HAS ALREADY RECEIVED ARGUMENT ON THIS ISSUE AND ISSUED ITS ORDER.

After ordering these depositions (Ms. Kerek, and the other two selected witnesses) to proceed, counsel for USOPC raised the COVID-19 issue at the June 17, 2020 Pre-Trial Conference:

---

[3] As a note, the Zoom processes/links were just received by Survivors' counsel on June 30, 2020, and my office was planning on forwarding to counsel for the USOPC to arrange Zoom teleconference capabilities. Cunny Decl., ¶3.

3

> Ms. Coffino: […] But in addition to that we do have an issue that we need to work through with plaintiffs' counsel which is that they want these depositions to be in person which means lawyers have to get on planes and witnesses have to leave their homes notwithstanding stay at home mandates and appear somewhere. We think it's reckless and endangers the health and safety of those witnesses, and that depositions can be held remotely which is what most law firms are doing when they want to move a case along. It's pretty standard fare right now. But we need to work that out with plaintiffs' counsel, and we are certainly willing to do that, and we have been in touch with them regularly on that and other issues, and will do our best. And if we can't reach an agreement on that we'll have to be back."

June 17, 2020 Transcript, 12:10-22, Ex. "1".

In response, the Court stated:

> The Court: I might suggest at this point in terms of the in-person depositions that doesn't seem unreasonable to me because it can be managed. One or two lawyers can sit in a room ten feet from the deponent and a lawyer for representing the deponent if they're not represented by yourself and others can be on a call. And they can feed questions to the lawyer -- the lead lawyer who's asking the questions. All 40 of you don't need to be in the same room obviously. So I think -- and I'm just throwing that out. I haven't thought about it. I can think of a couple other ways you can do it. You can do it out in a park as far as I'm concerned so it's outdoors. But I do think it's reasonable for -- this is not insignificant. This affects hundreds of people and hundreds of millions of dollars. And get an N-95 mask. If you don't have it let me know because I've got them."

June 17, 2020 Transcript, 12:23-13:12, Ex. "1".

In clarifying the Survivors' position as to social distancing and the safety protocols that were being planned for, Mr. Cunny further added:

> MR. CUNNY: And, Your Honor, this is Alex Cunny. Our office has checked with the deposition location that was set for the Colorado Springs depositions where all of those witnesses' depositions would be taken. They're open, they're following coronavirus mandates and protocols. So that certainly -- you know, we're not taking anybody's safety lightly. But the location can handle it, and there certainly would be safeguards in place.

June 17, 2020 Transcript, 13:13-20, Ex. "1".

In consideration of the Court's guidance about safety concerns and June 19, 2020 Order, Survivors' counsel has worked diligently (and cooperatively) with the USOPC to arrange the depositions. *See infra.*

On June 19, 2020, the Court issued its order allowing the depositions to proceed in-person:

///

///

4

> "The Court has ordered the taking of certain depositions and the production of certain documents in the Court's Order docketed June 16, 2020. As a result of statements of positions made by the affected parties, the Court specifically orders that the depositions shall be taken in-person in the state of Colorado and in compliance with the Covid-19 precautions suggested by the Governor of Colorado."

[Doc. 1145, pp.1-2].

**B.  SAFETY PROTOCOLS TO BE IN-PLACE AT IN-PERSON DEPOSITIONS.**

As evidenced from the correspondence between counsel for the USOPC and for Survivors' counsel, until last Thursday, June 25, 2020, the parties were working to setup the logistics of a safe, COVID-19 mandate-compliant, in-person deposition. *See* E-mail Chain from June 23, 2020 to June 25, 2020, Ex. "6". Specifically, Survivors' counsel (1) agreed to setup a Zoom link (at their expense) through a local court reporting agency, (2) ensured that the deposition location was open (as it had done prior to the June 17, 2020 call) and following social distancing requirements by the State of Colorado, and (3) even agreeing to USOPC's offer to hold the depositions at purportedly more spacious facilities, **at the USOPC**. *Id.* These issues were being worked out, until last evening, at 5:40 p.m. PST, a single e-mail from USOPC's counsel was received, indicating that they would be making an "Emergency Motion", absent Survivors' counsel stipulation, to have the Court reconsider its order pertaining to in-person depositions.

Indeed, as planned (at least prior to 5:40 p.m. on June 30, 2020), approximately 300 individuals could have been given remote access to the depositions, there would be social distancing protocols to ensure that the in-person depositions would be safe and sanitized, and this could occur under USOPC's own watch, as it requested (Survivors' counsel agreeing to this "home field advantage" in order to ensure the comfortability and safety of all present physically for the depositions).

Moreover, these depositions were set in Colorado Springs, near the residences and/or employment of these individual witnesses, to ensure that they did not have to travel.

///

///

///

5

**C.   NO EVIDENCE OF SPECIFIC RISK POSED FOR THESE DEPOSITIONS TO PROCEED.**

In Mr. Chen's (counsel for USOPC), June 30, 2020 email, sent at 5:40 p.m. PST, he indicates that USOPC will seek an Emergency Motion, based upon some statistics he had reviewed:

> "Vince and Alex,
>
> We're writing to let you know that tomorrow we intend to file an emergency motion for reconsideration of Judge Moberly's order that the upcoming USOPC depositions be conducted in person. **In light of the surging number of COVID-19 cases around the country, including in California and Colorado, we think the risk entailed in conducting in-person depositions in entirely unwarranted. The US military, for example, recently imposed a ban on California travel.** Like you, we would need to travel from Southern California to Colorado Springs by air, stay in a hotel, travel by rental car, and interact with other participants in close quarters over several days.  Not only would we risk exposure to the virus ourselves but we would risk contaminating others, including the witnesses, other counsel, and members of the general public with whom we would come into contact.  All of this is avoidable by taking advantage of the sophisticated and reliable remote court reporting methods now widely available.  On balance, we think the responsible choice is clear.
>
> I'm sure these developments have also come to your attention.  If you are willing to stipulate to conducting the depositions remotely, please let us know as soon as possible.
>
> Best,"

June 30, 2020 E-mail Chain, attached as Exhibit "7" to Cunny Decl. [Emphasis Added].

In response, Mr. Finaldi sent back the following e-mail, inviting Mr. Chen to attend remotely:

> "The judge didn't say you had to be there in person. Why don't you just call in? We will have a phone set up for you, Mark. Problem solved. We are going in person though, as the judge ordered."

June 30, 2020 E-mail Chain, attached as Exhibit "7" to Cunny Decl. [Emphasis Added].

No response was received from Mr. Finaldi's e-mail (at least, at the time of the filing of the instant Objection). More importantly, however, no specific representation was ever made by Mr. Chen (or anyone at the USOPC) about specific, COVID-19 related risks that were posed to an in-person deposition; only generalizations that, "[i]n light of the surging number of COVID-19 cases around the country, including in California and Colorado…" or that the "US military" had somehow placed a "ban on California travel", that USOPC did not want to proceed with in-person

6

depositions. June 30, 2020 E-mail Chain, Ex. "7". USOPC has not put forth any evidence showing that any of its counsel's employees have been confirmed to have COVID-19, that any witnesses have been confirmed to have COVID-19, or that there is anything other than the general risk posed to the public; something the Court had already considered in its June 19, 2020 Order. Indeed, no evidence indicates any specific risk or threat to any individual involved in attending these depositions in-person, just the generalized public risk that anyone is placed at.

Finally, after receiving Mr. Chen's email, Survivors' counsel is not aware of any specific Colorado, California or "US Military" COVID-19 Orders that have shutdown travel, conference rooms, hotels, or car rental agencies in Colorado or California for civilians. Indeed, if USOPC is no longer willing to offer its conference rooms for these depositions to proceed, then Survivors' counsel will find another, COVID-19 protocol-compliant deposition location in Colorado Springs.

While Survivors' counsel appreciates the risk that COVID-19 generally poses to the average American (or Californian or Coloradan), these generalized references are not sufficient for the Court to make a finding that these depositions should not proceed in-person. USOPC has made no demonstrable showing that attorneys, witnesses, or others involved with these physical depositions (approximately 10 people who would be attending in-person)[4] would be at a risk greater than the general public using these facilities.

**D.      TRAVEL OPTIONS FOR THOSE WHO DO WANT TO ATTEND IN-PERSON.**

Contrary to the USOPC's e-mail, which seemed to suggest that the US Military had put a ban on "California travel"[5], from even a cursory glance at travel booking websites, there remain flights (and available flights) from the Los Angeles area to Denver, Colorado (and a drive to Colorado Springs), as well as to Colorado Springs, Colorado. Cunny Decl., ¶4. Plaintiffs' counsel is not aware of any airport closures at Los Angeles International Airport ("LAX") or at these

---

[4] The previous deposition location indicated that approximately 7 individuals could be present, while observing the COVID-19 protocols. While not specifically discussed, it is believed that the USOPC facility would accommodate more, pursuant to Mr. Chen's representation that the conference rooms were "larger."

[5] After researching, this appears to be a directive issued towards enlisted personnel, though not clear, nor clarified, by Mr. Chen.

7

Colorado airports (Denver or Colorado Springs) that would prevent a person from flying to and from. Other than citing press articles about airline safety, the USOPC has not set forth any evidence that would suggest that it is unreasonably dangerous to take a flight to Colorado, especially for depositions of this level of import.

If the prospect of commercial air travel for USOPC's California lawyers to Colorado is too risky (an approximate 3 hour flight), then there are charter services that they could employ to avoid public terminals and minimize contact with large groups of individuals. For example, a chartered flight from the Los Angeles area to Colorado Springs directly, would cost USOPC approximately $10,000. Cunny Decl., ¶5. While clearly more expensive than a coach ticket, in light of the magnitude of these depositions and import of obtaining answers for these sexual abuse survivors, the cost for travel for three people to attend three depositions, is not unreasonable, in the final analysis, if those individuals are concerned about going to an airport terminal.

Indeed, travel to and from Colorado Springs, with proper precautions (social distancing, face masks, and following governmental directives) can be done safely without risk that is above-and-beyond everyday risk of infection. If the concern of an individual is so great that going to a public terminal cannot be fathomed, then there are alternatives that can be employed (such as a charter), or, that individual can simply open the Zoom link provided, if they are uncomfortable. Reasonably, however, there are practical safety precautions that are being arranged, that will allow all involved in these depositions to be safe.

### III. LEGAL ARGUMENT

**A. THERE IS NO "EMERGENCY" WARRANTING RECONSIDERATION OF THE COURT'S PRIOR ORDERS, OR OTHER RELIEF, AS ONLY GENERALIZED STATEMENTS ABOUT THE PANDEMIC ARE BEING RELIED UPON, AND THE DEPOSITIONS WILL PROCEED WITH SAFETY PROTOCOLS**

In bringing this Emergency Motion, the USOPC asks the Court to reconsider a ruling that it made less than two (2) weeks ago. USOPC has not provided evidence that would illustrate anything more than the generalized risk that the American public is at, with COVID-19, which

should not be a basis to grant this request. The USOPC has failed to set forth new facts or evidence that should disrupt the Court's ruling from only two weeks ago:

1. **The USOPC Has Not Provided Specific, Anecdotal Evidence (At Least To Survivors' Counsel) Of Individuals Involved In Physical Depositions That Have COVID-19, But Rather, Rely Upon Generalized Statistics And News Reports About COVID-19 Cases Increasing Nationally And In Certain States.**

Citing to generalized information about the "surge" in cases is insufficient for the Court to reconsider its prior Order. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (*citing Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). "To support a motion for reconsideration based on newly discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Id.* (*citing Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir.1963), *cert. denied,* 377 U.S. 923 (1964)).

As stated *supra*, the evidence provided by the USOPC does not state a specific threat or risk that is posed to those who are believed to be attending the depositions at-issue. All the evidence provided are articles and statistics about generalized risks posed to the public and general jurisdictions (such as the State of California or the State of Colorado) as to infection by COVID-19. While this is certainly something that is not taken lightly by the Survivors' counsel, these are risks that USOPC has not keyed to any finding that make the taking of a deposition particularly dangerous. This is evidenced by the fact that all facilities necessary for taking the deposition (including airports, car rental services, and deposition location) are still open and advisories from various health organizations, and governmental institutions, on how to stay safe when using those services.

In its Emergency Motion, as an illustration of USOPC's use of these statistics, USOPC states that Orange County has "Orange County has the fourth highest number of coronavirus cases

9

of all of California's counties." Emergency Motion, fn. 10. USOPC neglects to mention that Orange County has the **third** highest population in the State of California.[6] This analysis of statistics is precisely why the USOPC has not met its burden, or why the Court should reconsider its prior ruling.

Moreover, this argument was already provided to the Court, who declined to order the depositions be conducted remotely. In fact, the Court acknowledged the importance of the depositions, the importance of the case, and the ability of the parties to limit the risk of COVID-19 infections at an in-person deposition. This issue was **telegraphed** by USOPC at the June 17, 2020, wherein it called in-person depositions "reckless". June 17, 2020 Transcript, 12:10-22, Ex. "1". USOPC has always believed these depositions should not proceed in-person, and this Emergency Motion is simply the latest rendition of the same argument.

Therefore, USOPC has not put forth "new evidence" to satisfy the standard for a Motion for Reconsideration. While there may be some new statistics that have arisen since June 19, 2020 (as there are nearly every single day with COVID-19), this is not sufficient to meet the standard and deprive these survivors to have counsel fully and fairly depose these select witnesses. Moreover, this position simply ignores the lengths to which the parties have gone to ensure that all present are safe.

  **2. The Parties Have Already Discussed Acceptable Means To Protect The Witnesses, Attorneys, And Those Who Cannot Be Present, Through Accepted Social Distancing And Remote Call-In Options.**

As discussed at-length, *supra*, until just yesterday, Survivors' counsel believed that the parties were working through these issues to protect witnesses in a constructive manner; simply waiting on instructions from the court reporter to provide Zoom access to non-present attorneys/parties. *See* E-mail Chain from June 23, 2020 to June 25, 2020, Ex. "6". It was clear that the deposition location would provide adequate distancing (whether at Regus or at the Olympic Training Center), that social distancing practices would be observed, and that the parties were cognizant that a limited number of people would be attending with a Zoom conference as a

---

[6] https://www.california-demographics.com/counties_by_population.

supplement. *Id.* These protocols are adequate to protect the attorneys, parties, witnesses, and court reporting staff, and were measures that were agreed upon by all involved (or at very least, not contested).

The USOPC has not provided any evidence that these procedures are ineffective, inadequate, or that they were unacceptable, aside from the June 30, 2020 e-mail, after the close of business. Similar to their argument on June 17, 2020 that depositions are simply *per se* unsafe to conduct in-person, USOPC renews the same argument, and, again, ignores the fact that there are standard safety protocols that are planned to protect these individuals who are present. Indeed, these are reasonably accepted and safe protocols that are in-place to protect those present, which conform to COVID-19 orders. However, if an individual is uncomfortable attending, and USOPC does, in fact, believe that a remote deposition is the same as an in-person deposition, then they should happily appear remotely. Survivors' counsel, however, believes that a remote deposition inhibits a thorough cross-examination of a witness, which is why this Objection is necessary.

**B.     THESE ARE IMPORTANT DEPOSITIONS OF CRITICAL WITNESSES, THAT SURVIVORS**

Underlying the Survivors' insistence that these depositions proceed in-person is not some mission to unnecessarily to place individuals at-risk of getting COVID-19. The insistence to take these depositions in-person is to ensure that the Survivors receive a robust, thorough, and comprehensive cross-examination from critical witnesses (*see* Doc. 1129, pp.7, 8, 13, 22-23) surrounding answers that these survivors have wanted for years, if not decades. These witnesses, as was already ruled by the Court and not challenged through this Emergency Motion by USOPC, are critical to the Survivors understanding the USOPC's liability, in conjunction with the Disclosure Statement, and they deserve to have those questions answered, without the inhibition of a remotely taken deposition.

"In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397

U.S. 254, 269, (1970). In citing to *Greene v. McElroy*, 360 U.S. 474, 496-97 (1959), the Court held:

> "'Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment. This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, but also in all types of cases where administrative actions were under scrutiny.'"

*Goldberg*, 397 U.S. at 270.

The issues involved in this case and specifically, these depositions, are paramount to this matter that involves hundreds of sexual abuse survivors, hundreds of millions of dollars, and the knowledge and testimony of these individuals at a Federally Chartered organization that has been alleged to have failed to protect athletes from molestation and alleged to have covered sexual abuse allegations. By requiring remotely taken depositions, the Survivors will not be afforded the benefit of having counsel be able to react to, evaluate and confront these witnesses in the same manner in which they could at an in-person deposition. In evaluating the credibility of a witness, it is important to be able to across from the witness (at a suitable distance in compliance with COVID-19, of course) and be able to engage them in an exchange that simply cannot be conducted through a Zoom conference. Indeed, connectivity issues are a concern of counsel, but more importantly, Zoom conferences do not afford the conversational aspect of a deposition that is critical to evaluating a witness' credibility. For the same reason that a deposition by written question is not advisable by any litigator, so too, a deposition by Zoom does not sufficiently allow the attorney a fair and uninhibited examination of the witness, especially when precautions are being actively taken by the parties.

For these reasons, the in-person depositions that have been set in this matter, are reasonable, are appropriate, can be safely accomplished if safety protocols are followed, and are necessary to protect the rights of these survivors.

## IV. CONCLUSION

For the reasons stated herein, the USOPC has failed to identify specific factors that make these depositions particularly dangerous, above-and-beyond general information about rising COVID-19 numbers. The Survivors' counsel has worked, painstakingly, to have these imminently important depositions proceed, and to proceed in a safe manner consistent with all applicable protocols. Cross-examination is the hallmark of due process, and in a case involving hundreds of sexual abuse survivors, hundreds of millions of dollars, and the institutional failures of Congressionally-chartered organizations to prevent child molestation, allowing in-person depositions, with these safeguards in-place, is reasonable. These survivors deserve to have a fair cross-examination of these critical witnesses.

Respectfully submitted,

Dated: July 1, 2020

By: /s/ Alex E. Cunny
John C. Manly (CA 149080)
Vince W. Finaldi (CA 238279) (admitted *Pro Hac Vice*)
Alex E. Cunny (CA 291567) (admitted *Pro Hac Vice*)
MANLY, STEWART & FINALDI
Attorneys for Committee Members
Alexandra Raisman, Kyla Ross, Rachael Denhollander, Jessica Thomashow and additional Survivors
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
Phone: (949) 252-9990
E-mail: jmanly@manlystewart.com
E-mail: vfinaldi@manlystewart.com
E-mail: acunny@manlystewart.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2020, a copy of the foregoing *Survivors' Objection to the United States Olympic and Paralympic Committee's Emergency Motion for (I) Partial Reconsideration Of The Court's Order on Pretrial Conference Requiring In-Person Depositions in Colorado and (II) For Order Requiring That Depositions Be Taken Remotely* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Nancy D Adams     ndadams@mintz.com
Annemarie C Alonso     annie@sllawfirm.com
Martin Beeler     mbeeler@cov.com
Megan A Bonanni     mbonanni@pittlawpc.com
Tonya J. Bond     tbond@psrb.com, jscobee@psrb.com
Kenneth H. Brown     kbrown@pszjlaw.com
Charles D. Bullock     cbullock@sbplclaw.com, lhaas@sbplclaw.com
George Calhoun     george@ifrahlaw.com, Heather.Simpson@kennedyscmk.com
Douglas N. Candeub     dcandeub@morrisjames.com
John Cannizzaro     john.cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com
Deborah Caruso     dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com
Dianne Coffino     dcoffino@cov.com
Jesse Max Creed     creed@psb.law, alegria@psb.law
Heather M. Crockett     Heather.Crockett@atg.in.gov, darlene.greenley@atg.in.gov
Alex Cunny     acunny@manlystewart.com
Elisabeth D'Agostino     edagostino@selmanlaw.com
Peter D'Apice     dapice@sbep-law.com
Louis T. DeLucia     louis.delucia@icemiller.com, john.acquaviva@icemiller.com
Edward DeVries     edward.devries@wilsonelser.com
Karen M Dixon     kdixon@skarzynski.com
Kimberly A. Dougherty     kim.dougherty@andruswagstaff.com, Lisa.Lockhead@andruswagstaff.com
Laura A DuVall     Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
Jeffrey B. Fecht     jfecht@rbelaw.com, rmcclintic@rbelaw.com
Sarah Lynn Fowler     sarah.fowler@mbcblaw.com, deidre.gastenveld@mbcblaw.com,ellen@mbcblaw.com
Eric D Freed     efreed@cozen.com, mmerola@cozen.com
Frances Gecker     fgecker@fgllp.com, csmith@fgllp.com;csucic@fgllp.com;mmatlock@fgllp.com
Cameron Getto     cgetto@zausmer.com
Steven W Golden     sgolden@pszjlaw.com
Douglas Gooding     dgooding@choate.com
Gregory Michael Gotwald     ggotwald@psrb.com, scox@psrb.com
Manvir Singh Grewal     mgrewal@4grewal.com
Susan N Gummow     sgummow@fgppr.com, bcastillo@fgppr.com

Matthew A. Hamermesh   mhamermesh@hangley.com, kem@hangley.com;mjl@hangley.com
Katherine Hance   khance@goodwin.com
Samuel D. Hodson   shodson@taftlaw.com, aolave@taftlaw.com
Bonnie M. Hoffman   bmh@hangley.com, hit@hangley.com;ecffilings@hangley.com
Jeffrey A Hokanson   jeff.hokanson@icemiller.com, bgnotices@icemiller.com,david.young@icemiller.com
John R. Humphrey   jhumphrey@taftlaw.com, aolave@taftlaw.com
Christine K Jacobson   cjacobson@jhklegal.com, 5412@notices.nextchapterbk.com
Cassandra Jones   cjones@walkerwilcox.com, vhosek@wwmlawyers.com;docket@walkerwilcox.com
Bruce L. Kamplain   bkamplain@ncs-law.com, dhert@ncs-law.com;klong@ncs-law.com
Kevin P Kamraczewski   kevin@kevinklaw.com
Ronald David Kent   ronald.kent@dentons.com
Andrew T Kight   akight@jhklegal.com, assistant@jhklegal.com;akight@ecf.courtdrive.com
Adam L. Kochenderfer   akochenderfer@wolfsonbolton.com
Christopher E. Kozak   ckozak@psrb.com
Micah R Krohn   mkrohn@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;csucic@fgllp.com
Carl N. Kunz   ckunz@morrisjames.com, wweller@morrisjames.com
Cynthia Lasher   clasher@ncs-law.com, dcouch@ncs-law.com;dhert@ncs-law.com
Adam Le Berthon   adam.leberthon@wilsonelser.com
Jonathan C Little   jon@sllawfirm.com
Michael M. Marick   mmarick@skarzynski.com
Jonathan Marshall   jmarshall@choate.com
John McDonald   jmcdonald@briggs.com
Mathilda S. McGee-Tubb   msmcgee-tubb@mintz.com
Harley K Means   hkm@kgrlaw.com, kwhigham@kgrlaw.com;cjs@kgrlaw.com
Geoffrey M. Miller   geoffrey.miller@dentons.com, ndil_ecf@dentons.com
Robert Millner   robert.millner@dentons.com, ndil_ecf@dentons.com
James P Moloy   jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Marium Moore   mmoore@selmanlaw.com
Ronald J. Moore   Ronald.Moore@usdoj.gov
Joel H. Norton   jnorton@rsslawoffices.com
Michael P. O'Neil   moneil@taftlaw.com, aolave@taftlaw.com
Weston Erick Overturf   wes.overturf@mbcblaw.com, deidre.gastenveld@mbcblaw.com;ellen.sauter@mbcblaw.com
Dean Panos   dpanos@jenner.com
Stephen Jay Peters   speters@kgrlaw.com, acooper@kgrlaw.com
Ginny L. Peterson   gpeterson@k-glaw.com, acoy@k-glaw.com
Robert J Pfister   rpfister@ktbslaw.com
John Thomas Piggins   pigginsj@millerjohnson.com, ecfpigginsj@millerjohnson.com
Michael L Pitt   mpitt@pittlawpc.com
George Plews   gplews@psrb.com
Amanda Koziura Quick   amanda.quick@atg.in.gov, Marie.Baker@atg.in.gov
Michael L. Ralph   mralph@rsslawoffices.com

Melissa M. Root    mroot@jenner.com, wwilliams@jenner.com
James Pio Ruggeri    jruggeri@goodwin.com
Syed Ali Saeed    ali@sllawfirm.com, betty@sllawfirm.com
Ilan D Scharf    ischarf@pszjlaw.com
Ronald Paltin Schiller    rschiller@hangley.com, baw@hangley.com;ecffilings@hangley.com
David J. Schwab    djschwab@rsslawoffices.com
Igor Shleypak    ishleypak@fgppr.com, bcastillo@fgppr.com
Heather Elizabeth Simpson    heather.simpson@kennedyslaw.com
Casey Ray Stafford    cstafford@k-glaw.com, lsmith@k-glaw.com
James I. Stang    jstang@pszjlaw.com
Catherine L. Steege    csteege@jenner.com, mhinds@jenner.com;thooker@jenner.com;aswingle@jenner.com
Laura B. Stephens    lbstephens@mintz.com
Mark D. Stuaan    mark.stuaan@btlaw.com
Keith Teel    kteel@cov.com
Meredith R. Theisen    mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net;csprague@rubin-levin.net
Jonathan Toren    jtoren@cozen.com, bbuckner@cozen.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Susan Walker    susan.walker@dentons.com
Joshua D Weinberg    jweinberg@goodwin.com
Gabriella B. Zahn-Bielski    gzahnbielski@cov.com

I further certify that on July 1, 2020, a copy of the foregoing *Survivors' Objection to the United States Olympic and Paralympic Committee's Emergency Motion for (I) Partial Reconsideration Of The Court's Order on Pretrial Conference Requiring In-Person Depositions in Colorado and (II) For Order Requiring That Depositions Be Taken Remotely* was served via electronic mail to the following:

**United States Olympic Committee:** Chris McCleary at Chris.McCleary@usoc.org
**The Alexander, a Dolce Hotel and Wyndham Hotel Group, LLC:** Daniel M. Eliades at daniel.eliades@klgates.com and David S. Catuogno at david.catuogno@klgates.com

                                                        */s/* Alex E. Cunny
                                                        Alex E. Cunny