IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: <br><br> USA GYMNASTICS,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-09108-RLM-11 |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
HOLDING THAT THE BOWLES LITIGATION VIOLATES THE AUTOMATIC STAY**

USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case ("**USAG**"), files this motion ("**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, holding that the lawsuit captioned *Bowles, et al. v. USA Gymnastics, et al.*, Case No. A-21-828017-C, recently filed against USAG in the Eighth Judicial District Court for Clark County, Nevada (the "**Bowles Litigation**") violates the Bankruptcy Code's automatic stay, *see* 11 U.S.C. § 362(a)(1), and ordering the plaintiffs to immediately dismiss all allegations and counts asserted against USAG. In support of this Motion, USAG states as follows:

1. On January 19, 2021, Plaintiffs Morgan Bowles, Mikaela Dayton, Elizabeth Gangale, Tiffani Lewis, McKinley Pavicic, Matalasiaufaiga Peko, Teagan Plutte, and Alyssa Resly (collectively, "**Plaintiffs**") commenced the Bowles Litigation by filing a complaint against USAG, Brown's Gymnastics Las Vegas ("**Brown's Gymnastics**"), and various named and unnamed employees and related entities of Brown's Gymnastics. A copy of the complaint is attached hereto as Exhibit B.

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

2.  Plaintiffs seek recovery for sexual, physical, and emotional abuse allegedly committed by a gymnastics coach at Brown's Gymnastics, Terry Gray, between 2009 and 2015 and assert eight claims against USAG under a variety of legal theories. On January 21, 2021, the Nevada court issued a summons to USAG.

3.  The Bowles Litigation is a textbook violation of the automatic stay. Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay on "the commencement" of a "judicial . . . action . . . against the debtor that was or could have been commenced" prior to the debtor's bankruptcy case. 11 U.S.C. § 362(a)(1). As the Seventh Circuit has noted, "an outright suit against the bankrupt" to recover on a prepetition claim "would incontrovertibly violate the stay." *Central States, Southeast & Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir. 1992); *In re Richardson*, No. 00-10506-JKC-7, 2012 WL 3958548, at *2 (Bankr. S.D. Ind. Sept. 10, 2012). Stunningly, despite the clear and express text of the Bankruptcy Code, Plaintiffs seek to do exactly that, hauling USAG into state court to litigate sexual abuse claims that arose prior to USAG's chapter 11 filing. The Bowles Litigation unquestionably violates section 362(a)(1).

4.  Plaintiffs' disregard for the automatic stay is particularly egregious given that seven out of the eight Plaintiffs were served directly with notice of USAG's bankruptcy case and the bar date for filing abuse claims, and that USAG gave broad, nationwide public notice of its bankruptcy and the bar date for sexual abuse claims in multiple forums and publications, including directing all member facilities to post a notice of the bar date notice in the facilities. Indeed, one of the Plaintiffs filed a claim (by different counsel) in the bankruptcy case.[2]

---

[2] Consistent with the confidentiality protocols regarding sexual abuse proofs of claim in this case, USAG does not identify the specific Plaintiff who filed a proof of claim in this case by name, but can provide this information to the Court if requested.

2

5.      In an attempt to avoid burdening this Court and incurring additional legal costs, USAG tried to resolve this matter without involving this Court. On January 20, 2020, counsel for USAG sent counsel for Plaintiffs a letter in which USAG explained that the Bowles Litigation violated the automatic stay and asked Plaintiffs to immediately dismiss all allegations and claims against USAG. On January 26, 2021, USAG's counsel spoke with one of the attorneys for Plaintiffs and reiterated that the automatic stay required dismissal of the Bowles Litigation. Counsel refused to dismiss the suit, forcing USAG to bring this Motion.

## NOTICE

6.      USAG will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213], as well as by electronic mail and first class mail to counsel for the Plaintiffs in the Bowles Litigation. In light of the nature of the relief requested herein, USAG submits that no other or further notice is necessary.

WHEREFORE, USAG respectfully requests the entry of an Order holding that the Bowles Litigation violates the automatic stay and directing the Plaintiffs to immediately dismiss all allegations and claims against USAG and granting such other relief as may be just.

Dated: February 1, 2021

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 923-2952
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*