**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>              Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**SUMMARY COVER SHEET TO THE SECOND INTERIM APPLICATION
OF JENNER & BLOCK LLP AS COUNSEL TO USA GYMNASTICS FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED FROM
APRIL 1, 2020 THROUGH NOVEMBER 30, 2020**

| General Information | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Services To: | USA Gymnastics |
| Petition Date: | December 5, 2018 |
| Date Retention Approved: | January 17, 2019, effective as of December 5, 2018 [Dkt. 188] |
| **Summary Of Fees & Expenses Sought For The Second Interim Period** | |
| Time Period Covered By This Application: | April 1, 2020–November 30, 2020 (the "**Second Interim Period**") |
| Amount Of Compensation Sought To Be Allowed As Actual, Reasonable, And Necessary For The Second Interim Period: | $1,377,435.60 |
| Amount Of Expense Reimbursement Sought To Be Allowed As Actual, Reasonable, And Necessary For The Second Interim Period: | $16,683.08 |
| Total Compensation And Expense Reimbursement Sought To Be Allowed For The Second Interim Period: | $1,394,118.68 |

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

| Summary Of Fees & Expenses Sought For The Second Interim Period | |
|---|---|
| Total Compensation Paid To Date: | $3,175,611.07 |
| Total Expenses Paid To Date: | $109,986.97 |
| Total Compensation Allowed To Date: | $4,121,129.22 |
| Total Expenses Allowed To Date: | $109,986.97 |
| Total Compensation Subject To Objection: | $0 |
| Total Expenses Subject To Objection: | $0 |
| Blended Rate In This Application For All Attorneys: | $925.12 ($832.61 following 10% fee discount) |
| Blended Rate In This Application For All Timekeepers: | $894.13 ($804.72 following 10% fee discount) |
| Number Of Professionals Included In This Application: | 23 professionals (10 partners, 4 associates, 3 staff attorneys, & 6 paraprofessionals) |
| Number Of Professionals Billing Fewer Than 15 Hours To This Case: | 11 professionals (5 partners, 2 associates, 1 staff attorney, & 3 paraprofessionals) |
| This is an **interim application.** The total time expended preparing this application is not included here because it was expended after the Second Interim Period. | |

Dated: February 3, 2021

Respectfully submitted,

**JENNER & BLOCK LLP**

By: */s/ Catherine Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**SECOND INTERIM APPLICATION OF JENNER & BLOCK LLP AS COUNSEL TO
USA GYMNASTICS FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
APRIL 1, 2020 THROUGH NOVEMBER 30, 2020**

Jenner & Block LLP ("**Jenner & Block**"), attorneys for the above-captioned debtor and debtor in possession, USA Gymnastics ("**USAG**" or the "**Debtor**"), in the above-captioned chapter 11 case, hereby submits this second interim application (the "**Application**") for an award of interim compensation for professional services rendered in the amount of $1,377,435.60, and interim reimbursement for actual and necessary expenses incurred in connection with such services in the amount of $16,683.08, for the period from April 1, 2020 through November 30, 2020 (the "**Second Interim Period**"). Jenner & Block submits this Application pursuant to sections 330 and 331 of 11 U.S.C. §§ 101–1532, *et seq.* (the "**Bankruptcy Code**"); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**"); the *Order Granting Debtor's Application For Order Authorizing The Debtor To Employ Jenner & Block LLP As Counsel Pursuant To 11 U.S.C. § 327(a), Effective As Of The Petition Date* [Dkt. 188] (the "**Retention Order**"); the *Order Granting Debtor's Motion For Entry Of An Order*

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

*Establishing Procedures for Interim Compensation And Reimbursement Of Expenses of Professionals* [Dkt. 187] (the "**Interim Compensation Order**"); and the United States Trustee's *Guidelines For Reviewing Applications For Compensation And Reimbursement Of Expenses Filed Under 11 U.S.C. § 330 By Attorneys In Large Chapter 11 Cases Effective As Of November 1, 2013* (the "**UST Guidelines**"). In support of this Application, Jenner & Block states as follows:

## PRELIMINARY STATEMENT

1.     Jenner & Block serves as USAG's lead counsel in this chapter 11 case. Since being retained, and during the Second Interim Period, Jenner & Block has worked diligently with USAG, its other counsel, and its stakeholders to use this Court as a forum in which to resolve the hundreds of lawsuits and claims filed against USAG by survivors of sexual abuse. Jenner & Block has devoted substantial efforts and time to negotiating with the Additional Tort Claimants Committee of Sexual Abuse Survivors (the "**Survivors' Committee**"), USAG's insurers, the U.S. Olympic and Paralympic Committee (the "**USOPC**"), and other key parties in interest to attempt to reach a resolution of these sexual abuse claims.

2.     Despite the difficulties and delay posed by the pandemic during the Second Interim Period, Jenner & Block's services have progressed the parties' mediation efforts and advanced this chapter 11 case towards resolution. Negotiations among the parties remain ongoing, including through the pending settlement conferences facilitated by the Honorable James M. Carr, and Jenner & Block is continuing to work in earnest with all parties' counsel to reach a resolution that can be incorporated into a consensual plan of reorganization.

3.      During the Second Interim Period, Jenner & Block performed a variety of legal services that were necessary for USAG to resolve the survivors' claims, including, among other things:

- preparing mediation materials and analysis and participating in multiple mediation sessions and related settlement discussions with the mediators, the Survivors' Committee, the insurance carriers, the USOPC, and other parties in interest;

- revising USAG's proposed plan of reorganization, ancillary agreements, and disclosure statement in light of continued negotiations with the Survivors' Committee, the insurance carriers, the USOPC, Twistars, and other parties in interest;

- continuing to evaluate the sexual abuse claims asserted against USAG's estate and counseling USAG on how to equitably and efficiently resolve such claims;

- assisting with the prosecution of an adversary proceeding seeking declarations of insurance coverage with respect to the sexual abuse claims and matters that involved bankruptcy considerations;

- prosecuting an adversary proceeding seeking an injunction prohibiting the U.S. Small Business Administration from restricting USAG's access to funds under the Paycheck Protection Program (as authorized by the Coronavirus Aid, Relief, and Economic Security Act) solely on account of USAG's status as a chapter 11 debtor;

- enforcing the automatic stay; and,

- assisting USAG is performing all of its duties as a chapter 11 debtor, work that was necessary to ensure that its bankruptcy case could continue towards a resolution of the survivors' and other creditors' claims.

4.      Jenner & Block's work during the Second Interim Period was beneficial and necessary to USAG and its estate. Jenner & Block respectfully requests that the Court award the interim fees and expenses requested in this Application.

## JURISDICTION

5.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory predicates for the relief sought in this Application are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

## BACKGROUND

8.     On December 5, 2018, USAG filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.     On January 17, 2019, this Court entered the Retention Order, authorizing USAG to retain Jenner & Block as its counsel, effective as of December 5, 2018. On that same date, this Court entered the Interim Compensation Order, authorizing procedures for the interim payment of professional fees and expenses.

10.     On May 6, 2020, Jenner & Block filed its *First Interim Application Of Jenner & Block LLP As Counsel To USA Gymnastics For Allowance Of Compensation For Services Rendered And Reimbursement Of Expenses Incurred From December 5, 2018 Through March 31, 2020* [Dkt. 1044] (the "**First Interim Fee Application**"), seeking $4,128,819.15 in compensation and $111,471.02 in expense reimbursement. On June 29, 2020, the Court entered an Order approving the First Interim Fee Application [Dkt. 1168] (the "**First Interim Order**") in the amount of $4,121,129.22 in compensation and $109,986.97 in expense reimbursement, reflecting certain reductions agreed to by the United States Trustee and Jenner & Block. Jenner & Block has received $3,078,306.67 on account of the fees approved in the First Interim Order and $109,986.97 on account of the expenses approved in the First Interim Order.

11.     During the Second Interim Period and pursuant to the Interim Compensation Order, Jenner & Block has filed monthly statements reflecting its fees and expenses (the "**Monthly**

**Statements**"). [*See* Dkts. 1063, 1164, 1206, 1258, 1300, 1340, 1341, 1405.] A summary of the Monthly Statements for the Second Interim Period is as follows:

| Monthly Statement | 100% of Fees | 80% of Fees | 20% Holdback | 100% of Expenses | Total Paid During Second Interim Period |
|---|---|---|---|---|---|
| 04/01/20-04/30/20 | $177,977.70 | $142,382.16 | $35,595.54 | $1,259.85 | $592.20 |
| 05/01/20-05/31/20 | $218,110.95 | $174,488.76 | $43,622.19 | $698.28 | $16,958.25 |
| 06/01/20-06/30/20 | $285,637.05 | $228,509.64 | $57,127.41 | $3,191.82 | $48,434.85 |
| 07/01/20-07/31/20 | $144,649.80 | $115,719.84 | $28,929.96 | $2,004.68 | $15,244.65 |
| 08/01/20-08/31/20 | $180,996.30 | $144,797.04 | $36,199.26 | $6,098.44 | $4,097.70 |
| 09/01/20-09/30/20 | $95,769.00 | $76,615.20 | $19,153.80 | $951.91 | $10,566.00 |
| 10/01/20-10/31/20 | $154,802.25 | $123,841.80 | $30,960.45 | $809.34 | $1,410.75 |
| 11/01/20-11/30/20 | $119,492.55 | $95,594.04 | $23,898.51 | $1,668.76 | $0.00 |

12.     Pursuant to the Monthly Statements filed with this Court for the Second Interim Period, Jenner & Block has received a total of $97,304.40. Jenner & Block received the entirety of that amount in payments from Liberty Insurance Underwriters, one of USAG's insurers.

13.     There remains an unpaid total of $1,296,814.28 for the Second Interim Period, comprised of $1,280,131.20 in fees and $16,683.08 in expenses.

**FEES AND EXPENSES INCURRED DURING SECOND INTERIM PERIOD**

**A.     Customary Billing Disclosures.**

14.     Jenner & Block's hourly rates are set at a level designed to compensate Jenner & Block fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Jenner & Block in this case are equivalent to the hourly rates and corresponding rate structure used by Jenner & Block for similar complex restructuring, litigation, investigation, and corporate matters, whether in court or otherwise, and regardless of whether a fee application is required. The rates and rate structure reflect that such complex matters typically are national in scope and typically involve great

complexity, high stakes, and intense time pressures. Significantly, given the not-for-profit status of USAG, Jenner & Block has discounted its hourly rates by ten percent (10%).

**B.    Fees Incurred During Second Interim Period.**

15.    In the ordinary course of Jenner & Block's practice, Jenner & Block maintains records of the time spent on the professional services provided to USAG. Exhibit A to this Application is a summary of fees incurred and hours worked during the Second Interim Period for which compensation is sought on an hourly basis in this Application, setting forth the following information:

- the name of each attorney and paraprofessional for whose work compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time worked and fees billed by each attorney and each paraprofessional during the Second Interim Period;

- the hourly billing rates for each such attorney and paraprofessional at Jenner & Block's applicable billing rates; and,

- a calculation of the total compensation requested using the rates disclosed in this Application.

16.    Jenner & Block's team is led by Catherine Steege, a restructuring and bankruptcy partner, and Dean Panos, a commercial litigator partner with significant mass tort experience. Ms. Steege and Mr. Panos have led USAG's negotiations with the Survivors' Committee and USAG's insurers and other key parties. Along with Ms. Steege, Melissa Root, also a restructuring and bankruptcy partner, has represented USAG in matters before this Court and worked with USAG to develop its plan of reorganization. Gayle Littleton, a former partner in Jenner & Block's Investigations, Compliance, and Defense practice and a former Assistant United States Attorney, and Keri Holleb Hotaling, a litigation partner with deep experience leading investigation response teams, led USAG's response to various investigations. The Jenner & Block team representing

USAG also includes associates and paraprofessionals with bankruptcy and litigation expertise who have assisted the team in representing USAG in this Court, evaluating the sexual abuse claims, researching key matters of law, assisting with document productions to various parties, and otherwise providing value to USAG.

17.    Exhibit B to this Application is a summary of blended hourly rates for (i) Jenner & Block professionals (excluding Restructuring and Bankruptcy attorneys) and (ii) blended hourly rates for timekeepers for which Jenner & Block is seeking hourly compensation in this Application, as required by the UST Guidelines.

**C.    Expenses Incurred During Second Interim Period.**

18.    In the ordinary course of Jenner & Block's practice, Jenner & Block maintains a record of expenses incurred in rendering professional services to USAG and for which reimbursement is sought. Exhibit C to this Application is a summary of the total amount of expenses for which Jenner & Block seeks reimbursement with respect to each category of expenses for the Second Interim Period. The out-of-pocket disbursement sum is broken down into categories of charges. Exhibit D to this Application is a full list of the expenses Jenner & Block incurred during the Second Interim Period.

**SUMMARY OF LEGAL SERVICES PROVIDED DURING
THE SECOND INTERIM PERIOD**

19.    During the Second Interim Period, Jenner & Block provided important professional services to USAG. A summary of the various services Jenner & Block provided to USAG during the Second Interim Period is set forth in paragraphs 21 through 37 below.

20.    Jenner & Block has established, in accordance with its internal billing procedures, subject matter categories (each, a "**Matter Category**") for keeping time records of the work performed for USAG. A schedule setting forth a description of each Matter Category utilized in

this case, the number of hours worked by Jenner & Block attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is attached as Exhibit E. In addition, subject to redaction for attorney-client privilege, work product, and confidentiality where necessary to protect USAG, Jenner & Block's records of time worked providing professional services to USAG are attached hereto as Exhibit F.

21.     The following is a non-exhaustive summary, by Matter Category, of the professional services provided by Jenner & Block during the Second Interim Period.

**A.     Mediation**
**Total Hours: 538.80  Fees: $528,579.00[2]**

22.     Jenner & Block's recorded time entries in this category reflect time spent: (1) participating in mediation sessions and related settlement discussions with the mediators, the Survivors' Committee, the insurance carriers, the USOPC, and other parties in interest; (2) drafting a joint motion with the Survivors' Committee requesting an order directing parties to participate in additional mediation sessions before the Hon. James M. Carr; (3) drafting mediation statements and related analysis for the mediation sessions and settlement discussions; (4) analyzing the sexual abuse claims and applicable law to formulate, and respond to, settlement proposals; (5) advising USAG and communicating internally and with USAG's other retained professionals about mediation strategy and settlement discussions; (6) overseeing mediation logistics; and (7) communicating with, and negotiating with, mediation parties in between scheduled mediation sessions.

**B.     Plan Of Reorganization & Disclosure Statement**
**Total Hours: 203.70           Fees: $174,511.35**

23.     Jenner & Block's recorded time entries in this category reflect time spent:

---

[2] The fee amounts for each Matter Category summarized herein reflect Jenner & Block's ten percent (10%) discount.

(1) revising USAG's plan of reorganization, ancillary agreements, disclosure statement, and solicitation packages; (2) analyzing and responding to comments from other parties in interest, including the United States Trustee, the Survivors' Committee, the USOPC, Twistars, and USAG's insurers with respect to USAG's plan, ancillary agreements, and disclosure statement; (3) drafting a response to objections filed to USAG's disclosure statement and proposed plan solicitation packages and procedures; (4) advising USAG and communicating internally and with USAG's other retained professionals about the terms of the plan and content of the disclosure statement; and (5) attending depositions of USOPC representatives.

**C.      Claims Administration & Objections**
**Total Hours: 32.80          Fees: $18,279.45**

24.      Jenner & Block's recorded time entries in this category reflect time spent: (1) analyzing filed sexual abuse claims for purposes of mediation sessions, settlement discussions, and plan negotiations; (2) reporting newly filed late claims and corresponding with late claimants concerning USAG's reporting obligations; (3) responding to inquiries from parties in interest regarding claims matters; and (4) in coordination with USAG's claims agent, maintaining claims registers for general unsecured claims and sexual abuse claims.

**D.      USOPC Negotiations & Section 8 Proceeding**
**Total Hours: 16.90          Fees: $13,919.85**

25.      Jenner & Block's recorded time entries in this category reflect time spent: (1) corresponding and meeting internally and with USAG's other retained professionals concerning the USOPC's Section 8 proceeding and the stay of that proceeding; and (2) corresponding with the USOPC concerning the Section 8 proceeding.

**E.**     **Routine Motions**
       **Total Hours: 29.20          Fees: $17,758.35**

26.     Jenner & Block's recorded time entries in this category reflect drafting various motions common in chapter 11 cases, including motions to: (1) approve the use of estate assets for necessary purposes, including to enter into a lease of a new office space for USAG's headquarters and to hire Deborah Daniels to conduct an audit of USAG's compliance with suggested reforms; (2) approve a settlement of disputes between USAG and a trade vendor; and (3) extend the time to remove prepetition state court litigation to federal court.

**F.**     **Paycheck Protection Program**
       **Total Hours: 150.60          Fees: $101,180.25**

27.     Jenner & Block's recorded time entries in this category reflect time spent: (1) drafting an adversary complaint and preliminary injunction papers seeking to enjoin the U.S. Small Business Administration from prohibiting chapter 11 debtors from applying for funding under the Paycheck Protection Program and the Coronavirus Aid, Relief, and Economic Security Act; (2) drafting a reply brief to the government's objection to injunctive relief; (3) preparing for and participating in a contested preliminary injunction hearing; (4) seeking expedited relief from the District Court to enter a final order accepting the Bankruptcy Court's proposed findings of facts and conclusions of law granting injunctive relief; (5) drafting a motion requesting authority to obtain post-petition financing under the Paycheck Protection Program; (6) corresponding with parties in interest, including PNC Bank, regarding the form of order authorizing USAG's application for Paycheck Protection Program funding; and (7) drafting a docketing statement in

the Seventh Circuit opposing the government's appeal of the preliminary injunction on jurisdictional grounds.

**G.  Investigations**
      **Total Hours: 100.80          Fees: $85,896.00**

28.       Jenner & Block's recorded time entries in this category reflect time spent responding to demands and other inquiries from governmental authorities, including the Indiana Attorney General.

**H.  Document Production to Governmental Entities**
      **Total Hours: 189.10          Fees: $86,971.95**

29.       Jenner & Block's recorded time entries in this category reflect time spent, primarily by Special Counsel and discovery and staff attorneys, assisting with the investigation response, including: (1) reviewing documents in response to document requests issued by governmental authorities; (2) redacting such documents for attorney-client privilege and work product protection; (3) drafting related privilege logs; and (4) meeting internally and with governmental authorities regarding the status of their document requests and investigations.

**I.  Attendance At Court Hearings**
      **Total Hours: 13.10          Fees: $12,430.35**

30.       Jenner & Block's recorded time entries in this category reflect time spent: (1) attending and representing USAG at Court hearings; and (2) preparing for Court hearings, including reviewing pleadings and other submissions considered at or relevant to Court hearings.

**J.  Case Administration**
      **Total Hours: 50.60          Fees: $30,861.00**

31.       Jenner & Block's recorded time entries in this category reflect time spent: (1) preparing notices of agenda for hearings; (2) communicating with the Court regarding scheduling hearings and other administrative matters; (3) uploading proposed orders for entry by the Court; (4) communicating with USAG's claims agent regarding service and notice of filings

and hearings; (5) communicating internally regarding project management and staffing; (6) meeting internally and with USAG's other retained professionals concerning strategy and other matters; (7) reviewing case developments and activity generally; and (8) providing additional services not attributable to another Matter Category. Jenner & Block conducts periodic calls with USAG's other retained professionals to discuss the status of the case, assign work, and collaborate on strategy, and time entries for these calls are allocated to this Matter Category. These calls are designed to promote efficiency, coordinate the work plan, and eliminate duplication of effort among all of USAG's retained professionals.

**K.** **Third Party Injunctions**
**Total Hours: 0.70**          **Fees: $771.75**

32.     Jenner & Block's recorded time entries in this category reflect time spent conferring internally and with other parties in interest concerning the agreed stay of all prepetition litigation related to USAG.

**L.** **Stay Related Matters**
**Total Hours: 0.40**     **Fees: $351.00**

33.     Jenner & Block's recorded time entries in this category reflect time spent: (1) analyzing violations of the Bankruptcy Code's automatic stay, including by claimants asserting demands against USAG; and (2) corresponding with individuals violating the automatic stay and demanding they cease such violations.

**M.** **Reporting & U.S. Trustee Communications**
**Total Hours: 1.70**          **Fees: $1,491.75**

34.     Jenner & Block's recorded time entries in this category reflect time spent: (1) revising and filing USAG's monthly operating reports; and (2) producing information to the U.S. Trustee.

**N.    Communications With Survivors' Committee**
**Total Hours: 0.10          Fees: $110.25**

35.    Jenner & Block's recorded time entries in this category reflect time spent communicating with counsel for the Survivors' Committee concerning USAG's proposal to retain Krieg DeVault and Deborah Daniels to conduct an audit of USAG's compliance with suggested reforms.

**O.    Communications With The Board & Attendance At Board Meetings**
**Total Hours: 2.90          Fees: $2,936.25**

36.    Jenner & Block's recorded time entries in this category reflect time spent communicating with members of USAG's board of directors concerning case and mediation strategy.

**P.    Fee Petition & Professional Retention**
**Total Hours: 109.10          Fees: $58,360.05**

37.    Jenner & Block's recorded time entries in this category reflect time spent: (1) preparing Jenner & Block's Monthly Statements; (2) reviewing Jenner & Block's Monthly Statements to protect confidentiality and privilege; (3) communicating and coordinating with USAG, other retained professionals, and the U.S. Trustee concerning interim compensation procedures and fee application schedules; (4) drafting Jenner & Block's First Interim Fee Application; (5) drafting a response to limited objections filed by USAG's insurers to Jenner & Block's First Interim Fee Application; (6) reviewing at a high level and for discrete purposes various fee applications and monthly fee statements submitted by other professionals in this chapter 11 case; (7) drafting a retention application for Krieg DeVault's audit services to the estate; and (8) preparing supplemental disclosures concerning Jenner & Block's continued status as a disinterested party under the Bankruptcy Code.

**Q.    Insurance Coverage Issues**
**Total Hours: 271.20          Fees: $243,027.00**

38.    Jenner & Block's recorded time entries in this category reflect time spent: (1) corresponding and meeting with USAG, USAG's other retained professionals, and USAG's insurance carriers concerning USAG's rights in its various insurance policies; (2) negotiating with USAG's insurance carriers regarding their coverage positions; (3) working collaboratively with USAG's insurance coverage counsel to assist with pleadings in the insurance coverage adversary proceeding with respect to bankruptcy-specific issues, including USAG's motions for summary judgment (including with respect to USAG's defense costs and bankruptcy costs) and responses to the Court's proposed findings of fact and conclusions of law, as well as assisting with briefs in appellate proceedings arising from the insurance coverage adversary proceeding; (4) analyzing and responding to insurers' discovery requests with respect to bankruptcy-specific issues and strategy; (5) coordinating with USAG's other retained professionals to produce documents to the insurers; (6) preparing for and participating in depositions by the insurers, including depositions of USAG's counsel at Jenner & Block; and (7) researching the Bankruptcy Code's effect on certain insurance coverage issues.

### ACTUAL AND NECESSARY EXPENSES INCURRED BY JENNER & BLOCK DURING THE SECOND INTERIM PERIOD

39.    As summarized in Exhibit C and as set forth in detail in Exhibit D, Jenner & Block has incurred a total of $16,683.08 in expenses on behalf of USAG during the Second Interim Period. These expenses are intended to reimburse Jenner & Block's direct costs that are not included in Jenner & Block's hourly billing rates. Only clients who actually use services of the types set forth in Exhibit C and Exhibit D of this Fee Application are charged for such services.

## JENNER & BLOCK'S REQUESTED COMPENSATION
## AND REIMBURSEMENT SHOULD BE ALLOWED

40.     The services for which Jenner & Block seeks compensation in this Application were, at the time provided, necessary for and beneficial to USAG. Jenner & Block performed these services economically, effectively, and efficiently, and in coordination with USAG's other retained professionals. Jenner & Block submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to USAG. Accordingly, Jenner & Block submits that the compensation sought in this Application is warranted and should be approved.

**A.     Compensation Under Sections 330 and 331 of the Bankruptcy Code.**

41.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation. *See* 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

42.     As analyzed below, Jenner & Block submits that the elements governing awards of compensation under the Bankruptcy Code justify the allowance requested.

**1.     The Time and Labor Required.**

43.     During the Second Interim Period, Jenner & Block's partners, associates, and paraprofessionals spent 1,711.70 hours providing professional services to USAG for which Jenner & Block seeks compensation on an hourly basis. Jenner & Block coordinated its efforts with co-counsel to avoid duplication of efforts. Jenner & Block required this amount of time to prepare for and participate in numerous mediation sessions and negotiations with other parties in interest regarding an equitable resolution of this chapter 11 case; research and evaluate numerous and complex legal and factual issues arising in this chapter 11 case; advise USAG with respect to these issues; and perform the other tasks described herein.

**2.     The Rates Charged for Such Services.**

44.     During the Second Interim Period, Jenner & Block's hourly billing rates ranged from $865 to $1,400 per hour for partners, $585 to $1,400 for special counsel, $510 to $880 for associates, $440 to $760 for staff attorneys, $265 to $275 for discovery attorneys, and $230 to $400 for paraprofessionals. Based on the recorded hours expended by Jenner & Block's attorneys

and paraprofessionals, the average hourly billing rate was $925.12 for Jenner & Block attorneys and $894.13 for all Jenner & Block timekeepers prior to application of the 10% fee-rate discount provided by Jenner & Block to USAG, and $832.61 for Jenner & Block attorneys and $804.72 for all Jenner & Block timekeepers after accounting for this discount.

45.    Jenner & Block's hourly rates are set at a level designed to compensate Jenner & Block fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged by Jenner & Block and the marketplace for services requiring a similar level of sophistication and investment of resources.

46.    The hourly rates and corresponding rate structure that Jenner & Block charges in this chapter 11 case are equivalent to or less than the hourly rates and corresponding rate structure that Jenner & Block charges for similar complex restructuring, litigation, investigation, and corporate matters, whether in court or otherwise, and regardless of whether a fee application is required. Jenner & Block's rates and rate structure reflect that the matters for which Jenner & Block is engaged are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which have been present in this chapter 11 case. Nonetheless, given the not-for-profit status of USAG, Jenner & Block has discounted its hourly rates by ten percent (10%).

**3.    The Necessity of the Services and the Benefit to USAG.**

47.    As described herein, the services rendered by Jenner & Block were necessary for the effective and efficient representation of USAG. All of these services benefitted USAG and its estate. USAG has reviewed this Application and has approved the compensation and reimbursement of expenses requested herein.

4.   **The Reasonableness of the Time Spent, Based on the Complexity, Importance, and Nature of the Issues.**

48.   As detailed above, Jenner & Block's work involved the representation of USAG in a complex chapter 11 case filed to resolve sexual abuse claims. Jenner & Block submits that the compensation requested is reasonable and necessary under the circumstances.

5.   **The Experience, Reputation, and Ability of the Attorneys Providing Services.**

49.   USAG selected Jenner & Block as its counsel because its attorneys have extensive experience, knowledge, and insight in the areas of complex restructuring, litigation, investigation, and corporate law, and Jenner & Block has the ability to commit substantial resources to the representation of USAG. Jenner & Block attorneys have achieved a high degree of expertise and positive reputations in their respective fields. Jenner & Block's restructuring, litigation, investigation, and corporate departments frequently receive recognition for their skill and achievements, and Jenner & Block is frequently cited as one of the leading U.S. law firms in these fields. Exhibit A to this Application summarizes the year of bar admission and area of practice concentration for Jenner & Block's highly qualified attorneys. In this complex and high-stakes chapter 11 case, the unique and specialized skills of Jenner & Block's attorneys have proven critically important.

6.   **Customary Compensation.**

50.   The work for which Jenner & Block seeks compensation in this Application is of the type and nature for which Jenner & Block customarily would seek compensation at the rates identified in this Application, even before applying the 10% discount here. In addition, the compensation Jenner & Block seeks in this Application is comparable to the compensation it would have sought for comparable work outside of this chapter 11 case.

51.     Jenner & Block submits that the compensation requested is reasonable under all of the factors considered under section 331 of the Bankruptcy Code, and that these factors justify allowing in full Jenner & Block's compensation and reimbursement request.

52.     In view of the foregoing, Jenner & Block respectfully requests that it be allowed interim compensation in the amount of $1,377,435.60 for services rendered during the Second Interim Period.

**B.     Reasonable and Necessary Expenses Incurred in Providing Services to USAG.**

53.     For the Second Interim Period, Jenner & Block requests reimbursement of $16,683.08 for reasonable and necessary costs and expenses incurred on behalf of USAG.

54.     Jenner & Block's normal billing rates do not take these costs and expenses into consideration. Rather, Jenner & Block bills each cost and expense to the applicable client. Because of the disparity between different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, photocopying, and postage, courier, and messenger services, it is difficult to charge costs and expenses fairly and equitably by including them in Jenner & Block's ordinary billing rates. Accordingly, Jenner & Block generally charges each client for such costs and expenses separately, in each case, at Jenner & Block's costs.

55.     Jenner & Block has made reasonable efforts to minimize its costs and expenses in connection with its representation of USAG. Each of the costs and expenses Jenner & Block incurred in providing professional services to USAG was necessary, reasonable, and justified under the circumstances to serve the needs of USAG.

56.     As a result, Jenner & Block respectfully requests that its expense reimbursement request be approved in full and that it be allowed interim expense reimbursement in the amount of $16,683.08 for expenses incurred during the Second Interim Period.

**STATEMENT BY JENNER & BLOCK**
**UNDER PARAGRAPH C(5) OF THE UST GUIDELINES**

57.    This engagement involves variations from Jenner & Block's standard and customary billing rates. Jenner & Block has agreed to discount its fee rates, but not out-of-pocket expenses and internal charges, by 10% off its rates in effect at the time the services are rendered.

58.    None of the professionals included in this Application vary their hourly rate based on the geographic location of their cases.

59.    This Application does not include time or fees specifically related to reviewing or revising time records or preparing, reviewing, or revising invoices.

60.    This Application includes 14.80 hours of time and $10,289.70 of fees spent on reviewing Jenner & Block time records to redact privileged or other confidential information.

61.    The hourly rates specified in Jenner & Block's retention application were effective January 1, 2020. Jenner & Block's rates did not increase during the Second Interim Period. Jenner & Block's engagement letter with USAG provides that Jenner & Block periodically adjusts its scheduled hourly rates, generally at the beginning of a calendar year.

**RESERVATION OF RIGHTS AND NOTICE**

62.    It is possible that some professional time expended or expenses incurred during the Second Interim Period are not reflected in the Application. Jenner & Block reserves the right to include such amounts in future fee applications.

63.    Jenner & Block will provide notice of this Motion in accordance with the *Order Granting Debtor's Motion For Order Establishing Certain Notice, Case Management, And Administrative Procedures* [Dkt. 213]. In light of the nature of the relief requested herein, Jenner & Block submits that no other or further notice is necessary.

WHEREFORE, Jenner & Block respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit G, awarding Jenner & Block: (a) interim compensation of $1,377,435.60 for professional and paraprofessional services provided during the Second Interim Period; (b) interim reimbursement of actual, reasonable, and necessary expenses incurred in the Second Interim Period in the amount of $16,683.08; and (c) such other relief as is appropriate under the circumstances.

Dated: February 3, 2021                              Respectfully submitted,

                                                     **JENNER & BLOCK LLP**

                                                     By: /s/ *Catherine Steege*

                                                     Catherine L. Steege (admitted *pro hac vice*)
                                                     Dean N. Panos (admitted *pro hac vice*)
                                                     Melissa M. Root (#24230-49)
                                                     353 N. Clark Street
                                                     Chicago, Illinois 60654
                                                     (312) 222-9350
                                                     csteege@jenner.com
                                                     dpanos@jenner.com
                                                     mroot@jenner.com

                                                     *Counsel for the Debtor*