IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>              Reorganized Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |

**MOTION TO REOPEN CHAPTER 11 CASE TO ENFORCE
THIS COURT'S FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER CONFIRMING THE MODIFIED THIRD AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY
USA GYMNASTICS AND THE ADDITIONAL TORT CLAIMANTS
COMMITTEE OF SEXUAL ABUSE SURVIVORS**

USA Gymnastics, as the reorganized debtor in the above-captioned chapter 11 case ("**USAG**"), hereby moves (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to 11 U.S.C. § 350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure, reopening this chapter 11 case to enforce the terms of this Court's *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Third Amended Joint Chapter 11 Plan of Reorganization Proposed by USA Gymnastics and the Additional Tort Claimants Committee of Sexual Abuse Survivors* [Dkt. 1776], and respectfully states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

---

[1] The last four digits of USAG's federal tax identification number are 7871. The location of USAG's principal office is 1099 N. Meridian St., Suite 800 Indianapolis, IN 46204.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), and the Court may enter a final order consistent with Article III of the United States Constitution. To the extent the Court finds that consent is necessary, USAG consents to the entry of a final order.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND AND RELIEF REQUESTED

4. On December 5, 2018, USAG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. (Bankr. Dkt. 1.) On December 19, 2018, the United States Trustee appointed the Additional Tort Claimants Committee of Sexual Abuse Survivors, comprised of nine survivors holding Abuse Claims against USAG. (Bankr. Dkt. 97.)

5. On February 25, 2019, the Court entered its *Order Approving Reorganized Debtor's Motion for Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof*, fixing April 29, 2019 as the deadline for all creditors other than governmental units—including sexual abuse survivors—to file proofs of claim. (Bankr. Dkt. 301 (the "**Bar Date Order**") ¶4.) The Bar Date Order provided that:

> any person or entity that is required, but fails, to submit a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim—including any Sexual Abuse Claim—against the Debtor, and the Debtor and its property will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim.

(*Id.* ¶18.)

6. On December 16, 2021, this Court confirmed the *Modified Third Amended Joint Chapter 11 Plan of Reorganization Proposed by USA Gymnastics and the Additional Tort Claimants Committee of Sexual Abuse Survivors* (the "**Plan**"). (*See* Bankr. Dkt. 1776 (the

2

"**Confirmation Order**").) The Plan became effective on April 25, 2022. As a result of the confirmed Plan, USAG was discharged

> from all liability for any and all Claims and Debts, known or unknown, . . . that arose, directly or indirectly, from any action, inaction, event, conduct, circumstance, happening, occurrence, agreement, or obligation of the Reorganized Debtor, or the Reorganized Debtor's Related Persons, *before the Confirmation Date, or that otherwise arose before the Confirmation Date . . . including all Claims and Debts based upon or arising out of Abuse Claims*[.]

(Confirmation Order, ¶6 (emphasis added).) The Confirmation Date is defined as the date of the entry of the Confirmation Order, which was December 16, 2021. (Plan, § 1.1.34; Bankr. Dkt. 1776.) "Abuse Claims" are defined to include claims for sexual and emotional abuse. (*See* Plan, §§ 1.1.3, 1.1.119, 1.1.120.)

7. On November 26 and December 1, 2025, plaintiffs Hailey Gear and Finley Weldon commenced lawsuits against USAG and other defendants in the Iowa District Court for Polk County. *See Gear v. USA Gymnastics Inc., et al.*, No. 05771 LACL164695; *Weldon v. USA Gymnastics Inc., et al.*, No. 05771 LACL164696. Those lawsuits allege, in pertinent part, that Ms. Gear and Ms. Weldon were subjected to physical, emotional, and sexual abuse and harassment by Sean Gardner (a former coach at Chow's Gymnastics and Dance Institute in Iowa) when they were minors as a result of certain alleged actions and inactions of USAG. Ms. Gear alleges that her claims against USAG are based upon conduct that occurred between "the fall of 2018" and "on or about December 5, 2020." *See Gear*, No. 05771 LACL164695, Dkt. 7 ¶45. Ms. Weldon alleges that her claims against USAG are based upon conduct that occurred between "the fall of 2018" and "March of 2021." *See Weldon*, No. 05771 LACL164696, Dkt. 7 ¶45.

8. The conduct alleged in the *Gear* and *Weldon* complaints falls within the definition of "Abuse Claims" in the Plan. (*See* Plan, §§1.1.3, 1.1.119, 1.1.120.) Thus, any claims that Ms. Gear and Ms. Weldon hold that are based on USAG's actions or inactions occurring prior to

3

December 16, 2021—as is alleged in the *Gear* and *Weldon* complaints—are discharged, and Ms. Gear and Ms. Weldon, both of whom were on notice of USAG's chapter 11 case, are enjoined from taking any action to collect from USAG on such claims. *See* 11 U.S.C. § 524(a)(2); *Sterling v. Southlake Nautilus Health & Racquet Club, Inc. (In re Sterling)*, 140 F.4th 924, 931 (7th Cir. 2025) ("Under the Bankruptcy Code, a discharge order 'operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset' a discharged debt.").

9. USAG has asked Ms. Weldon and Ms. Gear to dismiss their complaints, but they have refused. Accordingly, USAG is in need of relief from this Court to enforce the discharge injunction. Under Section 350(b), a bankruptcy case may be reopened to "accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). What constitutes cause for reopening a bankruptcy case is a matter committed to the bankruptcy court's discretion. *In re OORC Leasing, LLC*, 359 B.R. 227, 228 (Bankr. N.D. Ind. 2007) (citing *Matter of Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991)). Courts across jurisdictions have interpreted Section 350(b) as authorizing a court to reopen a bankruptcy case to "enforce the plan and discharge[,]" *In re Redmond*, 624 F.3d 793, 798 (7th Cir. 2010), or to interpret and enforce the confirmation order, *Branham Corp. v. Boone Cty. Utils., LLC*, 2018 U.S. Dist. LEXIS 9535, at *24-25 (S.D. Ind. Jan 22, 2018); *In re Congoleum Corp.*, 149 F.4th 318, 329-30 (3d Cir. 2005).

10. Reopening a bankruptcy case "accords no independent relief[;]" rather, "reopening is little more than a ministerial function which is designed to reactivate a case or bring it to the court's attention, so that the court can receive and act upon some other request." *OORC Leasing, LLC*, 359 B.R. at 228 (citations omitted). Therefore, "the act of reopening [a bankruptcy case] says nothing about the merits of the forthcoming request the movant wants the bankruptcy court to

4

entertain." *Id.* (citing *In re Abbott,* 183 B.R. 198, 201 (9th Cir. BAP 1995)). Accordingly, the merits of the forthcoming request "should not be litigated in connection with the decision to reopen. Instead, they should wait until the case has been reopened and the forthcoming request . . . has been properly put before the court." *Id.* (citing *In re Staffer,* 306 F.3d 967, 972 (9th Cir. 2000); *Abbott,* 183 B.R. at 201).

11. USAG submits that reopening the instant chapter 11 case is appropriate under Section 350(b). *See* 11 U.S.C. § 350(b). Reopening this case will provide relief to USAG by permitting it to ask this Court to order Ms. Gear and Ms. Weldon to dismiss their complaints against USAG because USAG has been discharged of any liability to them. Cause also exists to reopen this case because Ms. Gear and Ms. Weldon's claims directly implicate the terms of the Plan and the Confirmation Order, because this Court plainly "has jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). In recognition of this inherent authority, the Plan and Confirmation Order in this case specifically provided that this Court retained jurisdiction to "grant[] relief in aid of the Plan and Plan Documents, including entry of appropriate orders … to protect the Reorganized Debtor . . . from actions prohibited under the Plan or the Plan Documents." (*See* Plan § 21.2(c).)

12. Accordingly, USAG requests that the Court reopen the chapter 11 case to permit USAG to proceed with the Motion filed contemporaneously with this Motion to Reopen seeking to enforce the discharge and plan injunction contained in the Confirmation Order.[2]

---

[2] Although USAG asserts that it is correct regarding the merits of Ms. Gear and Ms. Waldon's claims against it, the merits of that dispute "should not be litigated in connection with the decision to reopen." *OORC Leasing, LLC*, 359 B.R. at 228 (citation omitted).

5

WHEREFORE, USAG respectfully requests that the Court reopen the chapter 11 case and grant such other relief as may be just.

Dated: December 23, 2025  Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine L. Steege*

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 923-2952
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for USA Gymnastics*